## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

--------------------------------------------------------- x

|  |  |  |
|---|---|---|
| | : | |
| In re | : | **Chapter 11** |
| | : | |
| **BROOKS BROTHERS GROUP, INC.**, *et al.*, | : | **Case No. 20– _____** |
| | : | |
| Debtors.[1] | : | **(Joint Administration Requested)** |
| | : | |

--------------------------------------------------------- x

## MOTION OF DEBTORS FOR ENTRY OF ORDER
## (I) AUTHORIZING DEBTORS TO REDACT CERTAIN
## PERSONAL IDENTIFICATION INFORMATION IN CREDITOR MATRIX
## AND CERTAIN OTHER DOCUMENTS AND (II) GRANTING RELATED RELIEF

Brooks Brothers Group, Inc. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (the "**Motion**"):[2]

### Background

1.     On the date hereof (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Brooks Brothers Group, Inc. (8883); Brooks Brothers Far East Limited (N/A); BBD Holding 1, LLC (N/A), BBD Holding 2, LLC (N/A), BBDI, LLC (N/A), Brooks Brothers International, LLC (N/A); Brooks Brothers Restaurant, LLC (3846); Deconic Group LLC (0969); Golden Fleece Manufacturing Group, LLC (5649); RBA Wholesale, LLC (0986); Retail Brand Alliance Gift Card Services, LLC (1916); Retail Brand Alliance of Puerto Rico, Inc. (2147); and 696 White Plains Road, LLC (7265).  The Debtors' corporate headquarters and service address is 346 Madison Avenue, New York, New York 10017.

[2]     The facts and circumstances supporting the relief requested herein are set forth in the First Day Declaration (as defined herein) filed contemporaneously herewith.  Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the First Day Declaration.

the Bankruptcy Code.  No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

2.      Contemporaneously herewith, the Debtors have filed a motion requesting joint administration of their chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

3.      Additional information regarding the Debtors' businesses, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Stephen Marotta In Support of Debtors' Chapter 11 Petitions and First Day Relief* (the "**First Day Declaration**"), filed contemporaneously herewith and incorporated herein by reference.

## Jurisdiction

4.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

5.      By this Motion, the Debtors request authority, pursuant to section 107 of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1 to redact in their creditor

matrix and other documents filed in these chapter 11 cases certain personal identification information of individual creditors (the "**Personal Identification Information**").

6.      A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

**Relief Requested Should Be Granted**

**A.      The Personal Identification Information Is the Kind Protected by Section 107(c), as Personal Addresses Are a "Means of Identification" Contemplated by Section 1028(d) of Title 18.**

7.      Section 107(c)(1) of the Bankruptcy Code provides that:

> The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create **undue risk of identity theft or other unlawful injury** to the individual or the individual's property:
>
> (A) **Any** means of identification (as defined in section 1028(d) of title 18) contained in a paper filed, or to be filed, in a case under this title.
>
> (B) **Other information** contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c)(1)(A)–(B) (emphasis added).  Thus, if a debtor can show that disclosure of any "means of identification," or some "other information," creates "undue risk of identity theft" or "other unlawful injury," courts may intervene to curtail disclosure of that information. *Id.*

8.      Here, the Debtors submit that the personal mailing addresses of their individual creditors fit squarely within section 1028(d)(7)(A) and that disclosure of the personal addresses of such individual creditors (i) would create an undue risk of identity theft contemplated by section 107(c) and (ii) would potentially cause other types of unlawful injury to these individuals, including potential future harassment.

9.      Section 1028(d)(7)(A) defines "means of identification" as:

> any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, **including** any—

3

> (A) name, social security number, date of birth, official State or government issued driver's licenses or identification number, alien registration number, government passport number, employer or taxpayer identification number . . .

18 U.S.C. § 1028(d)(7)(A) (emphasis added). Although personal addresses are not specifically enumerated in this definition, this list is *inclusive*, rather than exclusive, and should not be read as an exhaustive list of "means of identification."  Accordingly, the fact that personal addresses are not listed in section 1028(d)(7)(A) does not prohibit their redaction in bankruptcy court documents pursuant to section 107(c) of the Bankruptcy Code.  Indeed, had Congress intended to exclude personal mailing addresses from this list, it would have done so.  As Judge Sontchi suggested in *In re Promise Healthcare Grp., LLC*, Congress has already acted, as "they've provided an ability for the Court to protect people when necessary" via section 107(c)(1) of the Bankruptcy Code.  Hr'g Tr. 18:18- 20, 19:3–6, *In re Promise Healthcare Grp., LLC*, No. 18-12491 (CSS) (Bankr. D. Del. Dec. 4, 2018) [D.I. 228] (noting that "to the extent Congress hasn't acted specifically to deal with this, I think it should" but that Congress has already acted "because there's a mechanism for protecting this information").

10.    Moreover, as noted above, section 1028(d)(7)(A) contemplates as a "means of identification" *any* "name or number . . . used alone or in conjunction with any other information" to identify a specific individual.  18 U.S.C. § 1028(d)(7).  A personal address is precisely that: a combination of names and numbers used to identify a specific individual.  Therefore, although not specifically enumerated, a personal address fits squarely within the types of "means of identification" set forth by section 1028(d)(7)(A).

11.    Courts in this district agree that section 1028(d)(7) is not exhaustive and that personal mailing addresses *are* a means of identification.  Most recently, Judge Owens overruled the U.S. Trustee's objection to a similar sealing motion, holding that "the combination of the names and addresses is a means of identification under 28 U.S.C. 1028(d)(7)(a)" and that

4

"[t]he enumerating list in [1028(d)](7)(a) is not exclusive."  Hr'g Tr. 28:10–12, *In re Quorum Health Corp.*, No. 20-10766 (KBO) (Bankr. D. Del. May 6, 2020) [D.I. 296]; *see also* Hr'g Tr. 24:15-20, *In re Clover Techs. Grp., LLC*, No. 19-12680 (KBO) (Bankr. D. Del. Jan. 22, 2020) [D.I. 146] ("As I have held before[,] I do find that names and/or addresses are a means of identification. The combination of a name and address to me is a means of identification under . . . 28 U.S.C. 1028(d)(7).") *see also* Hr'g Tr. 37:25-38:5, *In re THG Holdings LLC*, No. 19-11689 (JTD) (Bankr. D. Del. Aug. 22, 2019) [D.I. 180] ("And in terms of 1028(d) not including address[es], I agree. I think that's an inclusive list. It wouldn't seem to make much sense that I could order the names not to be disclosed, but the addresses had to be; that wouldn't make any sense to me."); Hr'g Tr. 17:14-17, *In re L.K. Bennett U.S.A., Inc.*, No. 19-10760 (KG) (Bankr. D. Del. Apr. 9, 2019) [D.I. 58] ("[I] do think that the list of matters to be considered personally identifiable is not exclusive . . ."); Hr'g Tr. 47:20-22, *In re Hexion Holdings LLC*, No. 19-10684 (KG) (Bankr. D. Del. June 24, 2019) [D.I. 922] (noting that section 1028(d) specifically mentions a driver's license, which lists the person's home address, concluding that "[it] strikes me that section 107(c) does indeed protect this type of information").

12.     Additionally, courts in this district have recognized that permitting debtors to redact the personally identifiable information, including home addresses, of individual creditors significantly reduces the risk that such individuals will become victims of identity theft and/or unlawful injury.  *See, e.g,* Hr'g Tr. 29:13–14, 29:19–20, *In re Quorum Health Corp.*, No. 20-10766 (KBO) (Bankr. D. Del. May 6, 2020) (overruling the U.S. Trustee's objection to similar redaction relief, noting that the "association [of address information] with an employee makes the risk of identity theft even worse" and that "[t]he court can completely avoid contributing to this existing risk by redacting the addresses"); Hr'g Tr. at 24:21-25, 25:9-10, *In*

*re Clover Techs. Grp., LLC*, Case No. 19-12680 (KBO) (Bankr. D. Del. Jan. 22, 2020) [D.I. 146] (overruling the U.S. Trustee's objection to similar redaction relief, noting that redaction of home addresses of individuals "is common sense.  I don't need evidence that there is, at best, a risk of identity theft and worse a risk of personal injury from listing someone's name and address on the internet by way of the court's electronic case filing system and, of course, the claims agent's website. . . .   The court can completely avoid contributing to the risk by redacting the addresses."); Hr'g Tr. at 60:22–25, *In re Forever 21, Inc.*, Case No. 19-12122 (KG) (Bankr. D. Del. Dec. 19, 2019) [D.I. 605] (overruling the U.S. Trustee's objection to similar redaction relief, noting that "[w]e live in a new age in which the theft of personal identification is a real risk, as is injury to persons who, for personal reasons, seek to have their addresses withheld").

13.     Accordingly, the Debtors respectfully submit that it is appropriate to authorize the Debtors to redact from any paper filed or to be filed with the Court in these chapter 11 cases the Personal Identification Information of individual creditors, including the Debtors' current and former employees, because such information could be used to perpetrate identity theft or locate survivors of domestic violence or stalking.   Indeed, the risk to individuals themselves is not merely speculative.  In at least one recent chapter 11 case, the abusive former partner of a debtor's employee exploited the publicly accessible creditor and employee information filed in the chapter 11 case to track the employee at her new address that had not been publicly available until then, forcing the employee to change addresses again.[3]   With potentially thousands of individual creditors, the Debtors cannot reasonably know with sufficient certainty whether a release of such individual creditors' personal information could potentially jeopardize their safety.

---

[3]     The incident, which took place during the first *Charming Charlie* chapter 11 proceedings in 2017, is described in the "creditor matrix motion" filed in *In re Charming Charlie Holdings, Inc.*, Case No. 19-11534 (CSS) (Bankr. D. Del. Jul. 11, 2019) [D.I. 4].

**B.**     **The Disclosure of the Personal Identification Information of Certain of the Debtors' Individual Creditors May Violate Certain European Union Regulations and Expose the Debtors to Tangible Economic Risk and Civil Liability**

14.     The European General Data Protection Regulation (the "**GDPR**"), which applies to all European Union member countries and protects all European Union member countries' citizens, imposes significant constraints on the disclosure of "personally identifiable information" (which includes home addresses of individuals).  Violators of the GDPR risk severe penalties.  If an organization is found to have disclosed information in breach of the GDPR, the organization may be fined up to the higher of €20,000,000 or 4 percent of worldwide annual turnover of the preceding financial year.  *See* 2016 O.J. (L 119) 1, 83 (General Data Protection Regulation (EU) 2016/679, art. 83(5)).  The GDPR may apply to the Debtors as certain of the Debtors' creditors are located in countries in the European Union and may therefore be European Union citizens protected by the personally identifiable information disclosure regulations.  Accordingly, disclosure of the Personal Identification Information of European Union member countries' citizens in violation of the GDPR would expose the Debtors to tangible economic risk and civil liability.

## Compliance with Local Rule 9018-1(d)(iv)

15.     To the best of the knowledge, information, and belief of the undersigned proposed attorneys for the Debtors, the documents that the Debtors are requesting to seal pursuant to the relief requested in this Motion do not contain information subject to the Confidentiality Rights of another Holder of Confidentiality Rights (each as defined in Local Rule 9018-1(d)(iii)).  Notwithstanding the foregoing, if there are any such Confidentiality Rights, then undersigned counsel respectfully certifies that they are unable to confer with all Holders of such Confidentiality Rights and that attempting to confer with all known or potential Holders of

7

Confidentiality Rights would be futile due to the significant number of such Holders with respect to this Motion.

## **Notice**

16.     Notice of this Motion will be provided to (i) the Office of the United States Trustee for the District of Delaware; (ii) the holders of the thirty (30) largest unsecured claims against the Debtors on a consolidated basis; (iii) counsel to the DIP Agent, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, NY, 10004 (Attn: Gary Kaplan, Esq.); (iv) counsel to the Prepetition ABL Agent, Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110 (Attn: Kevin Simard, Esq. and Jonathan Marshall, Esq.); (v) counsel to the Prepetition Term Loan Agent, Morgan, Lewis & Bockius LLP, One Federal Street, Boston, MA 02110 (Attn: Julia Frost-Davies, Esq.); (vi) the Internal Revenue Service; (vii) the United States Attorney's Office for the District of Delaware; (viii) the Securities and Exchange Commission; and (ix) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**").  As this Motion is seeking "first day" relief, the Debtors will serve copies of this Motion and any order entered in respect of the Motion as required by Local Rule 9013-1(m).  The Debtors respectfully submit that no further notice is required.  No previous request for the relief sought herein has been made by the Debtors to this or any other court.

*[Remainder of page intentionally left blank]*

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated:  July 8, 2020
        Wilmington, Delaware

/s/ Zachary I. Shapiro
RICHARDS, LAYTON & FINGER, P.A.
Mark D. Collins (No. 2981)
Zachary I. Shapiro (No. 5103)
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone:  (302) 651-7700
Facsimile:  (302) 651-7701
E-mail:      collins@rlf.com
            shapiro@rlf.com

-and-

WEIL, GOTSHAL & MANGES LLP
Garrett A. Fail (*pro hac vice* admission pending)
David J. Cohen (*pro hac vice* admission pending)
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
E-mail:      garrett.fail@weil.com
            davidj.cohen@weil.com

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

**Exhibit A**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

```
-------------------------------------------------------- x
                                          :
In re                                     :        Chapter 11
                                          :
BROOKS BROTHERS GROUP, INC., et al.,      :        Case No. 20– _____
                                          :
                        Debtors.¹         :        (Joint Administration Requested)
                                          :
-------------------------------------------------------- x
```

ORDER (I) AUTHORIZING DEBTORS TO REDACT CERTAIN
PERSONAL IDENTIFICATION INFORMATION IN CREDITOR MATRIX
AND CERTAIN OTHER DOCUMENTS AND (II) GRANTING RELATED RELIEF

Upon the motion, dated July 8, 2020 (the "**Motion**")[2] of Brooks Brothers Group,

Inc. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter

11 cases (collectively, the "**Debtors**"), for entry of an order (i) authorizing the Debtors to redact

in their creditor matrix (the "**Creditor Matrix**") and other documents filed in these chapter 11

cases certain personal identification information for individual creditors, and (ii) granting related

relief, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the

Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended*

*Standing Order of Reference* from the United States District Court for the District of Delaware,

dated February 29, 2012; and consideration of the Motion and the requested relief being a core

proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Brooks Brothers Group, Inc. (8883); Brooks Brothers Far East Limited (N/A); BBD Holding 1, LLC (N/A), BBD Holding 2, LLC (N/A), BBDI, LLC (N/A), Brooks Brothers International, LLC (N/A); Brooks Brothers Restaurant, LLC (3846); Deconic Group LLC (0969); Golden Fleece Manufacturing Group, LLC (5649); RBA Wholesale, LLC (0986); Retail Brand Alliance Gift Card Services, LLC (1916); Retail Brand Alliance of Puerto Rico, Inc. (2147); and 696 White Plains Road, LLC (7265). The Debtors' corporate headquarters and service address is 346 Madison Avenue, New York, New York 10017.

[2]  Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing to consider the relief requested in the Motion (the "**Hearing**"); and upon the record of the Hearing; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

## IT IS HEREBY ORDERED THAT:

1.      The Motion is granted to the extent set forth herein.

2.      The Debtors are authorized to redact in the Creditor Matrix and other documents filed with the Court in these chapter 11 cases: (a) the home addresses of individual creditors; and (b) the names and address information of individuals the Debtors believe to be protected by the GDPR.

3.      The Debtors shall provide an unredacted version of the Creditor Matrix and other filings redacted pursuant to this Order (to the extent applicable) (collectively, the "**Sealed Documents**") to the Court and on a confidential basis to: (i) the U.S. Trustee, (ii) counsel to any official committee of unsecured creditors appointed in these chapter 11 cases, (iii) the Debtors' claims and noticing agent, and (iv) any party in interest upon a request to the Debtors (email is sufficient) or to the Court for information that is reasonably related to these chapter 11 cases.

2

4.     Any party authorized, pursuant to this Order, to receive copies of the Sealed Documents, other than the Court or the U.S. Trustee, shall confirm to the Debtors (which confirmation may be made via electronic email), before receiving copies of the Sealed Documents, that such party is bound by the terms of this Order and shall at all times keep the Sealed Documents and Personal Identification Information therein strictly confidential and shall not disclose the Sealed Documents and the Personal Identification Information or the contents thereof to any party whatsoever.

5.     When serving any notice in these cases on any individual whose Personal Identification Information is sealed pursuant to this Order, the Debtors' claims agent, and, where applicable, the Clerk of the Court, shall use such individual's home address.

6.     Nothing in this Order shall waive or otherwise limit the service of any document upon or the provision of any notice to any individual whose Personal Identification Information is sealed or redacted pursuant to this Order.  Service of all documents and notices upon individuals whose Personal Identification Information is sealed or redacted pursuant to this Order shall be confirmed in the corresponding certificate of service.  The Debtors shall provide the Personal Identification Information to any party in interest that files a motion that indicates the reason such information is needed and that, after notice and a hearing, is granted by the Court.

7.     The Debtors are authorized to take all reasonable actions necessary or appropriate to effectuate the relief granted in this Order.

RLF1 23678878V.1
RLF1 23678878V.1

8.      The Court shall retain jurisdiction to hear and determine all matters arising

from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2020
          Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE