## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

---------------------------------------------------------- x
                       :

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| **BROOKS BROTHERS GROUP, INC.**, *et al.*, | : | **Case No. 20– _____ (     )** |
| | : | |
| Debtors.[1] | : | **(Joint Administration Requested)** |
| | : | |

---------------------------------------------------------- x

## MOTION OF DEBTORS FOR
## ENTRY OF ORDERS ESTABLISHING
## NOTIFICATION PROCEDURES AND APPROVING RESTRICTIONS ON
## CERTAIN TRANSFERS OF INTERESTS IN AND CLAIMS AGAINST THE DEBTORS
## AND CERTAIN WORTHLESS STOCK DEDUCTION CLAIMS

Brooks Brothers Group, Inc. ("**Brooks Brothers**") and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (the "**Debtors**"), respectfully represent as follows in support of this motion (the "**Motion**"):

### Background

1.      On the date hereof (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Brooks Brothers Group, Inc. (8883); Brooks Brothers Far East Limited (N/A); BBD Holding 1, LLC (N/A), BBD Holding 2, LLC (N/A), BBDI, LLC (N/A), Brooks Brothers International, LLC (N/A); Brooks Brothers Restaurant, LLC (3846); Deconic Group LLC (0969); Golden Fleece Manufacturing Group, LLC (5649); RBA Wholesale, LLC (0986); Retail Brand Alliance Gift Card Services, LLC (1916); Retail Brand Alliance of Puerto Rico, Inc. (2147); and 696 White Plains Road, LLC (7265).  The Debtors' corporate headquarters and service address is 346 Madison Avenue, New York, New York 10017.

2.     Contemporaneously herewith, the Debtors have filed a motion requesting joint administration of their chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

3.     Additional information regarding the Debtors' businesses, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Stephen Marotta In Support of Debtors' Chapter 11 Petitions and First Day Relief* (the "**First Day Declaration**"), filed contemporaneously herewith and incorporated herein by reference.[2]

## Jurisdiction

4.     The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5.     Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## Relief Requested

6.     By this Motion, pursuant to sections 105(a) and 362 of the Bankruptcy Code, the Debtors request entry of interim and final orders authorizing the Debtors to establish

---

[2]     Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Marotta Declaration.

procedures to protect the potential value of certain federal consolidated net operating losses (the "**NOLs**"), carryforwards of disallowed business interest expense, carryforwards of unused general business credits, and other tax benefits (including certain state tax attributes) (collectively, the "**Tax Attributes**") for use during the pendency of these chapter 11 cases and in connection with any reorganization of the Debtors.

7.      For purposes of both the requested interim and final order, the Procedures (as defined herein) would apply to (i) beneficial ownership (including direct and indirect ownership) of the common stock of Brooks Brothers (the "**Common Stock**") and any options or similar rights (within the meaning of applicable Treasury Regulations, as hereinafter defined) to acquire such stock (the "**Options**"), and (ii) any claim (for U.S. federal income tax reporting purposes) of a worthlessness deduction under section 165 of title 26 of the United States Code (the "**Tax Code**") by a Majority Holder (as defined herein) with respect to the beneficial ownership of Common Stock (a "**Worthless Stock Deduction**").  In addition, for purposes of the requested final order (but not the interim order), the Procedures also would apply to the beneficial ownership (including direct and indirect ownership) of prepetition claims (each, as defined in section 101(5) of the Bankruptcy Code, a "**Claim**") against one or more of the Debtors, under certain circumstances. The Debtors request that the Court enter the Proposed Orders (as defined herein) granting the relief requested herein effective as of the Petition Date.

8.      A proposed form of order granting the relief requested herein on an interim basis is annexed hereto as **<u>Exhibit A</u>** (the "**Proposed Interim Order**") and, pending a final hearing on the relief requested herein, granting the relief requested herein on a final basis is annexed hereto as **<u>Exhibit B</u>** (the "**Proposed Final Order**, and, together with the Proposed Interim Order, the "**Proposed Orders**").

3

**Debtors' Tax Attributes**

9.      As of the Petition Date, the Debtors have at least $250 million in estimated federal consolidated NOL carryforwards and certain other favorable Tax Attributes, including consolidated disallowed business interest expense carryforwards, tax credits and aggregate tax basis in excess liabilities.[3]  The Tax Attributes are valuable assets of the Debtors' estates.

10.     The Tax Code generally permits a corporation to carry forward (to the extent not carried back) its NOLs and tax credits to reduce future taxable income and taxes, thereby reducing such corporation's tax liability in future periods.  *See, e.g.,* 26 U.S.C. §§ 163(j), 172 and 904(c).  Accordingly, absent any intervening limitations and depending on future operating results, the Tax Attributes are valuable assets that could reduce the Debtors' U.S. federal income tax liability for current and future periods, including during the pendency of these chapter 11 cases and in connection with the implementation of the Debtors' chapter 11 plan.  The Tax Attributes, therefore, could translate into future tax savings over time that enhance the Debtors' cash position for the benefit of all parties in interest.

11.     The Debtors' ability to utilize the Tax Attributes to reduce future tax liability is subject to certain potential statutory limitations.  Sections 382 and 383 of the Tax Code limit a corporation's ability to utilize its NOLs, tax credits, and certain other tax benefits to offset future income or tax liability once that corporation has undergone an "ownership change" within the meaning of section 382 of the Tax Code (an "**Ownership Change**").  Pursuant to section 382 of the Tax Code, an Ownership Change generally occurs when the percentage of a corporation's equity held by one or more of its "5-percent shareholders" (each, as that term is used in section

---

[3]      The Debtors do not expect the 5-year NOL carryback provision of the Coronavirus Aid, Relief, and Economic Security Act, enacted on March 27, 2020, to be of any benefit to the Debtors due to a lack of taxable income in prior years.

382 of the Tax Code, a "**5-Percent Shareholder**") increases by more than fifty (50) percentage points above the lowest percentage of the corporation's equity owned by such shareholder(s) at any time during the relevant testing period (usually three years).  *See id.* § 382(g).

12.     Further, section 382(g)(4)(D) of the Tax Code generally provides that, if (a) a 50-percent shareholder (which includes a person who beneficially owns or owned, as determined for tax purposes, at least fifty percent (50%) of the stock at any time during the applicable three-year period) in a corporation claims a worthlessness deduction with respect to such stock during any taxable year and (b) the stock with respect to which such worthlessness deduction is taken is beneficially owned by the holder at the end of such taxable year, then the holder is treated as having acquired its beneficial ownership of such stock on the first day of the holder's next taxable year and is treated as never having owned such beneficial ownership during any prior year for purposes of testing whether an Ownership Change has occurred.  Thus, an Ownership Change generally occurs when a 50-percent shareholder claims a worthlessness deduction with respect to its beneficial ownership of stock of a corporation.

13.     The Debtors believe that they have Tax Attributes that would be adversely affected (and could be effectively eliminated) by an Ownership Change during the pendency of these chapter 11 cases.  If such an Ownership Change were to occur, the availability and value of such Tax Attributes would be adversely impacted.  Therefore, it is in the best interests of the Debtors and their stakeholders to restrict both transfer of the beneficial ownership of Common Stock and any claim of a Worthless Stock Deduction by a Majority Holder (as defined below) that could result in an Ownership Change occurring *before* the effective date of a chapter 11 plan or any applicable bankruptcy court order.  Such a restriction would protect the Debtors' ability to use the Tax Attributes during the pendency of these chapter 11 cases and in connection with any

reorganization transaction. Although (as described below) the limitations imposed by section 382 of the Tax Code may be significantly less restrictive when an Ownership Change occurs *pursuant to a confirmed chapter 11 plan* (or any applicable bankruptcy court order), the benefits available under section 382 of the Tax Code in connection with a confirmed chapter 11 plan (or any applicable bankruptcy court order) are not applied retroactively to reduce the limitations imposed on a corporation's ability to utilize its tax benefits resulting from a *previous* Ownership Change (such as an Ownership Change occurring during the pendency of a chapter 11 case). *See, e.g.*, *id.* § 382(*l*)(5), (6). Accordingly, pursuant to this Motion, the Debtors seek to put in place in the Proposed Orders procedures in order to monitor and potentially restrict (i) acquisitions, dispositions and trading with respect to the beneficial ownership (including direct and indirect ownership) of the Common Stock and Options to acquire beneficial ownership of the Common Stock, and (ii) the claiming of a Worthless Stock Deduction by any Majority Holder with respect to its beneficial ownership of the Common Stock.

14.     Further, a chapter 11 plan that contemplates a reorganization of the Debtors may involve the issuance of new common stock in Brooks Brothers (or any successor to Brooks Brothers) and the distribution of such stock to certain creditors on account, in whole or in part, of their respective Claims. Such an issuance and distribution could also potentially result in an Ownership Change. In such event, it is possible that the special relief afforded by section 382(*l*)(5) of the Tax Code could be both available and beneficial to the Debtors; the Debtors, in that circumstance, may seek to qualify the restructuring for such relief. Such relief, however, may become unavailable to the Debtors if certain procedures relating to the trading and accumulation of certain Claims after the Petition Date and prior to the effective date of a chapter 11 plan are not effective as of the Petition Date. Accordingly, the Debtors also seek in the Proposed Final Order

6

to establish procedures to monitor and potentially restrict the trading and accumulation of Claims against the Debtors.

**Proposed Procedures Relating to Common Stock**

15.    By establishing the following procedures for monitoring transfers of any direct or indirect interest in, and the claiming of a Worthless Stock Deduction by any Majority Holders with respect to, Common Stock (including Options to acquire beneficial ownership of Common Stock) (the "**Stock Procedures**"), the Debtors can preserve their ability to seek necessary relief if it appears that any such transfer(s) may impair the Debtors' ability to utilize their Tax Attributes.  Therefore, the Debtors propose the following Stock Procedures that would become effective upon the entry of the Proposed Interim Order:

(a)    <u>Definitions</u>.  For purposes of these Stock Procedures, the following terms have the following meanings:

(i)    "**Common Stock**" shall mean any common stock issued by Brooks Brothers Group, Inc. including its Class A Common Stock and its Class B Redeemable Common Stock.

(ii)    "**Option**" shall mean any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest regardless of whether it is contingent, subject to vesting or otherwise not currently exercisable.

(iii)    "**Beneficial ownership**" of Common Stock and Options to acquire Common Stock shall be determined in accordance with section 382 of the Tax Code, the regulations promulgated by the U.S. Department of the Treasury under the Tax Code (the "**Treasury Regulations**"), rulings issued by the Internal Revenue Service (the "**IRS**"), and the rules described herein, and thus shall include, without limitation, (A) direct and indirect ownership, determined without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity (*e.g.*, a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (B) ownership by a holder's family members, (C) ownership by any group of persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition of stock, and (D) to the extent set forth in Treasury Regulations section 1.382-4, the ownership of an Option to acquire beneficial ownership of Common Stock.

(iv)    "**Entity**" shall mean any "entity" as such term is defined in Treasury Regulations section 1.382-3(a), including a group of persons who have a formal or informal understanding among themselves to make a coordinated acquisition of stock.

(v)    "**Majority Holder**" shall mean any person (i) beneficially owns at least 798,742 shares of Common Stock (representing approximately 47.5% of all issued and outstanding shares of Common Stock as of the Petition Date) or (ii) would be a "50-percent shareholder" (within the meaning of section 382(g)(4)(D) of the Tax Code) of Common Stock if such person claimed a Worthless Stock Deduction at any time on or after the Petition Date.

(vi)    "**Substantial Holder**" shall mean any Entity or person that beneficially owns at least 79,874[4] shares of Common Stock (representing approximately 4.75% of all issued and outstanding shares of Common Stock as of the Petition Date).

(vii)    "**Treasury Regulations**" means the regulations promulgated under the Tax Code.

(viii)    "**Worthless Stock Deduction**" shall mean any claim (for U.S. federal income tax reporting purposes) of a worthlessness deduction under section 165 of the Tax Code with respect to the beneficial ownership of Common Stock.

(b)    <u>Notice of Substantial Ownership</u>.  Any person or Entity that beneficially owns, at any time on or after the Petition Date, Common Stock in an amount sufficient to qualify such person or Entity as a Substantial Holder shall file with this Court and serve upon (i) the Debtors, 346 Madison Avenue, New York, New York 10017 (Attn:  Rachel Barnett, Esq.); (ii) proposed attorneys for the Debtors, (x) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn:  Garrett A. Fail, Esq. (Garrett.Fail@weil.com) and David J. Cohen, Esq. (DavidJ.Cohen@weil.com)); and (y) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801 (Attn:  Mark D. Collins, Esq. (Collins@rlf.com) and Zachary I. Shapiro, Esq. (Shapiro@rlf.com)); and (iii) attorneys for any statutory committee of unsecured creditors appointed in this case; (collectively, the "**Disclosure Parties**") a notice of such person's or Entity's substantial ownership (a "**Substantial Stock Ownership Notice**"), in substantially the form annexed to the Proposed Orders as **<u>Exhibit 2</u>**, which describes specifically and in detail such person's or Entity's beneficial ownership of Common Stock, on or before the date that is the later of (x) twenty (20) calendar days after the entry of the order granting the requested relief or (y) ten (10) business days after such person or Entity qualifies as a Substantial Holder.  At the election of the Substantial Holder, the Substantial Stock Ownership Notice to be filed with this Court (but not the Substantial Stock Ownership Notice that is served upon the Disclosure Parties) may be redacted to exclude the Substantial Holder's taxpayer identification number and the amount of Common Stock that the Substantial Holder beneficially owns.

---

[4]    Per the Consolidated Statements of Operations for the fiscal years ended August 3, 2019 and August 4, 2018, there are 1,533,538 shares of Class A Common Stock issued and outstanding and 148,025 shares of Class B Redeemable Common Stock issued and outstanding (for a total of 1,681,563 million shares of common stock issued and outstanding).

(c)    Acquisition of Common Stock.  At least twenty (20) business days prior to the proposed date of any transfer in the beneficial ownership of Common Stock (including directly or indirectly, and including the grant or other acquisition of Options to acquire beneficial ownership of Common Stock) or exercise of any Option to acquire beneficial ownership of Common Stock that would result in an increase in the amount of Common Stock beneficially owned by any person or Entity that currently is or, as a result of the proposed transaction, would be a Substantial Holder (a "**Proposed Acquisition Transaction**"), such acquiring or increasing person or Entity or Substantial Holder (a "**Proposed Transferee**") shall file with this Court and serve upon the Disclosure Parties a notice of such Proposed Transferee's intent to purchase, acquire, or otherwise accumulate Common Stock (an "**Acquisition Notice**"), in substantially the form annexed to the Proposed Orders as **Exhibit 3**, which describes specifically and in detail the Proposed Acquisition Transaction.  At the election of the Proposed Transferee, the Acquisition Notice to be filed with this Court (but not the Acquisition Notice that is served upon the Disclosure Parties) may be redacted to exclude the Proposed Transferee's taxpayer identification number and the amount of Common Stock that the Proposed Transferee beneficially owns.

(d)    Disposition of Common Stock.  At least twenty (20) business days prior to the proposed date of any transfer or other disposition in the beneficial ownership of Common Stock (including directly and indirectly, and Options to acquire beneficial ownership of Common Stock) that would result in either a decrease in the amount of Common Stock beneficially owned by a Substantial Holder or a person or Entity ceasing to be a Substantial Holder (a "**Proposed Disposition Transaction**" and, together with a Proposed Acquisition Transaction, a "**Proposed Transaction**"), such selling or decreasing person or Entity or Substantial Holder (a "**Proposed Transferor**") shall file with this Court and serve upon the Disclosure Parties a notice of such Proposed Transferor's intent to sell, trade, or otherwise transfer its beneficial ownership of Common Stock (a "**Disposition Notice**" and, together with an Acquisition Notice, a "**Trading Notice**"), in substantially the form annexed to the Proposed Orders as **Exhibit 4**, which describes specifically and in detail the Proposed Disposition Transaction.  At the election of the Proposed Transferor, the Disposition Notice to be filed with this Court (but not the Disposition Notice that is served upon the Disclosure Parties) may be redacted to exclude the Proposed Transferor's taxpayer identification number and the amount of Common Stock that the Proposed Transferor beneficially owns.

(e)    Certain Pre-Approval Exceptions.  For the avoidance of doubt, a pre-transfer Trading Notice is not required to be filed in connection with a transfer of beneficial ownership of Common Stock (i) from a person to an entity that is disregarded for U.S. federal income tax purposes as being separate from the person (a "**Disregarded Entity**"), or from such Disregarded Entity to such person; (ii) from a person to a trust whose assets are treated as being solely owned by such person for U.S. federal income tax purposes (a "**Grantor Trust**"), or from such Grantor Trust to such person; (iii) from a Disregarded Entity to any one or more other Disregarded Entities or Grantor Trusts if the same person is treated as the owner or taxpayer with respect to all of the assets of such Disregarded Entities or Grantor Trusts for U.S. federal income tax purposes; and (iv) from a Grantor Trust to any one or more other Grantor Trusts or Disregarded Entities if the same person is treated as the owner or taxpayer with respect to all of the assets of such Grantor Trusts and Disregarded Entities for U.S. federal income tax purposes.  However, in the event of any such transfer for which a Trading Notice would otherwise have been required if the Disregarded Entities or Grantor Trusts involved had not been so disregarded for U.S. federal

9

income tax purposes, that transferor or transferee shall no more than twenty (20) business days after the date of transfer serve upon the Disclosure Parties a notice substantially similar to the equivalent Trading Notice (a "**Disregarded Transfer Notice**"); however, absent gross negligence or reckless or intentional disregard, the failure to timely file such notice shall not be subject to sanctions.

(f)     Notice of Intent to Claim a Worthless Stock Deduction.  At least twenty (20) business days before a Majority Holder files any federal income tax return, or any amendment to such a return, claiming a Worthless Stock Deduction for a tax year of the Majority Holder ending on or before the effective date of a chapter 11 plan of reorganization for the Debtors, such Majority Holder shall file with this Court and serve upon the Disclosure Parties advanced written notice of the intended tax deduction (a "**Worthless Stock Deduction Notice**"), in substantially the form annexed to the Proposed Orders as **Exhibit 6**.  At the election of the Majority Holder, the Worthless Stock Deduction Notice to be filed with the Bankruptcy Court (but not the Worthless Stock Deduction Notice that is served upon the Disclosure Parties) may be redacted to exclude the Majority Holder's taxpayer identification number.

(g)     Objection Procedures.  The Debtors shall have fifteen (15) business days after the filing of a Trading Notice or a Worthless Stock Deduction Notice (the "**Objection Period**") to file with this Court and serve on a Proposed Transferee or a Proposed Transferor, as the case may be, an objection (each, an "**Objection**") to any Proposed Transaction described in such Trading Notice or any Worthless Stock Deduction described in such Worthless Stock Deduction Notice.  If the Debtors file an Objection by the expiration of the Objection Period (the "**Objection Deadline**"), then the applicable Proposed Transaction or Worthless Stock Deduction shall not be effective unless approved by a final and nonappealable order of this Court.  If the Debtors do not file an Objection by the Objection Deadline or if the Debtors provide written authorization to the Proposed Transferee or the Proposed Transferor, as the case may be, or the Majority Holder, as applicable, approving the Proposed Transaction or the Worthless Stock Deduction prior to the Objection Deadline, then such Proposed Transaction or the Worthless Stock Deduction may proceed solely as specifically described in the applicable Trading Notice or Worthless Stock Deduction Notice.  Any further Proposed Transaction or Worthless Stock Deduction must be the subject of an additional Trading Notice or Worthless Stock Deduction Notice and Objection Period.

(h)     Noncompliance with the Procedures.  Any acquisition, disposition, or trading in the beneficial ownership of, or Worthless Stock Deduction with respect to, Common Stock (including directly and indirectly, and Options to acquire beneficial ownership of Common Stock) in violation of the Stock Procedures (other than, for the avoidance of doubt, the Disregarded Transfer Notice) shall be null and void ab initio pursuant to the Bankruptcy Court's equitable powers under section 105(a) of the Bankruptcy Code and as an act in violation of the automatic stay under section 362 of the Bankruptcy Code.  Furthermore, any person or Entity that acquires, disposes of, or trades in the beneficial ownership of, or claims a Worthless Stock Deduction with respect to, Common Stock (including directly and indirectly, and Options to acquire beneficial ownership of Common Stock) in violation of the Stock Procedures shall be subject to sanctions as provided by law.

10

(i)      Debtors' Right to Waive. The Debtors may, in their sole discretion, waive, in writing, any and all of the foregoing restrictions, stays, and notification procedures.

## Proposed Procedures Relating to Claims

16.      By establishing the procedures described below with respect to Claims (the "**Claims Procedures**" and, together with the Equity Procedures, the "**Procedures**"), the Debtors can preserve their ability to determine and, if applicable, preserve the availability of the special relief afforded by section 382(l)(5) of the Tax Code.  Therefore, the Debtors propose the following Claims Procedures become effective as of the Petition Date, upon entry of the Proposed Final Order.

17.      As described in further detail below, the Claims Procedures would permit the full trading of Claims until the Debtors or another Plan Proponent (as hereinafter defined) files a chapter 11 plan contemplating the potential utilization of section 382(l)(5) of the Tax Code, at which point, the described procedures would apply, and would permit, if necessary for the Debtors to utilize that provision, the Debtors to seek to require that a purchaser of certain Claims (after the Petition Date) resell some or all of such Claims.  The following are certain principal provisions of the proposed Claims Procedures:[5]

(a)      Disclosure of 382(l)(5) Plan. If the proponent of a Plan (a "**Plan Proponent**") determines that the reorganized Debtors likely will benefit from the application of section 382(l)(5) of the Tax Code and reasonably anticipates that the reorganized Debtors (or any successors thereto) (the "**Post-Emergence Brooks Brothers**") will invoke such section (a "**382(l)(5) Plan**"), then the Plan Proponent shall disclose the following in its proposed disclosure statement or, in the case of items (iii) through (v) described below, a later, separate notice (collectively, the "**Proposed 382(l)(5) Disclosure Statement**"):

(i)      Adequate information about the incremental tax benefits anticipated to be realized through the use of section 382(l)(5) of the Tax Code that, taking into account the Debtors' anticipated net unrealized built-in gains or net unrealized built-in losses, would not otherwise be available;

---

[5]      The complete proposed Claims Procedures are set forth in **Exhibit 1** to the Proposed Final Order, and incorporated herein by reference.

(ii)     A summary of any restrictions expected to be imposed on the transferability of securities issued under the Plan in order to preserve such incremental tax benefits;

(iii)     The (A) dollar amount of Claims (by class or other applicable classification) expected to result in a one-percent (1%) interest in the equity of Post-Emergence Brooks Brothers (the "**New Brooks Brothers Stock**") and (B) number of any specified interests (the "**Owned Interests**") in the Debtors, including but not necessarily limited to Common Stock, expected to result in a one-percent (1%) interest in the New Brooks Brothers Stock, in each case based upon then-available information;

(iv)     A specified date (the "**Determination Date**") that is not less than ten (10) calendar days after the service of the notice of the hearing with respect to the Proposed 382(*l*)(5) Disclosure Statement; and

(v)     A specified date (the "**Reporting Deadline**") that is not less than five (5) calendar days after the Determination Date, by which persons or Entities (as such term is defined in the Stock Procedures, an "**Entity**") must serve on various parties the "Notice of Substantial Claim Ownership" (as defined in paragraph B(2)(v) of **Exhibit 1** to the Proposed Final Order) required by these Claims Procedures.

(b)     <u>Claims Trading Before and After the Determination Date</u>.

(i)     Any person or Entity generally may trade freely and make a market in Claims until the Determination Date.

(ii)     After the Determination Date, any acquisition of Claims by a person or Entity who filed or is or was required to file a Notice of Substantial Claim Ownership or by a person or Entity who would be required to file a Notice of Substantial Claim Ownership as a result of the consummation of the contemplated transaction if the proposed acquisition date had been the Determination Date (each such person or Entity, a "**Proposed Claims Transferee**"), shall not be effective unless consummated in compliance with the Claims Procedures.

(iii)     After the Determination Date, at least ten (10) business days prior to the proposed date of any acquisition of Claims by a Proposed Claims Transferee (each acquisition, a "**Proposed Claims Acquisition Transaction**"), such Proposed Claims Transferee shall serve upon the Plan Proponent and its attorneys (and the Debtors and their attorneys if not the Plan Proponent) and attorneys for any statutory committees appointed in the chapter 11 cases (each, an "**Official Committee**") a notice of such Proposed Claims Transferee's request to purchase, acquire, or otherwise accumulate a Claim (a "**Claims Acquisition Request**"), in substantially the form annexed to the Proposed Final Order as **Exhibit 6,** which describes specifically and in detail the Proposed Claims Acquisition Transaction, regardless of whether such transfer would be subject to the filing, notice, and hearing requirements set forth in Bankruptcy Rule 3001.

(iv)     The Plan Proponent may determine, in consultation with the Debtors (if not the Plan Proponent) and attorneys for any Official Committee, whether to approve a Claims Acquisition Request.  If the Plan Proponent does not approve a Claims Acquisition Request in writing within eight (8) business days after the Claims Acquisition Request is filed with the Court, the Claims Acquisition Request shall be deemed rejected.

(c)    <u>Creditor Conduct and Sell-Downs.</u>

(i)    To permit reliance by the Debtors on Treasury Regulations section 1.382-9(d)(3), upon the entry of the Proposed Final Order, any "Substantial Claimholder" (as defined in paragraph B(1)(i) of **Exhibit 1** to the Proposed Final Order) that participates in formulating any chapter 11 plan of or on behalf of the Debtors (which shall include, without limitation, making any suggestions or proposals to the Debtors or their advisors with regard to such a Plan) shall not disclose or otherwise make evident to the Debtors that any Claims in which such Substantial Claimholder has a beneficial ownership are "Newly Traded Claims" (as defined in paragraph B(1)(m) of **Exhibit 1** to the Proposed Final Order), unless compelled to do so by an order of a court of competent jurisdiction or some other applicable legal requirement, *provided*, *however*, that the following activities shall not constitute participation in formulating a Plan if, in pursuing such activities, the Substantial Claimholder does not disclose or otherwise make evident (unless compelled to do so by an order of a court of competent jurisdiction or some other applicable legal requirement) to the Debtors that such Substantial Claimholder has beneficial ownership of Newly Traded Claims: filing an objection to a proposed disclosure statement or to confirmation of a proposed Plan; voting to accept or reject a proposed Plan; reviewing or commenting on a proposed business plan; providing information on a confidential basis to attorneys for the Debtors; holding general membership on an official committee or an ad hoc committee; or taking any action required by an order of the Court.

(ii)    Following the Determination Date, if the Plan Proponent determines that certain persons or Entities must sell or transfer all or a portion of their beneficial ownership of Claims acquired on or after the Petition Date so that the requirements of section 382(*l*)(5) of the Tax Code will be satisfied, the Plan Proponent may file a motion with the Court for entry of an order—after notice to attorneys for the Debtors (if not the Plan Proponent), attorneys for any official committee, and the relevant claimholder(s) and a hearing—approving the issuance of a notice (each, a "**Sell-Down Notice**") that such claimholder(s) must sell, cause to sell, or otherwise transfer a specified amount of its beneficial ownership of Claims.

(iii)    Notwithstanding anything to the contrary in this Motion, no claimholder shall be required to sell, cause to sell, or otherwise transfer any beneficial ownership of Claims if such sale or transfer would result in the claimholder's beneficial ownership of an aggregate amount of Claims (by class or other applicable classification) that is less than such Substantial Claimholder's "**Protected Amount**" (as defined in paragraph B(1)(o) of **Exhibit 1** to the Proposed Final Order).

(iv)    Each Sell-Down Notice shall direct the claimholder to sell, cause to sell, or otherwise transfer its beneficial ownership of the amount of Claims specified in the Sell-Down Notice to "**Permitted Transferees**" (as defined in paragraph B(1)(n) of **Exhibit 1** to the Proposed Final Order).

(v)    Any person or Entity that violates its obligations under these Claims Procedures shall be precluded from receiving, directly or indirectly, any consideration consisting of a beneficial ownership of New Brooks Brothers Stock that is attributable to the "Excess Amount" of Claims (as defined in paragraph B(5)(b) of **Exhibit 1** to the Proposed Final Order) for such person or Entity, including any consideration in lieu thereof, *provided*, *however*, that such

person or Entity may be entitled to receive any other consideration to which such person or Entity may be entitled by virtue of holding Claims.

(d)     Noncompliance with the Procedures.    Any acquisition, disposition, or trading of the beneficial ownership of Claims against the Debtors in violation of these Procedures shall be null and void ab initio as an act in violation of the automatic stay under section 362 of the Bankruptcy Code and pursuant to the Bankruptcy Court's equitable powers under section 105(a) of the Bankruptcy Code.  Furthermore, any person (including any Entity) that acquires, disposes of or trades beneficial ownership of Claims against the Debtors in violation of these Procedures shall be subject to sanctions as provided by law.

(e)     Debtors' Right to Waive.    The Debtors may waive, in writing, any and all of the foregoing restrictions, stays, and notification procedures; *provided*, *however*, that after a 382(*l*)(5) Plan has been properly filed by a Plan Proponent (other than by, or jointly with, the Debtors) and is still actively being pursued before the Court, the consent of such Plan Proponent also shall be necessary for any subsequent waiver to be effective.

## **Relief Requested Should Be Granted**

A.     **Automatic Stay Bars Any Equity Transfer that Would Diminish or Limit the Debtors' Interests in the Tax Attributes**

18.     In furtherance of the automatic stay provisions of section 362 of the Bankruptcy Code and pursuant to section 105 of the Bankruptcy Code, the Debtors seek authority in the Proposed Orders to monitor and approve (or disapprove) certain changes in the beneficial ownership of, and certain Worthless Stock Deduction claims by a Majority Holder with respect to its beneficial ownership of, Common Stock to protect against the occurrence of an Ownership Change during the pendency of these chapter 11 cases, and thereby to preserve the potential value of the Tax Attributes.  The Debtors also seek in the Proposed Final Order to implement certain procedures that would provide for the monitoring of ownership of Claims, including imposing certain restrictions on transfers of Claims, and for the authorization to seek the sell down of certain Claims acquired during these chapter 11 cases in order to preserve the Debtors' ability to avail themselves of relief under section 382(*l*)(5) of the Tax Code, if such relief is ultimately determined to be desirable and otherwise available.

19.     Section 362 of the Bankruptcy Code enjoins all entities from, among other things, taking any action to obtain possession of property of or from the estate or to exercise control over property of the estate.  Section 541 of the Bankruptcy Code defines "property of the estate" to include all legal or equitable interests of a debtor in property as of the petition date of a chapter 11 case, including tax benefits.

20.     The Tax Attributes are valuable property of the Debtors' estates and thus are protected, by operation of the automatic stay, from actions that would diminish or eliminate their value, including direct or indirect transfers that would result in an Ownership Change.  It is well established that a debtor's NOLs are property of the debtor's estate protected by the automatic stay.  *See Official Comm. of Unsecured Creditors v. PSS S.S. Co. (In re Prudential Lines Inc.)*, 928 F.2d 565, 574 (2d Cir. 1991) ("[W]here a non-debtor's action with respect to an interest that is intertwined with that of a bankrupt debtor would have the legal effect of diminishing or eliminating property of the bankrupt estate, such action is barred by the automatic stay."); *Nisselson v. Drew Indus., Inc. (In re White Metal Rolling & Stamping Corp.)*, 222 B.R. 417, 424 (Bankr. S.D.N.Y. 1998) ("It is beyond peradventure that NOL carrybacks and carryovers are property of the estate of the loss corporation that generated them."); *In re Grossman's Inc.*, No. 97-695 (PJW), 1997 WL 33446314 (Bankr. D. Del. Oct. 9, 1997).  The United States Court of Appeals for the Second Circuit, in its seminal decision, *In re Prudential Lines Inc.*, affirmed the application of the automatic stay to a debtor's tax benefits and upheld a permanent injunction prohibiting a parent corporation from taking a worthless stock deduction that would have adversely affected the ability of the parent corporation's subsidiary to utilize its NOLs under the special relief provisions of section 382 of the Tax Code.  *See* 928 F.2d at 573.  As the Second Circuit stated:

> Including NOL carryforwards as property of a corporate debtor's
> estate is consistent with Congress' intention to "bring anything of

value that the debtors have into the estate." Moreover, . . . [i]ncluding the right to a NOL carryforward as property of [a debtor's] bankruptcy estate furthers the purpose of facilitating the reorganization of [the debtor].

*Id.* (quoting H.R. Rep. No. 95-595, at 176 (1978)) (citations omitted); *see also In re Fruehauf Trailer Corp.*, 444 F.3d 203, 211 (3d Cir. 2006) ("Property of the estate 'includes all interests, such as . . . contingent interests and future interests, whether or not transferable by the debtor.'" (quoting *Prudential Lines*, 928 F.2d at 572) (alteration in original)); *Gibson v. United States (In re Russell)*, 927 F.2d 413, 417 (8th Cir. 1991) (concluding that the "right to carry forward the [debtor's] NOLs" was a "property interest" of the estate).

21.     In *Prudential Lines,* the Second Circuit determined that, if the parent corporation were permitted to take a worthless stock deduction, its subsidiary's ability to carry forward its NOLs would be adversely impacted.  The Second Circuit concluded that "despite the fact that the [parent corporation's] action [was] not directed specifically at [the debtor subsidiary], it [nonetheless was] barred by the automatic stay as an attempt to exercise control over property of the estate." *Prudential Lines*, 928 F.2d at 573–574.

22.     In addition to finding that a debtor's NOLs are protected by the automatic stay, the Second Circuit also held that, pursuant to its equitable powers under section 105(a) of the Bankruptcy Code, a bankruptcy court may issue a permanent injunction to protect such NOLs. *Prudential Lines*, 928 F.2d at 574.

23.     In *In re Phar-Mor, Inc.*, 152 B.R. 924 (Bankr. N.D. Ohio 1993), the bankruptcy court applied similar reasoning and granted the debtors' motion to prohibit transfers of their stock that could have had an adverse effect on their ability to utilize their NOLs, even though the debtors' stockholders had not stated any intent to sell their stock and the debtors had not shown that a sale that would trigger an Ownership Change was pending. *See id.* at 927. Despite

16

the "ethereal" nature of the situation, the court observed that "[w]hat is certain is that the *NOL has a potential value, as yet undetermined*, which will be of benefit to creditors and will assist debtors in their reorganization process.  This asset is entitled to protection while [the d]ebtors move forward toward reorganization."  *Id*. (emphasis added).

24.     The bankruptcy court in *Phar-Mor* also concluded that, because the debtors were seeking to enforce the automatic stay, they did not have to meet the more stringent requirements for preliminary injunctive relief:

> The requirements for enforcing an automatic stay under 11 U.S.C. § 362(a)(3) do not involve such factors as lack of an adequate remedy at law, or irreparable injury, or loss and a likelihood of success on the merits.  The key elements for a stay . . . are the existence of property of the estate and the enjoining of all efforts by others to obtain possession or control of property of the estate.

*Id.* at 926 (quoting *In re Golden Distribs., Inc.*, 122 B.R. 15, 19 (Bankr. S.D.N.Y. 1990)).

25.     Restrictions on equity trading and/or worthless stock deduction claims to protect a debtor against the possible loss of valuable tax attributes are regularly approved by this and other courts.  *See, e.g.*, *In re RentPath Holdings, Inc.*, No. 20-10312 (ECF No. 79) (Bankr. D. Del. Feb. 13, 2020) (approving notification procedures and restrictions on certain transfers of interests in and claims against, and claiming a worthless stock deduction with respect to, the debtors); *In re Checkout Holdings Corp.*, No. 18-12794 (ECF No. 205) (Bankr. D. Del. Jan. 10, 2019) (approving notification procedures and restrictions on certain transfers of equity interests in and claiming a worthless stock deduction with respect to the debtors); *In re Claire's Stores, Inc.*, No. 18-10584 (ECF No. 284) (Bankr. D. Del. Apr. 17, 2018) (same); *In re Aéropostale, Inc.*, No. 16-11275 (SHL) (ECF No. 240) (Bankr. S.D.N.Y. June 3, 2016) (approving notification procedures and restrictions on certain transfers of equity interests in and claims against the debtors); *In re SunEdison, Inc.*, No. 16-1992 (SMB) (ECF No. 253) (Bankr. S.D.N.Y. May 12,

2016) (approving notification procedures and restrictions on certain transfers of equity interests in the debtors); *In re The Great Atl. & Pac. Tea Co.*, No. 15-23007 (RDD) (ECF No. 501) (Bankr. S.D.N.Y. Aug. 11, 2015) (approving notification procedures and restrictions on certain transfers of equity interests in and claims against the debtors); *In re AMR Corp.*, No. 11-15463 (SHL) (ECF No. 890) (Bankr. S.D.N.Y. Jan. 27, 2012) (same); *In re NewPage Corp.*, No. 11-12804 (KG) (ECF No. 307) (Bankr. D. Del. Oct. 4, 2011) (approving notification procedures and restrictions on certain transfers of equity interests in and claims against, and claiming a worthless stock deduction with respect to, the debtors).

26.     As these cases demonstrate, it is well settled that, pursuant to section 362(a)(3) of the Bankruptcy Code, the automatic stay enjoins actions that would adversely affect a debtor's ability to utilize its NOLs and other tax benefits.

**B.     The Procedures Are Necessary and in the Best Interests of the Debtors, their Estates, and their Creditors**

27.     The Procedures are necessary to preserve the Debtors' ability to utilize their Tax Attributes, while providing certain latitude for trading.  The Debtors' ability to preserve their Tax Attributes may be jeopardized unless the Stock Procedures are established immediately and made effective as of the Petition Date to ensure that trading in the beneficial ownership of Common Stock (including Options to acquire beneficial ownership of Common Stock), and the claiming of a Worthless Stock Deduction by a Majority Holder with respect to its beneficial ownership of Common Stock, are either precluded or closely monitored and made subject to Court approval. Further, the Debtors' ability to implement a restructuring that qualifies under section 382(*l*)(5) of the Tax Code could be seriously impaired unless the Claims Procedures are established.

28.     Depending on the Debtors' tax profile during the pendency of these chapter 11 cases, the extent of any gain or other income recognized in connection with the Debtors'

ownership or disposition of their assets, and the consequences of any restructuring, the Debtors' ability to utilize the Tax Attributes may enhance the Debtors' prospects for a successful emergence from chapter 11.  The relief requested herein is narrowly tailored to permit certain equity and Claims trading to continue, subject to Bankruptcy Rule 3001(e) and applicable securities, corporate, and other laws.

29.    The Debtors respectfully submit that the Stock Procedures must be implemented as soon as possible.  Even if a transfer or Worthless Stock Deduction were to be null and void under section 362 of the Bankruptcy Code or as a result of a final order of the Court that prohibited such a transfer retroactively to the Petition Date, under federal income tax law, such transfer nevertheless may be regarded as having occurred for tax purposes, in which event the Debtors' estates could suffer an irrevocable loss of value.  Accordingly, if a transfer occurs that limits the Debtors' ability to utilize their Tax Attributes under section 382 of the Tax Code, the Debtors' ability to realize the value of their Tax Attributes may be permanently diminished.  The relief requested, therefore, is crucial to prevent an irrevocable diminution of the value of the Debtors' estates.

30.    It is in the best interests of the Debtors and their stakeholders to restrict trading in the beneficial ownership of Common Stock and the claiming of a Worthless Stock Deduction by a Majority Holder that could result in an Ownership Change *before* the effective date of a chapter 11 plan or any applicable bankruptcy court order.  This restriction would permit the Debtors to utilize the Tax Attributes, if necessary, to offset gain or other income recognized in connection with the Debtors' ownership or disposition of their assets, including the operation of their businesses.  If such an Ownership Change were to occur, however, the valuation for

RLF1 23678768v.1

determining the annual amount of usable Tax Attributes is expected to be adversely affected and, possibly, effectively eliminated.

31.    With respect to an Ownership Change that occurs *pursuant to* a confirmed chapter 11 plan or any applicable bankruptcy court order, the limitations imposed by section 382 of the Tax Code can be significantly less restrictive than those applicable to an Ownership Change that occurs before the effective date of (or otherwise outside of) a chapter 11 plan. *See, e.g.*, 26 U.S.C. §§ 382(*l*)(5), (6).

32.    The Claims Procedures permit the full trading of Claims until the Debtors or another Plan Proponent files a plan of reorganization that contemplates the potential utilization of section 382(l)(5) of the Tax Code, at which point, if necessary for the Debtors' ability to utilize that provision, a purchaser of certain Claims on or after the Petition Date may be required to resell some or all of such Claims.

33.    Under section 382(*l*)(5) of the Tax Code (the "**Section 382(*l*)(5) Safe Harbor**"), a corporation is not subject to the annual limitation ordinarily imposed by section 382 of the Tax Code with respect to an Ownership Change, provided that the Ownership Change resulted from the consummation of a chapter 11 plan or pursuant to any applicable court order and that the debtor's pre-Ownership Change shareholders and/or "Qualified Creditors" (as hereinafter defined) emerge from the reorganization owning at least fifty percent (50%) of the total value and voting power of the reorganized debtor's stock immediately after the Ownership Change. *See id*. § 382(*l*)(5)(A).

34.    Under section 382(*l*)(5)(E) of the Tax Code and the applicable Treasury Regulations, a creditor whose Claim is exchanged for stock of the reorganized debtor under a chapter 11 plan or pursuant to any applicable court order is, for purposes of section 382 of the Tax

Code, a "qualified creditor" (each, a "**Qualified Creditor**") if (a) such creditor's Claim either has been owned by such creditor for eighteen (18) or more months prior to the Petition Date, or arose in the ordinary course of the debtor's business and at all times such creditor had beneficial ownership of it, or (b) despite not satisfying such holding period requirements, if such creditor meets the criteria set forth in Treasury Regulations section 1.382-9(d)(3) (the latter, the "**De Minimis Rule**"). Certain "qualified transfers" may allow for a creditor that acquired its Claim to be treated as having held its Claim for the period in which it was held by a transferor. *See* 26 C.F.R. § 1.382-9(d)(5)(ii). Similarly, to the extent a debtor satisfies its indebtedness with new indebtedness (*e.g.*, through an exchange of new indebtedness for old indebtedness), the owner of the new indebtedness is treated as having held that indebtedness for the period that it owned the old indebtedness. *See id*. § 1.382-9(d)(5)(iv).

35.     Under the De Minimis Rule, a debtor may, for purposes of the Section 382(*l*)(5) Safe Harbor, "treat indebtedness as always having been owned by the beneficial owner of the indebtedness immediately before the ownership change if the beneficial owner is not, immediately after the ownership change, either a 5-percent shareholder or an entity through which a 5-percent shareholder owns an indirect ownership interest" in the debtor, so long as the holder does not make evident to the debtor in connection with the formulation of the plan that it has not owned the indebtedness for the requisite holding period. *See id*. § 1.382-9(d)(3). If a creditor is treated as having continuously owned its Claim(s) under the De Minimis Rule, such creditor will be regarded as a Qualified Creditor so long as the particular Claim(s) that it holds either (a) arose in the ordinary course of the debtor's business or (b) came into existence (or is treated under the applicable tax rules as having come into existence) at least eighteen (18) months prior to the Petition Date.

36.     Although there can be no assurance that the Section 382(*l*)(5) Safe Harbor ultimately will be available to the Debtors, it is important that the Debtors preserve their ability to propose a chapter 11 plan that could take advantage of the Section 382(*l*)(5) Safe Harbor.  Because the determination of whether a creditor is a Qualified Creditor, in whole or in part, depends on the nature of its Claims and whether it has held its Claims (within the meaning of the applicable Treasury Regulations) until the effective date of the chapter 11 plan, accumulations of Claims by creditors before such date pose a threat to the Debtors' ability to satisfy the requirements of the Section 382(*l*)(5) Safe Harbor.  The requested relief will ensure that the Debtors will have flexibility, if the Debtors determine it to be desirable, to structure a chapter 11 plan or other distributions to comply with the requirements of the Section 382(*l*)(5) Safe Harbor and thus to preserve the Tax Attributes to the fullest extent possible.

37.     Even if it is ultimately determined that either the Section 382(*l*)(5) Safe Harbor is unavailable to the Debtors or the relief provided thereby would not materially benefit the Debtors in the context of their restructuring, section 382(*l*)(6) of the Tax Code provides a second, alternative rule that applies when an Ownership Change occurs pursuant to a confirmed chapter 11 plan or any applicable court order.  Specifically, section 382(*l*)(6) of the Tax Code provides that, if a debtor undergoes an Ownership Change pursuant to a chapter 11 plan (and section 382(*l*)(5) does not apply), then the appropriate value of the debtor for purposes of calculating the annual limitation under section 382 of the Tax Code shall reflect the increase in value of the debtor resulting from any surrender or cancellation of creditors' claims.  Generally, under section 382 of the Tax Code, the taxable income of a loss corporation available for offset by pre-Ownership Change Tax Attributes is annually limited to an amount equal to the long-term tax-exempt bond rate times the value of the loss company's stock *immediately before* the Ownership

22

Change.  Thus, were the equity value of the Debtors to increase as a result of a reorganization, section 382($l$)(6) of the Tax Code would provide for a higher (and therefore less restrictive) annual limitation than would result under the general rules of section 382 of the Tax Code, thereby preserving the Debtors' ability to utilize a greater portion of their otherwise available Tax Attributes to offset any post-Ownership Change income.  In all circumstances, it is in the best interest of the Debtors and their stakeholders for the Court to grant the requested relief to prevent an Ownership Change prior to the effective date of a chapter 11 plan or any applicable bankruptcy court order.

**Interim Relief Should Be Granted**

38.     Granting the Stock Procedures on an interim basis will benefit the Debtors and their stakeholders by preventing the loss of the Debtors' ability to utilize the Tax Attributes pending final approval of the Procedures, while allowing holders of direct or indirect interests in Common Stock and other parties in interest ample time to consider the Procedures.  Absent the interim relief, the Debtors may be irreparably harmed due to transfers in the beneficial ownership of Common Stock, or the claiming of a Worthless Stock Deduction by a Majority Holder, that may follow immediately after persons or Entities (as defined in the Stock Procedures) receive notice of this Motion.  Persons or Entities may rush to acquire or dispose of their beneficial ownership of Common Stock (including Options to acquire beneficial ownership of Common Stock), or a Majority Holder might claim a Worthless Stock Deduction, before the Court imposes the requested procedures, and such transfers or actions may be regarded as occurring for tax purposes even if such trades were to be null and void under section 362 of the Bankruptcy Code or as a result of a final order of this Court prohibiting such trading effective as of the Petition Date.  Such transfers or actions would jeopardize the Debtors' ability to utilize the Tax Attributes and would be

23

counterproductive to the Debtors' objectives in seeking the relief requested herein. Accordingly, the Debtors request that the Stock Procedures proposed herein be approved on an interim basis and that a hearing be scheduled to consider entry of the Proposed Final Order.

### **Reservation of Rights**

39.     Nothing contained herein is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors; (ii) an agreement or obligation to pay any claims; (iii) a waiver of any claims or causes of action that may exist against any creditor or interest holder; (iv) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim; or (v) an approval, assumption, or rejection of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

### **Debtors Have Satisfied Bankruptcy Rule 6003(b)**

40.     Rule 6003(b) of the Bankruptcy Rules provides that, to the extent relief is necessary to avoid immediate and irreparable harm, a Bankruptcy Court may issue an order granting "a motion to use, sell, lease, or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition" before 21 days after filing of the petition. Fed. R. Bankr. P. 6003(b). The Debtors respectfully submit that Bankruptcy Rule 6003 does not apply to the relief requested herein because the Debtors are not, by this Motion, seeking to use, sell, or lease property of their estates. *See* Fed. Bankr. R. P. 6004 Advisory Comm.'s note to 2011 amend. ("[T]he rule does not prohibit the court from entering orders in the first 21 days of the case that *may relate* to the motion and applications set out in (a), (b), and (c) of Bankruptcy Rule 6003; it is only prohibited from granting the relief requested by those motions or applications" (emphasis added)). Notwithstanding the foregoing, even if the Court were to find that Bankruptcy Rule 6003 applied to this Motion, the relief

24

requested herein is necessary to avoid immediate and irreparable harm and, therefore, Bankruptcy Rule 6003 is satisfied.

41.     As discussed herein, the Tax Attributes are a valuable asset of the Debtors' estates.  In addition, once a Tax Attribute is limited under section 382 of the Tax Code, its use is limited forever.  Absent granting the relief requested herein on an interim basis, at the outset of these chapter 11 cases, the Debtors may be irreparably harmed by any equity trading that occurs prior to the Court's entry of an order granting this Motion on a final basis.  By this Motion, the Debtors seek to implement Procedures that would protect against such irreparable harm. Accordingly, to the extent that Bankruptcy Rule 6003 applies to the relief requested herein, it does not require the Court to wait twenty-one (21) days before entering the Proposed Interim Order.

## Notice

42.     Notice of this Motion will be provided to (i) the Office of the United States Trustee for the District of Delaware; (ii) the holders of the thirty (30) largest unsecured claims against the Debtors on a consolidated basis; (iii) counsel to the DIP Agent, Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, NY 10004 (Attn: Gary Kaplan, Esq.); (iv) counsel to the Prepetition ABL Agent, Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110 (Attn:  Kevin Simard, Esq. and Jonathan Marshall, Esq.); (v) counsel to the Prepetition Term Loan Agent, Morgan, Lewis & Bockius LLP, One Federal Street, Boston, MA 02110 (Attn: Julia Frost-Davies, Esq.); (vi) the Internal Revenue Service; (vii) the United States Attorney's Office for the District of Delaware; (viii) the Securities and Exchange Commission; (ix) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (x) all holders of more than four-percent (4%) of the Common Stock (collectively, the "**Notice Parties**").  As this Motion is seeking "first day" relief, the Debtors will serve copies of this Motion and any order entered in respect of the Motion as required by Local Rule 9013-1(m).  The Debtors respectfully

RLF1 23678768v.1

submit that no further notice is required.  No previous request for the relief sought herein has been made by the Debtors to this or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE the Debtors respectfully request entry of the Proposed Orders granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated:  July 8, 2020
          Wilmington, Delaware

/s/ Zachary I. Shapiro
RICHARDS, LAYTON & FINGER, P.A.
Mark D. Collins (No. 2981)
Zachary I. Shapiro (No. 5103)
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone:  (302) 651-7700
Facsimile:  (302) 651-7701
E-mail:          collins@rlf.com
                    shapiro@rlf.com

-and-

WEIL, GOTSHAL & MANGES LLP
Garrett A. Fail (*pro hac vice* admission pending)
David J. Cohen (*pro hac vice* admission pending)
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:   (212) 310-8007
E-mail:          garrett.fail@weil.com
                    davidj.cohen@weil.com

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

## Exhibit A

## Proposed Interim Order

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

------------------------------------------------------------ x
                         :
In re                    :         **Chapter 11**
                         :
**BROOKS BROTHERS GROUP, INC.,** *et al.,*   :       **Case No. 20–** _____ (    )
                         :
           **Debtors.**[1]        :        **(Jointly Administered)**
                         :
------------------------------------------------------------ x

### INTERIM ORDER
### ESTABLISHING NOTIFICATION PROCEDURES
### AND APPROVING RESTRICTIONS ON CERTAIN TRANSFERS OF
### INTERESTS IN AND CLAIMS AGAINST THE
### DEBTORS AND CERTAIN WORTHLESS STOCK DEDUCTION CLAIMS

        Upon the motion, dated July 8, 2020 (the "**Motion**")[2] of Brooks Brothers Group,

Inc. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter

11 cases (collectively, the "**Debtors**"), pursuant to sections 105(a) and 362 of title 11 of the United

States Code (the "**Bankruptcy Code**") for entry of orders authorizing the Debtors to establish

procedures to protect the potential value of the Debtors' net operating loss carryforwards and other

tax benefits (collectively, the "**Tax Attributes**"), all as more fully set forth in the Motion; and this

Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28

U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Brooks Brothers Group, Inc. (8883); Brooks Brothers Far East Limited (N/A); BBD Holding 1, LLC (N/A), BBD Holding 2, LLC (N/A), BBDI, LLC (N/A), Brooks Brothers International, LLC (N/A); Brooks Brothers Restaurant, LLC (3846); Deconic Group LLC (0969); Golden Fleece Manufacturing Group, LLC (5649); RBA Wholesale, LLC (0986); Retail Brand Alliance Gift Card Services, LLC (1916); Retail Brand Alliance of Puerto Rico, Inc. (2147); and 696 White Plains Road, LLC (7265). The Debtors' corporate headquarters and service address is 346 Madison Avenue, New York, New York 10017.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

District Court for the District of Delaware, dated February 29, 2012; and consideration of the

Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue

being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice

of the Motion having been provided to the Notice Parties; and such notice having been adequate

and appropriate under the circumstances, and it appearing that no other or further notice need be

provided; and the Court having held a hearing to consider the interim relief requested in the Motion

(the "**Hearing**"); and upon the Motion, the First Day Declaration filed contemporaneously with

the Motion, and the record of the Hearing; and the Court having determined that the legal and

factual bases set forth in the Motion establish just cause for the relief granted herein; and it

appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable

harm to the Debtors and their estates, as contemplated by Bankruptcy Rule 6003, and is in the best

interests of the Debtors, their estates, their creditors, and all parties in interest; and upon all of the

proceedings had before the Court; and after due deliberation and sufficient cause appearing

therefor,

**IT IS HEREBY ORDERED THAT:**

1.    The Motion is granted on an interim basis to the extent set forth herein.

2.    The provisions of this Interim Order shall be effective as of the Petition

Date.

3.    The Debtors' Tax Attributes are property of the Debtors' estates and are

protected by section 362(a) of the Bankruptcy Code.

4.    The restrictions, notification requirements, and other procedures annexed

hereto as **Exhibit 1** (the "**Stock Procedures**") are hereby approved and shall apply to all trading

and transfers in the beneficial ownership of, and claiming a Worthless Stock Deduction with

2

respect to, Common Stock (including directly and indirectly, and including Options to acquire beneficial ownership of Common Stock), as provided therein; provided, that, the Debtors may, in their sole discretion, waive in writing, any and all restrictions, stays, and notification procedures set forth in the Stock Procedures.

5.     Until further order of this Court to the contrary, any acquisition, disposition, or trading in the beneficial ownership of, or claiming a Worthless Stock Deduction with respect to its beneficial ownership of, Common Stock (including directly and indirectly, and including Options to acquire beneficial ownership of Common Stock) in violation of the Stock Procedures shall be null and void *ab initio* pursuant to this Court's equitable powers under section 105(a) of the Bankruptcy Code and as an act in violation of the automatic stay under section 362 of the Bankruptcy Code (other than, for the avoidance of doubt, the Disregarded Transfer Notice).

6.     Any person or Entity that acquires, disposes of, or trades in the beneficial ownership of Common Stock (including directly and indirectly, and including Options to acquire beneficial ownership of Common Stock) in violation of this Interim Order or the Stock Procedures or that otherwise fails to comply with their requirements, including with respect to claiming a Worthless Stock Deduction, shall be subject to such sanctions as this Court may consider appropriate pursuant to this Court's equitable power under section 105(a) of the Bankruptcy Code.

7.     The notices substantially in the forms annexed hereto as **Exhibit 2**, **Exhibit 3**, **Exhibit 4** and **Exhibit 5** are hereby approved.

8.     Within five (5) business days of the entry of this Interim Order (or as soon as practicable thereafter), the Debtors shall send the notice of this Interim Order (the "**Notice of Interim Order**") substantially in the form annexed hereto as **Exhibit 6** to (i) all parties that were served with notice of the Motion; and (ii) all registered holders of the Debtors' debt and/or equity

3

securities.  In addition, as soon as practicable after the entry of the Interim Order, the Debtors will

publish the Notice of Interim Order once in the national edition of *The New York Times*.  In

addition, the Debtors will post the Stock Procedures to the website established by Prime Clerk

LLC for these chapter 11 cases (which website address shall be identified in the Notice of Interim

Order), such notice being reasonably calculated to provide notice to all parties that may be affected

by the Stock Procedures, whether known or unknown, and no further notice of the Stock

Procedures shall be necessary.

9.    Nothing herein shall preclude any person or Entity desirous of acquiring or

transferring any beneficial ownership in, or claiming a Worthless Stock Deduction with respect to

its beneficial ownership of, Common Stock (including directly or indirectly, and including Options

to acquire beneficial ownership of Common Stock) from requesting relief from this Interim Order

from this Court, subject to the Debtors' rights to oppose such relief.

10.    Notice of the Motion as provided therein shall be deemed good and

sufficient notice of the Motion.

11.    The relief granted in this Interim Order is intended solely to permit the

Debtors to protect, preserve, and maximize the value of their Tax Attributes; accordingly, other

than to the extent that this Interim Order expressly conditions or restricts trading in the beneficial

ownership of, or claiming a Worthless Stock Deduction with respect to its beneficial ownership

of, Common Stock (including Options to acquire beneficial ownership of Common Stock), nothing

in this Interim Order or in the Motion shall, or shall be deemed to, prejudice, impair, or otherwise

alter or affect the rights of any holders of interests in the Debtors, including in connection with the

treatment of any such interests under the Debtors' chapter 11 plan or any applicable bankruptcy

court order.

4

12.     Nothing contained in the Motion or this Interim Order is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors, (ii) an agreement or obligation to pay any claims, (iii) a waiver of any claims or causes of action that may exist against any creditor or interest holder, (iv) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (v) an approval, assumption, or rejection of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

13.     Notwithstanding entry of this Interim Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

14.     The requirements set forth in this Interim Order are in addition to the requirements of applicable securities, corporate and other laws and do not excuse noncompliance therewith.

15.     Under the circumstances of these chapter 11 cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a).

16.     Notwithstanding Bankruptcy Rule 6004(h), this Interim Order shall be immediately effective and enforceable upon its entry.

17.     A hearing to consider entry of an order granting the relief requested in the Motion on a final basis shall be held on _____, 2020, at _____ **(prevailing Eastern Time)** and any objections or responses to the Motion shall be in writing, filed with the Court, and served by no later than _____, **2020, at 4:00 p.m. (prevailing Eastern Time)** upon the following parties: (i) the proposed attorneys for the Debtors, (a) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Garrett A. Fail, Esq. (Garrett.Fail@weil.com) and David J. Cohen, Esq. (DavidJ.Cohen@weil.com)); and (b) Richards, Layton & Finger, P.A., One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801 (Attn: Mark D. Collins, Esq.

5

(Collins@rlf.com) and Zachary I. Shapiro, Esq. (Shapiro@rlf.com)).

18.      The Debtors are authorized to take all action necessary to effectuate the relief granted in this Interim Order.

19.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Interim Order.

Dated: _____, 2020
      Wilmington, Delaware

                                 _____
                                 UNITED STATES BANKRUPTCY JUDGE

RLF1 23678768v.1

## Exhibit 1 to the Interim Order

**Stock Procedures**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

---------------------------------------------------------- x
            :
In re                 :        **Chapter 11**
            :
**BROOKS BROTHERS GROUP, INC.,** *et al.,*  :     **Case No. 20– _____ (      )**
            :
         **Debtors.**[1]       :       **(Jointly Administered)**
            :
---------------------------------------------------------- x

**NOTICES, RESTRICTIONS, AND**
**OTHER PROCEDURES REGARDING OWNERSHIP AND**
**TRANSFERS OF INTERESTS IN AND CLAIMS AGAINST THE**
**DEBTORS AND CLAIMING CERTAIN WORTHLESS STOCK DEDUCTION CLAIMS**

**TO ALL PERSONS OR ENTITIES THAT BENEFICIALLY OWN EQUITY INTERESTS IN THE DEBTORS:**

Pursuant to that certain *Interim Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in the Debtors and Claiming a Worthless Stock Deduction* (the "**Interim Order**") entered by the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") on _____, 2020, ECF No. ____, the following restrictions, notification requirements, and/or other procedures (collectively, the "**Stock Procedures**") apply to all trading and transfers in the beneficial ownership of Common Stock (including directly and indirectly, and Options to acquire beneficial ownership of Common Stock)

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Brooks Brothers Group, Inc. (8883); Brooks Brothers Far East Limited (N/A); BBD Holding 1, LLC (N/A), BBD Holding 2, LLC (N/A), BBDI, LLC (N/A), Brooks Brothers International, LLC (N/A); Brooks Brothers Restaurant, LLC (3846); Deconic Group LLC (0969); Golden Fleece Manufacturing Group, LLC (5649); RBA Wholesale, LLC (0986); Retail Brand Alliance Gift Card Services, LLC (1916); Retail Brand Alliance of Puerto Rico, Inc. (2147); and 696 White Plains Road, LLC (7265).  The Debtors' corporate headquarters and service address is 346 Madison Avenue, New York, New York 10017.

and all claims of Worthless Stock Deductions by a Majority Holder with respect to its beneficial

ownership of Common Stock.[2]

## A.   **Common Stock Restrictions**

(1)   <u>Definitions</u>.   For purposes of these Stock Procedures, the following terms have the following meanings:

(a)   "**Common Stock**" shall mean any common stock issued by Brooks Brothers Group, Inc. including its Class A Common Stock and its Class B Redeemable Common Stock.

(b)   "**Option**" shall mean any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest regardless of whether it is contingent, subject to vesting or otherwise not currently exercisable.

(c)   "**Beneficial ownership**" of Common Stock and Options to acquire Common Stock shall be determined in accordance with section 382 of the title 26 of the United States Code (the "**Tax Code**"), the regulations promulgated by the U.S. Department of the Treasury under the Tax Code (the "**Treasury Regulations**"), rulings issued by the Internal Revenue Service (the "**IRS**"), and the rules described herein, and thus shall include, without limitation, (i) direct and indirect ownership, determined without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity (*e.g.*, a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (ii) ownership by a holder's family members, (iii) ownership by any group of persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition of stock, and (iv) to the extent set forth in Treasury Regulations section 1.382-4, the ownership of an Option to acquire beneficial ownership of Common Stock.

(d)   "**Entity**" shall mean any "entity" as such term is defined in Treasury Regulations section 1.382-3(a), including a group of persons who have a formal or informal understanding among themselves to make a coordinated acquisition of stock.

(e)   "**Majority Holder**" shall mean (i) any person that beneficially owns at least 798,742 shares of Common Stock (representing approximately 47.5% of all issued and outstanding shares of Common Stock as of the Petition Date) or (ii) would be a "50-percent shareholder" (within the meaning of section 382(g)(4)(D) of the Tax Code) of Common Stock if such person claimed a Worthless Stock Deduction at any time on or after the Petition Date.

---

[2]   Capitalized terms used, but not otherwise defined, herein shall have the same meanings ascribed to such terms in the Interim Order.

(f)      "**Substantial Holder**" shall mean any Entity or person that beneficially owns at least 79,874[3] shares of Common Stock (representing approximately 4.75% of all issued and outstanding shares of Common Stock as of the Petition Date).

(g)      "**Treasury Regulations**" means the regulations promulgated under the Tax Code.

(h)      "**Worthless Stock Deduction**" shall mean any claim (for U.S. federal income tax reporting purposes) of a worthlessness deduction under section 165 of the Tax Code with respect to the beneficial ownership of Common Stock.

(2)      <u>Notice of Substantial Ownership</u>.  Any person or Entity that beneficially owns, at any time on or after the Petition Date, Common Stock in an amount sufficient to qualify such person or Entity as a Substantial Holder shall file with the Bankruptcy Court, and serve upon (i) the Debtors, 346 Madison Avenue, New York, New York 10017 (Attn:  Rachel Barnett, Esq.); (ii) proposed attorneys for the Debtors, (x) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York  10153 (Attn: Garrett A. Fail, Esq. (Garrett.Fail@weil.com) and David J. Cohen, Esq. (DavidJ.Cohen@weil.com)); and (y) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801 (Attn: Mark D. Collins, Esq. (Collins@rlf.com) and Zachary I. Shapiro, Esq. (Shapiro@rlf.com)); and (iii) attorneys for any statutory committee of unsecured creditors appointed in this case; (collectively, the "**Disclosure Parties**") a notice of such person's or Entity's substantial ownership (a "**Substantial Stock Ownership Notice**"), in substantially the form annexed to the Interim Order as **<u>Exhibit 2</u>**, which describes specifically and in detail such person's or Entity's beneficial ownership of Common Stock, on or before the date that is the later of (x) twenty (20) calendar days after the entry of the order granting the requested relief or (y) ten (10) business days after such person or Entity qualifies as a Substantial Holder.  At the election of the Substantial Holder, the Substantial Stock Ownership Notice to be filed with the Bankruptcy Court (but not the Substantial Stock Ownership Notice that is served upon the Disclosure Parties) may be redacted to exclude the Substantial Holder's taxpayer identification number and the amount of Common Stock that the Substantial Holder beneficially owns.

(3)      <u>Acquisition of Common Stock</u>.  At least twenty (20) business days prior to the proposed date of any transfer in the beneficial ownership of Common Stock (including directly and indirectly, and including the grant or other acquisition of Options to acquire beneficial ownership of Common Stock) or exercise of any Option to acquire beneficial ownership of Common Stock that would result in an increase in the amount of Common Stock beneficially owned by any person or Entity that currently is or, as a result of the proposed transaction, would be a Substantial Holder (a "**Proposed Acquisition Transaction**"), such person, Entity, or Substantial Holder (a "**Proposed Transferee**") shall file with the Bankruptcy Court and serve upon the Disclosure Parties a notice of such Proposed Transferee's intent to purchase, acquire, or otherwise accumulate Common Stock (an "**Acquisition Notice**"), in substantially the form annexed to the Interim Order as

---

[3]      Per the Consolidated Statements of Operations for the fiscal years ended August 3, 2019 and August 4, 2018, there are 1,533,538 shares of Class A Common Stock issued and outstanding and 148,025 shares of Class B Redeemable Common Stock issued and outstanding (for a total of 1,681,563 million shares of common stock issued and outstanding).

3

**Exhibit 3**, which describes specifically and in detail the Proposed Acquisition Transaction. At the election of the Proposed Transferee, the Acquisition Notice to be filed with the Bankruptcy Court (but not the Acquisition Notice that is served upon the Disclosure Parties) may be redacted to exclude the Proposed Transferee's taxpayer identification number and the amount of Common Stock that the Proposed Transferee beneficially owns.

(4)     Disposition of Common Stock.  At least twenty (20) business days prior to the proposed date of any transfer or other disposition in the beneficial ownership of Common Stock (including directly and indirectly, and including Options to acquire beneficial ownership of Common Stock) that would result in either a decrease in the amount of Common Stock beneficially owned by a Substantial Holder or a person or Entity ceasing to be a Substantial Holder (a "**Proposed Disposition Transaction**" and, together with a Proposed Acquisition Transaction, a "**Proposed Transaction**"), such selling or decreasing person or Entity or Substantial Holder (a "**Proposed Transferor**") shall file with the Bankruptcy Court and serve upon the Disclosure Parties a notice of such Proposed Transferor's intent to sell, trade, or otherwise transfer its beneficial ownership of Common Stock (a "**Disposition Notice**" and, together with an Acquisition Notice, a "**Trading Notice**"), in substantially the form annexed to the Interim Order as **Exhibit 4**, which describes specifically and in detail the Proposed Disposition Transaction.  At the election of the Proposed Transferor, the Disposition Notice to be filed with the Bankruptcy Court (but not the Disposition Notice that is served upon the Disclosure Parties) may be redacted to exclude the Proposed Transferor's taxpayer identification number and the amount of Common Stock that the Proposed Transferor beneficially owns.

(5)     Certain Pre-Approval Exceptions.  For the avoidance of doubt, a pre-transfer Trading Notice is not required to be filed in connection with a transfer of beneficial ownership of Common Stock (i) from a person to an entity that is disregarded for U.S. federal income tax purposes as being separate from the person (a "**Disregarded Entity**"), or from such Disregarded Entity to such person; (ii) from a person to a trust whose assets are treated as being solely owned by such person for U.S. federal income tax purposes (a "**Grantor Trust**"), or from such Grantor Trust to such person; (iii) from a Disregarded Entity to any one or more other Disregarded Entities or Grantor Trusts if the same person is treated as the owner or taxpayer with respect to all of the assets of such Disregarded Entities or Grantor Trusts for U.S. federal income tax purposes; and (iv) from a Grantor Trust to any one or more other Grantor Trusts or Disregarded Entities if the same person is treated as the owner or taxpayer with respect to all of the assets of such Grantor Trusts and Disregarded Entities for U.S. federal income tax purposes.  However, in the event of any such transfer for which a Trading Notice would otherwise have been required if the Disregarded Entities or Grantor Trusts involved had not been so disregarded for U.S. federal income tax purposes, that transferor or transferee shall no more than twenty (20) business days after the date of transfer serve upon the Disclosure Parties a notice substantially similar to the equivalent Trading Notice (a "**Disregarded Transfer Notice**"); however, absent gross negligence or reckless or intentional disregard, the failure to timely file such notice shall not be subject to sanctions.

(6)     Notice of Intent to Claim a Worthless Stock Deduction.  At least twenty (20) business days before a Majority Holder files any federal income tax return, or any amendment to such a

4

return, claiming a Worthless Stock Deduction for a tax year of the Majority Holder ending on or before the effective date of a chapter 11 plan of reorganization for the Debtors, such Majority Holder shall file with this Court and serve upon the Disclosure Parties advanced written notice of the intended tax deduction (a "**Worthless Stock Deduction Notice**"), in substantially the form annexed to the Interim Order as **Exhibit 6**.  At the election of the Majority Holder, the Worthless Stock Deduction Notice to be filed with the Bankruptcy Court (but not the Worthless Stock Deduction Notice that is served upon the Disclosure Parties) may be redacted to exclude the Majority Holder's taxpayer identification number.

(7)    Objection Procedures.  The Debtors shall have fifteen (15) business days after the filing of a Trading Notice or a Worthless Stock Deduction Notice (the "**Objection Period**") to file with this Court and serve on a Proposed Transferee or a Proposed Transferor, as the case may be, an objection (each, an "**Objection**") to any Proposed Transaction described in such Trading Notice or any Worthless Stock Deduction described in such Worthless Stock Deduction Notice.  If the Debtors file an Objection by the expiration of the Objection Period (the "**Objection Deadline**"), then the applicable Proposed Transaction or a Worthless Stock Deduction shall not be effective unless approved by a final and nonappealable order of this Court.  If the Debtors do not file an Objection by the Objection Deadline or if the Debtors provide written authorization to the Proposed Transferee or the Proposed Transferor, as the case may be, approving the Proposed Transaction or the a Worthless Stock Deduction prior to the Objection Deadline, then such Proposed Transaction or a Worthless Stock Deduction may proceed solely as specifically described in the applicable Trading Notice or a Worthless Stock Deduction Notice.  Any further Proposed Transaction or a Worthless Stock Deduction must be the subject of an additional Trading Notice or a Worthless Stock Deduction Notice and Objection Period.

## B.    <u>Noncompliance with the Procedures</u>

Any acquisition, disposition, or trading in the beneficial ownership of, or Worthless Stock Deduction with respect to, Common Stock (including directly and indirectly, and Options to acquire beneficial ownership of Common Stock) in violation of the Stock Procedures (other than, for the avoidance of doubt, the Disregarded Transfer Notice) shall be null and void ab initio pursuant to the Bankruptcy Court's equitable powers under section 105(a) of the Bankruptcy Code and as an act in violation of the automatic stay under section 362 of the Bankruptcy Code.  Furthermore, any person or Entity that acquires, disposes of, or trades in the beneficial ownership of, or claims a Worthless Stock Deduction with respect to, Common Stock (including directly and indirectly, and Options to acquire beneficial ownership of Common Stock) in violation of the Stock Procedures shall be subject to sanctions as provided by law.

## C.    <u>Debtors' Right to Waive</u>

**The Debtors may, in their sole discretion waive, in writing, any and all of the foregoing restrictions, stays, and notification procedures contained in this Notice.**

Dated:    Wilmington, Delaware                    **BY ORDER OF THE COURT**
          _____, 2020

**<u>Exhibit 2 to the Interim Order</u>**

**Notice of Substantial Stock Ownership**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE**

---------------------------------------------------------- x
                           :
In re                            :         **Chapter 11**
                           :
**BROOKS BROTHERS GROUP, INC.,** *et al.,*  :     **Case No. 20– _____ (     )**
                           :
             **Debtors.**[1]           :         **(Jointly Administered)**
                           :
---------------------------------------------------------- x

<u>**NOTICE OF SUBSTANTIAL STOCK OWNERSHIP**</u>

          **PLEASE TAKE NOTICE** that, pursuant to that certain *Interim Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in the Debtors and Claiming a Worthless Stock Deduction* of the United States Bankruptcy Court for the District of Delaware, dated [_____], 2020, ECF No. [__] (with all exhibits thereto, the "**Interim Order**"), [Name of Filer] (the "**Filer**") hereby provides notice that, as of the date hereof, the Filer beneficially owns (including directly and indirectly):

        (i)       _____ shares of Common Stock,[2] and/or

        (ii)   Options to acquire (directly or indirectly) _____ shares of Common Stock.

          **PLEASE TAKE FURTHER NOTICE** that the taxpayer identification number of the Filer is _____.

          **PLEASE TAKE FURTHER NOTICE** that the following table sets forth the following information:

          For Common Stock and/or Options to acquire beneficial ownership of Common Stock that are owned directly by the Filer, the table sets forth (a) the number of shares of Common Stock and/or the number of shares underlying Options beneficially owned by such Filer and (b)

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Brooks Brothers Group, Inc. (8883); Brooks Brothers Far East Limited (N/A); BBD Holding 1, LLC (N/A), BBD Holding 2, LLC (N/A), BBDI, LLC (N/A), Brooks Brothers International, LLC (N/A); Brooks Brothers Restaurant, LLC (3846); Deconic Group LLC (0969); Golden Fleece Manufacturing Group, LLC (5649); RBA Wholesale, LLC (0986); Retail Brand Alliance Gift Card Services, LLC (1916); Retail Brand Alliance of Puerto Rico, Inc. (2147); and 696 White Plains Road, LLC (7265). The Debtors' corporate headquarters and service address is 346 Madison Avenue, New York, New York 10017.

[2]    Capitalized terms used, but not defined, herein, and the term "beneficial ownership" (and derivatives thereof), shall have the meanings ascribed to them in <u>**Exhibit 1**</u> to the Interim Order.

the date(s) on which such shares and/or Options were acquired (categorized by class, as applicable).

In the case of Common Stock and/or Options to acquire beneficial ownership of Common Stock that are not owned directly by the Filer but are nonetheless beneficially owned by the Filer, the table sets forth (a) the name(s) of each record or legal owner of such shares of Common Stock and/or Options to acquire shares of Common Stock that are beneficially owned by the Filer, (b) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options beneficially owned by such Filer, and (c) the date(s) on which such Common Stock and/or Options were acquired (categorized by class, as applicable).

| Class | Name of Owner | Shares Beneficially Owned | Shares Underlying Options Beneficially Owned | Date(s) Acquired |
|---|---|---|---|---|
| Common Stock | | | | |

(Attach additional pages if necessary.)

[[IF APPLICABLE:]  The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

_____

[Name of Filer]

By: _____
Name: _____

Address: _____

_____

Telephone: _____
Facsimile: _____
Date: _____

2

**<u>Exhibit 3 to the Interim Order</u>**

**Notice of Intent to Purchase, Acquire, or Otherwise Accumulate Common Stock**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

----------------------------------------------------------- x

In re

BROOKS BROTHERS GROUP, INC., *et al.*,

Debtors.[1]

----------------------------------------------------------- x

:
:
:
:
:
:
:
:
:

Chapter 11

Case No. 20– _____ (      )

(Jointly Administered)

## NOTICE OF INTENT TO PURCHASE,
## ACQUIRE, OR OTHERWISE ACCUMULATE COMMON STOCK

        **PLEASE TAKE NOTICE** that, pursuant to that certain *Interim Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in the Debtors and Claiming a Worthless Stock Deduction* of the United States Bankruptcy Court for the District of Delaware, dated [_____], 2020, ECF No. [__] (with all exhibits thereto, the "**Interim Order**"), [Name of Filer] (the "**Filer**") hereby provides notice of (i) its intention to purchase, acquire, or otherwise accumulate beneficial ownership (including directly and indirectly) of one or more shares of Common Stock[2] and/or Options to acquire beneficial ownership of Common Stock and/or (ii) a proposed purchase or acquisition in the beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of Common Stock that would result in an increase in the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options that are beneficially owned by the Filer (any proposed transaction described in clauses (i) or (ii), a "**Proposed Transfer**").

        **PLEASE TAKE FURTHER NOTICE** that the following table sets forth the following information:

        1.   If the Proposed Transfer involves the purchase or acquisition by the Filer of beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of Common Stock, the table sets forth (a) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options proposed to be purchased or acquired and (b) the date(s) of such Proposed Transfer (categorized by class, as applicable).

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Brooks Brothers Group, Inc. (8883); Brooks Brothers Far East Limited (N/A); BBD Holding 1, LLC (N/A), BBD Holding 2, LLC (N/A), BBDI, LLC (N/A), Brooks Brothers International, LLC (N/A); Brooks Brothers Restaurant, LLC (3846); Deconic Group LLC (0969); Golden Fleece Manufacturing Group, LLC (5649); RBA Wholesale, LLC (0986); Retail Brand Alliance Gift Card Services, LLC (1916); Retail Brand Alliance of Puerto Rico, Inc. (2147); and 696 White Plains Road, LLC (7265).  The Debtors' corporate headquarters and service address is 346 Madison Avenue, New York, New York 10017.

[2]   Capitalized terms used, but not defined, herein, and the term "beneficial ownership" (and derivatives thereof), shall have the meanings ascribed to them in **Exhibit 1** to the Interim Order.

2.  If the Proposed Transfer involves the purchase or acquisition in the beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of Common Stock by a person or Entity other than the Filer, but the Proposed Transfer nonetheless would increase the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options that are beneficially owned by the Filer, the table sets forth (a) the name(s) of each such person or Entity that proposes to purchase or acquire such shares of Common Stock and/or Options, (b) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options proposed to be purchased or acquired (directly or indirectly), and (c) the date(s) of such Proposed Transfer (categorized by class, as applicable).

| Class | Name of Purchaser or Acquirer | Shares to be Purchased or Acquired (Directly or Indirectly) | Shares Underlying Options to be Purchased or Acquired (Directly or Indirectly) | Date(s) of Proposed Transfer |
|---|---|---|---|---|
| Common Stock | | | | |

(Attach additional page if necessary.)

**PLEASE TAKE FURTHER NOTICE** that the following table summarizes the Filer's beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of Common Stock assuming that the Proposed Transfer is approved and consummated as described above.  The table sets forth, as of immediately following the consummation of the Proposed Transfer, the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options (a) that would be owned <u>directly</u> by the Filer and, (b) in the case of any beneficial ownership by the Filer of Common Stock and/or Options that would be owned by another person or Entity as record or legal owner, the name(s) of each prospective record or legal owner and the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options that would be owned by each such record or legal owner (categorized by class, as applicable):

| Class | Name of Owner | Shares to Be Owned | Shares Underlying Options to Be Owned |
|---|---|---|---|
| Common Stock | | | |

(Attach additional page if necessary.)

**PLEASE TAKE FURTHER NOTICE** that if the Proposed Transfer involves a purchase or acquisition of beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of Common Stock by the Filer and such Proposed Transfer would result in (a) an increase in the beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of Common Stock by a person or Entity (other than the Filer) that currently is a Substantial Holder or (b) a person or Entity (other than the Filer) becoming a Substantial Holder, the following table sets forth (i) the name of each such person or Entity, (ii) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options that are beneficially owned by such person or Entity currently (i.e., prior to the Proposed Transfer), and (iii) the number of shares of Common Stock and/or the number of shares of Common Stock

2

underlying Options that would be beneficially owned by such person or Entity immediately following the Proposed Transfer (categorized by class, as applicable).

| Class | Name of Beneficial Owner | Shares Owned Currently (Directly or Indirectly)) | Shares to Be Owned Following Proposed Transfer (Directly or Indirectly) | Shares Underlying Options Owned Currently (Directly or Indirectly) | Shares Underlying Options to Be Owned Following Proposed Transfer (Directly or Indirectly) |
|---|---|---|---|---|---|
| Common Stock | | | | | |

(Attach additional page if necessary.)

**PLEASE TAKE FURTHER NOTICE** that the taxpayer identification number of the Filer is _____.

**PLEASE TAKE FURTHER NOTICE** that, under penalty of perjury, the Filer hereby declares that it has examined this Notice and the accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

[[IF APPLICABLE:] The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

_____
[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____


Date: _____

3

## **Exhibit 4 to the Interim Order**

**Notice of Intent to Sell, Trade, or Otherwise Transfer Common Stock**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

```
------------------------------------------------------------ x
                                            :
In re                                       :        Chapter 11
                                            :
BROOKS BROTHERS GROUP, INC., et al.,        :        Case No. 20– _____ (      )
                                            :
                Debtors.¹                    :        (Jointly Administered)
                                            :
------------------------------------------------------------ x
```

**NOTICE OF INTENT TO SELL, TRADE,**
**OR OTHERWISE TRANSFER COMMON STOCK**

      **PLEASE TAKE NOTICE** that, pursuant to that certain *Interim Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in the Debtors and Claiming a Worthless Stock Deduction* of the United States Bankruptcy Court for the District of Delaware, dated [_____], 2020, ECF No. [__] (with all exhibits thereto, the "**Interim Order**"), [Name of Filer] (the "**Filer**") hereby provides notice of (i) its intention to sell, trade, or otherwise transfer or dispose of beneficial ownership (including directly and indirectly) of one or more shares of Common Stock² and/or Options to acquire beneficial ownership of Common Stock and/or (ii) a proposed sale, transfer, or disposition in the beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of Common Stock that would result in a decrease in the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options to acquire Common Stock that are beneficially owned by the Filer (any proposed transaction described in clauses (i) or (ii), a "**Proposed Transfer**").

      **PLEASE TAKE FURTHER NOTICE** that the following table sets forth the following information:

      1.  If the Proposed Transfer involves the sale, transfer, or disposition by the Filer of beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of Common Stock, the table sets forth (a) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options proposed to be sold, transferred, or disposed of and (b) the date(s) of such Proposed Transfer (categorized by class, as applicable).

---

¹    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Brooks Brothers Group, Inc. (8883); Brooks Brothers Far East Limited (N/A); BBD Holding 1, LLC (N/A), BBD Holding 2, LLC (N/A), BBDI, LLC (N/A), Brooks Brothers International, LLC (N/A); Brooks Brothers Restaurant, LLC (3846); Deconic Group LLC (0969); Golden Fleece Manufacturing Group, LLC (5649); RBA Wholesale, LLC (0986); Retail Brand Alliance Gift Card Services, LLC (1916); Retail Brand Alliance of Puerto Rico, Inc. (2147); and 696 White Plains Road, LLC (7265).  The Debtors' corporate headquarters and service address is 346 Madison Avenue, New York, New York 10017.

²    Capitalized terms used, but not defined, herein, and the term "beneficial ownership" (and derivatives thereof), shall have the meanings ascribed to them in **Exhibit 1** to the Interim Order.

2.    If the Proposed Transfer involves the sale, transfer or disposition in the beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of Common Stock by a person or Entity other than the Filer, but the Proposed Transfer nonetheless would decrease the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options that are beneficially owned by the Filer, the table sets forth (a) the name(s) of each such person or Entity that proposes to sell, transfer, or dispose of such Common Stock and/or Options; (b) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options proposed to be so sold, transferred, or disposed of (directly or indirectly); and (c) the date(s) of such Proposed Transfer (categorized by class, as applicable).

| Class | Name of Transferor | Shares to Be Sold, Transferred, or Disposed Of (Directly or Indirectly) | Shares Underlying Options to Be Sold, Transferred, or Disposed Of (Directly or Indirectly) | Date(s) of Proposed Transfer |
|---|---|---|---|---|
| Common Stock | | | | |

(Attach additional page if necessary.)

**PLEASE TAKE FURTHER NOTICE** that the following table summarizes the Filer's beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of Common Stock assuming that the Proposed Transfer is approved and consummated as described above.   The table sets forth, as of immediately following the consummation of the Proposed Transfer, the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options (a) that would be owned <u>directly</u> by the Filer and, (b) in the case of any beneficial ownership by the Filer of Common Stock and/or Options that would be owned by another person or Entity as record or legal owner, the name(s) of each prospective record or legal owner and the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options that would be owned by each such record or legal owner (categorized by class, as applicable):

| Class | Name of Owner | Shares to Be Owned | Shares Underlying Options to Be Owned |
|---|---|---|---|
| Common Stock | | | |

(Attach additional page if necessary.)

**PLEASE TAKE FURTHER NOTICE** that if the Proposed Transfer involves a sale, transfer, or disposition of beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of Common Stock by the Filer and such Proposed Transfer would result in (a) a decrease in the beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of Common Stock by a person or Entity (other than the Filer) that currently is a Substantial Holder or (b) a person or Entity (other than the Filer) becoming a Substantial Holder, the following table sets forth (i) the name of each such person or Entity, (ii) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options that are beneficially owned by such person or Entity currently (i.e., prior to the Proposed Transfer),

2

and (iii) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options that would be beneficially owned by such person or Entity immediately following the Proposed Transfer (categorized by class, as applicable).

| Class | Name of Beneficial Owner | Shares Owned Currently (Directly or Indirectly) | Shares to Be Owned Following Proposed Transfer (Directly or Indirectly) | Shares Underlying Options Owned Currently (Directly or Indirectly) | Shares Underlying Options to Be Owned Following Proposed Transfer (Directly or Indirectly) |
|---|---|---|---|---|---|
| Common Stock | | | | | |

(Attach additional page if necessary.)

**PLEASE TAKE FURTHER NOTICE** that the taxpayer identification number of the Filer is _____.

**PLEASE TAKE FURTHER NOTICE** that, under penalty of perjury, the Filer hereby declares that it has examined this Notice and the accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

[[IF APPLICABLE:]  The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

_____
[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____

Date: _____

3

## **Exhibit 5 to the Interim Order**

**Declaration of Intent to Claim a Worthless Stock Deduction**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

```
------------------------------------------------------------ x
                                       :
In re                                  :        Chapter 11
                                       :
BROOKS BROTHERS GROUP, INC., et al.,   :        Case No. 20– _____
                                       :
                        Debtors.¹      :        (Joint Administration Requested)
                                       :
------------------------------------------------------------ x
```

### DECLARATION OF INTENT TO CLAIM A WORTHLESS STOCK DEDUCTION

PLEASE TAKE NOTICE that, pursuant to that certain *Interim Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in the Debtors and Claiming a Worthless Stock Deduction*, dated [_____], 2020, Docket No. [__] (with all exhibits thereto, the "**Interim Order**"), [Name of Filer] (the "**Filer**") hereby provides notice of its intention to claim a Worthless Stock Deduction[2] with respect to its beneficial ownership of Common Stock (a "**Proposed Deduction**").

PLEASE TAKE FURTHER NOTICE that, if applicable, on _____  __, 2020, the Filer filed a Declaration of Status as a Majority Holder with this Court.

PLEASE TAKE FURTHER NOTICE that the Filer currently beneficially owns ___ shares of Common Stock.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Proposed Deduction, the Filer proposes to claim a Worthless Stock Deduction with respect to its beneficial ownership of ___ shares of Common Stock.  If the Proposed Deduction is permitted to occur, the Filer will be treated as having acquired beneficial ownership of ___ shares of Common Stock on the first day of the Filer's next taxable year and shall be treated as never having owned such Common Stock during any prior year for the purposes of testing whether an Ownership Change has occurred.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Brooks Brothers Group, Inc. (8883); Brooks Brothers Far East Limited (N/A); BBD Holding 1, LLC (N/A), BBD Holding 2, LLC (N/A), BBDI, LLC (N/A), Brooks Brothers International, LLC (N/A); Brooks Brothers Restaurant, LLC (3846); Deconic Group LLC (0969); Golden Fleece Manufacturing Group, LLC (5649); RBA Wholesale, LLC (0986); Retail Brand Alliance Gift Card Services, LLC (1916); Retail Brand Alliance of Puerto Rico, Inc. (2147); and 696 White Plains Road, LLC (7265).  The Debtors' corporate headquarters and service address is 346 Madison Avenue, New York, New York 10017.

[2]    Capitalized terms used, but not defined, herein, and the term "beneficial ownership" (and derivatives thereof), shall have the meanings ascribed to them in **Exhibit 1** to the Interim Order.

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the Filer hereby declares that it has examined this Declaration and accompanying attachments (if any), and, to the best of its knowledge and belief, this Declaration and any attachments which purport to be part of this Declaration are true, correct, and complete.

[[IF APPLICABLE:]  The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

_____

[Name of Filer]

By: _____
Name: _____

Address: _____

_____

_____
Telephone: _____
Facsimile: _____

Date: _____

2

**<u>Exhibit 6 to Interim Order</u>**

**Notice of Interim Order**

**ATTENTION DIRECT AND INDIRECT HOLDERS OF, AND PROSPECTIVE HOLDERS OF (I) STOCK ISSUED BY BROOKS BROTHERS GROUP, INC. AND (II) CERTAIN CLAIMS AGAINST BROOKS BROTHERS GROUP, INC.; BROOKS BROTHERS FAR EAST LIMITED; BBD HOLDING 1, LLC, BBD HOLDING 2, LLC, BBDI, LLC, BROOKS BROTHERS INTERNATIONAL, LLC; BROOKS BROTHERS RESTAURANT, LLC; DECONIC GROUP LLC; GOLDEN FLEECE MANUFACTURING GROUP, LLC; RBA WHOLESALE, LLC; RETAIL BRAND ALLIANCE GIFT CARD SERVICES, LLC; AND RETAIL BRAND ALLIANCE OF PUERTO RICO, INC.; AND 696 WHITE PLAINS ROAD, LLC.**

Upon the motion (the "**Motion**") of Brooks Brothers Group, Inc., together with Brooks Brothers Group, Inc.; Brooks Brothers Far East Limited; BBD Holding 1, LLC, BBD Holding 2, LLC, BBDI, LLC, Brooks Brothers International, LLC; Brooks Brothers Restaurant, LLC; Deconic Group LLC; Golden Fleece Manufacturing Group, LLC; RBA Wholesale, LLC; Retail Brand Alliance Gift Card Services, LLC; Retail Brand Alliance of Puerto Rico, Inc.; and 696 White Plains Road, LLC (the "**Debtors**"), on _____, 2020, the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), having jurisdiction over the chapter 11 cases of the Debtors, captioned as *In re Brooks Brothers Group, Inc.*, No. _____ (__) (the "**Chapter 11 Cases**"), entered an interim order establishing procedures with respect to transfers in the beneficial ownership (including directly or indirectly) of, and claiming a worthless stock deduction with respect to the beneficial ownership of, common stock of the Debtors ("**Common Stock**") and options to acquire beneficial ownership of Common Stock, and scheduling a hearing on a final order with respect to such procedures as well as procedures relating to the ownership of claims.

In certain circumstances, the procedures restrict transactions involving, and require notices of the holdings of and proposed transactions by, any person, group of persons, or entity that either (i) is a Substantial Holder of the Common Stock or (ii) as a result of such a transaction, would become a Substantial Holder of the Common Stock or (iii) claims by any Majority Holder of a worthless stock deduction under section 165 of the Internal Revenue Code with respect to the beneficial ownership of Common Stock (a "**Worthless Stock Deduction**"). For purposes of the procedures, a "**Substantial Holder**" is any person or entity (within the meaning of applicable regulations promulgated by the U.S. Department of the Treasury, including certain persons making a coordinated acquisition of stock) that beneficially owns (including options to acquire and direct or indirect ownership) at least 79,874[1] shares of Common Stock (representing approximately 4.75% of all issued and outstanding shares of Common Stock as of the Petition Date), and a "**Majority Holder**" is any person that beneficially owns at least 798,742 shares of Common Stock (representing approximately 47.5% of all issued and outstanding shares of Common Stock as of the Petition Date) or any person that would be a "50-percent shareholder" (within the meaning of section 382(g)(4)(D) of the Internal Revenue Code) of Common Stock (as defined in the Procedures) if such person claimed a Worthless Stock Deduction with respect to such securities. *Any prohibited acquisition or other transfer of, or claim of a Worthless Stock Deduction with respect to, Common Stock (including options to acquire beneficial ownership of Common Stock)*

---

[1]    Per the Consolidated Statements of Operations for the fiscal years ended August 3, 2019 and August 4, 2018, there are 1,533,538 shares of Class A Common Stock issued and outstanding and 148,025 shares of Class B Redeemable Common Stock issued and outstanding (for a total of 1,681,563 million shares of common stock issued and outstanding).

*will be null and void ab initio and may lead to contempt, compensatory damages, punitive damages, or sanctions being imposed by the Bankruptcy Court.*

In addition, the Debtors have requested approval of additional procedures as part of the final order that set forth certain future circumstances under which any person, group of persons, or entity that has acquired, or as a result of a proposed transaction would acquire, beneficial ownership of a substantial amount of claims against the Debtors can be required (i) to file notice of their holdings of such claims and of such proposed transaction, which transaction may be restricted, and (ii) upon a subsequent order of the Bankruptcy Court, after notice and hearing, to sell, by a specified date following the confirmation of a chapter 11 plan of the Debtors, all or a portion of any claims acquired during the Chapter 11 Cases.

*The procedures, as approved on an interim basis and as requested on a final basis, are available on the website of Prime Clerk, the Debtors' Court-approved claims agent, located at http://cases.primeclerk.com/brooksbrothers, and on the docket of the Chapter 11 Cases, Docket No. _____, which can be accessed via PACER at https://www.pacer.gov.*

**A direct or indirect holder of, or prospective holder of, Common Stock that may be or become a Substantial Holder, or a direct or indirect holder of, or prospective holder of, a substantial amount of claims against the Debtors, should consult the procedures.**

**PLEASE TAKE NOTICE** that the final hearing on the Motion shall be held on _____, 2020, at _____ **(Eastern Time),** and any objections or responses to the Motion shall be in writing, filed with the Court (with a copy delivered to Chambers), and served upon (i) (x) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York  10153 (Attn: Garrett A. Fail, Esq. (Garrett.Fail@weil.com) and David J. Cohen, Esq. (DavidJ.Cohen@weil.com)); and (y) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801 (Attn: Mark D. Collins, Esq. (Collins@rlf.com) and Zachary I. Shapiro, Esq. (Shapiro@rlf.com)), as proposed attorneys for the Debtors; and (ii) the Office of the United States Trustee for the District of Delaware; in each case so as to be received no later than **4:00 p.m. (Eastern Time) on** _____, **2020**.

**PLEASE TAKE FURTHER NOTICE** that the requirements set forth in the procedures are in addition to the requirements of and applicable securities, corporate, and other laws and do not excuse non-compliance therewith.

Dated:    Wilmington, Delaware                **BY ORDER OF THE COURT**
          _____, 2020

2

**Exhibit B**

**Proposed Final Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

---------------------------------------------------------- x
                           :

In re                           :          **Chapter 11**
                           :

**BROOKS BROTHERS GROUP, INC.,** *et al.*,  :         **Case No. 20–** _____ (    )
                           :

            Debtors.[1]          :          **(Jointly Administered)**
                           :
---------------------------------------------------------- x

**FINAL ORDER ESTABLISHING NOTIFICATION**
**PROCEDURES AND APPROVING RESTRICTIONS ON CERTAIN**
**TRANSFERS OF INTERESTS IN THE DEBTORS, CLAIMS**
**AGAINST THE DEBTOR, AND CLAIMING A WORTHLESS STOCK DEDUCTION**

Upon the motion, dated July 8, 2020 (the "**Motion**")[2] of Brooks Brothers Group, Inc. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105(a) and 362 of title 11 of the United States Code (the "**Bankruptcy Code**") for entry of orders establishing procedures to protect the potential value of the Debtors' net operating loss carryforwards and other tax benefits (collectively, the "**Tax Attributes**"), all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Brooks Brothers Group, Inc. (8883); Brooks Brothers Far East Limited (N/A); BBD Holding 1, LLC (N/A), BBD Holding 2, LLC (N/A), BBDI, LLC (N/A), Brooks Brothers International, LLC (N/A); Brooks Brothers Restaurant, LLC (3846); Deconic Group LLC (0969); Golden Fleece Manufacturing Group, LLC (5649); RBA Wholesale, LLC (0986); Retail Brand Alliance Gift Card Services, LLC (1916); Retail Brand Alliance of Puerto Rico, Inc. (2147); and 696 White Plains Road, LLC (7265). The Debtors' corporate headquarters and service address is 346 Madison Avenue, New York, New York 10017.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided as required by the Interim Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in the Debtors [ECF No. [●]] (the "**Interim Order**"); and such notice having been adequate and appropriate under the circumstances and it appearing that no other or further notice need be provided; and the Court having held a hearing, if any, to consider the final relief requested in the Motion (the "**Hearing**"); and upon the Motion, the First Day Declaration, the record of the interim hearing, and all other proceedings had before this Court; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

## IT IS HEREBY ORDERED THAT:

1. The Motion is granted on a final basis to the extent set forth herein.

2. The provisions of this Final Order shall be effective as of the Petition Date.

3. The Debtors' Tax Attributes are property of the Debtors' estates and are protected by section 362(a) of the Bankruptcy Code.

4. The restrictions, notification requirements, and other procedures annexed hereto as **Exhibit 1** (the "**Procedures**") are hereby approved and shall apply to all trading and transfers in the beneficial ownership of, and claiming a Worthless Stock Deduction with respect to, Common Stock (including directly and indirectly, and including Options to acquire beneficial ownership of Common Stock), and the beneficial ownership of Claims against the Debtors, as provided therein; provided, that, the Debtors may, in their sole discretion, waive in writing, any and all restrictions, stays, and notification procedures set forth in the Procedures.

2

5.      Any acquisition, disposition, or trading in the beneficial ownership of, or claiming a Worthless Stock Deduction with respect to its beneficial ownership of Common Stock (including directly and indirectly, and including Options to acquire beneficial ownership of Common Stock), or the beneficial ownership of Claims against the Debtors, in violation of the Procedures shall be null and void *ab initio* pursuant to this Court's equitable powers under section 105(a) of the Bankruptcy Code and as an act in violation of the automatic stay under section 362 of the Bankruptcy Code (other than, for the avoidance of doubt, the Disregarded Transfer Notice).

6.      Any person or Entity that acquires, disposes of, or trades in the beneficial ownership of Common Stock (including directly and indirectly, and including Options to acquire beneficial ownership of Common Stock), or the beneficial ownership of Claims against the Debtors, in violation of this Final Order or the Procedures or that otherwise fails to comply with their requirements, including with respect to claiming a Worthless Stock Deduction, shall be subject to such sanctions as this Court may consider appropriate pursuant to this Court's equitable power under section 105(a) of the Bankruptcy Code.

7.      The notices substantially in the forms annexed hereto as **Exhibit 2**, **Exhibit 3**, **Exhibit 4**, **Exhibit 5**, **Exhibit 6, Exhibit 7,** and **Exhibit 8** are hereby approved.

8.      Within five (5) business days of the entry of this Order, the Debtors shall send the notice of this Final Order (the "**Notice of Final Order**") substantially in the form annexed hereto as **Exhibit 9** to (i) all parties that were served with notice of the Motion; and (ii) all registered holders of the Debtors debt and/or equity securities.  In addition, as soon as practicable after entry of the Final Order, the Debtors will publish the Notice of Final Order once in the national edition of *The New York Times*.  The Debtors will also post the Procedures to the website established by Prime Clerk LLC for these chapter 11 cases (which website address shall be

3

identified in the Notice of Final Order), such notice being reasonably calculated to provide notice to all parties that may be affected by the Procedures, whether known or unknown, and no further notice of the Procedures shall be necessary.

9.      Nothing herein shall preclude any person or Entity desirous of acquiring or transferring any beneficial ownership of, or claiming a Worthless Stock Deduction with respect to its beneficial ownership of Common Stock (including directly and indirectly, and including Options to acquire beneficial ownership of Common Stock), or the beneficial ownership of Claims against the Debtors, from requesting relief from this Final Order from this Court, subject to the Debtors' rights to oppose such relief.

10.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion.

11.     The relief granted in this Final Order is intended solely to permit the Debtors to protect, preserve, and maximize the value of their Tax Attributes; accordingly, other than to the extent that this Final Order expressly conditions or restricts trading in the beneficial ownership of, or claiming a Worthless Stock Deduction with respect to its beneficial ownership of Common Stock (including Options to acquire beneficial ownership of Common Stock), and the beneficial ownership of Claims against the Debtors, nothing in this Final Order or in the Motion shall, or shall be deemed to, prejudice, impair, or otherwise alter or affect the rights of any holders of interests in, or Claims against, the Debtors, including in connection with the treatment of any such interests or Claims under the Debtors' chapter 11 plan or any applicable bankruptcy court order.

12.     The entry of this Final Order shall in no way prejudice the rights of any party to oppose the entry of a Sell-Down Notice, on any grounds, and all such rights are expressly preserved hereby.

4

13.     Nothing contained in the Motion or this Final Order is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors, (ii) an agreement or obligation to pay any claims, (iii) a waiver of any claims or causes of action that may exist against any creditor or interest holder, (iv) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (v) an approval, assumption, or rejection of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

14.     Notwithstanding entry of this Final Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

15.     The requirements set forth in this Final Order are in addition to the requirements of applicable securities, corporate and other laws and do not excuse noncompliance therewith.

16.     Notwithstanding Bankruptcy Rule 6004(h), this Final Order shall be immediately effective and enforceable upon its entry.

17.     The Debtors are authorized to take all action necessary to effectuate the relief granted in this Final Order.

18.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Final Order.

Dated: _____, 2020
      Wilmington, Delaware

                                    _____
                                    UNITED STATES BANKRUPTCY JUDGE

5

**Exhibit 1 to the Final Order**

**Procedures**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

```
------------------------------------------------------- x
                                                         :
In re                                                    :        Chapter 11
                                                         :
BROOKS BROTHERS GROUP, INC., et al.,                     :        Case No. 20– _____ (     )
                                                         :
                    Debtors.¹                            :        (Jointly Administered)
                                                         :
------------------------------------------------------- x
```

**NOTICES, RESTRICTIONS, AND**
**OTHER PROCEDURES REGARDING OWNERSHIP**
**AND TRANSFERS OF INTERESTS IN AND CLAIMS AGAINST THE**
**DEBTORS AND CERTAIN WORTHLESS STOCK DEDUCTION CLAIMS**

**TO ALL PERSONS OR ENTITIES THAT BENEFICIALLY OWN EQUITY INTERESTS IN OR CLAIMS AGAINST THE DEBTORS:**

Pursuant to that certain *Final Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in, Claims Against the Debtors, and Claiming a Worthless Stock Deduction* (the "**Final Order**") entered by the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") on _____, 2020, ECF No. [_____], the following restrictions, notification requirements, and/or other procedures (collectively, the "**Procedures**") apply to all trading and transfers in the beneficial ownership of Common Stock (including directly and indirectly, and including Options to acquire beneficial ownership of Common Stock), the beneficial ownership of Claims against the Debtors, and all claims of

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Brooks Brothers Group, Inc. (8883); Brooks Brothers Far East Limited (N/A); BBD Holding 1, LLC (N/A), BBD Holding 2, LLC (N/A), BBDI, LLC (N/A), Brooks Brothers International, LLC (N/A); Brooks Brothers Restaurant, LLC (3846); Deconic Group LLC (0969); Golden Fleece Manufacturing Group, LLC (5649); RBA Wholesale, LLC (0986); Retail Brand Alliance Gift Card Services, LLC (1916); Retail Brand Alliance of Puerto Rico, Inc. (2147); and 696 White Plains Road, LLC (7265). The Debtors' corporate headquarters and service address is 346 Madison Avenue, New York, New York 10017.

Worthless Stock Deductions with respect to its beneficial ownership of Common Stock.[1]

## A.    Common Stock Restrictions

(1)    Definitions.  For purposes of these Procedures, the following terms have the following meanings:

(a)    "**Common Stock**" shall mean any common stock issued by Brooks Brothers Group, Inc. including its Class A Common Stock and its Class B Redeemable Common Stock.

(b)    "**Option**" shall mean any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest regardless of whether it is contingent, subject to vesting or otherwise not currently exercisable.

(c)    "**Beneficial ownership**" of Common Stock and Options to acquire Common Stock shall be determined in accordance with section 382 of the title 26 of the United States Code (the "**Tax Code**"), the regulations promulgated by the U.S. Department of the Treasury under the Tax Code (the "**Treasury Regulations**"), rulings issued by the Internal Revenue Service (the "**IRS**"), and the rules described herein, and thus shall include, without limitation, (i) direct and indirect ownership, determined without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity (e.g., a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (ii) ownership by a holder's family members, (iii) ownership by any group of persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition of stock, and (iv) to the extent set forth in Treasury Regulations section 1.382-4, the ownership of an Option to acquire beneficial ownership of Common Stock.

(d)    "**Entity**" shall mean any "entity" as such term is defined in Treasury Regulations section 1.382-3(a), including a group of persons who have a formal or informal understanding among themselves to make a coordinated acquisition of stock.

(e)    "**Majority Holder**" shall mean (i) any person that beneficially owns at least 798,742 shares of Common Stock (representing approximately 47.5% of all issued and outstanding shares of Common Stock as of the Petition Date) or (ii) would be a "50-percent shareholder" (within the meaning of section 382(g)(4)(D) of the Tax Code) of Common Stock if such person claimed a Worthless Stock Deduction at any time on or after the Petition Date.

(f)    "**Substantial Holder**" shall mean any Entity or person that beneficially owns at least 79,874[2] shares of Common Stock (representing approximately 4.75% of all issued and outstanding shares of Common Stock as of the Petition Date).

---

[1]    Capitalized terms used, but not defined, herein shall have the meanings ascribed to them in the Final Order.

[2]    Per the Consolidated Statements of Operations for the fiscal years ended August 3, 2019 and August 4, 2018, there are 1,533,538 shares of Class A Common Stock issued and outstanding and 148,025 shares of Class B Redeemable Common Stock issued and outstanding (for a total of 1,681,563 million shares of common stock issued and outstanding).

3

(g)    "**Treasury Regulations**" means the regulations promulgated under the Tax Code.

(h)    "**Worthless Stock Deduction**" shall mean any claim (for U.S. federal income tax reporting purposes) of a worthlessness deduction under section 165 of the Tax Code with respect to the beneficial ownership of Common Stock.

(2)    <u>Notice of Substantial Ownership</u>.  Any person or Entity that beneficially owns, at any time on or after the Petition Date, Common Stock in an amount sufficient to qualify such person or Entity as a Substantial Holder shall file with the Bankruptcy Court, and serve upon (i) the Debtors, 346 Madison Avenue, New York, New York 10017 (Attn:  Rachel Barnett, Esq.); (ii) proposed attorneys for the Debtors, (x) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York  10153 (Attn: Garrett A. Fail, Esq. (Garrett.Fail@weil.com) and David J. Cohen, Esq. (DavidJ.Cohen@weil.com)); and (y) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801 (Attn: Mark D. Collins, Esq. (Collins@rlf.com) and Zachary I. Shapiro, Esq. (Shapiro@rlf.com)); and (iii) attorneys for any statutory committee of unsecured creditors appointed in this case; (collectively, the "**Disclosure Parties**") a notice of such person's or Entity's substantial ownership (a "**Substantial Stock Ownership Notice**"), in substantially the form annexed to the Final Order as **Exhibit 2**, which describes specifically and in detail such person's or Entity's beneficial ownership of Common Stock, on or before the date that is the later of (x) twenty (20) calendar days after the entry of the order granting the requested relief or (y) ten (10) business days after such person or Entity qualifies as a Substantial Holder (unless such a Substantial Stock Ownership Notice has already been filed and served pursuant to the Interim Order).  At the election of the Substantial Holder, the Substantial Stock Ownership Notice to be filed with the Bankruptcy Court (but not the Substantial Stock Ownership Notice that is served upon the Disclosure Parties) may be redacted to exclude the Substantial Holder's taxpayer identification number and the amount of Common Stock that the Substantial Holder beneficially owns.

(3)    <u>Acquisition of Common Stock</u>.  At least twenty (20) business days prior to the proposed date of any transfer in the beneficial ownership of Common Stock (including directly and indirectly, and including the  grant or other acquisition of Options to acquire beneficial ownership of Common Stock) or exercise of any Option to acquire beneficial ownership of Common Stock that would result in an increase in the amount of Common Stock beneficially owned by any person or Entity that currently is or, as a result of the proposed transaction, would be a Substantial Holder (a "**Proposed Acquisition Transaction**"), such acquiring or increasing person or Entity or Substantial Holder (a "**Proposed Transferee**") shall file with the Bankruptcy Court and serve upon the Disclosure Parties a notice of such Proposed Transferee's intent to purchase, acquire, or otherwise accumulate Common Stock (an "**Acquisition Notice**"), in substantially the form annexed to the Final Order as **Exhibit 3**, which describes specifically and in detail the Proposed Acquisition Transaction.  At the election of the Proposed Transferee, the Acquisition Notice to be filed with the Bankruptcy Court (but not the Acquisition Notice that is served upon the Disclosure Parties) may be redacted to exclude the Proposed Transferee's taxpayer identification number and the amount of Common Stock that the Proposed Transferee beneficially owns.

4

(4)    <u>Disposition of Common Stock</u>.  At least twenty (20) business days prior to the proposed date of any transfer or other disposition in the beneficial ownership of Common Stock (including directly and indirectly, and including Options to acquire beneficial ownership of Common Stock) that would result in either a decrease in the amount of Common Stock beneficially owned by a Substantial Holder or a person or Entity ceasing to be a Substantial Holder (a "**Proposed Disposition Transaction**" and, together with a Proposed Acquisition Transaction, a "**Proposed Transaction**"), such selling or decreasing person or Entity or Substantial Holder (a "**Proposed Transferor**") shall file with the Bankruptcy Court and serve upon the Disclosure Parties a notice of such Proposed Transferor's intent to sell, trade, or otherwise transfer its beneficial ownership of Common Stock (a "**Disposition Notice**" and, together with an Acquisition Notice, a "**Trading Notice**"), in substantially the form annexed to the Final Order as **Exhibit 4**, which describes specifically and in detail the Proposed Disposition Transaction.  At the election of the Proposed Transferor, the Disposition Notice to be filed with the Bankruptcy Court (but not the Disposition Notice that is served upon the Disclosure Parties) may be redacted to exclude the Proposed Transferor's taxpayer identification number and the amount of Common Stock that the Proposed Transferor beneficially owns.

(5)    <u>Certain Pre-Approval Exceptions</u>.  For the avoidance of doubt, a pre-transfer Trading Notice is not required to be filed in connection with a transfer of beneficial ownership of Common Stock (i) from a person to an entity that is disregarded for U.S. federal income tax purposes as being separate from the person (a "**Disregarded Entity**"), or from such Disregarded Entity to such person; (ii) from a person to a trust whose assets are treated as being solely owned by such person for U.S. federal income tax purposes (a "**Grantor Trust**"), or from such Grantor Trust to such person; (iii) from a Disregarded Entity to any one or more other Disregarded Entities or Grantor Trusts if the same person is treated as the owner or taxpayer with respect to all of the assets of such Disregarded Entities or Grantor Trusts for U.S. federal income tax purposes; and (iv) from a Grantor Trust to any one or more other Grantor Trusts or Disregarded Entities if the same person is treated as the owner or taxpayer with respect to all of the assets of such Grantor Trusts and Disregarded Entities for U.S. federal income tax purposes.  However, in the event of any such transfer for which a Trading Notice would otherwise have been required if the Disregarded Entities or Grantor Trusts involved had not been so disregarded for U.S. federal income tax purposes, that transferor or transferee shall no more than twenty (20) business days after the date of transfer serve upon the Disclosure Parties a notice substantially similar to the equivalent Trading Notice (a "**Disregarded Transfer Notice**"); however, absent gross negligence or reckless or intentional disregard, the failure to timely file such notice shall not be subject to sanctions.

(6)    <u>Notice of Intent to Claim a Worthless Stock Deduction</u>.  At least twenty (20) business days before a Majority Holder files any federal income tax return, or any amendment to such a return, claiming a Worthless Stock Deduction for a tax year of the Majority Holder ending on or before the effective date of a chapter 11 plan of reorganization for the Debtors, such Majority Holder shall file with this Court and serve upon the Disclosure Parties advanced written notice of the intended tax deduction (a "**Worthless Stock Deduction Notice**"), in substantially the form annexed to the Final Order as **Exhibit 6**.  At the election of the Majority Holder, the Worthless Stock Deduction Notice to be filed with the Bankruptcy

Court (but not the Worthless Stock Deduction Notice that is served upon the Disclosure Parties) may be redacted to exclude the Majority Holder's taxpayer identification number.

(7)    Objection Procedures.  The Debtors shall have fifteen (15) business days after the filing of a Trading Notice or a Worthless Stock Deduction Notice (the "**Objection Period**") to file with this Court and serve on a Proposed Transferee or a Proposed Transferor, as the case may be, an objection (each, an "**Objection**") to any Proposed Transaction described in such Trading Notice or any Worthless Stock Deduction described in such Worthless Stock Deduction Notice.  If the Debtors file an Objection by the expiration of the Objection Period (the "**Objection Deadline**"), then the applicable Proposed Transaction or Worthless Stock Deduction shall not be effective unless approved by a final and nonappealable order of this Court.  If the Debtors do not file an Objection by the Objection Deadline or if the Debtors provide written authorization to the Proposed Transferee or the Proposed Transferor, as the case may be, or the Majority Holders, as applicable, approving the Proposed Transaction or the Worthless Stock Deduction prior to the Objection Deadline, then such Proposed Transaction or the Worthless Stock Deduction may proceed solely as specifically described in the applicable Trading Notice or Worthless Stock Deduction Notice.  Any further Proposed Transaction or Worthless Stock Deduction must be the subject of an additional Trading Notice or Worthless Stock Deduction Notice and Objection Period.

## B.    **Claims Restrictions**

 (1)    Definitions.  For purposes of these Procedures, the following terms have the following meanings:

(a)    "**Post-Emergence Brooks Brothers**" means the reorganized Debtors or any successor thereto.

(b)    "**New Brooks Brothers Stock**" means the common stock and any other equity securities (including securities that are treated as equity securities for U.S. federal income tax purposes) of Post-Emergence Brooks Brothers Group, Inc. including Options to acquire the same.

(c)    "**Entity**" shall mean any "entity" as such term is defined in section 1.382-3(a) of title 26 of the Code of Federal Regulations (the "**Treasury Regulations**"), including any group of persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition of Claims or New Brooks Brothers Stock.

(d)    A "**Claim**" means any claim, as defined in section 101(5) of the Bankruptcy Code, against any of the Debtors arising out of or relating to the period prior to the Petition Date, whether secured or unsecured (which, for the avoidance of doubt, excludes any claims under or in connection with the Debtors' proposed debtor in possession financing facility (the "**DIP Loan**") [and the Gordon Brothers facility]).

(e)    An "**Option**" includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent, subject to vesting or otherwise not currently exercisable.

6

(f)        A "**382(***l***)(5) Plan**" means a plan of reorganization (a "**Plan**") that contemplates the use of section 382(*l*)(5) of the title 26 of the United States Code (the "**Tax Code**") by a reorganized debtor to obtain certain incremental tax benefits.

(g)        "**Beneficial ownership**" of a Claim or Owned Interest means:

(i) the beneficial ownership of a Claim or Owned Interest (as hereinafter defined) as determined in accordance with applicable rules under section 382 of the Tax Code, the Treasury Regulations, rulings issued by the Internal Revenue Service (the "**IRS**"), and the rules described herein (for such purpose, a Claim or Owned Interest is treated as if it were stock) and, thus shall include, without limitation, (A) direct and indirect ownership, determined without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity (e.g., a holding company would be considered to have beneficial ownership of all Claims or Owned Interests owned or acquired by its subsidiaries), (B) ownership by a holder's family members, and (C) ownership by any group of persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition of Claims, Owned Interests, and/or stock; and

(ii) the beneficial ownership of an Option (irrespective of the purpose for which such Option was issued, created, or acquired) with respect to a Claim or Owned Interest.

(iii) For the avoidance of doubt, beneficial ownership of a Claim or Owned Interests also includes the beneficial ownership of any right to receive any equity consideration to be distributed in respect of a Claim or Owned Interests pursuant to a Plan or any applicable bankruptcy court order.

(h)        "**Threshold Amount**" means an amount of Claims that, when taking into account the Owned Interests that a holder of Claims has beneficial ownership of (including under the applicable aggregation rules), could result in such holder of Claims holding the Applicable Percentage (as hereinafter defined) of New Brooks Brothers Stock.  For this purpose, the beneficial ownership of an Option to acquire Owned Interests shall be considered beneficial ownership of Owned Interests.

Notwithstanding the foregoing, if a beneficial owner of Claims does not agree to refrain from acquiring beneficial ownership of additional Owned Interests (and Options to acquire the same) or to dispose of immediately any such Owned Interests or Options (if acquired on or after the Petition Date but prior to submitting its Notice of Substantial Claim Ownership (as hereinafter defined)), the Threshold Amount for such beneficial owner of Claims shall be the amount of Claims a holder of Claims has beneficial ownership of continuously from the Petition Date to the Sell-Down Date (as hereinafter defined).

(i)        A "**Substantial Claimholder**" means any person or Entity that has beneficial ownership of an aggregate dollar amount of Claims against the Debtors, or any Entity controlled by such person or Entity through which such person or Entity has beneficial ownership of Claims against the Debtors, of more than the Threshold Amount.

For the avoidance of doubt, section 382 of the Tax Code, the Treasury Regulations, and all relevant IRS and judicial authority shall apply in determining whether the Claims of several persons and/or Entities must be aggregated when determining a person's (including an Entity's) status as a Substantial Claimholder (for such purpose, a Claim is treated as if it were stock).

(j)      "**Applicable Percentage**" means, if only one class of New Brooks Brothers Stock is to be issued pursuant to the terms of a 382(*l*)(5) Plan and holders within each class of Claims receiving New Brooks Brothers Stock will receive a pro rata distribution of the New Brooks Brothers Stock, 4.75% of the number of shares of New Brooks Brothers Stock that the Debtors reasonably estimate will be outstanding immediately after the effective date of such 382(*l*)(5) Plan, as determined for U.S. federal income tax purposes.  If more than one class of New Brooks Brothers Stock is to be distributed pursuant to the terms of a 382(*l*)(5) Plan or if holders within a class of Claims may receive a disproportionate distribution of New Brooks Brothers Stock relative to other holders in the same class, the Applicable Percentage shall be determined by the Debtors in their reasonable judgment, in a manner consistent with the estimated range of values for the equity to be distributed (as reflected in the valuation analysis set forth in the 382(*l*)(5) Plan and disclosure statement) and shall be expressed in a manner that makes clear the number of shares or other interests in each class of New Brooks Brothers Stock that would constitute the Applicable Percentage.

(k)      "**Holdings Report**" means a Notice of Substantial Claim Ownership (as hereinafter defined) received by the Debtors with respect to the Determination Date.

(l)      "**Maximum Amount**" means the maximum amount of Claims (by class or other applicable classification of Claims) that may be held, as of the effective date of the 382(*l*)(5) Plan, by a Substantial Claimholder that was a Substantial Claimholder as of the Determination Date, which the Debtors shall calculate as follows:

(i) Based upon the information provided by the Substantial Claimholders in the Holdings Reports, the Debtors shall calculate the aggregate amount of Claims that all such Substantial Claimholders must sell as a group to effectuate the 382(*l*)(5) Plan (the "**Sell-Down Amount**");

(ii) The Debtors shall calculate for each Substantial Claimholder the amount of such Substantial Claimholder's *pro rata* share of the Sell-Down Amount (*i.e.*, the Sell-Down Amount multiplied by a fraction, (x) the numerator of which is the excess, if any, of the amount of Claims identified in such Substantial Claimholder's Holdings Report minus the greater of (A) the applicable Threshold Amount and (B) the Protected Amount for such Substantial Claimholder, and (y) the denominator of which is the aggregate amount of Claims identified in all of the Substantial Claimholders' Holdings Reports minus the greater of (A) the aggregate applicable Threshold Amount for all Substantial Claimholders and (B) the aggregate Protected Amount of all Substantial Claimholders); and

(iii) For each such Substantial Claimholder, the Debtors shall subtract from the total Claims held by such Substantial Claimholder (as reported in the Holdings Report) such Substantial Claimholder's *pro rata* share of the Sell-Down Amount.  The result shall be the Maximum Amount.

8

(m)    "**Newly Traded Claims**" means Claims (i) with respect to which a person or Entity acquired beneficial ownership after the date that was eighteen (18) months prior to the Petition Date and (ii) that are not "ordinary course" Claims, within the meaning of Treasury Regulations section 1.382-9(d)(2)(iv), of which the same person or Entity always has had beneficial ownership.

(n)    A "**Permitted Transferee**" with respect to a Substantial Claimholder is a person or Entity whose holding of a Claim would not result in such Substantial Claimholder having beneficial ownership of such Claim.

(o)    "**Protected Amount**" means the amount of Claims (by class or other applicable classification) of which a holder had beneficial ownership on the Petition Date *plus* the amount of Claims of which such holder acquires, directly or indirectly, beneficial ownership pursuant to trades entered into prior to the Petition Date, but that had not yet closed as of the Petition Date, and the amount of Claims of which such holder acquires, directly or indirectly, beneficial ownership pursuant to trades entered into after the Petition Date that have been approved by the Debtors in accordance with these Procedures minus the amount of Claims of which such holder sells, directly or indirectly, beneficial ownership pursuant to trades entered into prior to the Petition Date, but that had not yet closed as of the Petition Date. For the avoidance of doubt, there shall be included in the Protected Amount of a claimant that is an insurer under an insurance policy, a guarantor or an issuer of a letter of credit or similar security arrangement as described in Treasury Regulations section 1.382-9(d)(5)(ii)(G) on the Petition Date, any Claims transferred to such claimant pursuant to a subrogation under such insurance policy or such guarantee, letter of credit or similar security arrangement on or after the Petition Date (without the need for any prior approval by the Debtors), so long as such transfer is not for a principal purpose of obtaining New Brooks Brothers Stock or permitting the transferee to benefit from the losses of the Debtors within the meaning of Treasury Regulations section 1.382-9(d)(5)(iii).

(2)    Disclosure of 382(*l*)(5) Plan.  If the proponent of a Plan (a "**Plan Proponent**") determines that the reorganized Debtors likely will benefit from the application of section 382(*l*)(5) of the Tax Code and reasonably anticipates that Post-Emergence Brooks Brothers will invoke such section, then the Plan Proponent, in proposing a 382(*l*)(5) Plan, shall disclose the following in its proposed disclosure statement or, in the case of items (iii) through (v) below, a later, separate notice (collectively, the "**Proposed 382(*l*)(5) Disclosure Statement**"):

(i)    Adequate information about the incremental tax benefits anticipated to be realized through the use of section 382(*l*)(5) of the Tax Code that, taking into account the Debtors' anticipated net unrealized built-in gains or net unrealized built-in losses, would not otherwise be available;

(ii)    A summary of any restrictions expected to be imposed on the transferability of securities issued under the Plan in order to preserve such incremental tax benefits;

(iii)    The (i) dollar amount of Claims (by class or other applicable classification) expected to result in a one-percent (1%) interest in New Brooks Brothers Stock and (ii) number of any specified interests ("**Owned Interests**") in the Debtors which shall include, but not necessarily be

limited to, Common Stock expected to result in a one-percent (1%) interest in New Brooks Brothers Stock, in each case based upon then-available information;

(iv) A specified date (the "**Determination Date**") that is not less than ten (10) calendar days after the service of the notice of the hearing with respect to the Proposed 382(*l*)(5) Disclosure Statement; and

(v) A specified date (the "**Reporting Deadline**") that is not less than five (5) calendar days after the Determination Date, by which persons or Entities must serve on various parties the notice required by these Procedures (the "**Notice of Substantial Claim Ownership**").

(3)    Notice of Substantial Claim Ownership.

(a)    Any person or Entity that has beneficial ownership of either (i) more than a specified amount of Claims[1] or (ii) a lower amount of Claims that (based on the applicable information set forth in the Proposed 382(*l*)(5) Disclosure Statement), when taking into account any Owned Interests that a holder of Claims has beneficial ownership of (including pursuant to the applicable aggregation rules), could result in such holder of Claims holding the Applicable Percentage of New Brooks Brothers Stock, in each case as of the Determination Date, shall serve upon the Plan Proponent and its attorneys (and the Debtors and their attorneys if not the Plan Proponent) and attorneys for any statutory committees appointed in the chapter 11 cases (each, an "**Official Committee**") a Notice of Substantial Claim Ownership, in substantially the form annexed to the Final Order as **Exhibit 5** (or as adjusted and annexed to the Proposed 382(*l*)(5) Disclosure Statement) on or before the Reporting Deadline. Such person or Entity also shall set forth in the Notice of Substantial Claim Ownership its beneficial ownership, if any, of any Owned Interests and whether it agrees to refrain from acquiring beneficial ownership of additional Owned Interests (and Options to acquire the same) until after the effective date of the 382(*l*)(5) Plan and to immediately dispose of any Owned Interests or Options (if acquired on or after the Petition Date and prior to submitting its Notice of Substantial Claim Ownership). A person or Entity that is required to file a Notice of Substantial Claim Ownership may or may not be a Substantial Claimholder. The standard for a person's or Entity's being required to file a Notice of Substantial Claim Ownership is different than the definition of a Substantial Claimholder. At the election of the filer, the Notice of Substantial Claim Ownership to be filed with the Bankruptcy Court (but not the Notice of Substantial Claim Ownership that is served upon the Debtors, the attorneys for the Debtors, and the attorneys for any Official Committee) may be redacted to exclude the filer's taxpayer identification number.

(b)    In order to assist in determining their eligibility to avail themselves of the relief set forth in section 382(*l*)(5) of the Tax Code, the Debtors may request[2] from any person or Entity that has beneficial ownership of either (i) more than a specified amount of Claims (which may be expressed by class or type of Claim(s), if applicable) or (ii) a lower amount of Claims that, when

---

[1]    This "specified amount" is to be reasonably established by the Plan Proponent, taking into account the terms of the 382(l)(5) Plan, and disclosed in the Proposed 382(l)(5) Disclosure Statement. The "specified amount" may be expressed by class or type of Claim(s), if applicable.

[2]    For purposes of making this determination, such request shall include information comparable to the information that would be required in a Proposed 382(l)(5) Disclosure Statement pursuant to these Procedures.

taking into account the Owned Interests that a holder of Claims has beneficial ownership of (including pursuant to the applicable aggregation rules), could result in such holder of Claims holding the Applicable Percentage of New Brooks Brothers Stock, in each case as of the date specified in such request, information regarding its beneficial ownership of Claims and Owned Interests (and Options to acquire the same) prior to the filing of the Proposed 382(*l*)(5) Disclosure Statement, in a manner consistent with these Procedures.

(c)      Any person or Entity that fails to comply with its notification obligations set forth in this paragraph shall, in addition to the consequences set forth in paragraph B(5)(g) below, be subject to such remedy as the Bankruptcy Court may find appropriate upon motion by the Debtors, after service of the motion upon such person or Entity and a hearing on the motion in accordance with the Federal Rules of Bankruptcy Procedure, including, without limitation, ordering such noncompliant person or Entity to divest itself promptly of any beneficial ownership of Claims to the extent of such person's or Entity's ownership of an Excess Amount and imposing monetary damages for any costs reasonably incurred by the Debtors that were caused by the violation and enforcement of this paragraph.

(4)      <u>Claims Trading Before and After the Determination Date</u>.

(a)      Any person or Entity generally may trade freely and make a market in Claims until the Determination Date.

(b)      After the Determination Date, any acquisition of Claims by a person or Entity who filed or is or was required to file a Notice of Substantial Claim Ownership or by a person or Entity who would be required to file a Notice of Substantial Claim Ownership as a result of the consummation of the contemplated transaction if the proposed acquisition date had been the Determination Date (each such person or Entity, a "**Proposed Claims Transferee**") shall not be effective unless consummated in compliance with these Procedures.

(c)      After the Determination Date, at least ten (10) business days prior to the proposed date of any acquisition of Claims by a Proposed Claims Transferee (each acquisition, a "**Proposed Claims Acquisition Transaction**"), such Proposed Claims Transferee shall serve upon the Plan Proponent and its attorneys (and the Debtors and their attorneys if not the Plan Proponent) and attorneys for any Official Committee a notice of such Proposed Claims Transferee's request to purchase, acquire, or otherwise accumulate a Claim (a "**Claims Acquisition Request**"), in substantially the form annexed to the Final Order as **Exhibit 6**, which describes specifically and in detail the Proposed Claims Acquisition Transaction, regardless of whether such transfer would be subject to the filing, notice, and hearing requirements set forth in Bankruptcy Rule 3001. At the election of the Proposed Claims Transferee, the Claims Acquisition Request to be filed with the Bankruptcy Court (but not the Claims Acquisition Request that is served upon the Debtors, the attorneys for the Debtors, and the attorneys for the Official Committee) may be redacted to exclude the Proposed Claims Transferee's taxpayer identification number.

(d)      The Plan Proponent may determine, in consultation with the Debtors (if not the Plan Proponent) and attorneys for any Official Committee, whether to approve a Claims Acquisition Request. If the Plan Proponent does not approve a Claims Acquisition Request in

writing within eight (8) business days after the Claims Acquisition Request is filed with the Court, the Claims Acquisition Request shall be deemed rejected.

(5)    Creditor Conduct and Sell-Downs.

(a)    To permit reliance by the Debtors on Treasury Regulations section 1.382-9(d)(3), upon the entry of the Final Order, any Substantial Claimholder that participates in formulating any chapter 11 plan of or on behalf of the Debtors (which shall include, without limitation, making any suggestions or proposals to the Debtors or their advisors with regard to such a Plan) shall not disclose or otherwise make evident to the Debtors that any Claims in which such Substantial Claimholder has a beneficial ownership are Newly Traded Claims, unless compelled to do so by an order of a court of competent jurisdiction or some other applicable legal requirement, *provided*, *however*, that the following activities shall not constitute participation in formulating a Plan *if*, in pursuing such activities, the Substantial Claimholder does not disclose or otherwise make evident (unless compelled to do so by an order of a court of competent jurisdiction or some other applicable legal requirement) to the Debtors that such Substantial Claimholder has beneficial ownership of Newly Traded Claims: filing an objection to a proposed disclosure statement or to confirmation of a proposed Plan; voting to accept or reject a proposed Plan; reviewing or commenting on a proposed business plan; providing information on a confidential basis to attorneys for the Debtors; holding general membership on an official committee or an ad hoc committee; or taking any action required by an order of the Bankruptcy Court.

(b)    Following the Determination Date, if the Plan Proponent determines that Substantial Claimholders must sell or transfer all or a portion of their beneficial ownership of Claims acquired on or after the Petition Date so that the requirements of section 382(*l*)(5) of the Tax Code will be satisfied, the Plan Proponent may file a motion with the Bankruptcy Court for entry of an order—after notice to attorneys for the Debtors (if not the Plan Proponent), any Official Committee, and the relevant Substantial Claimholder(s) and a hearing—approving the issuance of a notice (each, a "**Sell-Down Notice**") that such Substantial Claimholder must sell, cause to sell, or otherwise transfer a specified amount of its beneficial ownership of Claims (by class or other applicable classification) equal to the excess of (x) the amount of Claims that such Substantial Claimholder has beneficial ownership of over (y) the Maximum Amount for such Substantial Claimholder (such excess amount, an "**Excess Amount**"). The motion shall be heard on expedited basis such that the Bankruptcy Court can render a decision on the motion at or before the hearing on confirmation of the 382(*l*)(5) Plan. If the Bankruptcy Court approves the Plan Proponent's motion for the issuance of a Sell-Down Notice, the Plan Proponent shall provide the Sell-Down Notice to the relevant Substantial Claimholder(s).

(c)    Notwithstanding anything to the contrary in these Procedures, no Substantial Claimholder shall be required to sell, cause to sell, or otherwise transfer any beneficial ownership of Claims if such sale or transfer would result in the Substantial Claimholder's beneficial ownership of an aggregate amount of Claims (by class or other applicable classification) that is less than such Substantial Claimholder's Protected Amount.

(d)    Each Sell-Down Notice shall direct the Substantial Claimholder to sell, cause to sell, or otherwise transfer its beneficial ownership of the amount of Claims specified in the Sell-Down Notice to Permitted Transferees, *provided*, *however*, that such Substantial Claimholder shall

12

not have a reasonable basis to believe that any such Permitted Transferee would own, immediately after the contemplated transfer, an Excess Amount of Claims and *provided*, *further*, that a Substantial Claimholder that has properly notified the Permitted Transferee of its Claims under these Procedures shall not be treated as having such reasonable basis in the absence of notification or actual knowledge that such Permitted Transferee would own, after the transfer, an Excess Amount of Claims.

(e)    By the date that is the later of (i) five (5) business days after the entry of an order confirming the 382(*l*)(5) Plan and (ii) such other date specified in the Sell-Down Notice, as applicable, but before the effective date of the 382(*l*)(5) Plan (the "**Sell-Down Date**"), each Substantial Claimholder subject to a Sell-Down Notice shall, as a condition to receiving New Brooks Brothers Stock, serve upon the Plan Proponent and its attorneys (and the Debtors and their attorneys if not the Plan Proponent) and a any Official Committee a notice substantially in the form annexed to the Final Order as **Exhibit 7** that such Substantial Claimholder has complied with the terms and conditions set forth in these Procedures and that such Substantial Claimholder does not and will not hold an Excess Amount of Claims as of the Sell-Down Date and at all times through the effective date of the 382(*l*)(5) Plan (each, a "**Notice of Compliance**"). Any Substantial Claimholder who fails to comply with this provision shall not receive New Brooks Brothers Stock with respect to any Excess Amount of Claims. At the election of the Substantial Claimholder, the Notice of Compliance to be filed with the Bankruptcy Court (but not the Notice of Compliance that is served upon the Debtors, the attorneys for the Debtors, and the attorneys for any Official Committee) may be redacted to exclude the Substantial Claimholder's taxpayer identification number.

(f)    Other than information that is public or in connection with an audit or other investigation by the IRS or other taxing authority, the Plan Proponent shall keep all Notices of Compliance and any additional information provided by a Substantial Claimholder pursuant to these Procedures (the "**Confidential Information**") strictly confidential and shall not disclose the Confidential Information to any other person or Entity, *provided*, *however*, that the Plan Proponent may disclose the identity of the Substantial Claimholder to its attorneys and professional financial advisors, attorneys for and the professional financial advisors of any Official Committee, and of any other person(s) that are subject to a nondisclosure agreement with the Plan Proponent, each of whom shall keep all Confidential Information strictly confidential, subject to further order of the Bankruptcy Court, and *provided*, *further,* that to the extent the Plan Proponent reasonably determines such Confidential Information is necessary to demonstrate to the Bankruptcy Court the need for the issuance of a Sell-Down Notice, such Confidential Information (determined by, among other things, whether such information was redacted in any public filing) shall be filed with the Bankruptcy Court under seal.

(g)    Any person or Entity that violates its obligations under these Procedures applicable to Claims or, if applicable, its agreement not to acquire beneficial ownership of Owned Interests (and Options to acquire the same) or to immediately dispose of any Owned Interests (if acquired on or after the Petition Date but prior to submitting its Notice of Substantial Claim Ownership) in its Notice of Substantial Claim Ownership shall, pursuant to these Procedures, be precluded from receiving, directly or indirectly, any consideration consisting of a beneficial ownership of New Brooks Brothers Stock that is attributable to the Excess Amount of Claims for such person or Entity and, if applicable, to the Owned Interests acquired (or not immediately disposed of) in

13

violation of such agreement by such person or Entity (or if the Owned Interests acquired (or not immediately disposed of) in violation of such agreement become beneficial ownership of New Brooks Brothers Stock without the need to receive new equity interests, such person or Entity shall be precluded as a result of such violation (and, thus, in addition to any other amounts otherwise precluded hereunder) from receiving, directly or indirectly, any consideration consisting of a beneficial ownership of New Brooks Brothers Stock attributable to such person's or Entity's Claims up to and including an amount equivalent to that represented by such Owned Interests), in each case including any consideration in lieu thereof, *provided*, *however*, that such person or Entity may be entitled to receive any other consideration to which such person or Entity may be entitled by virtue of holding Claims (this provision, the "**Equity Forfeiture Provision**"). Any purported acquisition of, or other increase in the beneficial ownership of, New Brooks Brothers Stock that is precluded by the Equity Forfeiture Provision will be an acquisition of "**Forfeited Equity**." Any acquirer of Forfeited Equity shall, promptly upon becoming aware of such fact, return or cause to return the Forfeited Equity to the Debtors (or any successor to the Debtors, including Post-Emergence Brooks Brothers) or, if all of the equity consideration properly issued to such acquirer and all or any portion of such Forfeited Equity have been sold prior to the time such acquirer becomes aware of such fact, such acquirer shall return or cause to return to the Debtors (or any successor to the Debtors, including Post-Emergence Brooks Brothers) (i) any Forfeited Equity still held by such acquirer and (ii) the proceeds attributable to the sale of Forfeited Equity, calculated by treating the most recently sold equity as Forfeited Equity. Any acquirer that receives Forfeited Equity and deliberately fails to comply with the preceding sentence shall be subject to such additional sanctions as the Bankruptcy Court may determine. Any Forfeited Equity returned to the Debtors, including Post-Emergence Brooks Brothers, shall be distributed (including a transfer to charity) or extinguished, in the Debtors' sole discretion, in furtherance of the 382(*l*)(5) Plan.

(h)    In effecting any sale or other transfer of Claims pursuant to a Sell-Down Notice, a Substantial Claimholder shall, to the extent that it is reasonably feasible to do so within the normal constraints of the market in which such sale takes place, notify the acquirer of such Claims of the existence of these Procedures and the Equity Forfeiture Provision (it being understood that, in all cases in which there is direct communication between a salesperson and a customer, including, without limitation, communication via telephone, e-mail, and instant messaging, the existence of these Procedures and the Equity Forfeiture Provision shall be included in such salesperson's summary of the transaction).

(6)    Exceptions.

(a)    No person or Entity shall be subject to the approval provisions of paragraph B(4)(b)–(d) above or, in the case of Claims that are part of the transferor's Protected Amount, the sell-down provisions of paragraph B(5) above (i) with respect to any transfer described in Treasury Regulations section 1.382-9(d)(5)(ii) so long as such transfer is not for a principal purpose of obtaining New Brooks Brothers Stock or permitting the transferee to benefit from the losses of the Debtors within the meaning of Treasury Regulations section 1.382-9(d)(5)(iii), *provided*, *however*, that any such transferee who becomes a Substantial Claimholder following the filing of a Proposed 382(*l*)(5) Disclosure Statement shall serve upon the Plan Proponent and its attorneys (and the Debtors and their attorneys if not the Plan Proponent) and attorneys for any Official Committee, a notice of such status, substantially in the form annexed to the Final Order as **Exhibit 5**, as provided in these Procedures; or (ii) for the avoidance of doubt, with respect to any transfer from a holder

14

to an entity that is disregarded for U.S. federal income tax purposes as being separate from the holder or to a "grantor trust" for U.S. federal income tax purposes whose underlying assets are considered to be solely owned by the such holder/grantor (or a transfer in the opposite direction).

(b)    For the avoidance of doubt, the trustee of any trust, any indenture trustee, subordination agent, registrar, paying agent, transfer agent, loan or collateral agent, or any other entity serving in a similar capacity however designated, in each case for any Claim or any Owned Interests, notes, bonds, debentures, property, or other debt securities or obligations (i) issued by any of the Debtors, (ii) secured by assets of any of the Debtors or agreements with respect to such assets, or (iii) secured by assets leased to any of the Debtors shall not be treated as a Substantial Claimholder solely to the extent that such entities are acting in the capacity described above, *provided*, *however*, that neither any transferee of Claims nor any equity or beneficial owner of a trust shall be excluded from these Procedures solely by reason of this provision.

## C.    <u>Noncompliance with the Procedures.</u>

Any transfer of the beneficial ownership of Common Stock, or any claiming of a Worthless Stock Deduction by a Majority Holder, in violation of these Procedures (other than, for the avoidance of doubt, the Disregarded Transfer Notice) shall be null and void ab initio as an act in violation of the automatic stay under section 362 of the Bankruptcy Code and pursuant to the Bankruptcy Court's equitable powers under section 105(a) of the Bankruptcy Code.  Any acquisition, disposition, or trading of the beneficial ownership of Claims against the Debtors in violation of these Procedures shall be null and void ab initio as an act in violation of the automatic stay under section 362 of the Bankruptcy Code and pursuant to the Bankruptcy Court's equitable powers under section 105(a) of the Bankruptcy Code.  Furthermore, any person (including any Entity) that acquires or disposes of beneficial ownership of Common Stock, any Majority Holder that claims a Worthless Stock Deduction, or any person that acquires, disposes of or trades beneficial ownership of Claims against the Debtors in violation of these Procedures shall be subject to sanctions as provided by law.

## D.    <u>Debtors' Right to Waive.</u>

**The Debtors may, in their sole discretion waive, in writing, any and all of the foregoing restrictions, stays, and notification procedures contained in this Notice; *provided*, *however*, that after a 382(*l*)(5) Plan has been properly filed by a Plan Proponent (other than by, or jointly with, the Debtors) and is still actively being pursued before the Court, the consent of such Plan Proponent also shall be necessary for any subsequent waiver to be effective.**

Dated:    Wilmington, Delaware            **BY ORDER OF THE COURT**
            _____, 2020

**<u>Exhibit 2 to the Final Order</u>**

**Notice of Substantial Stock Ownership**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

```
------------------------------------------------------------- x
                                        :
In re                                   :        Chapter 11
                                        :
BROOKS BROTHERS GROUP, INC., et al.,    :        Case No. 20– _____ (    )
                                        :
                Debtors.¹               :        (Jointly Administered)
                                        :
------------------------------------------------------------- x
```

## NOTICE OF SUBSTANTIAL STOCK OWNERSHIP

**PLEASE TAKE NOTICE** that, pursuant to that certain *Final Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in, Claims Against the Debtors, and Claiming a Worthless Stock Deduction* of the United States Bankruptcy Court for the District of Delaware, dated [_____], 2020, ECF No. [__] (with all exhibits thereto, the "**Final Order**"), [Name of Filer] (the "**Filer**") hereby provides notice that, as of the date hereof, the Filer beneficially owns (including directly and indirectly):

(i)    _____ shares of Common Stock,[2] and/or

(ii)   Options to acquire (directly or indirectly) _____ shares of Common Stock.

**PLEASE TAKE FURTHER NOTICE** that the taxpayer identification number of the Filer is _____.

**PLEASE TAKE FURTHER NOTICE** that the following table sets forth the following information:

For Common Stock and/or Options to acquire beneficial ownership of Common Stock that are owned directly by the Filer, the table sets forth (a) the number of shares of Common Stock and/or the number of shares underlying Options beneficially owned by such Filer and (b)

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Brooks Brothers Group, Inc. (8883); Brooks Brothers Far East Limited (N/A); BBD Holding 1, LLC (N/A), BBD Holding 2, LLC (N/A), BBDI, LLC (N/A); Brooks Brothers International, LLC (N/A); Brooks Brothers Restaurant, LLC (3846); Deconic Group LLC (0969); Golden Fleece Manufacturing Group, LLC (5649); RBA Wholesale, LLC (0986); Retail Brand Alliance Gift Card Services, LLC (1916); Retail Brand Alliance of Puerto Rico, Inc. (2147); and 696 White Plains Road, LLC (7265). The Debtors' corporate headquarters and service address is 346 Madison Avenue, New York, New York 10017.

[2]    Capitalized terms used, but not defined, herein, and the term "beneficial ownership" (and derivatives thereof), shall have the meanings ascribed to them in **Exhibit 1** to the Final Order.

the date(s) on which such shares and/or Options were acquired (categorized by class, as applicable).

In the case of Common Stock and/or Options to acquire beneficial ownership of Common Stock that are not owned directly by the Filer but are nonetheless beneficially owned by the Filer, the table sets forth (a) the name(s) of each record or legal owner of such shares of Common Stock and/or Options to acquire shares of Common Stock that are beneficially owned by the Filer, (b) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options beneficially owned by such Filer, and (c) the date(s) on which such Common Stock and/or Options were acquired (categorized by class, as applicable).

| Class | Name of Owner | Shares Beneficially Owned | Shares Underlying Options Beneficially Owned | Date(s) Acquired |
|---|---|---|---|---|
| Common Stock | | | | |

(Attach additional pages if necessary.)

[[IF APPLICABLE:] The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

_____
[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____
Date: _____

2

**<u>Exhibit 3 to the Final Order</u>**

**Notice of Intent to Purchase, Acquire, or Otherwise Accumulate Common Stock**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

-------------------------------------------------------- x
                                                         :
In re                                                    :          **Chapter 11**
                                                         :
**BROOKS BROTHERS GROUP, INC.,** *et al.,*               :          **Case No. 20– _____ (     )**
                                                         :
               Debtors.[1]                               :          **(Jointly Administered)**
                                                         :
-------------------------------------------------------- x

**NOTICE OF INTENT TO PURCHASE,**
**ACQUIRE, OR OTHERWISE ACCUMULATE COMMON STOCK**

       **PLEASE TAKE NOTICE** that, pursuant to that certain *Final Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in, Claims Against the Debtors, and Claiming a Worthless Stock Deduction* of the United States Bankruptcy Court for the District of Delaware, dated [_____], 2020, ECF No. [__] (with all exhibits thereto, the "**Final Order**"), [Name of Filer] (the "**Filer**") hereby provides notice of (i) its intention to purchase, acquire, or otherwise accumulate beneficial ownership (including directly and indirectly) of one or more shares of Common Stock[2] and/or Options to acquire beneficial ownership of Common Stock and/or (ii) a proposed purchase or acquisition in the beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of Common Stock that would result in an increase in the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options that are beneficially owned by the Filer (any proposed transaction described in clauses (i) or (ii), a "**Proposed Transfer**").

       **PLEASE TAKE FURTHER NOTICE** that the following table sets forth the following information:

       1.  If the Proposed Transfer involves the purchase or acquisition by the Filer of beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of Common Stock, the table sets forth (a) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options proposed to be purchased or acquired and (b) the date(s) of such Proposed Transfer (categorized by class, as applicable).

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Brooks Brothers Group, Inc. (8883); Brooks Brothers Far East Limited (N/A); BBD Holding 1, LLC (N/A), BBD Holding 2, LLC (N/A), BBDI, LLC (N/A), Brooks Brothers International, LLC (N/A); Brooks Brothers Restaurant, LLC (3846); Deconic Group LLC (0969); Golden Fleece Manufacturing Group, LLC (5649); RBA Wholesale, LLC (0986); Retail Brand Alliance Gift Card Services, LLC (1916); Retail Brand Alliance of Puerto Rico, Inc. (2147); and 696 White Plains Road, LLC (7265). The Debtors' corporate headquarters and service address is 346 Madison Avenue, New York, New York 10017.

[2]   Capitalized terms used, but not defined, herein, and the term "beneficial ownership" (and derivatives thereof), shall have the meanings ascribed to them in **Exhibit 1** to the Final Order.

2.   If the Proposed Transfer involves the purchase or acquisition in the beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of Common Stock by a person or Entity other than the Filer, but the Proposed Transfer nonetheless would increase the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options that are beneficially owned by the Filer, the table sets forth (a) the name(s) of each such person or Entity that proposes to purchase or acquire such shares of Common Stock and/or Options, (b) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options proposed to be purchased or acquired (directly or indirectly), and (c) the date(s) of such Proposed Transfer (categorized by class, as applicable).

| Class | Name of Purchaser or Acquirer | Shares to be Purchased or Acquired (Directly or Indirectly) | Shares Underlying Options to be Purchased or Acquired (Directly or Indirectly) | Date(s) of Proposed Transfer |
|---|---|---|---|---|
| Common Stock | | | | |

(Attach additional page if necessary.)

**PLEASE TAKE FURTHER NOTICE** that the following table summarizes the Filer's beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of Common Stock assuming that the Proposed Transfer is approved and consummated as described above.  The table sets forth, as of immediately following the consummation of the Proposed Transfer, the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options (a) that would be owned <u>directly</u> by the Filer and, (b) in the case of any beneficial ownership by the Filer of Common Stock and/or Options that would be owned by another person or Entity as record or legal owner, the name(s) of each prospective record or legal owner and the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options that would be owned by each such record or legal owner (categorized by class, as applicable):

| Class | Name of Owner | Shares to Be Owned | Shares Underlying Options to Be Owned |
|---|---|---|---|
| Common Stock | | | |

(Attach additional page if necessary.)

**PLEASE TAKE FURTHER NOTICE** that if the Proposed Transfer involves a purchase or acquisition of beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of Common Stock by the Filer and such Proposed Transfer would result in (a) an increase in the beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of Common Stock by a person or Entity (other than the Filer) that currently is a Substantial Holder or (b) a person or Entity (other than the Filer) becoming a Substantial Holder, the following table sets forth (i) the name of each such person or Entity, (ii) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options that are beneficially owned by such person or Entity currently (i.e., prior to the Proposed Transfer), and (iii) the number of shares of Common Stock and/or the number of shares of Common Stock

2

underlying Options that would be beneficially owned by such person or Entity immediately following the Proposed Transfer (categorized by class, as applicable).

| Class | Name of Beneficial Owner | Shares Owned Currently (Directly or Indirectly) | Shares to Be Owned Following Proposed Transfer (Directly or Indirectly) | Shares Underlying Options Owned Currently (Directly or Indirectly) | Shares Underlying Options to Be Owned Following Proposed Transfer (Directly or Indirectly) |
|---|---|---|---|---|---|
| Common Stock | | | | | |

(Attach additional page if necessary.)

**PLEASE TAKE FURTHER NOTICE** that the taxpayer identification number of the Filer is _____.

**PLEASE TAKE FURTHER NOTICE** that, under penalty of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

[[IF APPLICABLE:] The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

_____
[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____

Date: _____

3

## **Exhibit 4 to the Final Order**

**Notice of Intent to Sell, Trade, or Otherwise Transfer Common Stock**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

----------------------------------------------------------- x
                                     :

**In re**                           :         **Chapter 11**
                                       :

**BROOKS BROTHERS GROUP, INC.,** *et al.,*  :        **Case No. 20– _____ (     )**
                                       :

                    **Debtors.[1]**       :         **(Jointly Administered)**
                                       :

----------------------------------------------------------- x

## NOTICE OF INTENT TO SELL, TRADE, OR OTHERWISE TRANSFER COMMON STOCK

         **PLEASE TAKE NOTICE** that, pursuant to that certain *Final Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in, Claims Against the Debtors, and Claiming a Worthless Stock Deduction*, dated [_____], 2020, ECF No. [__] (with all exhibits thereto, the "**Final Order**"), [Name of Filer] (the "**Filer**") hereby provides notice of (i) its intention to sell, trade, or otherwise transfer or dispose of beneficial ownership (including directly and indirectly) of one or more shares of Common Stock[2] and/or Options to acquire beneficial ownership of Common Stock and/or (ii) a proposed sale, transfer, or disposition in the beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of Common Stock that would result in a decrease in the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options to acquire Common Stock that are beneficially owned by the Filer (any proposed transaction described in clauses (i) or (ii), a "**Proposed Transfer**").

         **PLEASE TAKE FURTHER NOTICE** that the following table sets forth the following information:

         1. If the Proposed Transfer involves the sale, transfer, or disposition by the Filer of beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of Common Stock, the table sets forth (a) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options proposed to be sold, transferred, or disposed of and (b) the date(s) of such Proposed Transfer (categorized by class, as applicable).

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Brooks Brothers Group, Inc. (8883); Brooks Brothers Far East Limited (N/A); BBD Holding 1, LLC (N/A), BBD Holding 2, LLC (N/A), BBDI, LLC (N/A), Brooks Brothers International, LLC (N/A); Brooks Brothers Restaurant, LLC (3846); Deconic Group LLC (0969); Golden Fleece Manufacturing Group, LLC (5649); RBA Wholesale, LLC (0986); Retail Brand Alliance Gift Card Services, LLC (1916); Retail Brand Alliance of Puerto Rico, Inc. (2147); and 696 White Plains Road, LLC (7265).  The Debtors' corporate headquarters and service address is 346 Madison Avenue, New York, New York 10017.

[2]    Capitalized terms used, but not defined, herein, and the term "beneficial ownership" (and derivatives thereof), shall have the meanings ascribed to them in **Exhibit 1** to the Final Order.

2.    If the Proposed Transfer involves the sale, transfer or disposition in the beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of Common Stock by a person or Entity other than the Filer, but the Proposed Transfer nonetheless would decrease the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options that are beneficially owned by the Filer, the table sets forth (a) the name(s) of each such person or Entity that proposes to sell, transfer, or dispose of such Common Stock and/or Options; (b) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options proposed to be so sold, transferred, or disposed of (directly or indirectly); and (c) the date(s) of such Proposed Transfer (categorized by class, as applicable).

| Class | Name of Transferor | Shares to Be Sold, Transferred, or Disposed Of (Directly or Indirectly) | Shares Underlying Options to Be Sold, Transferred, or Disposed Of (Directly or Indirectly) | Date(s) of Proposed Transfer |
|---|---|---|---|---|
| Common Stock | | | | |

(Attach additional page if necessary.)

**PLEASE TAKE FURTHER NOTICE** that the following table summarizes the Filer's beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of Common Stock assuming that the Proposed Transfer is approved and consummated as described above.  The table sets forth, as of immediately following the consummation of the Proposed Transfer, the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options (a) that would be owned <u>directly</u> by the Filer and, (b) in the case of any beneficial ownership by the Filer of Common Stock and/or Options that would be owned by another person or Entity as record or legal owner, the name(s) of each prospective record or legal owner and the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options that would be owned by each such record or legal owner (categorized by class, as applicable):

| Class | Name of Owner | Shares to Be Owned | Shares Underlying Options to Be Owned |
|---|---|---|---|
| Common Stock | | | |

(Attach additional page if necessary.)

**PLEASE TAKE FURTHER NOTICE** that if the Proposed Transfer involves a sale, transfer, or disposition of beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of Common Stock by the Filer and such Proposed Transfer would result in (a) a decrease in the beneficial ownership of Common Stock and/or Options to acquire beneficial ownership of Common Stock by a person or Entity (other than the Filer) that currently is a Substantial Holder or (b) a person or Entity (other than the Filer) becoming a Substantial Holder, the following table sets forth (i) the name of each such person or Entity, (ii) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options that are beneficially owned by such person or Entity currently (i.e., prior to the Proposed Transfer),

2

and (iii) the number of shares of Common Stock and/or the number of shares of Common Stock underlying Options that would be beneficially owned by such person or Entity immediately following the Proposed Transfer (categorized by class, as applicable).

| Class | Name of Beneficial Owner | Shares Owned Currently (Directly or Indirectly) | Shares to Be Owned Following Proposed Transfer (Directly or Indirectly) | Shares Underlying Options Owned Currently (Directly or Indirectly) | Shares Underlying Options to Be Owned Following Proposed Transfer (Directly or Indirectly) |
|---|---|---|---|---|---|
| Common Stock | | | | | |

(Attach additional page if necessary.)

**PLEASE TAKE FURTHER NOTICE** that the taxpayer identification number of the Filer is _____.

**PLEASE TAKE FURTHER NOTICE** that, under penalty of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

[[IF APPLICABLE:] The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

_____
[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____

Date: _____

3

## **Exhibit 5 to the Final Order**

**Declaration of Intent to Claim a Worthless Stock Deduction**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

```
------------------------------------------------------------- x
                                            :
In re                                       :          Chapter 11
                                            :
BROOKS BROTHERS GROUP, INC., et al.,        :          Case No. 20– _____
                                            :
                      Debtors.¹             :          (Joint Administration Requested)
                                            :
------------------------------------------------------------- x
```

**DECLARATION OF INTENT TO CLAIM A WORTHLESS STOCK DEDUCTION**

PLEASE TAKE NOTICE that, pursuant to that certain *Final Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in the Debtors and Claiming a Worthless Stock Deduction*, dated [_____], 2020, Docket No. [__] (with all exhibits thereto, the "**Final Order**"), [Name of Filer] (the "**Filer**") hereby provides notice of its intention to claim a Worthless Stock Deduction[2] with respect to its beneficial ownership of Common Stock (a "**Proposed Deduction**").

PLEASE TAKE FURTHER NOTICE that, if applicable, on _____  __, 2020, the Filer filed a Declaration of Status as a Majority Holder with this Court.

PLEASE TAKE FURTHER NOTICE that the Filer currently beneficially owns ___ shares of Common Stock.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Proposed Deduction, the Filer proposes to claim a Worthless Stock Deduction with respect to its beneficial ownership of ___ shares of Common Stock. If the Proposed Deduction is permitted to occur, the Filer will be treated as having acquired beneficial ownership of ___ shares of Common Stock on the first day of the Filer's next taxable year and shall be treated as never having owned such Common Stock during any prior year for the purposes of testing whether an Ownership Change has occurred.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Brooks Brothers Group, Inc. (8883); Brooks Brothers Far East Limited (N/A); BBD Holding 1, LLC (N/A), BBD Holding 2, LLC (N/A), BBDI, LLC (N/A), Brooks Brothers International, LLC (N/A); Brooks Brothers Restaurant, LLC (3846); Deconic Group LLC (0969); Golden Fleece Manufacturing Group, LLC (5649); RBA Wholesale, LLC (0986); Retail Brand Alliance Gift Card Services, LLC (1916); Retail Brand Alliance of Puerto Rico, Inc. (2147); and 696 White Plains Road, LLC (7265). The Debtors' corporate headquarters and service address is 346 Madison Avenue, New York, New York 10017.

[2]    Capitalized terms used, but not defined, herein, and the term "beneficial ownership" (and derivatives thereof), shall have the meanings ascribed to them in **Exhibit 1** to the Final Order.

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the Filer hereby declares that it has examined this Declaration and accompanying attachments (if any), and, to the best of its knowledge and belief, this Declaration and any attachments which purport to be part of this Declaration are true, correct, and complete.

[[IF APPLICABLE:]  The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

_____

[Name of Filer]

By: _____
Name: _____

Address: _____

_____

_____

Telephone: _____
Facsimile: _____

Date: _____

2

**<u>Exhibit 6 to the Final Order</u>**

**Notice of Substantial Claim Ownership**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

```
-------------------------------------------------------- x
                                                         :
In re                                                    :        Chapter 11
                                                         :
BROOKS BROTHERS GROUP, INC., et al.,                     :        Case No. 20– _____ (     )
                                                         :
                Debtors.¹                                :        (Jointly Administered)
                                                         :
-------------------------------------------------------- x
```

## NOTICE OF SUBSTANTIAL CLAIM OWNERSHIP

PLEASE TAKE NOTICE that, pursuant to that certain *Final Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in, Claims Against the Debtors, and Claiming a Worthless Stock Deduction*, dated [_____], 2020, ECF No. [__] (with all exhibits thereto, the "**Final Order**"), [Name of Filer ] (the "**Filer**") hereby provides notice that, as of the hereof, the Filer beneficially owns (including directly or indirectly) either (i) more than $[  ] of Claims[2] against the Debtors or (ii) a lesser amount of Claims that (based on the applicable information set forth in the Proposed 382(*l*)(5) Disclosure Statement), when taking into account any Owned Interests that a holder of Claims has beneficial ownership of (including under the aggregation rules described in the definition of Substantial Claimholder), could result in such holder of Claims holding the Applicable Percentage of New Brooks Brothers Stock.

PLEASE TAKE FURTHER NOTICE that the following table sets forth the following information:

In the case of Claims that are owned directly by the Filer, the table sets forth the dollar amount of all Claims that the Filer has beneficial ownership of (categorized by class or other applicable classification).

In the case of Claims that are not owned directly by the Filer but that the Filer nonetheless has beneficial ownership of, the table sets forth (a) the name(s) of each record or legal owner of such Claims that the Filer has beneficial ownership of and (b) the dollar amount of all

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Brooks Brothers Group, Inc. (8883); Brooks Brothers Far East Limited (N/A); BBD Holding 1, LLC (N/A), BBD Holding 2, LLC (N/A), BBDI, LLC (N/A), Brooks Brothers International, LLC (N/A); Brooks Brothers Restaurant, LLC (3846); Deconic Group LLC (0969); Golden Fleece Manufacturing Group, LLC (5649); RBA Wholesale, LLC (0986); Retail Brand Alliance Gift Card Services, LLC (1916); Retail Brand Alliance of Puerto Rico, Inc. (2147); and 696 White Plains Road, LLC (7265).  The Debtors' corporate headquarters and service address is 346 Madison Avenue, New York, New York 10017.

[2]    Capitalized terms used, but not defined, herein, and the term "beneficial ownership" (and derivatives thereof), shall have the meanings ascribed to them in **Exhibit 1** to the Final Order.

Claims that such Filer has beneficial ownership of (categorized by class or other applicable classification).

| Class | Description of Claim | Name of Owner | Dollar Amount Owned |
|---|---|---|---|
| | | | |
| | | | |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that the following table sets forth a summary of the Protected Amount for each class (or other applicable classification) of Claims that the Filer has beneficial ownership of (whether owned by the Filer directly or indirectly) and that Filer will provide any additional information in respect of such Claims that the Debtors reasonably request.

| Class | Description of Claim | Name of Owner | Protected Amount |
|---|---|---|---|
| | | | |
| | | | |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that the following table sets forth the following information:

In the case of Owned Interests that are owned directly by the Filer, the table sets forth (a) the type and number of any Owned Interests that the Filer has beneficial ownership of (or that are subject to Options that the Filer has beneficial ownership of) and (b) the date(s) on which such Owned Interests (and Options to acquire the same) were acquired (categorized by class or other applicable classification);

In the case of Owned Interests that are not owned directly by the Filer but that the Filer nonetheless has beneficial ownership of, the table sets forth (a) the name(s) of each record or legal owner of such Owned Interests that the Filer has beneficial ownership of, (b) the type and number of any such Owned Interests that such Filer has beneficial ownership of (or that are subject to Options that such Filer has beneficial ownership of), and (c) the date(s) on which such Owned Interests (and Options to acquire the same) were acquired (categorized by class or other applicable classification).

The Filer will provide any additional information in respect of such Owned Interests that the Debtors reasonably request.

2

| Name of Owner | Type and Number of Owned Interests Owned | Type and Number of Owned Interests Subject to Options Owned | Date Acquired |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the Filer hereby [agrees ☐ / does not agree ☐— PLEASE CHECK AS APPLICABLE] that it will not acquire beneficial ownership of additional Owned Interests (and Options to acquire the same) before Debtors' emergence from bankruptcy protection and that it immediately will dispose of any Owned Interests (and Options to acquire the same) that were acquired on or after the Petition Date and prior to submitting this Notice.

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any) and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

[[IF APPLICABLE:] The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

3

Respectfully submitted,


_____
[Name of Filer]


By: _____

Name: _____


Address: _____

Telephone: _____

Facsimile: _____

Date: _____

4

**<u>Exhibit 7 to the Final Order</u>**

**Notice of Request to Purchase, Acquire, or Otherwise Accumulate a Claim**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

------------------------------------------------------------- x
                                                              :
In re                                                         :        **Chapter 11**
                                                              :
**BROOKS BROTHERS GROUP, INC,** *et al.,*                     :        **Case No. 20– _____ (     )**
                                                              :
                            **Debtors.**[1]                   :        **(Jointly Administered)**
                                                              :
------------------------------------------------------------- x

### NOTICE OF REQUEST TO PURCHASE, ACQUIRE,
### OR OTHERWISE ACCUMULATE A CLAIM AGAINST THE DEBTOR

      PLEASE TAKE NOTICE that, pursuant to that certain *Final Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in, Claims Against the Debtors, and Claiming a Worthless Stock Deduction,* dated [_____], 2020, ECF No. [__] (with all exhibits thereto, the "**Final Order**"), [Name of Filer] (the "**Filer**") hereby provides notice of (i) its intent to purchase, acquire, or otherwise accumulate directly a Claim[2] or Claims against the Debtors and/or (ii) a proposed purchase or acquisition of Claims that, following the proposed acquisition, the Filer would have beneficial ownership by attribution (including indirectly) (any proposed transaction described in (i) or (ii), a "**Proposed Transfer**").

      PLEASE TAKE FURTHER NOTICE that, if applicable, on [prior date(s)], the Filer served a Notice of Substantial Claim Ownership with the Plan Proponent, attorneys for the Plan Proponent, and attorneys for any Official Committee.

      PLEASE TAKE FURTHER NOTICE that the Filer is filing this notice as (check one):

| | |
|---|---|
| *A person or Entity that filed or was required to file a Notice of Substantial Claim Ownership* | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Brooks Brothers Group, Inc. (8883); Brooks Brothers Far East Limited (N/A); BBD Holding 1, LLC (N/A), BBD Holding 2, LLC (N/A), BBDI, LLC (N/A), Brooks Brothers International, LLC (N/A); Brooks Brothers Restaurant, LLC (3846); Deconic Group LLC (0969); Golden Fleece Manufacturing Group, LLC (5649); RBA Wholesale, LLC (0986); Retail Brand Alliance Gift Card Services, LLC (1916); Retail Brand Alliance of Puerto Rico, Inc. (2147); and 696 White Plains Road, LLC (7265). The Debtors' corporate headquarters and service address is 346 Madison Avenue, New York, New York 10017.

[2] Capitalized terms used, but not defined, herein, and the term "beneficial ownership" (and derivatives thereof), shall have the meanings ascribed to them in **Exhibit 1** to the Final Order.

| A person or Entity that, upon consummation of the Proposed Transfer, would have been required to file a Notice of Substantial Claim Ownership (if the proposed acquisition date had been the Determination Date) | |

PLEASE TAKE FURTHER NOTICE that the following tables set forth the following information:

In the case of Claims and/or Owned Interests that are owned directly by the Filer, the tables set forth (a) the dollar amount of all Claims and the type and number of Owned Interests (and Options to acquire the same) that the Filer has beneficial ownership of (categorized by class or other applicable classification) and, (b) if applicable, the date such Owned Interests (or Options to acquire the same) were acquired.

In the case of Claims and/or Owned Interests that are not owned directly by the Filer but that the Filer nonetheless has beneficial ownership of, the tables set forth (a) the name(s) of each record or legal owner of the Claims and/or Owned Interests (and Options to acquire the same) that the Filer has beneficial ownership of, (b) the dollar amount of all Claims and the type and number of Owned Interests that the Filer has beneficial ownership of (categorized by class or other applicable classification), and, (c) if applicable, the date such Owned Interests (and Options to acquire the same) were acquired.

The Filer will provide any additional information in respect of such Claims and/or Owned Interests that the Debtors reasonably request.

| Class | Description of Claim | Name of Owner | Dollar Amount Owned |
|---|---|---|---|
| | | | |
| | | | |

(Attach additional page if necessary.)

| Name of Owner | Type and Number of Owned Interests Owned | Type and Number of Owned Interests Subject to Options Owned | Date Acquired |
|---|---|---|---|
| | | | |
| | | | |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that the following table sets forth a summary of the Protected Amount for each class (or other applicable classification) of Claims that the Filer has beneficial ownership of (whether owned by the Filer directly or indirectly).

2

The Filer will provide any additional information in respect of such Claims that the Debtors reasonably request.

| Class | Description of Claim | Name of Owner | Protected Amount |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that the following table sets forth the following information:

If the Proposed Transfer involves the purchase or acquisition of Claims directly by the Filer, the table sets forth the dollar amount of all Claims (categorized by class or other applicable classification) proposed to be purchased or acquired.

If the Proposed Transfer involves the purchase or acquisition of Claims by a person or Entity other than the Filer, but the Proposed Transfer nonetheless would increase the dollar amount of Claims that the Filer has beneficial ownership of, the table sets forth (a) the name(s) of each such person or Entity that proposes to purchase or acquire such Claims and (b) the dollar amount of all Claims (categorized by class or other applicable classification) proposed to be purchased or acquired.

| Class | Description of Claim | Name of Owner | Dollar Amount to be Acquired |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that if the Proposed Transfer involves a purchase or acquisition of Claims directly by the Filer and such Proposed Transfer would result in (a) an increase in the beneficial ownership of Claims by a person or Entity (other than the Filer) that currently is a Substantial Claimholder or (b) a person's or Entity's (other than the Filer) becoming a Substantial Claimholder, the following tables set forth (i) the name of each such person or Entity, (ii) the dollar amount of all Claims that such person or Entity currently has beneficial ownership of (i.e., prior to the Proposed Transfer) (categorized by class or other applicable classification), (iii) the dollar amount of all Claims that such person or Entity would have beneficial ownership of immediately following the Proposed Transfer (categorized by class or other applicable classification), (iv) the number and type of Owned Interests (and Options to acquire the same) that such person or Entity has beneficial ownership of as of the date of the Proposed Transfer (categorized by class or other applicable classification), and (v) the date such Owned Interests (and Options to acquire the same) were acquired:

3

| Class | Description of Claim | Name of Owner | Dollar Amount of Claims Owned Currently (i.e., Prior to Proposed Transfer) | Dollar Amount of Claims to be Owned Following Proposed Transfer |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

(Attach additional page if necessary.)

| Name of Owner | Type and Number of Owned Interests Owned | Type and Number of Owned Interests Subject to Options Owned | Date Acquired |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

(Attach additional page if necessary.)

PLEASE TAKE FURTHER NOTICE that the Filer [agreed ☐ / did not agree ☐— **PLEASE CHECK AS APPLICABLE**] in its Notice of Substantial Claim Ownership filed with the Court that it would not acquire beneficial ownership of additional Owned Interests (and Options to acquire the same) before the Debtors' emergence from bankruptcy protection and that it immediately would dispose of any Owned Interests (and Options to acquire the same) that were acquired on or after the Petition Date and prior to submitting its Notice of Substantial Claim Ownership, and the Filer has complied with and intends to continue to comply with such statement.

PLEASE TAKE FURTHER NOTICE that, if the Plan Proponent approves the Proposed Transfer and the Filer did not previously file a Notice of Substantial Claim Ownership, the Filer, under penalty of perjury, hereby [agrees ☐ / does not agree ☐— **PLEASE CHECK AS APPLICABLE**] that it will not acquire beneficial ownership of additional Owned Interests (and Options to acquire the same) before the Debtors' emergence from bankruptcy protection and that it immediately will dispose of any Owned Interests (and Options to acquire the same) that were acquired on or after the Petition Date and prior to submitting this Notice.

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

4

PLEASE TAKE FURTHER NOTICE that the Filer hereby acknowledges that, if the Plan Proponent does not approve the Proposed Transfer in writing within **eight (8) business days** after the filing of this Notice, such Proposed Transfer shall be deemed <u>rejected</u>.  If the Plan Proponent provides written authorization approving the Proposed Transfer prior to the end of such eight-business-day period, then such Proposed Transfer may proceed solely as specifically described in this Notice.

This Notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

[IF APPLICABLE:] The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).

Respectfully submitted,

_____

[Name of Filer]

By:     _____

Name:   _____

Address: _____

Telephone: _____

Facsimile: _____

Date:   _____

5

**<u>Exhibit 8 to the Final Order</u>**

**Notice of Compliance**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

```
----------------------------------------------------------- x
                                                            :
In re                                                       :        Chapter 11
                                                            :
BROOKS BROTHERS GROUP, INC., et al.,                        :        Case No. 20– _____ (      )
                                                            :
                    Debtors.¹                               :        (Jointly Administered)
                                                            :
----------------------------------------------------------- x
```

## NOTICE OF COMPLIANCE

　　　　PLEASE TAKE NOTICE that, pursuant to that certain *Final Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in, Claims Against the Debtors, and Claiming a Worthless Stock Deduction*, dated [_____], 2020, ECF No. [__] (with all exhibits thereto, the "**Final Order**"), [Name of Filer] (the "**Filer**") hereby provides notice that Filer has complied in full with the terms and conditions set forth in the Final Order and as further set forth in the Sell-Down Notice² issued to Filer, such that (i) Filer does not and will not have beneficial ownership of an Excess Amount of Claims as of the Sell-Down Date and at all times through the effective date of the 382(*l*)(5) Plan and (ii) if Filer so agreed in its Notice of Substantial Claim Ownership, Filer does not and will not have beneficial ownership of any Owned Interests (and Options to acquire the same) unless acquired prior to the Petition Date.

　　　　PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of Filer is _____.

　　　　[IF APPLICABLE:]  The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).

---

¹ 　The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Brooks Brothers Group, Inc. (8883); Brooks Brothers Far East Limited (N/A); BBD Holding 1, LLC (N/A), BBD Holding 2, LLC (N/A), BBDI, LLC (N/A), Brooks Brothers International, LLC (N/A); Brooks Brothers Restaurant, LLC (3846); Deconic Group LLC (0969); Golden Fleece Manufacturing Group, LLC (5649); RBA Wholesale, LLC (0986); Retail Brand Alliance Gift Card Services, LLC (1916); Retail Brand Alliance of Puerto Rico, Inc. (2147); and 696 White Plains Road, LLC (7265).  The Debtors' corporate headquarters and service address is 346 Madison Avenue, New York, New York 10017.

² 　Capitalized terms used, but not defined, herein, and the term "beneficial ownership" (and derivatives thereof), shall have the meanings ascribed to them in **Exhibit 1** to the Final Order.

Respectfully submitted,

_____

[Name of Filer]


By:     _____

Name: _____


Address: _____

Telephone: _____

Facsimile: _____

Date:     _____

**Exhibit 9 to the Final Order**

**Notice of Final Order**

**ATTENTION DIRECT AND INDIRECT HOLDERS OF, AND PROSPECTIVE HOLDERS OF (I) STOCK ISSUED BY BROOKS BROTHERS GROUP, INC. AND (II) CERTAIN CLAIMS AGAINST BROOKS BROTHERS GROUP, INC.; BROOKS BROTHERS FAR EAST LIMITED; BBD HOLDING 1, LLC, BBD HOLDING 2, LLC, BBDI, LLC, BROOKS BROTHERS INTERNATIONAL, LLC; BROOKS BROTHERS RESTAURANT, LLC; DECONIC GROUP LLC; GOLDEN FLEECE MANUFACTURING GROUP, LLC; RBA WHOLESALE, LLC; RETAIL BRAND ALLIANCE GIFT CARD SERVICES, LLC; RETAIL BRAND ALLIANCE OF PUERTO RICO, INC.; AND 696 WHITE PLAINS ROAD, LLC.**

Upon the motion (the "**Motion**") of Brooks Brothers Group, Inc., together with Brooks Brothers Group, Inc.; Brooks Brothers Far East Limited; BBD Holding 1, LLC, BBD Holding 2, LLC, BBDI, LLC, Brooks Brothers International, LLC; Brooks Brothers Restaurant, LLC; Deconic Group LLC; Golden Fleece Manufacturing Group, LLC; RBA Wholesale, LLC; Retail Brand Alliance Gift Card Services, LLC; Retail Brand Alliance of Puerto Rico, Inc.; and 696 White Plains Road, LLC (the "**Debtors**"), on [_____, 2020], the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), having jurisdiction over the chapter 11 cases of the Debtors, captioned as *In re Brooks Brothers Group, Inc.*, No. ____ (__) (the "**Chapter 11 Cases**"), entered a final order establishing procedures (the "**Procedures**") with respect to transfers in the beneficial ownership (including directly and indirectly), and claiming a worthless stock deduction with respect to its beneficial ownership, of (i) common stock of the Debtors ("**Common Stock**") and options to acquire beneficial ownership of Common Stock and (ii) claims against the Debtors.

In certain circumstances, the Procedures restrict transactions involving, and require notices of the holdings of and proposed transactions by, any person, group of persons, or entity that either (i) is a Substantial Holder of the Common Stock or (ii) as a result of such a transaction, would become a Substantial Holder of the Common Stock, or (iii) claims by any Majority Holder of a worthless stock deduction under section 165 of the Internal Revenue Code with respect to the beneficial ownership of Common Stock (a "**Worthless Stock Deduction**"). For purposes of the Procedures, a "**Substantial Holder**" is any person or entity (within the meaning of applicable regulations promulgated by the U.S. Department of the Treasury, including certain persons making a coordinated acquisition of stock) that beneficially owns (including options to acquire and direct or indirect ownership) at least 79,874[1] shares of Common Stock (representing approximately 4.75% of all issued and outstanding shares of Common Stock as of the Petition Date), and a "**Majority Holder**" is any person that beneficially owns at least 798,742 shares of Common Stock (representing approximately 47.5% of all issued and outstanding shares of Common Stock as of the Petition Date) or any person that would be a "50-percent shareholder" (within the meaning of section 382(g)(4)(D) of the Internal Revenue Code) of Common Stock (as defined in the Procedures) if such person claimed a Worthless Stock Deduction with respect to such securities. *Any prohibited acquisition or other transfer of, or claim of a Worthless Stock Deduction with*

---

[1]     Per the Consolidated Statements of Operations for the fiscal years ended August 3, 2019 and August 4, 2018, there are 1,533,538 shares of Class A Common Stock issued and outstanding and 148,025 shares of Class B Redeemable Common Stock issued and outstanding (for a total of 1,681,563 million shares of common stock issued and outstanding).

*respect to, Common Stock (including options to acquire beneficial ownership of Common Stock) will be null and void ab initio and may lead to contempt, compensatory damages, punitive damages, or sanctions being imposed by the Bankruptcy Court.*

In addition, the Claims Procedures set forth certain circumstances under which any person, group of persons, or entity that has acquired or, as a result of a proposed transaction would acquire, beneficial ownership of a substantial amount of claims against the Debtors can be required (i) to file notice of their holdings of such claims and of such proposed transaction, which transaction may be restricted, and (ii) upon a subsequent order of the Bankruptcy Court, after notice and hearing, to sell, by a specified date following the confirmation of a chapter 11 plan of the Debtors, all or a portion of such claims. *Any acquisition or transfer of claims against the Debtors in violation of the Procedures will be null and void ab initio and any action in violation of the Procedures may lead to sanctions being imposed by the Bankruptcy Court.*

*The Procedures are available on the website of Prime Clerk, the Debtors' Court-approved claims agent, located at [http://cases.primeclerk.com/brooksbrothers](http://cases.primeclerk.com/brooksbrothers), and on the docket of the Chapter 11 Cases, Docket No. _____, which can be accessed via PACER at [https://www.pacer.gov](https://www.pacer.gov).*

The requirements set forth in the Procedures are in addition to the requirements of applicable securities, corporate, and other laws and do not excuse noncompliance therewith.

**A direct or indirect holder of, or prospective holder of, Common Stock that may be or become a Substantial Holder, or a direct or indirect holder of, or prospective holder of, a substantial amount of claims against the Debtors, should consult the Procedures.**

Dated:    Wilmington, Delaware                    **BY ORDER OF THE COURT**
          _____, 2020

2