**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **In re:** | **Chapter 11**<br>**Case No. 20-11785 (CSS)**<br>**(Jointly Administered)** |
| **BROOKS BROTHERS GROUP, INC.,**<br>*et al.,* | |
| | **Re:  D.I. 154, 204** |
| **Debtors.**[1] | **Hearing Date:  August 3, 2020 at 1:00 p.m. (ET)**<br>**Objection Deadline:  July 29, 2020 at 4:00 p.m. (ET)** |

**LIMITED OBJECTION OF LANDLORDS, ASHEVILLE RETAIL ASSOCIATES LLC
AND PALM BEACH OUTLETS I, LLC, TO MOTION OF DEBTORS FOR ENTRY OF
ORDERS (I) APPROVING (A) BIDDING PROCEDURES, (B) FORM AND MANNER
OF NOTICE OF SALE, AUCTION, AND SALE HEARING, AND (C) ASSUMPTION
AND ASSIGNMENT PROCEDURES, (II) SCHEDULING AUCTION AND SALE
HEARING, (III) APPROVING (A) SALE OF SUBSTANTIALLY ALL OF DEBTORS'
ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND
ENCUMBRANCES, AND (B) ASSUMPTION AND ASSIGNMENT OF EXECUTORY
CONTRACTS AND UNEXPIRED LEASES, AND (IV) GRANTING RELATED RELIEF
(Re: Bidding Procedures and Assumption/Assignment Procedures)**

NOW COME Asheville Retail Associates LLC (the "Asheville Landlord") and Palm

Beach Outlets I, LLC, successor-in-interest to Palm Beach Mall Holdings LLC (the "Palm Beach

Landlord"; together with the Asheville Landlord, the "Landlords"), and hereby file this limited

objection (the "Limited Objection") to the proposed bidding procedures and procedures related to

the assumption and assignment of certain of the above-captioned Debtors' executory contracts

and unexpired leases as set forth in the *Motion of Debtors for Entry of Orders (I) Approving*

*(A) Bidding Procedures, (B) Form and Manner of Notice of Sale, Auction, and Sale Hearing, and*

*(C) Assumption and Assignment Procedures, (II) Scheduling Auction and Sale Hearing,*

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Brooks Brothers Group, Inc. (8883); Brooks Brothers Far East Limited (N/A); BBD Holding 1, LLC (N/A); BBD Holding 2, LLC (N/A); BBDI, LLC (N/A); Brooks Brothers International, LLC (N/A); Brooks Brothers Restaurant, LLC (3846); Deconic Group LLC (0969); Golden Fleece Manufacturing Group, LLC (5649); RBA Wholesale, LLC (0986); Retail Brand Alliance Gift Card Services, LLC (1916); Retail Brand Alliance of Puerto Rico, Inc. (2147); and 696 White Plains Road, LLC (7265).  The Debtors' corporate headquarters and service address is 346 Madison Avenue, New York, New York 10017.

*(III) Approving (A) Sale of Substantially All of Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, and (B) Assumption and Assignment of Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [Dkt. No. 154] (the "Sale Procedures Motion").

In support of this Limited Objection, the Landlords respectfully state as follows:

## BACKGROUND

1.      On July 8, 2020 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to act as debtors in possession pursuant to Bankruptcy Code §§ 1107 and 1108.

2.      The Landlords each lease retail space to the Debtor, Brooks Brothers Group, Inc. (the "Tenant"), within a shopping center (together, the "Shopping Centers"). The Landlords and their respective Shopping Centers are as follows:

| Landlord | Shopping Center |
|---|---|
| Asheville Retail Associates LLC | Asheville Outlets<br>Asheville, NC |
| Palm Beach Outlets I, LLC, successor-in-interest to Palm Beach Mall Holdings LLC | Palm Beach Outlets<br>West Palm Beach, FL |

3.      The Shopping Centers are both "shopping centers" as that term is used in Bankruptcy Code § 365(b)(3). Consequently, the Landlords are entitled to the protections that Bankruptcy Code § 365(b)(3) grants to landlords of shopping centers.

2

4.      Prior to the Petition Date, the Landlords entered into separate lease agreements (together, the "Leases") with the Tenant with respect to the spaces leased by the Tenant at the Shopping Centers (together, the "Premises").[2]

5.      On July 15, 2020, the Debtors filed the Sale Procedures Motion. As set forth in the Sale Procedures Motion, the Debtors wish to sell substantially all of the Debtors' assets, including the Debtors' interests in various leases, to a stalking horse bidder, or to another bidder to be determined after an auction (the "Successful Bidder").

6.      In the Sale Procedures Motion, the Debtors are seeking approval of certain bidding procedures (the "Bidding Procedures")[3] and certain procedures governing the Debtors' assumption and assignment of executory contracts and unexpired leases to the Successful Bidder (the "Assumption/Assignment Procedures").

7.      On July 23, 2020, the Debtors filed a supplement to the Sale Procedures Motion [Dkt. No. 204] (the "Supplement"). In the Supplement, the Debtors designated SPARC Group LLC as the stalking horse bidder (the "Stalking Horse Bidder") to purchase substantially all of the Debtors' assets.

8.      In the Supplement, the Debtors also filed revisions to the Bidding Procedures. Among other changes, the revised Bidding Procedures incorporate a more compressed sale timeline than what the Debtors originally proposed.

9.      Accordingly, the Sale Procedures Motion and the Supplement directly affect the Landlords and their rights in the Leases and the Premises.

---

[2]     Copies of the Leases, including all amendments and related agreements, are available upon request.

[3]     The proposed Bidding Procedures are attached as "Exhibit 1" to the proposed Order approving Bidding Procedures submitted with the Sale Procedures Motion.

10.     A hearing on the proposed Bidding Procedures and Assumption/Assignment Procedures is scheduled for August 3, 2020 at 1:00 p.m., with objections to the proposed Bidding Procedures and Assumption/Assignment Procedures due by July 29, 2020 at 4:00 p.m.

11.     The Landlords object to the Bidding Procedures and Assumption/Assignment Procedures as set forth below.

### LANDLORDS' OBJECTIONS TO BIDDING PROCEDURES AND ASSUMPTION/ASSIGNMENT PROCEDURES

12.     The Bidding Procedures and Assumption/Assignment Procedures fail to provide a meaningful opportunity for the Landlords to object to assignment of their Leases following identification of the Successful Bidder.  In addition, it is unclear how and when landlords are to receive adequate assurance materials with respect to the Stalking Horse Bidder and with respect to any other bidder deemed a Qualified Bidder.[4]  The Landlords require a reasonable period to review and vet adequate assurance materials in order to make informed decisions regarding the future health and vibrancy of their respective Shopping Centers.

**A.     Objections Regarding Adequate Assurance of Future Performance.**

13.     Pursuant to Bankruptcy Code § 365(b)(3), adequate assurance of future performance of a lease of real property in a shopping center includes adequate assurance:

> (A) of the source of rent and other consideration due under such lease, and in the case of an assignment, that the financial condition and operating performance of the proposed assignee and its guarantors, if any, shall be similar to the financial condition and operating performance of the debtor and its guarantors, if any, as of the time the debtor became the lessee under the lease;
>
> (B) that any percentage rent due under such lease will not decline substantially;

---

[4]     Initially capitalized terms unless otherwise defined herein shall have the meanings ascribed to them in the Sale Procedures Motion.

4

(C) that assumption or assignment of such lease is subject to all the provisions thereof, including (but not limited to) provisions such as a radius, location, use, or exclusivity provision, and will not breach any such provision contained in any other lease, financing agreement, or master agreement relating to such shopping center; and

(D) that assumption or assignment of such lease will not disrupt any tenant mix or balance in such shopping center.

14. The proposed Bidding Procedures require bidders to provide adequate assurance of future performance information with their initial bids by the proposed bid deadline of August 5, 2020 at 10:00 a.m.

15. The Bidding Procedures, however, do not appear to contemplate dissemination of adequate assurance information submitted by Qualified Bidders to affected landlords prior to the Auction. Instead, the Debtors intend to provide affected landlords with adequate assurance information solely with respect to the Successful Bidder[5] *after* the conclusion of the Auction and the Debtors' filing of a notice of auction results (i.e., "[b]y August 9, 2020 at 4:00 p.m. (prevailing Eastern Time), or as soon as reasonably practicable after the conclusion of the Auction, if one is held"). See Proposed Order [Dkt. No. 204-4], ¶ 19.

16. The Debtors should be required to disseminate adequate assurance materials to affected landlords (a) for the Stalking Horse Bidder immediately without delay and (b) for all other Qualified Bidders immediately following the bid deadline.

17. The Landlords request that they be provided with current financial statements and other adequate assurance materials from any entity that may assume the Leases within a reasonable time prior to the deadline to object to assumption on the basis of adequate assurance

---

[5] In the Sale Procedures Motion, the Debtors contemplate naming a Back-Up Bidder to purchase the assets in the event that the sale to the Successful Bidder does not close. No provision is made, however, to disseminate adequate assurance materials to affected landlords with respect to any Back-Up Bidder.

5

and the subsequent sale hearing so that the Landlords may have a meaningful opportunity to object.

18.     In addition, the Leases contain specific use provisions. Any qualified assignee or purchaser must take the Leases subject to use requirements as well as all other limitations and restrictions. Any proposed assignment must also not disrupt the tenant mix and co-tenancy requirements of the Shopping Centers.

**B.     Objections Regarding Proposed Auction Timeframe.**

19.     As currently drafted, the Bidding Procedures and Assumption/Assignment Procedures contemplate: (a) a bid deadline of August 5, 2020 at 10:00 a.m.; (b) an Auction on August 7, 2020 at 10:00 a.m., if necessary, to determine the Successful Bidder; (c) a deadline of August 7, 2020 at 4:00 p.m. for parties to object to the proposed sale transaction with the Stalking Horse Bidder; (d) a deadline of August 9, 2020 at 4:00 p.m. (a Sunday), or as soon as is practicable after the Auction, for the Debtors to (i) file a notice of auction results and (ii) provide affected landlords with the Successful Bidder's adequate assurance information; (e) a deadline of August 10, 2020 at 11:59 p.m. for parties to file objections to (i) the identity of the Successful Bidder (other than the Stalking Horse Bidder), (ii) the conduct of the Auction, (iii) proposed cure amounts, and (iv) adequate assurance of future performance with respect to the Stalking Horse Bidder or the Successful Bidder; and (f) a sale hearing on August 11, 2020 at 2:00 p.m. to approve the proposed sale.

20.     The Debtors provide essentially no justification for such a compressed sale timeline other than to comply with the "Case Milestones" agreed to among the Debtors and their DIP lenders. As the sale will primarily benefit the Debtors' DIP lenders, the DIP lenders should not be permitted to dictate the relevant timeline to the detriment of other creditors.

6

21.    Furthermore, although the Debtors will aim to provide notice of the auction results by August 9, 2020, this proposed timeframe is unacceptable to affected landlords as landlords have almost no time to assess the potential assignee, particularly if the Successful Bidder is not the Stalking Horse Bidder.

22.    First, the initial deadline to object to the proposed assumption and assignment of leases expires 6 hours after the commencement of the Auction.  In addition, landlords will be unaware whether their leases will be assumed and assigned in connection with the proposed sale until the Debtors' file the notice of auction results and disseminate adequate assurance information after the conclusion of the Auction.  Thus, landlords are required to file protective objections to the potential assumption and assignment of leases by August 7, 2020 without certainty regarding whether their leases will be assumed and assigned and, if so, to which assignee.

23.    Further, depending on when auction results are released, landlords will not learn of the auction results until two days and just one business day before the day of the sale hearing. As a result, assuming a best-case scenario that auction results are released on Sunday, August 9, 2020, the Bidding Procedures provide less than one business day (just hours) for landlords to review auction results, assess and vet adequate assurance materials, and prepare additional objections, if necessary.

24.    The Landlords require at least five business days to review and evaluate sale and adequate assurance materials and to prepare an objection, if necessary, to the proposed sale.

25.    In sum, as drafted, the Bidding Procedures and the Assumption/Assignment Procedures are insufficient to protect the Landlords' rights.

7

## **RESERVATION OF RIGHTS**

26.     The Landlords reserve the right to amend this Limited Objection as appropriate, and to supplement this Limited Objection generally.

27.     In addition, the Landlords reserve the right to object to any proposed Order approving Bidding Procedures or to any other aspect of the Sale Procedures Motion, including, without limitation, to the Debtors' proposed assumption and assignment of the Leases and/or to the Debtors' proposed cure amounts related to the Leases.

28.     The Landlords hereby join in the objections filed by other landlords to the extent that the other landlords' objections supplement and are not otherwise inconsistent with this Limited Objection.

WHEREFORE, the Landlords respectfully request that this Court enter an Order:

a.   Sustaining the Limited Objection and granting relief consistent with the Limited Objection; and

b.   Granting the Landlords such other and further relief as is just.

Dated:  July 28, 2020
          Wilmington, DE

**SULLIVAN HAZELTINE ALLINSON LLC**

*/s/ E.E. Allinson*
Elihu E. Allinson, III (No. 3476)
919 North Market Street, Suite 420
Wilmington, DE  19801
Tel: (302) 428-8191
Fax: (302) 428-8195
Email: zallinson@sha-llc.com

– and –

8

Paul W. Carey, BBO #566865
Kate P. Foley, BBO #682548
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA  01608
Phone: 508.791.8500
Fax:    508.791.8502
Email:  pcarey@mirickoconnell.com
Email:  kfoley@mirickoconnell.com

***Attorneys for Asheville Retail Associates LLC
and Palm Beach Outlets I, LLC***

9