**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In Re:<br><br>Brooks Brothers Group, Inc., *et al.,*<br><br>Debtors. | Case No. 20-11785 (CSS)<br><br>Chapter 11 Proceedings<br><br>(Jointly Administered)<br><br>Hearing Date: Proposed August 2, 2020<br>Hearing Time: Proposed 1:00 p.m. (ET)<br><br>**[Relates to Docket Nos. 154, 204]** |

**MARICOPA COUNTY TREASURER'S OBJECTION TO MOTION FOR ENTRY OF ORDERS (I) APPROVING (A) BIDDING PROCEDURES, (B) FORM AND MANNER AND NOTICE OF SALE, AUCTION, AND SALE HEARING, AND (C) ASSUMPTION AND ASSIGNMENT PROCEDURES, (II) SCHEDULING AUCTION AND SALE HEARING (III) APPROVING (A) SALE OF SUBSTANTIALLY ALL OF DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES, AND (B) ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (IV) GRANTING RELATED RELIEF**

Maricopa County Treasurer ("MCT"), a secured tax lien creditor, by and through its undersigned counsel, hereby objects to the *Motion For Entry Of Orders (I) Approving (A) Bidding Procedures, (B) Form And Manner And Notice Of Sale, Auction, And Sale Hearing, And (C) Assumption And Assignment Procedures, (II) Scheduling Auction and Sale Hearing, (III) Approving (A) Sale Of Substantially All Of Debtors' Assets Free And Clear Of Liens, Claims, Interests, And Encumbrances, And (B) Assumption And Assignment Of Executory Contracts And Unexpired Leases, And (IV) Granting Related Relief* (DE 154) (the "Sale Motion"). MCT objects to the Sale Motion and any Asset Purchase Agreement to the extent that the 2020 personal property taxes are not being paid in full first from the sale proceeds upon closing of any sale/transfer of the property, and to the extent that the tax liens are not being retained on the property until the tax and

any interest is paid in full.

## MCT's Claims

On July 27, 2020, MCT filed its Proof of Claim (the "MCT Claim") in the amount of $4,755.86 representing estimated 2020 property taxes on Debtors' personal property located in Maricopa County, Arizona. Interest accrues, or will accrue, at the statutory rate of 16% per year simple, if not timely paid, until paid in full. *See* 11 U.S.C. § 511 and Arizona Revised Statutes ('A.R.S.") § 42-18053. The 2020 personal property taxes are liens upon the property. In addition, the 2020 taxes are a personal liability of the Debtors and are also a personal liability of the Debtors, and the Debtors' successors and assigns. A.R.S. §§ 42-17153(B) and 42-19117(A).

## Objections to the Sale Motion and Asset Purchase Agreement

MCT objects to the Sale Motion to the extent that it seeks to sell, transfer or remove any of the personal property located in Maricopa County without (i) payment of the 2020 taxes, and any accrued interest, first from the sale proceeds through escrow immediately upon closing of the sale, and (ii) retention of the 2020 tax liens until the 2020 taxes are paid in full. MCT contends that the Debtors cannot sell/transfer the personal property subject to 11 U.S.C. § 363(f) unless the 2020 taxes are paid in full from the sale proceeds from escrow immediately upon closing of the sale.

### 1. Applicable Nonbankruptcy Law Does Not Permit the Sale Free and Clear

MCT contends that 11 U.S.C. § 363(f)(1) does not apply to the taxes owed to Maricopa County. Applicable nonbankruptcy law does not permit the sale of such property free and clear of the tax debt. "The tax that is levied against personal property is a lien against the property and is prior and superior to any other liens of every kind and

description regardless of when another lien attached." A.R.S. § 42-19106.[1] Further, Arizona law provides that "If the tax has not been paid on property sold at judicial sale, or sold by an executor, administrator, guardian or trustee, the person making the sale shall pay the taxes, penalties and costs from the proceeds of the sale." A.R.S. § 42-18059. Finally, Arizona law provides that "It is unlawful for the owner, a lienholder, a conditional vendor or any other person to knowingly sell or transfer personal property or remove it from its location until the taxes on the property are paid." A.R.S. § 42-19107. A person who violates this section is guilty of a Class 1 Misdemeanor. A.R.S. § 42-19107(B). Therefore, applicable nonbankruptcy law clearly does not permit the sale of the personal property free and clear of the personal property tax lien/debt.

2. **MCT Does Not Consent to the Sale**

Section 363(f)(2) does not apply because Maricopa County does not consent to the sale unless the 2020 taxes are paid in full from the sale proceeds immediately upon closing of the sale/transfer of the personal property.

3. **MCT's Interest is Not Only a Lien Against the Property**

Section 363(f)(3) does not apply as the 2020 personal property taxes are not only a lien on the personal property, but also a personal liability of the property owner. "A tax that is levied against personal property of a person who owns real property of a value of less than two hundred dollars in the county is a personal liability of the property owner, in addition to being a lien against the property." A.R.S. § 42-17153(B). Further, "The tax on personal property is a debt against the owner to whom the property is assessed and against the owner's successors and assigns." A.R.S. § 42-19117(A).

---

[1] See also A.R.S. § 42-17153.

**The MCT Interest is Not in Bona Fide Dispute**

Section 363(f)(4) does not apply as the 2020 personal property tax is not in bona fide dispute. The value of the personal property was based on the 2020 business personal property statements filed by the Debtor with the Maricopa County Assessor. The Debtors also filed a motion for authorization to pay certain prepetition taxes, which includes the taxes owed to Maricopa County. (DE 8). The interim order on the motion to pay certain prepetition taxes was entered on July 10, 2020 (DE 113). Based on the foregoing, MCT does not believe the 2020 taxes are in bona fide dispute.

### 4. MCT Cannot Be Compelled to Accept a Money Satisfaction of Its Interest

Section 363(f)(5) does not apply because the personal property tax is not only a lien on the property, but also a personal liability of the owners, owner's successors and assigns. Under nonbankruptcy law, in the event that the Treasurer or Sheriff is unable to find sufficient personal property to pay the tax and costs assessed to the owner, "and the owner or the owner's successors or assigns refuses or fails to pay the tax or to surrender property sufficient for that purpose, the county treasurer shall bring an action in court…against the owner and the owner's successors and assigns, or any of them, for collection of the tax and costs." A.R.S. § 42-19117(C).

Even though a tax lien on the property may be subordinated to certain administrative claims and/or other secured creditors pursuant to 11 U.S.C. § 724(b), any unpaid tax debt is not discharged and remains a personal liability of the Debtor, the Debtor's successors, and the Debtor's assigns.  Section 724(b) only affects MCT's personal property tax lien, it does not affect MCT's right to pursue collection of non-discharged tax debt. Any unpaid balance of the tax debt would not be discharged per 11 U.S.C. § 727(a)(1), which states "The court shall grant the debtor a discharge, unless the

4

debtor is not an individual." In addition, case law holds that "regardless of whether there is an *in rem* lien because the Debtor currently owns no property, there is nonetheless an *in personam* tax claim against this corporate Debtor. Because this Debtor is a corporation, the debt will not be discharged." *In re Virginia Mansion Apartments, Inc.,* 102 B.R. 444, 446 (Bankr.W.D. Penn., 1989). Also, the court in *In re Flintkote* noted, "As a corporation, Flintkote would not receive a discharge in a Chapter 7." *In re Flintkote,* 486 B.R. 99 (Bankr.D.Del., 2012).

In this case, MCT contends that the 2020 tax debt would not be discharged in a Chapter 7 case and MCT would be permited by Arizona law to pursue collection of the taxes from the owner, the owner's successors, and assigns if the taxes are not paid upon sale and regardless of whether the lien on the property remained. For the foregoing reasons, MCT contends that it cannot be compelled to accept less than a full money satisfaction of the tax lien/debt and 363(f)(5) does not apply unless the 2020 taxes are paid in full.

In the event the leases for the stores in Maricopa County are rejected and personal property is abandoned, any tax liens of MCT would remain attached to the abandoned property. Upon abandonment, MCT would be allowed by state law to pursue collection of the full amount of taxes from the abandoned property itself or from any other non-debtor party that may be liable for payment of the taxes, including the landlords.

WHEREFORE, MCT objects to the Sale Motion and the sale/transfer of the property and respectfully asks the Court to either deny the sale or to require any Sale Order to provide (i) that the 2020 taxes owed to MCT shall be paid in full, including any accrued and accruing statutory interest, prior to payment of any other creditors, from the sale proceeds through escrow immediately upon closing of any sale or transfer of the

property, and (ii) that the tax liens shall be retained on the property until the tax and any interest is paid in full.

DATED: July 28, 2020.

ALLISTER ADEL
MARICOPA COUNTY ATTORNEY

/s/ Peter Muthig_____
PETER MUTHIG (AZ State Bar #018526)
Deputy County Attorney
CIVIL SERVICES DIVISION
225 W. Madison Street
Phoenix, Arizona  85003
Telephone (602) 506-1923
Fax: (602) 506-4317
*Attorney for Maricopa County Treasurer*

## **CERTIFICATE OF SERVICE**

I, Peter Muthig, hereby certify that, on July 28, 2020, I caused a copy of the foregoing Maricopa County Treasurer's Objection to Motion For Entry Of Orders (I) Approving (A) Bidding Procedures, (B) Form And Manner And Notice Of Sale, Auction, And Sale Hearing, And (C) Assumption And Assignment Procedures, (II) Scheduling Auction and Sale Hearing, (III) Approving (A) Sale Of Substantially All Of Debtors' Assets Free And Clear Of Liens, Claims, Interests, And Encumbrances, And (B) Assumption And Assignment Of Executory Contracts And Unexpired Leases, And (IV) Granting Related Relief to be served electronically upon all counsel of record via CM/ECF.  In addition, on July 28, 2020, copies of the foregoing Objection were served upon the following parties in the manner indicated.

| | |
|---|---|
| 1 | COPY of the foregoing e-mailed, |
| 2 | this 28th day of July, 2020, to: |
| 3 | Richard L. Schepacarter<br>Office of the United States Trustee<br>U. S. Department of Justice |
| 4 | 844 King Street, Suite 2207<br>Lockbox #35 |
| 5 | Wilmington, DE 19801<br>Email: richard.schepacarter@usdoj.gov |
| 6 | Mark D. Collins<br>Zachary I Shapiro |
| 7 | Sarah Silveira<br>Brett Michael Haywood |
| 8 | Christopher Michael De Lillo<br>Richards, Layton & Finger, P.A. |
| 9 | One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801 |
| 10 | Email: collins@RLF.com<br>Email: shapiro@rlf.com |
| 11 | Email: silveira@rlf.com<br>Email: haywood@rlf.com<br>Email: delillo@rlf.com |
| 12 | *Attorneys for Debtors* |
| 13 | David J. Cohen<br>Garrett Fail |
| 14 | Weil Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153 |
| 15 | Email: davidj.cohen@weil.com<br>Email: garrett.fail@weil.com |
| 16 | *Attorneys for Debtors* |
| 17 | /s/ Peter Muthig<br>Peter Muthig (AZ Bar No. 018526) |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |