UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

------------------------------------------------------------ x
                                               :
In re                                          :        Chapter 11
                                               :
BROOKS BROTHERS GROUP, INC., *et al.*,      :        Case No. 20–11785 (CSS)
                                               :
                                      Debtors.[1]      :        (Jointly Administered)
                                               :
------------------------------------------------------------ x        Re: D.I. 604

**THIRD ORDER (I) AUTHORIZING DEBTORS
TO (A) REJECT CERTAIN UNEXPIRED LEASES OF
NONRESIDENTIAL REAL PROPERTY AND (B) ABANDON PROPERTY
IN CONNECTION THEREWITH AND (II) GRANTING RELATED RELIEF**

           Pursuant to and in accordance with the *Order (I) Approving Procedures for Rejecting Unexpired Leases of Nonresidential Real Property and (II) Granting Related Relief* [Docket No. 337] (the "**Rejection Procedures Order**")[2] and the *Order Extending to Brooks Brothers Canada Ltd. Certain Relief Granted to the Original Debtors* [Docket No. 602] entered in the above-captioned chapter 11 cases of Brooks Brothers Group, Inc. and its debtor affiliates (collectively, the "**Debtors**"); and the Debtors having properly filed with this Court and served on the Rejection Notice Parties a notice (the "**Rejection Notice**") of their intent to reject certain unexpired leases identified on **Annex 1** hereto ("**Leases**") in accordance with the terms of the Rejection Procedures Order, and such notice having been adequate and appropriate under the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Brooks Brothers Group, Inc. (8883); Brooks Brothers Far East Limited (N/A); BBD Holding 1, LLC (N/A), BBD Holding 2, LLC (N/A), BBDI, LLC (N/A), Brooks Brothers International, LLC (N/A); Brooks Brothers Restaurant, LLC (3846); Deconic Group LLC (0969); Golden Fleece Manufacturing Group, LLC (5649); RBA Wholesale, LLC (0986); Retail Brand Alliance Gift Card Services, LLC (1916); and Retail Brand Alliance of Puerto Rico, Inc. (2147); 696 White Plains Road, LLC (7265); and Brooks Brothers Canada Ltd. (4709). The Debtors' corporate headquarters and service address is 100 Phoenix Avenue, Enfield, CT 06082.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Rejection Procedures Order.

circumstances; and it appearing that no other or further notice need be provided; and no timely objections having been filed to the Rejection Notices; and the Court having found and determined that the relief requested is in the best interests of the Debtors, their estates, their creditors, and all parties in interest, and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Leases are hereby rejected as set forth herein, effective as of (i) the later of (a) the date of service of the Rejection Notice, and (b) the date of the Debtors' unequivocal surrender of the leased premises via the delivery of the keys, key codes, and alarm codes to the premises, as applicable, to the applicable lease counterparty, or, if not delivering such keys and codes, providing notice that the landlord may re-let the premises or (ii) the date otherwise agreed by the Debtors and the applicable lease counterparty (the "**Rejection Date**"); *provided* that the Rejection Date shall be no later than 30 days after the date of service of the Rejection Notice unless otherwise agreed by the Debtors and the applicable lease counterparty.

2. Notwithstanding the effective Rejection Date, the Debtors will pay 30 days of rent for the customary Canadian 30-day notice period following the date of service of the Rejection Notice.

3. Any and all property, including De Minimis Assets, remaining at the leased premises as of the applicable Rejection Date shall be deemed abandoned upon the Rejection Date without further notice or order of the Court, free and clear of all liens, claims, interests, or other encumbrances. Any landlord or other designee shall be free to use or dispose of any such items without notice or liability to any Debtor or non-Debtor third party and without further notice or order of the Court and, to the extent applicable, the stay is modified or lifted, as applicable, to allow such disposition; provided that notwithstanding anything to the contrary in this Order, the

Debtors are not authorized hereunder to abandon, and are directed to remove, any hazardous (as such term is defined in federal, state, or local law, rule, regulation, or ordinance) materials at any premises subject to a nonresidential real property lease or sublease. The right of any landlord, if any, to file a claim for the costs of disposal of such property is fully reserved, as is the right of all parties in interest to object to such claim.

4. Nothing contained in this Order is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors; or (iii) a waiver of any claims or causes of action that may exist against any creditor or interest holder.

5. Nothing in this Order authorizes the Debtors to abandon personal identifying information (which means information which alone or in conjunction with other information identifies an individual, including but not limited to an individual's first name (or initial) and last name, physical address, electronic address, telephone number, social security number, date of birth, government-issued identification number, account number and credit or debit card number (the "**PII**") of any employee or any customer.  Nothing in this Order relieves the Debtors' of their obligation to comply with state, provincial or federal privacy and/or identity theft prevention laws and rules with respect to PII.  Prior to abandonment of any personal property, the Debtors shall remove or cause to be removed any confidential and/or PII in any of the Debtors' hardware, software, computers, cash registers, or similar equipment which are to be abandoned or otherwise disposed of so as to render the PII unreadable or undecipherable.

6. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

7. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

8. Any proofs of claim for rejection damagers or other related claims, if any, asserted by counterparties to the Leases shall be filed on or before the later of (i) the applicable claims bar date established by the Court in these chapter 11 cases, if any, and (ii) thirty (30) days after entry of this Order.

9. Notwithstanding the applicability of any Bankruptcy Rule or Local Rule, this Order shall be immediately effective upon the entry hereof.

10. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: October 8th, 2020
Wilmington, Delaware

**CHRISTOPHER S. SONTCHI**
**UNITED STATES BANKRUPTCY JUDGE**