## Exhibit D

**PBGC Settlement Term Sheet**

WEIL:\97770257\1\30950.0071

## Brooks Brothers -- PBGC Settlement Term Sheet

1. Parties.

    a. BBGI US, Inc. (f/k/a Brooks Brothers Group, Inc.) (the "**Company**") and its affiliated chapter 11 debtors (collectively, the "**Debtors**").

    b. Pension Benefit Guaranty Corporation ("**PBGC**").

2. Termination of Pension Plans. The Company and PBGC agree to a consensual termination of the Brooks Brothers Pension Plan and the Retail Brand Alliance, Inc. Pension Plan (collectively, the "**Pension Plans**"), effective as of August 21, 2020 (the "**Plan Termination Date**").

3. Agreed PBGC Claim. Under the terms of the Debtors' chapter 11 plan (the "**Chapter 11 Plan**"), PBGC's claims against the Debtors (collectively, the "**PBGC Claim**"), will be allowed against the Debtors in the amount of $62,000,000. For all purposes under the terms of this settlement and the Chapter 11 Plan, the PBGC Claim shall be treated solely as a prepetition general unsecured claim.

4. PBGC Claims Class Recovery. The Chapter 11 Plan will separately classify the PBGC Claim, which shall be an impaired class and entitled to vote whether to accept the Chapter 11 Plan consistent with the terms hereof. To account for the impact of substantive consolidation to the PBGC, the PBGC Claim shall be entitled to a *pro rata* recovery percentage that is equal to 2.25x the *pro rata* recovery percentage that holders of allowed general unsecured claims are entitled to (*i.e.* for every 1.0% distribution available to all holders of allowed general unsecured claims (including the PBGC), a 2.25% distribution shall be made to the PBGC on account of the PBGC Claim), and that the remainder shall be distributed to all other holders of allowed general unsecured claims (i.e., excluding the PBGC). For the avoidance of doubt, the 2.25x multiplier shall apply to PBGC's recovery on account of its Liquidation Trust Beneficial Interest and Litigation Trust Beneficial Interest (as defined in the Chapter 11 Plan).

5. PBGC Support for Chapter 11 Plan. PBGC agrees to use commercially reasonable efforts to support, and not to object to approval of the Debtors' disclosure statement, confirmation of the Debtors' Chapter 11 Plan, and agrees to vote in favor of the Debtors' Chapter 11 Plan and not opt-out of the third-party releases provided thereunder, provided that the terms of the Chapter 11 Plan incorporate the terms of this term sheet and the terms of the Confirmation Order incorporates the PBGC Release Carve-Out.

6. Substantive Consolidation. The Chapter 11 Plan treats the Debtors' estates as substantively consolidated. As a result, the PBGC Claim shall be treated as against a single consolidated estate without regard to the separate legal existence of the Debtors and the PBGC Claim shall be deemed filed as a single claim against, and a single obligation of, the Debtors. For the avoidance of doubt, the PBGC Claim shall be the only claim on which PBGC shall be entitled to any distribution in connection with the Debtors or the Chapter 11 Plan.

7. <u>Release of PBGC Claims</u>. PBGC shall grant a full release of all claims and causes of action against all the Debtors and the Released Parties (as defined in the Chapter 11 Plan), other than the allowed PBGC Claim; provided that the Confirmation Order shall provide that PBGC does not release (i) non-debtor Company controlled group members as of the Plan Termination Date, and (ii) any fiduciary breach or prohibited transaction claims (the "**PBGC Release Carve-Out**").

8. <u>Agreement to Promptly Document</u>. The parties agree to take all reasonable actions to promptly document the terms of this action in the Chapter 11 Plan and Confirmation Order. Concurrently with signing this term sheet, the Company and PBGC shall execute Trusteeship Agreements with respect to the termination of each of the Pension Plans in connection with the foregoing.

9. <u>Preservation of Plan Records</u>. The Chapter 11 Plan will provide for (i) the Debtors to transfer the documents and records necessary for the administration of the Pension Plans to the Liquidation Trustee (as defined in the Chapter 11 Plan) if the PBGC is not yet the Pension Plans' trustee or if PBGC has not yet completed the transition of the Pension Plans to PBGC, and (ii) for the Liquidation Trustee to store and preserve such records for twelve (12) months after the Effective Date of the Chapter 11 Plan, and (iii) the Liquidation Trustee to, upon reasonable notice, make such documents available to PBGC for inspection and copying.

10. <u>Transfer of PBGC Claim</u>. The PBGC shall not sell, transfer, loan, issue, pledge, hypothecate, assign or otherwise dispose of, in whole or in part, the PBGC Claim unless the transferee thereof, prior to such transfer, agrees to be bound by all of the terms of this agreement.

11. <u>Counterparts</u>. This Term Sheet may be executed in any number of counterparts (including by facsimile or by attachment to electronic mail in portable document format (PDF)), each such counterpart being deemed to be an original instrument, and all such counterparts shall together constitute the same agreement.

The parties agree to the foregoing terms as of the date the last signatory signs below.

**BBGI US, INC.**

By: _Adrian Frankum_ (DocuSigned by: 4BAE883B8612422)

Dated: 1/22/2021


**PENSION BENEFIT GUARANTY CORPORATION**


By: _____

Dated: _____

3

The parties agree to the foregoing terms as of the date the last signatory signs below.

**BBGI US, INC.**

By: _____

Dated: _____

**PENSION BENEFIT GUARANTY CORPORATION**

By: *Karen L. Morris*

Dated: 1/22/21

3