# EXHIBIT B

**Liquidation Trust Agreement**

## LIQUIDATION TRUST AGREEMENT

This Liquidation Trust Agreement (as it may be amended, modified, supplemented or restated from time to time, this "**Agreement**") dated as of [•], 2021, is made and entered into by and among BBGI US, Inc. (f/k/a Brooks Brothers Group, Inc.); Brooks Brothers Far East Limited; BBD Holding 1, LLC; BBD Holding 2, LLC; BBDI, LLC; BBGI International, LLC (f/k/a Brooks Brothers International, LLC); BBGI Restaurant, LLC (f/k/a Brooks Brothers Restaurant, LLC); Deconic Group LLC; Golden Fleece Manufacturing Group, LLC; RBA Wholesale, LLC; Retail Brand Alliance Gift Card Services, LLC; Retail Brand Alliance of Puerto Rico, Inc.; 696 White Plains Road, LLC; and BBGI Canada Ltd. (f/k/a Brooks Brothers Canada Ltd.) ("**BB Canada**") (each a "**Debtor**" and collectively, the "**Debtors**"), Delaware Trust Company, solely in its capacity as Delaware resident trustee pursuant to section 11 hereof, and the Liquidation Trustee (as defined below) for the purpose of forming a trust and is executed in connection with and pursuant to the terms of the *Amended Joint Plan of Liquidation for BBGI US, Inc. and its Affiliated Debtors* [Docket No. 918] (as it may be further amended, modified, supplemented or restated from time to time, the "**Plan**"), which Plan provides for, among other things, the establishment of the liquidation trust evidenced hereby (the "**Liquidation Trust**").[1]

### W I T N E S S E T H

WHEREAS, the Chapter 11 Cases were commenced by the Debtors filing voluntary chapter 11 petitions in the Bankruptcy Court on July 8, 2020 and September 10, 2020;

WHEREAS, the Bankruptcy Court confirmed the Plan by order dated [•], 2021;

WHEREAS, this Agreement is entered into to effectuate the establishment of the Liquidation Trust as provided in the Plan and the Confirmation Order;

WHEREAS, pursuant to the Plan, the Liquidation Trust is established for the benefit of the holders of Allowed Class 3 PBGC Claims and Allowed Class 4 General Unsecured Claims (each such holder a "**Liquidation Trust Beneficiary**" and together, the "**Liquidation Trust Beneficiaries**");

WHEREAS, the Liquidation Trust is established (i) for the purpose of collecting, administering, distributing and liquidating the Liquidation Trust Assets for the benefit of the Liquidation Trust Beneficiaries in accordance with the terms of this Agreement, the Plan, and the Confirmation Order, (ii) to pay certain Allowed Claims, and (iii) to make Distributions of the Liquidation Trust Assets to the Liquidation Trust Beneficiaries, in each case to the extent provided in the Plan;

WHEREAS, the Liquidation Trust shall have no objective or authority to continue or to engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the purpose of the Liquidation Trust as set forth in this Agreement and the Plan;

---

[1] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

WHEREAS, the Liquidation Trust Beneficiaries are entitled to their applicable Liquidation Trust Interests (defined below);

WHEREAS, the Liquidation Trust is intended to qualify as a "liquidating trust" within the meaning of United States Treasury Regulation (hereinafter "**Treasury Regulation**") Section 301.7701-4(d) and, as such, as a "grantor trust" for U.S. federal income tax purposes with the Liquidation Trust Beneficiaries treated as the grantors and owners of the Liquidation Trust (subject to the elective treatment of one or more Disputed Claims Reserves as "disputed ownership funds" described in Treasury Regulation Section 1.468B-9);

WHEREAS, the Liquidation Trust is intended to be exempt from the requirements of the Investment Company Act of 1940;

WHEREAS, in addition to jurisdiction as provided herein as required by the Act, the Bankruptcy Court shall have jurisdiction over the Liquidation Trust, the Liquidation Trustee, and the Liquidation Trust Assets as provided herein and in the Plan.

NOW, THEREFORE, in consideration of the promises and the mutual covenants contained herein and in the Plan, the Debtors and the Liquidation Trustee agree as follows:

## SECTION 1.     DEFINITIONS AND INTERPRETATION.

A.     **Definitions**.

All capitalized terms used in this Agreement not otherwise defined herein shall have the respective meanings ascribed to such terms in the Plan. The following capitalized terms have the meanings herein as described below:

1.1.   *Act* shall have the meaning set forth in Section 2.1(a) below

1.2.   *Agreement* shall have the meaning set forth in the introductory paragraph to this Agreement.

1.3.   *Debtor(s)* shall have the meaning set forth in the introductory paragraph to this Agreement.

1.4.   *Delaware Trustee* shall have the meaning set forth in Section 11.1(a) below.

1.5.   *Effectiveness* shall have the meaning set forth in Section 2.5 below.

1.6.   *Indemnified Party* shall the meaning set forth in Section 6.3 below.

1.7.   *Insurance Coverages* shall have the meaning set forth in Section 12.3 below.

1.8.   *Liquidation Trust* shall have the meaning set forth in the introductory paragraph to this Agreement.

1.9.   *Liquidation Trust Beneficiary* shall have the meaning set forth above herein.

2

1.10.    ***Liquidation Trust Interest*** shall mean the non-certificated beneficial interests in the Liquidation Trust, which shall be granted Pro Rata to the holder of the Allowed PBGC Claims and the holders of Allowed General Unsecured Claims pursuant to the terms of the Plan, and which shall entitle each such holders to a share of each Distribution of the Liquidation Trust Assets, in accordance with, and all as more fully set forth in the Plan.

1.11.    ***Liquidation Trustee*** shall mean (i) initially, Adrian Frankum in his capacity as Senior Managing Director of Ankura Consulting Group, LLC who is to serve as trustee of this Liquidation Trust, and (ii) any successors or replacements duly appointed under the terms of this Agreement.

1.12.    ***Plan*** shall have the meaning set forth in the introductory paragraph to this Agreement.

1.13.    ***Specified Notice Parties*** shall have the meaning set forth in Section 7.4 below.

1.14.    ***Transfer*** shall mean, with respect to a Liquidation Trust Interest, any transfer, sale, pledge, assignment, conveyance, gift, bequest, inheritance, grant, distribution, hypothecation or other disposition of or creation or a security interest in such Liquidation Trust Interest, whether voluntarily or by operation of law.  "Transferor," "Transferee," and "Transferred" shall have correlative meanings.

B.        **Plan Terms Control**.

In the case of any inconsistency between the terms of this Agreement and the terms of the Plan or the Confirmation Order, such terms of the Plan or the Confirmation Order are incorporated herein by reference and shall govern and control.  This Agreement shall not be construed to impair or limit in any way the rights of any Person under the Plan or the Confirmation Order

C.        **Interpretation**.

In this Agreement, except to the extent the context otherwise requires, (i) reference to any Section, subsection, clause, Schedule, Exhibit, preamble or recital, is to that such Section, Article, subsection, clause, Schedule, Exhibit, preamble or recital under this Agreement, (ii) the words "hereof," "herein," and similar terms shall refer to this Agreement and not to any particular section or article of this Agreement, (iii) references to any document or agreement, including this Agreement, shall be deemed to include references to such document or agreement as amended, supplemented, replaced or restated from time to time in accordance with its terms and subject to compliance with any requirements set forth therein, (iv) references to any law, statute, rule, regulation or form (including in the definition thereof) shall be deemed to include references to such statute, rule, regulation or form as amended, modified, supplemented or replaced from time to time (and, in the case of any statute, include any rules and regulations promulgated under such statute), and all references to any section of any statute, rule, regulation or form include any successor to such section, (v) references to any party hereto shall include its successors and permitted assigns, (vi) wherever the word "include," "includes" or "including" is used herein, it shall be deemed to be followed by the words "without limitation," and any list of examples following such term shall in no way restrict or limit the generality of the word or provision with

3

respect to which such examples are provided, (vii) the words "shall" and "will" are used interchangeably throughout this Agreement, and the use of either connotes a mandatory requirement, (viii) the word "or" is not meant to be exclusive, and shall be interpreted as "and/or", (ix) references to "day" or "days" are references to calendar days, (x) the terms "Dollars" and "$" mean United States Dollars, (xi) whenever the context requires, terms shall include the plural as well as the singular number, the masculine gender shall include the feminine, and the feminine gender shall include the masculine and (xii) references to any time periods herein that are initiated by the receipt of a notice shall be deemed not to include the date such notice is received in the calculation of such time period.

**SECTION 2.    ESTABLISHMENT, PURPOSE AND FUNDING OF LIQUIDATION TRUST**

    2.1    *Creation and Name; Formation; Office.*

    (a)    Upon the Effectiveness of this Agreement, the Liquidation Trust, which is referred to in the Plan (in Section 1 thereof in the definition of "Liquidation Trust" and in certain other sections thereof), is hereby created.  It is the intention of the parties hereto that the trust created hereby constitutes a statutory trust under Chapter 38 of Title 12 of the Delaware Code, 12 Del. C. § 3801 et seq. (the "**Act**") and that this Agreement constitutes the governing instrument of the Trust.  The trust created hereby shall be known as "BBGI Liquidation Trust" in which name the Liquidation Trustee may conduct the affairs of the Liquidation Trust, make and execute contracts, and sue and be sued. The Delaware Trustee and the Liquidation Trustee are hereby authorized and directed to execute and file a certificate of trust pursuant to the Act.

    (b)    The principal office of the Liquidation Trust, and such additional offices as the Liquidation Trustee may determine to establish, shall be located at such place or places inside or outside the State of Delaware as the Liquidation Trustee may designate from time to time.

    2.2    *Purpose of Liquidation Trust.*

    The Debtors and the Liquidation Trustee, pursuant to the Plan and the Confirmation Order and in accordance with the Bankruptcy Code, hereby establish the Liquidation Trust for the purpose of collecting, administering, liquidating and distributing the assets transferred to it, in accordance with Treasury Regulation section 301.7701-4(d), with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Liquidation Trust.  Accordingly, the Liquidation Trustee shall, in an expeditious but orderly manner, liquidate and convert to Cash the Liquidation Trust Assets, make timely distributions to the Liquidation Trust Beneficiaries, and not unduly prolong its duration.  Except as otherwise provided in the Plan, the Debtors shall have no liability with respect to the distribution or payment of any proceeds of the Liquidation Trust Assets to any of the Liquidation Trust Beneficiaries or other holders of Allowed Claims.  The activities of the Liquidation Trust shall be limited to those activities set forth in this Agreement and as otherwise contemplated by the Plan.

2.3     *Transfer of Liquidation Trust Assets*.

(a)     On or prior to the date of Effectiveness, the Debtors shall have transferred the Liquidation Trust Assets to the Liquidation Trustee.  Each Debtor hereby grants, releases, assigns, conveys, transfers and delivers, on behalf of the Liquidation Trust Beneficiaries, all of the Liquidation Trust Assets owned, held, possessed or controlled by such Debtor to the Liquidation Trustee as of this Agreement's Effectiveness, in trust for the benefit of the Liquidation Trust Beneficiaries for the uses and purposes as specified in this Agreement and the Plan.  Except as otherwise provided in the Plan, none of the Debtors shall have any further obligations with respect to Allowed Claims or the distribution or payment of any proceeds of the Liquidation Trust Assets to any of the Liquidation Trust Beneficiaries upon the transfer of the Liquidation Trust Assets to the Liquidation Trustee in accordance with the Plan; *provided*, that the Debtors shall, from time to time until their dissolution pursuant to the terms of the Plan, execute and deliver or cause to be executed and delivered all such documents (in recordable form where necessary or appropriate) and the Debtors shall take or cause to be taken such further action, in each case as the Liquidation Trustee may reasonably deem necessary or appropriate, to vest or perfect in or confirm to the Liquidation Trustee title to and possession of the Liquidation Trust Assets.  None of the foregoing transfers to the Liquidation Trust or the Liquidation Trustee shall constitute a merger or consolidation of any of the Causes of Action that constitute Liquidation Trust Assets, each of which shall retain its separateness following the transfer for all purposes relevant to the prosecution thereof.

(b)     To the extent that any Liquidation Trust Assets cannot be transferred to the Liquidation Trust, including because of a restriction on transferability under applicable non-bankruptcy law that is not superseded or preempted by Section 1123 of the Bankruptcy Code or any other provision of the Bankruptcy Code, such Liquidation Trust Assets shall be deemed to have been retained by the Debtors or their successor and the Liquidation Trustee shall be deemed to have been designated as a representative of the Debtors or their successor pursuant to Section 1123(b)(3)(B) of the Bankruptcy Code to enforce and pursue such Liquidation Trust Assets on the behalf of the Debtors or their successor.  Notwithstanding the foregoing, all proceeds of such Liquidation Trust Assets (net of all reasonable and documented costs and expenses (including the reasonable and documented fees and expenses of professionals)), if received by the Debtors, shall be transferred to the Liquidation Trust or the Liquidation Trustee on behalf its behalf to be distributed in accordance with this Agreement and the terms of the Plan.

(c)     In no event shall any part of the Liquidation Trust Assets revert to or be distributed to any Debtor.

2.4     *Privileges*.

(a)     All attorney-client privileges, work product protections, joint client privilege, common interest or joint defense privilege or protection and all other privileges, immunities or protections from disclosure (the "Privileges") held by any of (1) any one or more of the Debtors or (2)  any pre-petition or post-petition committee or subcommittee of the board of directors or equivalent governing body of any of the Debtors and their predecessors (together the "Privilege Transfer Parties") related in any way to the Liquidation Trust Assets, the analysis or prosecution of any claims or the purpose of the Liquidation Trust (the "Transferred

5

Privileged Information") are hereby transferred and assigned to, and vested in, the Liquidation Trust and its authorized representatives. The Transferred Privileged Information shall include documents and information of all manner, whether oral, written or digital, and whether or not previously disclosed or discussed. For the avoidance of doubt, the Privileges shall include any right to preserve or enforce or waive a privilege that arises from any joint defense, common interest or similar agreement involving any of the Privilege Transfer Parties.

(b)     The foregoing transfer and assignment shall vest the Privileges concerning the Transferred Privileged Information exclusively in the Liquidation Trust, consistent with sections 1123(a)(5)(B) and 1123(b)(3)(B) of the Bankruptcy Code, for the sole benefit of the Liquidation Trust and the Liquidation Trust Beneficiaries; *provided, however*, that to the extent that any such Privileges or Transferred Privileged Information relates to both Liquidation Trust Assets and Litigation Trust Assets, such Privileges and Transferred Privileged Information shall vest jointly in the Liquidation Trust and the Litigation Trust. Except only as provided in the Litigation Trust Agreement as relates to any Privileges or Transferred Privileged Information held jointly with the Litigation Trust, the Liquidation Trust shall have the exclusive authority and sole discretion to maintain the Privileges and keep the Transferred Privileged Information confidential, or waive any Privileges and/or disclose and/or use in litigation or any proceeding any or all of the Transferred Privileged Information.

(c)     The Privilege Transfer Parties agree to take all necessary actions to effectuate the transfer of such Privileges, and to provide to the Liquidation Trust without the necessity of a subpoena all Transferred Privileged Information in their respective possession, custody or control. The Liquidation Trust is further expressly authorized to formally or informally request or subpoena documents, testimony or other information that would constitute Transferred Privileged Information from any persons, including former directors or officers of any of the Debtors, attorneys, professionals, consultants and experts, and no such person may object to the production to the Liquidation Trust of such Transferred Privileged Information on the basis of a Privilege. Until and unless the Liquidation Trust makes a determination to waive any Privilege, Transferred Privileged Information shall be produced solely to the Liquidation Trust. For the avoidance of doubt, this Subsection is subject in all respects to Section 2.4(a) of this Agreement.

(d)     Pursuant to, inter alia, Federal Rule of Evidence 502(d), no Privileges shall be waived by the transfer and assignment of the Privileges or the production of any Transferred Privileged Information to the Liquidation Trust or any of its respective employees, professionals or representatives, or by disclosure of such Transferred Privileged Information between the Privilege Transfer Parties, on the one hand, and the Liquidation Trust, on the other hand, or any of their respective employees, professionals or representatives.

(e)     If a Privilege Transfer Party, the Liquidation Trust, any of their respective employees, professionals or representatives or any other person inadvertently produces or discloses Transferred Privileged Information to any third party, such production shall not be deemed to destroy any of the Privileges, or be deemed a waiver of any confidentiality protections afforded to such Transferred Privileged Information. In such circumstances, the disclosing party shall promptly upon discovery of the production notify the Liquidation Trust of

the production and shall demand of all recipients of the inadvertently disclosed Transferred Privileged Information that they return or confirm the destruction of such materials.

2.5     *Nature of Liquidation Trust.*

The Liquidation Trust is irrevocable but this Agreement is subject to amendment and waiver as provided in this Agreement.  The Liquidation Trust is not intended to be, and shall not be deemed to be or treated as, a general partnership, limited partnership, limited liability partnership, joint venture, corporation, limited liability company, joint stock company or association, nor shall the Liquidation Trustee, or the Liquidation Trust Beneficiaries, or any of them, for any purpose be, or be deemed to be or treated in any way whatsoever to be, liable or responsible hereunder as partners or joint venturers.  The relationship of the Liquidation Trust Beneficiaries, on the one hand, to the Liquidation Trust and the Liquidation Trustee, on the other hand, shall not be deemed a principal or agency relationship, and their rights shall be limited to those conferred upon them by this Agreement, the Plan and the Confirmation Order.

2.6     *Effectiveness.*

The effectiveness of this Agreement ("**Effectiveness**") (and the establishment of the Liquidation Trust hereunder) shall occur on the Effective Date of the Plan.

**SECTION 3.     ADMINISTRATION OF THE LIQUIDATION TRUST**

3.1     *Rights, Powers and Privileges.*

In connection with the administration of the Liquidation Trust, except as set forth in this Agreement and the Plan, the Liquidation Trustee is authorized to perform any and all acts necessary or desirable to accomplish the purposes of the Liquidation Trust (including, without limitation, all powers, rights, and duties under applicable law).  In connection therewith, and subject to the limitations herein, the Liquidation Trustee shall have absolute discretion to pursue or not to pursue any and all Causes of Action that constitute Liquidation Trust Assets as the Liquidation Trustee determines are in the best interests of the Liquidation Trust Beneficiaries and consistent with the purposes of the Liquidation Trust and the terms of the Plan, and shall have no liability for the outcomes of his decisions except as provided herein.  The Liquidation Trust and the Liquidation Trustee, as applicable, shall have all of the rights and powers granted to the "Liquidation Trustee" in the Plan as it pertains to Liquidation Trust Beneficiaries, including *inter alia*, without limitation, Section 4 and Section 5 of the Plan including, but not limited to, the power to (i) effect all actions and execute all agreements, instruments and other documents necessary to perform its duties under the Plan, (ii) establish, as necessary, disbursement accounts for the deposit and distribution of all amounts to be distributed under the Plan to holders of Allowed Claims, (iii) make Distributions in accordance with the Plan, (iv) object to Claims (as appropriate) that are not Claims of the DV Entities or of any of the Former D&Os or Shareholders, (v) employ and compensate professionals to represent the Liquidation Trustee with respect to the Liquidation Trustee's responsibilities, (vi) assert any of the Debtors' claims, Causes of Action, rights of setoff, or other legal or equitable defenses that (a) constitute Liquidation Trust Assets, (b) may be applicable in pursuing or facilitate pursuit of any Causes of Action that are Liquidation Trust Assets, or (c) are applicable to or facilitate disputing or object to Claims that are not Claims of the

7

DV Entities or of any of the Former D&Os or Shareholders, and (v) exercise such other powers as may be vested in the Liquidation Trustee by order of the Bankruptcy Court, pursuant to the Plan, or as deemed by the Liquidation Trustee to be necessary and proper to implement the provisions of the Plan.  The Liquidation Trustee may abandon any Liquidation Trust Assets (other than Cash and cash equivalents) that the Liquidation Trustee reasonably determines to be without material monetary value or burdensome to the Liquidation Trustee's administration of the Liquidation Trust, in each case after giving effect to the costs and expenses reasonably expected to liquidate such assets to Cash.  The Liquidation Trust and Liquidation Trustee also may incur such expenses in operating the Liquidation Trust and performing the Liquidation Trustee's duties as the Liquidation Trustee deems appropriate.   No implied duties or obligations shall be read into this Agreement, and to the extent that, at law or in equity, the Liquidation Trustee has duties and liabilities relating to the Liquidation Trust or the Liquidation Trust Beneficiary, it is hereby understood and agreed that such duties and liabilities are eliminated and replaced by the duties and liabilities of the Liquidation Trustee expressly set forth in this Agreement.

3.2     *Agents and Professionals.*

The Liquidation Trustee may, but shall not be required to, consult with, select, retain and compensate (all in the Liquidation Trustee's sole discretion) any professionals, including but not limited to attorneys, accountants, real estate brokers, appraisers, valuation counselors, transfer agents, financial advisors, claims agents, custodians, investment advisors, or other parties (collectively, the "**Trust Professionals**") deemed by the Liquidation Trustee in his sole discretion to have qualifications necessary to assist in the proper administration of the Liquidation Trust in order to assist the Liquidation Trustee in carrying out his duties hereunder.  Reasonable salaries, fees and expenses of such persons (including those of the Liquidation Trustee), including contingency fees, shall be paid out of the Liquidation Trust Assets. The Liquidation Trustee's retention of a professional retained by the Debtors or any other party in interest during the Chapter 11 Cases shall not be deemed a conflict of interest or, to the extent such conflict of interest exists, such conflict is hereby waived by the Debtors, the applicable party and the Liquidation Trust, as applicable.  Subject to the Plan and this Agreement, the Liquidation Trustee may pay the salaries, fees, and expenses of such persons or firms out of the Liquidation Trust Assets, without Bankruptcy Court approval.  The Liquidation Trustee shall not be liable for any loss to the Debtors, the Estates, or the Liquidation Trust or any person interested therein, including Beneficiaries, by reason of any mistake or default of any such agent or consultant or Trust Professional.

3.3     *Investment and Safekeeping of Liquidation Trust Assets.*

(a)     All monies and other Liquidation Trust Assets received by the Liquidation Trustee shall, until distributed or paid as provided in this Agreement or the Plan, be held in the Liquidation Trust for the benefit of the Liquidation Trust Beneficiaries.   The Liquidation Trustee shall be under no obligation to generate or produce, or have any liability for, interest or other income on any monies received by the Liquidation Trust and held for distribution or payment to the Liquidation Trust Beneficiaries, except as such interest or income shall be actually received by the Liquidation Trustee.

(b)     Investments of any Cash of the Liquidation Trust, including any earnings thereon or proceeds therefrom, any Cash realized from the liquidation of the Liquidation

Trust Assets, or any Cash that is remitted to the Liquidation Trust from any other Person, shall be administered in view of the manner in which individuals of ordinary prudence, discretion and judgment would act in the management of their own affairs; *provided, however*, that the right and power of the Liquidation Trustee to invest monies of the Liquidation Trust shall be limited to the right and power to invest such monies pending periodic Distributions in accordance with the terms hereof and the Plan; *provided further,* that the investment powers of the Liquidation Trustee in this Agreement, other than those reasonably necessary to maintain the value of the Liquidation Trust Assets and the liquidation purpose of the Liquidation Trust, are limited to powers to invest in demand and time deposits, such as short-term certificates of deposits, in banks or other savings institutions, or other temporary, liquid investments, such as treasury bills, but, for the avoidance of doubt, shall not be required to comply with Bankruptcy Code Section 345(b); *provided, further, however*, that such investments must be investments that are permitted to be made by a "liquidating trust" within the meaning of Treasury Regulation Section 301.7701-4(d), as reflected therein, or under applicable guidelines, rulings, or other controlling authorities.

3.4    *Limitations on and Rights of Liquidation Trustee.*

(a)    Other than as contemplated by the Plan or this Agreement, the Liquidation Trustee is not empowered to incur indebtedness.

(b)    The Liquidation Trustee shall have no liability in the event of the insolvency or failure of any institution in which he or she has invested any funds of the Liquidation Trust.

(c)    The Liquidation Trustee shall hold, collect, conserve, protect and administer the Liquidation Trust Assets in accordance with the provisions of this Agreement and the Plan, and pay and distribute amounts as set forth herein for the purposes set forth in this Agreement.  Any determination by the Liquidation Trustee as to what actions are in the best interests of the Liquidation Trust shall be determinative.

(d)    Notwithstanding anything herein to the contrary, the Liquidation Trustee shall not at any time: (i) enter into or engage in any trade or business that involves use of the Liquidation Trust Assets (other than the management and disposition of the Liquidation Trust Assets), and no part of the Liquidation Trust Assets or the proceeds, revenue or income therefrom shall be used or disposed of by the Liquidation Trust in furtherance of any trade or business, (ii) except as provided in Section 3.3 hereof and below, reinvest any Liquidation Trust Assets, or (iii) take any action that would jeopardize treatment of the Liquidation Trust as a "liquidating trust" for U.S. federal income tax purposes.

3.5    *Bankruptcy Court Approval of Liquidation Trustee Actions*.

Except as provided in the Plan or otherwise specified in this Agreement, the Liquidation Trustee need not obtain the order or approval of the Bankruptcy Court in the exercise of any power, rights, or discretion conferred hereunder, or account to the Bankruptcy Court.  Except as otherwise provided herein, the Liquidation Trustee shall exercise his business judgment for the benefit of the Liquidation Trust Beneficiaries in order to maximize the value of the Liquidation Trust Assets and Distributions, giving due regard to the cost, risk, and delay of any course of action.

Notwithstanding the foregoing, the Liquidation Trustee shall have the right to submit to the Bankruptcy Court any question or questions regarding which the Liquidation Trustee may desire to have explicit approval of the Bankruptcy Court for the taking of any specific action proposed to be taken by the Liquidation Trust with respect to any of the Liquidation Trust Assets, this Agreement, or the Plan, including the administration, distribution, or proposed sale of any of the Liquidation Trust Assets.  The Bankruptcy Court shall retain jurisdiction and power for such purposes and shall approve or disapprove any such proposed action upon motion by the Liquidation Trust.

3.6     *Reliance by Liquidation Trustee.*

(a)     The Liquidation Trustee may rely, and shall be protected in acting upon, any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order, or other paper or document believed by them to be genuine and to have been signed or presented by the proper party or parties;

(b)     The Liquidation Trustee may consult with any and all of the Liquidation Trustee's professionals and the Liquidation Trustee shall not be liable for any action taken or omitted to be taken by the Liquidation Trustee in good faith in accordance with the advice of such professionals; and

(c)     Persons dealing with the Liquidation Trustee shall look only to the Liquidation Trust Assets to satisfy any liability incurred by the Liquidation Trustee to such Person in carrying out the terms of this Agreement, and the Liquidation Trustee shall not have any personal obligation to satisfy any such liability.

10

**SECTION 4.       DISTRIBUTIONS FROM THE LIQUIDATION TRUST**

       4.1     *Distributions*.

       After the Effective Date, as and to the extent required by the Plan and this Agreement, the Liquidation Trustee shall make Distributions from the Liquidation Trust Assets in accordance with this Agreement to the Liquidation Trust Beneficiaries in respect of their Liquidation Trust Interests.

       4.2     *Timing of Distributions*

       (a)     The Liquidation Trustee shall make Distributions from the Liquidation Trust to the Liquidation Trust Beneficiaries at least annually all unrestricted Cash then on hand (including any Cash received from the Debtors on the Effective Date, and treating any permissible investment as Cash for purposes of this Section 4.3), except the Liquidation Trustee may retain such amounts (i) as are allocable to or retained on account of Disputed Claims in accordance with the Plan, (ii) as are reasonably necessary to meet contingent liabilities and to maintain the value of the Liquidation Trust Assets pending their liquidation during the term of the Liquidation Trust, (iii) as are necessary to pay reasonably incurred or anticipated expenses (including, but not limited to, any taxes imposed on or payable by the Debtors or the Liquidation Trust or in respect of the Liquidation Trust Assets, the compensation and the reimbursement of reasonable, actual and necessary costs, fees (including attorneys' fees) and expenses of the Liquidation Trustee in connection with the performance of the Liquidation Trustee's duties in connection with this Agreement), (iv) to fund the Wind-Down Reserve, and (v) to satisfy all other liabilities incurred or assumed by the Liquidation Trust (or to which the Liquidation Trust Assets are otherwise subject) in accordance with the Plan and this Agreement.

       (b)     Any payment or other distribution required to be made under the Plan on a day other than a Business Day shall be due on the next succeeding Business Day, but shall be deemed to have been made on the required date.  Any payment of Cash to be made pursuant to the Plan, subject to the terms hereof, shall be deemed made, if by electronic wire transfer, when the applicable electronic wire transfer is initiated by the sending bank or, if by check drawn on a domestic bank, when the earliest occurs of depositing in the mail for the entitled recipient, receipt by the entitled recipient, or delivery to a third party delivery service for delivery to the entitled recipient.

4.3      *Payments Limited to Liquidation Trust Assets.*

All payments to be made by the Liquidation Trustee to or for the benefit of any Liquidation Trust Beneficiary shall be made only to the extent that the Liquidation Trustee, in his capacity as such, has sufficient funds or reserves to make such payments in accordance with this Agreement and the Plan.  Each Liquidation Trust Beneficiary shall have recourse only to the Liquidation Trust Assets for distributions under this Agreement and the Plan.

4.4      *Fees and Expenses.*

(a)      Periodically and before approving Distributions to or for the benefit of the Liquidation Trust Beneficiaries, subject to the limitations set forth herein and in the Plan, the Liquidation Trustee shall pay, establish, supplement or reduce the Wind-Down Reserve, which shall be a reserve sufficient to fund the Liquidation Trust's activities, including operating and administrative expenses of the Liquidation Trust.

(b)      The Liquidation Trustee shall satisfy any fees and expenses of the Liquidation Trust with the Liquidation Trust Assets to the extent available.

(c)      The Liquidation Trust shall pay any and all fees that are required to be paid by the Liquidation Trust under the Plan.

4.5      *Priority of Distributions*.

Any recovery by the Liquidation Trust on account of the Liquidation Trust Assets, including any funds received by the Liquidation Trust from the Litigation Trust, shall be applied in accordance with the Plan.

4.6      *Right to Object to Claims.*

The Liquidation Trustee shall have the responsibility and authority for administering, disputing, compromising and settling or otherwise resolving and finalizing payments or other Distributions under the Plan with respect to Claims that are not Claims of the DV Entities or of any of the Former D&Os or Shareholders, in accordance with, and all as more fully set forth in the Plan, including Sections 5.4(a) and 7.6 thereof.

**SECTION 5.    LIQUIDATION TRUST BENEFICIARIES**

    5.1    *Identification and Addresses of Liquidation Trust Beneficiaries.*

    The Liquidation Trustee may deliver a notice to the Liquidation Trust Beneficiaries, which may include a form for each Liquidation Trust Beneficiary to complete in order to be properly registered as a Liquidation Trust Beneficiary and be eligible for Distributions under the Liquidation Trust.  A Liquidation Trust Beneficiary may, after the Effective Date, select an alternative mailing address by notifying the Liquidation Trustee in writing of such alternative distribution address.  Absent receipt of such notice, the Liquidation Trustee shall not be obligated to recognize any such change of address.  Such notification shall be effective only upon receipt by the Liquidation Trustee.

    5.2    *Beneficial Interest Only.*

    The ownership of a Liquidation Trust Interest shall not entitle any Liquidation Trust Beneficiary to any title in or to any of the Liquidation Trust Assets or to any right to call for a partition or division of such Liquidation Trust Assets or to require an accounting, except as specifically provided herein.  Except as expressly provided in this Agreement, a Liquidation Trust Beneficiary shall not have standing to direct or to seek to direct the Liquidation Trust or Liquidation Trustee to do or not to do any act or to institute any action or proceeding at law or in equity against any Person upon or with respect to the Liquidation Trust Assets.

    5.3    *Ownership of Beneficial Interests Hereunder.*

    Each Liquidation Trust Beneficiary shall own a beneficial interest in the Liquidation Trust (as represented by the Liquidation Trust Interest(s) issued to such Liquidation Trust Beneficiary consistent with the Plan).  The record holders of the Liquidation Trust Interests shall be recorded and set forth in a registry maintained by, or at the direction of, the Liquidation Trustee expressly for such purpose.

    5.4    *Evidence of Beneficial Interest.*

    Ownership of a Liquidation Trust Interest shall not be evidenced by any certificate, security, or receipt (unless otherwise determined by the Liquidation Trustee) or in any other form or manner whatsoever.  Ownership of the Liquidation Trust Interests shall be maintained on books and records of the Liquidation Trust maintained by the Liquidation Trustee, which may be the official claims register maintained in the Chapter 11 Cases.

    5.5    *No Right to Accounting.*

    Except as set forth in Sections 7.4 and 7.9 of this Agreement, neither the Liquidation Trust Beneficiaries nor their successors, assigns, creditors, or any other Person shall have any right to an accounting by the Liquidation Trustee, and the Liquidation Trustee shall not be obligated to provide any accounting to any Person.  Nothing in this Agreement is intended to require the Liquidation Trustee at any time or for any purpose to file any accounting or seek approval of any court with respect to the administration of the Liquidation Trust or as a condition for making any advance, payment, or distribution out of proceeds of Liquidation Trust Assets.

5.6     *No Standing.*

Except as expressly provided in this Agreement, if at all, a Liquidation Trust Beneficiary shall not have standing to direct or to seek to direct the Liquidation Trust or Liquidation Trustee to do or not to do any act or to institute any action or proceeding at law or in equity against any Person upon or with respect to the Liquidation Trust Assets.

5.7     *Requirement of Undertaking.*

The Liquidation Trustee may request the Bankruptcy Court to require, in any suit for the enforcement of any right or remedy under this Agreement, or in any suit against the Liquidation Trustee for any action taken or omitted by it as Liquidation Trustee, the filing by any party litigant in such suit of an undertaking to pay the costs of such suit, including reasonable attorneys' fees, against any party litigant in such suit; provided, however, that the provisions of this Section 5.7 shall not apply to any suit by the Liquidation Trustee.

5.8     *Limitation on Transferability.*

It is understood and agreed that the Liquidation Trust Interests shall be non-transferable and non-assignable other than if transferred by will, intestate succession, or otherwise by operation of law.  For purposes of Distributions hereunder, any such Transfer by operation of law shall not be effective until appropriate notification and proof thereof is submitted to the Liquidation Trustee, and the Liquidation Trustee may continue to cause the Liquidation Trust to pay all amounts to or for the benefit of the assigning Liquidation Trust Beneficiaries until receipt of proper notification and proof of such Transfer.  For purposes of Distributions hereunder, the Liquidation Trustee may rely upon such proof without the requirement of any further investigation.  Notwithstanding any other provision to the contrary, the Liquidation Trustee may disregard any purported Transfer of Claims by will, intestate succession or operation of law if sufficient necessary information (as reasonably determined by the Liquidation Trustee), including applicable tax-related information, is not provided by such purported transferee or assignee to the Liquidation Trustee.

5.9     *Limited Liability.*

No provision of this Agreement, the Plan or the Confirmation Order, and no mere enumeration herein of the rights or privileges of any Liquidation Trust Beneficiary, shall give rise to any liability of such Liquidation Trust Beneficiary solely in its capacity as such, whether such liability is asserted by any Debtor, by creditors, employees, or equity interest holders of any Debtor, or by any other Person.  Liquidation Trust Beneficiaries are deemed to receive the Liquidation Trust Interests in accordance with the provisions of this Agreement, the Plan and the Confirmation Order in exchange for their Allowed Claims, without further obligation or liability of any kind, but subject to the provisions of this Agreement.

14

## SECTION 6.    THIRD PARTY RIGHTS AND LIMITATION OF LIABILITY

6.1    *Parties Dealing With the Liquidation Trustee.*

In the absence of actual knowledge to the contrary, any Person dealing with the Liquidation Trust or the Liquidation Trustee shall be entitled to rely on the authority of the Liquidation Trustee or any of the Liquidation Trustee's agents to act in connection with the Liquidation Trust Assets. No Person that may deal with the Liquidation Trustee shall have any obligation to inquire into the validity or expediency or propriety of any transaction by the Liquidation Trustee or any agent of the Liquidation Trustee.

6.2    *Limitation of Liquidation Trustee's Liability; Indemnification.*

(a)    The Liquidation Trustee and the Trust Professionals shall be entitled to the benefits of the limitation of liability and indemnification provisions as set forth in Sections 5.4(h) and 5.4(i) of the Plan, respectively.  The indemnification rights inuring to the benefit of the Liquidation Trustee pursuant to Sections 5.4(i) of the Plan and Section 6.2 herein shall apply *mutatis mutandis* to the Liquidation Trust Professionals.

(b)    The Liquidation Trustee shall not be liable except for the performance of such duties and obligations as are specifically set forth herein, in the Plan and Confirmation Order, and no other or further covenants or obligations shall be implied into this Agreement.  The Liquidation Trustee shall not be responsible in any manner whatsoever for the correctness of any recitals, statements, representations, or warranties herein or in any documents or instrument evidencing or otherwise constituting a part of the Liquidation Trust Assets.  The Liquidation Trustee makes no representations as to the value of the Liquidation Trust Assets or any part thereof, nor as to the validity, execution, enforceability, legality, or sufficiency of this Agreement; and the Liquidation Trustee shall incur no liability or responsibility with respect to any such matters.

(c)    The Liquidation Trustee, the Trust Professionals, and the Liquidation Trustee's agents and representatives shall not in any way be liable for any acts or omissions to act except by reason of their bad faith, gross negligence, willful misconduct, reckless disregard of duty, self-dealing, fraud, or a criminal act in the performance of their duties under the Plan, Confirmation Order, or this Agreement, in each case as determined by a final non-appealable court order from a court of competent jurisdiction.  The Liquidation Trust shall indemnify the Liquidation Trustee, the Trust Professionals, and the Liquidation Trustee's agents and representatives and hold them harmless from and against any and all liabilities, expenses, claims, damages and losses incurred by them as a result of actions taken or omissions to act by them in such capacity or otherwise related to this Agreement or the Liquidation Trust.  The Liquidation Trust shall indemnify and hold harmless any party who was, or is, a party, or is threatened to be made a party, to any pending or contemplated action, suit or proceeding, whether civil, criminal, administrative or investigative, by reason of the fact that such party is or was the Liquidation Trustee, a Trust Professional, and the Liquidation Trustee's agent or representative, against all costs, expenses, judgments, fines and amounts paid in settlement actually and reasonably incurred by such Entity in connection with such action, suit or proceeding, or the defense or settlement of any claim, issue or matter therein, to the fullest extent permitted by applicable law, except if such costs and expenses, judgments, fines or amounts paid in settlement are found in a final, non-

15

appealable judgment by a court of competent jurisdiction to have resulted from the Liquidation Trustee's bad faith, gross negligence, reckless disregard of duty, criminal acts, willful misconduct, self-dealing, or fraud.  Costs or expenses incurred by any party entitled to the benefit of the provisions of this Section 6.2(c) in defending any such action, suit or proceeding may be paid by the Liquidation Trust incurred and advance of the institution or final disposition of such action, suit or proceeding, if authorized by the Liquidation Trustee, subject to providing an undertaking to repay all such advanced amounts if it is subsequently determined that such party is not entitled to indemnification under this Section 6.2(c).  To the fullest extent permitted by the Act, any dispute regarding such indemnification of the Liquidation Trustee shall be resolved only by the Bankruptcy Court, which shall retain jurisdiction over matters relating to the indemnification provided under this Section 6.2(c).  The Liquidation Trustee may in its discretion purchase and maintain insurance on behalf of any Entity who is or was a beneficiary of this provision.  Promptly after receipt by an indemnified party or parties (the "**Indemnified Party**") of notice of any claim, or notice of commencement of any action, suit, or proceeding by an Entity other than the Liquidation Trustee, in respect of which the Indemnified Party may seek indemnification from the Liquidation Trust pursuant to this Section 6.2(c), the Indemnified Party, if not the Liquidation Trustee, shall notify the Liquidation Trustee of such claim, action, suit or proceeding and shall thereafter promptly convey all further communications and information in respect thereof to the Liquidation Trustee.  If the Indemnified Party is the Liquidation Trustee, the Liquidation Trustee shall notify the Bankruptcy Court of such claim, action, suit, or proceeding and shall thereafter promptly convey all further communications and information in respect thereof to the Bankruptcy Court.  The Liquidation Trustee shall, if it so elects, have sole control at the expense of the Liquidation Trust over the contest, settlement, adjustment, or compromise of any claim, action, suit, or proceeding in respect of which this Section 6.2(c) requires that the Liquidation Trust indemnify the Indemnified Party.  If the Liquidation Trustee is the Indemnified Party, he shall obtain the written approval of Bankruptcy Court before settling, adjusting, or compromising any claim, action suit, or proceeding in respect of which this Section 6.2(c) requires that the Liquidation Trust indemnify the Indemnified Party.  The Indemnified Party shall cooperate with the reasonable requests of the Liquidation Trustee in connection with such contest, settlement, adjustment, or compromises, *provided that* (i) the Indemnified Party (if not the Liquidation Trustee) may, if it so elects, employ counsel at its own expense to assist in (but not control) the handling of such claim, action, suit, or proceeding, (ii) the Liquidation Trustee shall obtain the prior written approval of the Indemnified Party before entering into any settlement, adjustment, or compromise of such claim, action, suit, or proceeding, or ceasing to defend against such claim, action, suit, or proceeding, if pursuant thereto, or as a result thereof, injunction or other relief would be imposed upon the Indemnified Party, and (iii) the Indemnified Party shall obtain the prior written approval of the Liquidation Trustee, or, if the Liquidation Trustee is the Indemnified Party, the prior written approval of the Bankruptcy Court, before entering into any settlement, adjustment or compromise of such claim, action, suit, or proceeding, or ceasing to defend against such claim, action, suit, or proceeding, and no such settlement, adjustment, or compromise shall be binding on the Liquidation Trust without such approval.

(d)    Upon the appointment and acceptance of a successor Liquidation Trustee in accordance with Section 7.5 and the delivery of the then remaining Liquidation Trust Assets to the successor Liquidation Trustee, the predecessor Liquidation Trustee and any of its respective accountants, agents, assigns, attorneys, bankers, consultants, directors,

16

employees, executors, financial advisors, investment bankers, real estate brokers, transfer agents, managers, members, officers, partners, predecessors, principals, professional persons, representatives, affiliate, employer, and successors shall have no further liability or responsibility with respect thereto (other than liabilities arising prior to the cessation of its role as Liquidation Trustee). A successor Liquidation Trustee shall have no duty to examine or inquire into the acts or omissions of its immediate or remote predecessor, and no successor Liquidation Trustee shall be in any way liable for the acts or omissions of any predecessor Liquidation Trustee, unless a successor Liquidation Trustee expressly assumes such responsibility. A predecessor Liquidation Trustee shall have no liability for the acts or omissions of any immediate or subsequent successor Liquidation Trustee for any events or occurrences subsequent to the cessation of its role as Liquidation Trustee.

(e)        Notwithstanding Section 1.B hereof, in the event of any inconsistencies between Section 6 of this Agreement and Sections 5.4(h) and 5.4(i) of the Plan, the terms of this Agreement shall control with respect to such provisions.

## SECTION 7.        SELECTION, REMOVAL AND COMPENSATION OF LIQUIDATION TRUSTEE

7.1        *Appointment.*

The Liquidation Trustee has been selected pursuant to the provisions of the Plan, and is a "United States person" within the meaning of section 7701(a)(30) of the Tax Code. To effectuate an orderly and efficient transition of the administration, in accordance herewith, of the Liquidation Trust Assets from the Debtors to the Liquidation Trustee, the Liquidation Trustee may perform certain services in connection with its duties and obligations under this Agreement prior to the Effective Date, and the authorization for such performance is ratified by the execution hereof to the extent not already authorized by the Plan or Confirmation Order. The reasonable fees actually incurred by the Liquidation Trustee (or any professional retained by the Liquidation Trustee) for such services shall be deemed Liquidation Trust Expenses and paid pursuant to the terms of the Plan.

7.2        *Term of Service.*

The Liquidation Trustee shall serve until the earlier to occur of (a) the termination of the Liquidation Trust in accordance with this Agreement and the Plan or (b) the Liquidation Trustee's death, dissolution, resignation or removal.

7.3        *Removal of a Liquidation Trustee.*

Any Person serving as Liquidation Trustee may be removed and replaced by an order of the Bankruptcy Court upon a showing of good cause. The removal shall be effective on the date specified in the order. Notwithstanding the removal of the Liquidation Trustee pursuant to this Section 7.3, the rights of the resigning Liquidation Trustee under this Agreement with respect to acts or omissions occurring prior to the effectiveness of such removal will continue for the benefit of such resigning Liquidation Trustee following the effectiveness of such resignation.

17

7.4      *Resignation of Liquidation Trustee.*

The Liquidation Trustee may resign at any time by giving prior written notice of his intention to do so to the Bankruptcy Court, which notice shall be at least thirty (30) days unless the resignation is due to a disability or other incapacity. Without limiting any other reporting or accounting obligations under the Plan or this Agreement, in the event of a resignation, the resigning Liquidation Trustee shall file with the Bankruptcy Court a full and complete written accounting of monies and Liquidation Trust Assets received, disbursed, and held during the term of office of that Liquidation Trustee. The resignation shall be effective on the later to occur of: (a) the date specified in the notice; or (b) the appointment of a successor by the resigning Liquidation Trustee, the acceptance by such successor of such appointment and the approval of the successor's appointment by the Bankruptcy Court; *provided*, that such resignation shall become effective on the date specified in the Liquidation Trustee's notice without the appointment of a successor Liquidation Trustee if (i) the Liquidation Trustee determines in its reasonable judgment that the Liquidation Trust lacks sufficient assets and financial resources for the Liquidation Trustee to complete the duties and powers assigned to the Liquidation Trustee under the Plan, the Confirmation Order, and/or this Agreement, or (ii) the Insurance Coverages (as defined below) terminate for any reason other than the Liquidation Trustee's unreasonable refusal to renew such Insurance Coverages, and provided further that if a successor Liquidation Trustee is not appointed or does not accept his appointment or if the appointment of a successor Liquidation Trustee has not been approved by the Bankruptcy Court within thirty (30) days following delivery of notice of resignation, the resigning Liquidation Trustee may petition the Bankruptcy Court for the appointment of a successor Liquidation Trustee. Notwithstanding the resignation of the Liquidation Trustee pursuant to this Section 7.4, the rights of the resigning Liquidation Trustee under this Agreement (including but not limited to indemnification and limitations on liability) with respect to acts or omissions occurring prior to the effectiveness of such resignation will continue for the benefit of such resigning Liquidation Trustee following the effectiveness of such resignation.

7.5      *Appointment of Successor Liquidation Trustee.*

The Liquidation Trustee may, at any time, select a successor Liquidation Trustee, subject to the approval of the Bankruptcy Court, to fill the vacancy created upon the resignation, death or dissolution of the Liquidation Trustee, *provided*, that, in the event the Liquidation Trustee is removed for cause pursuant to Section 7.3 hereof, or upon the unexpected death of the Liquidation Trustee at the time of which no successor trustee has been selected pursuant to this Section 7.5, any such successor Liquidation Trustee shall be approved by the Bankruptcy Court after motion filed by counsel to the Liquidation Trust and requisite notice provided to parties in interest in the Debtors' chapter 11 case. Any successor Liquidation Trustee shall be a "United States person" within the meaning of section 7701(a)(30) of the Tax Code. Any successor Liquidation Trustee so appointed shall consent to and accept in writing the terms of this Agreement and agrees that the provisions of this Agreement shall be binding upon and inure to the benefit of the successor Liquidation Trustee.

7.6     *Powers and Duties of Successor Liquidation Trustee.*

A successor Liquidation Trustee shall have all the rights, privileges, powers, and duties of his predecessor under this Agreement and the Plan.  Notwithstanding anything to the contrary herein, a removed or resigning Liquidation Trustee shall, when requested in writing by the successor Liquidation Trustee, execute and deliver an instrument or, instruments conveying and transferring to such successor Liquidation Trustee under the Liquidation Trust all the estates, properties, rights, powers, and trusts of such predecessor Liquidation Trustee.

7.7     *Liquidation Trust Continuance.*

The death, resignation, dissolution, incapacity or removal of the Liquidation Trustee shall not terminate the Liquidation Trust or revoke any then-existing agency created pursuant to this Agreement or invalidate any action theretofore taken by the Liquidation Trustee.

7.8     *Compensation and Costs of Administration.*

The Liquidation Trustee shall receive fair and reasonable compensation for his services on an hourly basis at the Liquidation Trustee's standard hourly billing rates plus all reasonable and documented costs and expenses, which shall be charged against and paid out of the Liquidation Trust Assets without further Bankruptcy Court approval or order (subject to the limitations set forth in this Agreement and the Plan).  All costs, expenses, and obligations, including filing fees, incurred by the Liquidation Trustee (or Trust Professionals who may be employed by the Liquidation Trustee in administering the Liquidation Trust, in carrying out their responsibilities under this Agreement, or in any manner connected, incidental, or related thereto) shall be paid from the applicable Liquidation Trust Assets prior to any distribution to the Liquidation Trust Beneficiaries without further Bankruptcy Court approval or order (subject to the limitations set forth in this Agreement and the Plan).  If the cash in the Liquidation Trust shall be insufficient to enable payment of any such amounts, then the Liquidation Trustee is hereby authorized to reduce to cash that portion of the Liquidation Trust Assets that are Causes of Action as necessary to effect such payment, subject to the terms of the Plan.

7.9     *Periodic Reporting.*

The Liquidation Trustee on behalf of the Liquidation Trust shall, as soon as practicable after the end of each calendar year and upon termination of the Liquidation Trust, provide or make available a written report and account to the holders of Liquidation Trust Interests, which report and account sets forth (i) the assets and liabilities of the Liquidation Trust at the end of each such calendar year and upon termination and the receipts and disbursements of the Liquidation Trust for such calendar year or period, and (ii) changes in the Liquidation Trust Assets and actions taken by the Liquidation Trustee in the performance of its duties under the Plan or the Agreement that the Liquidation Trustee determines in its discretion may be relevant to holders of Liquidation Trust Interests, such as material changes or actions that, in the opinion of the Liquidation Trustee, may have a material effect on the Liquidation Trust Assets that were not previously reported.  The Liquidation Trustee on behalf of the Liquidation Trust may provide or make available to holders of Liquidation Trust Interests similar reports for such interim periods during the calendar year as the Liquidation Trustee deems advisable.  Such reports may be provided or made available to the

holders of Liquidation Trust Interests, in the discretion of the Liquidation Trustee, by any reasonable means, including U.S. mail, electronic transmission, display on IntraLinks or a similar virtual data room to which holders shall have access, filing with the Bankruptcy Court, publication to a publicly-available website or by press release distributed via a generally recognized business news service.

7.10    *Confidentiality.*

Except as required in the performance of his duties, the Liquidation Trustee shall, while serving as Liquidation Trustee under this Agreement, hold strictly confidential and not use for personal gain any material, non-public information of or pertaining to any Person to which any of the Liquidation Trust Assets relate or of which he has become aware in his capacity as Liquidation Trustee. Notwithstanding the foregoing, the Liquidation Trustee may disclose information in connection with executing his duties hereunder to the Trust Professionals, employees, officers, directors and agents of Ankura Consulting Group, LLC and as required or requested pursuant to law, legal process or regulation.

## SECTION 8.    MAINTENANCE OF RECORDS

During the term of the Liquidation Trust, the Liquidation Trustee may destroy business records in the Liquidation Trustee's possession as the Liquidation Trustee deems appropriate provided that, absent express Bankruptcy Court approval to do otherwise, the Liquidation Trustee shall maintain books and records containing a description of all property from time to time constituting the Liquidation Trust Assets and an accounting of all receipts and disbursements until at least six (6) years after the final report to the Bankruptcy Court has been rendered by the Liquidation Trustee. At the Liquidation Trustee's discretion, all of such records and documents may, but need not, be destroyed at any time after six (6) years from the completion and winding up of the affairs of the Liquidation Trust (except to the extent such records and documents are necessary to be held longer to fulfill the Liquidation Trustee's obligations pursuant to this Agreement). The Liquidation Trustee may estimate and include, as part of the Liquidation Trustee's compensation, a reasonable sum to be used for the purposes of maintaining, accessing and destroying records during the term of the Liquidation Trust and for three (6) or more years thereafter, as applicable, which costs shall be payable from the Liquidation Trust Assets.

Notwithstanding the foregoing, the Liquidation Trustee shall store and preserve the documents and records necessary for the administration of the Pension Plans to the degree required by and in accordance with Section 5.3(b) of the Plan.

**SECTION 9.    DURATION OF LIQUIDATION TRUST**

9.1    *Duration.*

This Agreement and the establishment of the Liquidation Trust shall be effective on the date of Effectiveness. Thereupon, this Agreement shall remain and continue in full force and effect until the Liquidation Trust is terminated in accordance with the provisions of this Agreement.

9.2    *Dissolution of the Liquidation Trust.*

The Liquidation Trust shall be dissolved at such time as:

(a)    upon (i) the payment of all costs, expenses and obligations incurred in connection with administering the Liquidation Trust, (ii) the Distribution of all Liquidation Trust Assets, and (iii) the completion of all responsibilities of the Liquidation Trust (or the Liquidation Trustee on its behalf), each as set forth in, and in accordance with, the provisions of the Plan, the Confirmation Order and this Agreement;

(b)    if the Liquidation Trust has not been previously terminated pursuant to this Agreement, (i) on the fifth anniversary of the Effective Date of the Plan (unless the Liquidation Trust term has been extended in accordance with this section), or (ii) in the event the Liquidation Trustee determines that the pursuit of additional actions on behalf of the Liquidation Trust is not likely to yield sufficient additional proceeds to justify further pursuit of such actions, the Liquidation Trustee shall, after payment of all costs, expenses and obligations incurred in connection with administering the Liquidation Trust, Distribute all of the Liquidation Trust Assets to the Liquidation Trust Beneficiaries in accordance with the Plan, and immediately thereafter the Liquidation Trust shall dissolve and terminate and the Liquidation Trustee shall have no further responsibility in connection therewith except to the limited extent set forth in this Agreement. In no event shall the Liquidation Trust be dissolved later than five years from the Effective Date of the Plan unless the Bankruptcy Court, upon motion made within the six month period before such fifth anniversary (and, in the event of further extension, by order of the Bankruptcy Court, upon motion made at least six months before the end of the preceding extension), determines that a fixed period extension (not to exceed three years, together with any prior extensions, without a favorable private letter ruling from the Internal Revenue Service or an opinion of counsel satisfactory to the Liquidation Trustee that any further extension would not adversely affect the status of the Liquidation Trust as a liquidating trust for U.S. federal income tax purposes) is necessary to facilitate or complete the recovery on, and liquidation of, the Liquidation Trust Assets, including all responsibilities of the Liquidation Trust (or the Liquidation Trustee on its behalf) as set forth in, and in accordance with, the provisions of the Plan, the Confirmation Order and this Agreement. If at any time the Liquidation Trustee determines, in reliance upon such Trust Professionals as the Liquidation Trustee may retain, that the expense of administering the Liquidation Trust so as to make a final distribution to the Liquidation Trust Beneficiaries is likely to exceed the value of the assets remaining in the Liquidation Trust, the Liquidation Trustee may apply to the Bankruptcy Court for authority to (i) reserve any amount necessary to dissolve the Liquidation Trust, (ii) donate any balance to a charitable organization (A) of the type described in section 501(c)(3) of the Tax Code, (B) exempt from U.S. federal income tax under section 501(a) of the Tax Code, (C) that is not a "private foundation", as defined

21

in section 509(a) of the Tax Code, and (D) that is unrelated to the Debtors, the Reorganized Debtors, the Liquidation Trust, and any insider of the Liquidation Trustee, and (iii) dissolve the Liquidation Trust.  Upon the dissolution of the Liquidation Trust and completion of the winding up of the Liquidation Trust's affairs, a Certificate of Cancellation canceling the Certificate of Trust of the Liquidation Trust shall be executed by the Liquidation Trustee and filed with the Delaware State Office.  The Liquidation Trustee shall provide written notice of such filing to the Delaware Trustee promptly following such filing.

9.3    *No Termination by Liquidation Trust Beneficiaries.*

The Liquidation Trust may not be terminated at any time by the Liquidation Trust Beneficiaries.

9.4    *Continuance of Liquidation Trust for Winding Up.*

After the dissolution of the Liquidation Trust and for the purpose of liquidation and winding up the affairs of the Liquidation Trust, the Liquidation Trustee shall continue to act as such until his duties have been fully performed, including such post-distribution tasks as necessary to wind up the affairs of the Liquidation Trust.  Subject to the provisions of Section 8 hereof, after the termination of the Liquidation Trust, the Liquidation Trustee, for a time, shall retain or cause to be retained certain books, records, Liquidation Trust Beneficiary lists, and certificates and other documents and files that shall have been delivered to or created by the Liquidation Trustee.  Except as otherwise specifically provided herein, upon the discharge of all liabilities of the Liquidation Trust, final Distribution of the Liquidation Trust and termination of the Liquidation Trust, the Liquidation Trustee shall have no further duties or obligations hereunder.

## SECTION 10.    TAX MATTERS

10.1    *Liquidation Trustee's Tax Power for Debtors.*

(a)    For all taxable periods ended on or before the dissolution of the Debtors, the Liquidation Trustee shall have full and exclusive authority and responsibility in respect of all taxes of the Debtors (including as the common parent or other agent of any consolidated, combined or unitary tax group of which the Debtors were the agent), to the same extent as if the Liquidation Trustee were the Debtors.  Without limiting the foregoing, each of the Debtors shall execute, on or prior to the Effective Date, a power of attorney authorizing the Liquidation Trustee to correspond with any tax authority on behalf of such Debtor and to sign, collect, negotiate, settle, and administer tax payments and tax returns.

(b)    In furtherance of the transfer of the Liquidation Trust Assets to the Liquidation Trust on the Effective Date, the Liquidation Trust shall be entitled to all tax refunds of the Debtors (and the Liquidation Trust shall bear responsibility for all tax liabilities of the Debtors for taxable periods ended on or before the dissolution of the Debtors, to the extent not discharged by the Plan or provided for payment or otherwise satisfied in the Plan).

(c)    Following the Effective Date, the Liquidation Trustee shall prepare and file (or cause to be prepared and filed), on behalf of the Debtors, all tax returns required

22

to be filed or that the Liquidation Trustee otherwise deems appropriate, including the filing of amended tax returns or requests for refunds for all taxable periods ended on or before the dissolution of the Debtors.

10.2    *Liquidating Trust Status; Ownership of Liquidation Trust Assets.*

(a)    For U.S. federal income tax purposes (and to the extent applicable, for state and local income tax purposes), the Liquidation Trust is intended to be treated as a "liquidating trust" under Treasury Regulations section 301.7701-4(d) and, thus, as a grantor trust pursuant to sections 671-677 of the Tax Code (subject to the elective treatment of one or more Disputed Claims Reserves as "disputed ownership funds" described in Treasury Regulation section 1.468B-9). The Liquidation Trust shall at all times be administered so as to constitute a domestic trust for U.S. federal income tax purposes.

(b)    For all U.S. federal income tax purposes, all parties (including the Debtors, the Liquidation Trustee, and the Liquidation Trust Beneficiaries) shall treat the transfer of the Liquidation Trust Assets to the Liquidation Trust as a deemed transfer of the Liquidation Trust Assets by the Debtors to the Liquidation Trust Beneficiaries on account of their Allowed Claims under the Plan (subject to any obligations relating to those assets), followed by a deemed transfer of the Liquidation Trust Assets by the Liquidation Trust Beneficiaries to the Liquidation Trust in exchange for the beneficial interests herein (subject to the elective treatment of one or more Disputed Claims Reserves as "disputed ownership funds" described in Treasury Regulation section 1.468B-9). Accordingly, the Liquidation Trust Beneficiaries shall be treated for U.S. federal income tax purposes as the grantors and owners of their respective share of such Liquidation Trust Assets. The foregoing treatment shall also apply, to the extent permitted by applicable law, for state and local income tax purposes.

10.3    *Tax Reporting; Valuation*

(a)    The Liquidation Trustee shall file tax returns for the Liquidation Trust treating the Liquidation Trust as a grantor trust pursuant to Treasury Regulation section 1.671-4(a) and in accordance with this Section 10. The Liquidation Trustee also will annually send to each holder of a Liquidation Trust Interest a separate statement regarding the receipts and expenditures of the Liquidation Trust as relevant for U.S. federal income tax purposes and will instruct all such holders to use such information in preparing their U.S. federal income tax returns or to forward the appropriate information to such holder's underlying beneficial holders with instructions to utilize such information in preparing their U.S. federal income tax returns. The Liquidation Trustee shall also file (or cause to be filed) any other statement, return or disclosure relating to the Liquidation Trust that is required by any governmental unit.

(b)    As soon as reasonably practicable after Liquidation Trust Assets are transferred to the Liquidation Trust, the Liquidation Trustee shall make a good faith valuation of Liquidation Trust Assets and the Liquidation Trustee shall apprise, in writing, the Liquidation Trust Beneficiaries of such valuation, as relevant, from time to time. In connection with the preparation of the valuation contemplated hereby and by the Plan, the Liquidation Trust shall be entitled to retain such professionals and advisors as the Liquidation Trust shall determine to be appropriate or necessary, and the Liquidation Trustee shall take such other actions in

23

connection therewith as it determines to be appropriate or necessary. Such valuation shall be used consistently by such parties for all U.S. federal income tax purposes, including for determining tax basis and gain or loss.

(c)      Allocations of Liquidation Trust taxable income among the Liquidation Trust Beneficiaries (other than taxable income allocable to, or retained on account of, any Disputed Claims Reserve) shall be determined by reference to the manner in which an amount of Cash representing such taxable income would be distributed (were such cash permitted to be distributed at such time) if, immediately prior to such deemed Distribution, the Liquidation Trust had distributed all its assets (valued at their tax book value, and other than any Disputed Claims Reserve) to the holders of the Liquidation Trust Interests, adjusted for prior taxable income and loss and taking into account all prior and concurrent Distributions from the Liquidation Trust. Similarly, taxable loss of the Liquidation Trust will be allocated by reference to the manner in which an economic loss would be borne immediately after a hypothetical liquidating Distribution of the remaining Liquidation Trust Assets. The tax book value of the Liquidation Trust Assets for purposes of this Section 10.4(c) shall equal their fair market value on the Effective Date, or, if later, the date such assets were acquired by the Liquidation Trust, adjusted in accordance with tax accounting principles prescribed by the Tax Code, the applicable Treasury Regulations, and other applicable administrative and judicial authorities and pronouncements.

10.4      *Tax Treatment of Disputed Claims Reserve.*

(a)      Subject to definitive guidance from the Internal Revenue Service or a court of competent jurisdiction to the contrary (including the receipt by the Liquidation Trustee of a private letter ruling if the Liquidation Trustee so requests one, or the receipt of an adverse determination by the Internal Revenue Service upon audit if not contested by the Liquidation Trustee), the Liquidation Trustee (i) may timely elect to treat any Disputed Claims Reserve as a "disputed ownership fund" governed by Treasury Regulation section 1.468B-9, and file such tax returns and pay such taxes as may be required consistent with such treatment, and (ii) to the extent permitted by applicable law, shall report consistently with the foregoing for state and local income tax purposes. If a "disputed ownership fund" election is made, all parties (including the Liquidation Trustee and the Liquidation Trust Beneficiaries) shall report for U.S. federal, state and local income tax purposes consistently with the foregoing.

(b)      The Liquidation Trustee shall be responsible for payment, out of the Liquidation Trust Assets, of any taxes imposed on the Liquidation Trust or its assets, including any Disputed Claims Reserve. More particularly, any taxes imposed on any Disputed Claims Reserve or its assets will be paid out of the assets of the Disputed Claims Reserve, and netted against any subsequent distributions in respect of the allowance or disallowance of such Claims. In the event, and to the extent, any Cash in any Disputed Claims Reserve is insufficient to pay the portion of any taxes attributable to taxable income arising from assets of the Disputed Claims Reserve (including any income that may arise upon an actual or constructive distribution of the assets of the reserve in respect of the resolution of Disputed Claims), assets of the Disputed Claims Reserve (including those otherwise distributable) may be sold to pay such taxes.

10.5      *Prompt Determination of Taxes.* The Liquidation Trustee may request an expedited determination of taxes of the Liquidation Trust (including any Disputed

Claims Reserve) or the Debtors under section 505(b) of the Bankruptcy Code for all tax returns filed for, or on behalf of, the Liquidation Trust or the Debtors for all taxable periods through the dissolution of the Liquidation Trust and for all applicable taxable periods of the Debtors.

10.6     *Tax Withholding by Liquidation Trustee.*

(a)     The Liquidation Trustee may withhold and pay to the appropriate tax authority all amounts required to be withheld pursuant to the Tax Code or any provision of any foreign, state or local tax law with respect to any payment or Distribution to the holders of Liquidation Trust Interests. All such amounts withheld and paid to the appropriate tax authority (or placed in escrow pending resolution of the need to withhold) shall be treated as amounts distributed to such holders of Liquidation Trust Interests for all purposes of this Agreement.

(b)     The Liquidation Trustee shall be authorized to collect such tax information from the holders of Liquidation Trust Interests (including social security numbers or other tax identification numbers) as in its sole discretion the Liquidation Trustee deems necessary to effectuate the Plan, the Confirmation Order, and this Agreement. In order to receive Distributions under the Plan, all holders of Liquidation Trust Interests shall be required to identify themselves to the Liquidation Trustee and provide tax information and the specifics of their holdings, to the extent the Liquidation Trustee deems appropriate in the manner and in accordance with the procedures from time to time established by the Liquidation Trustee for these purposes. This identification requirement generally applies to all holders, including those who hold their Claims in "street name." The Liquidation Trustee may refuse to make a Distribution to any holder of a Liquidation Trust Interest that fails to furnish such information in a timely fashion, and until such information is delivered may treat such holder's Liquidation Trust Interests as disputed; *provided, however,* that, upon the delivery of such information by a holder of a Liquidation Trust Interest, the Liquidation Trustee shall make such Distributions to which the holder of the Liquidation Trust Interest is entitled, without additional interest occasioned by such holder's delay in providing tax information; *provided, further,* that, if such information is not furnished to the Liquidation Trustee within 150 days of the original request to furnish such information, the amount of such Distribution shall irrevocably revert to the Liquidation Trust, any Claim in respect of such Distribution shall be discharged and forever barred from assertion against any Debtor and its respective property, and no further Distributions shall be made to the holder of such Liquidation Trust Interest; *provided, further,* that, if the Liquidation Trustee fails to withhold in respect of amounts received or distributable with respect to any such holder and the Liquidation Trustee is later held liable for the amount of such withholding, such holder shall reimburse the Liquidation Trustee for such liability (to the extent such amounts were actually distributed to such holder).

## SECTION 11.    THE DELAWARE TRUSTEE

11.1     *Delaware Trustee Protections.*    Notwithstanding any other provision hereof to the contrary, the parties hereto agree to the following:

(a)     Delaware Trust Company (the "**Delaware Trustee**") is appointed to serve as the trustee of the Liquidation Trust for the sole purpose of satisfying the requirement of Section

3807(a) of the Act that a statutory trust have at least one trustee with a principal place of business in the State of Delaware or is an individual who is a resident of the State of Delaware.

(b)       The duties of the Delaware Trustee shall be limited to (i) accepting legal process served on the Liquidation Trust in the State of Delaware and (ii) the execution of any certificates which the Delaware Trustee is required to execute under the Act.  To the extent that, at law or in equity, the Delaware Trustee has duties (including fiduciary duties) and liabilities relating thereto to the Liquidation Trust or the Liquidation Trust Beneficiary, it is hereby understood and agreed by the other parties hereto that such duties and liabilities are eliminated and replaced by the duties and liabilities of the Delaware Trustee expressly set forth in this Agreement.

(c)       Notwithstanding any provision herein, the Delaware Trustee shall not be required to take any action hereunder if it shall have reasonably determined, or shall have been advised by counsel, that such action is likely to result in personal liability or is contrary to the terms hereof or is otherwise contrary to law or a policy of any regulatory authority or governmental agency.

(d)       Whenever the Delaware Trustee is unable to decide between alternative courses of action permitted or required by the terms of this Agreement or is unsure as to the application of any provision of this Agreement or any such provision is ambiguous as to its application, or may be, in conflict with any other applicable provision, or in the event that this Agreement permits any determination by the Delaware Trustee or is silent or is incomplete as to the course of action that the Delaware Trustee is required or permitted to take with respect to a particular set of facts, the Delaware Trustee shall promptly give notice (in such form as shall be appropriate under the circumstances) to the Liquidation Trustee requesting instruction as to the course of action to be adopted, and to the extent that the Delaware Trustee acts or refrains from acting in good faith in accordance with any such written instruction, the Delaware Trustee shall not be personally liable on account of such action or inaction to any Person.  If the Delaware Trustee shall not have received appropriate instruction within ten (10) calendar days of receipt of such notice (or within such shorter period of time as reasonably may be specified in such notice or may be necessary under the circumstances) it may, but shall be under no duty to, take or refrain from taking such action, not inconsistent with this Agreement, as it shall deem to be in the best interests of the Liquidation Trust Beneficiaries, and shall have no personal liability to any Person for such action or inaction.

(e)       The Delaware Trustee shall  have no duty or obligation to manage, make any payment with respect to, register, record, sell, dispose of, or otherwise deal with the Liquidation Trust Assets, and no implied duties (including fiduciary duties) or obligations shall be read into this Agreement.  The Delaware Trustee shall have no responsibility for filing any financing or continuation statement in any public office at any time or to otherwise perfect or maintain the perfection of any security interest or lien granted to the Liquidation Trust or to prepare or file any filing for the Liquidation Trust (other than as required by the Act) or to record this Agreement or any other document.

(f)       The Delaware Trustee acts hereunder not in its individual capacity, and all Persons having any claim against the Delaware Trustee by reason of the transactions contemplated

26

by this Agreement shall look only to the Liquidation Trust Assets for payment or satisfaction thereof.

(g)     The Delaware Trustee makes no representations as to the validity or sufficiency of this Agreement or of any of the Liquidation Trust Assets or related documents. The Delaware Trustee shall have no personal responsibility or liability for or with respect to the legality, validity and enforceability of any Liquidation Trust Asset, or the perfection and priority of any security interest created by any Liquidation Trust Asset or the maintenance of any such perfection and priority, or for or with respect to the sufficiency of the Liquidation Trust Assets or its ability to generate the payments to be distributed to the related Liquidation Trust Beneficiaries under this Agreement, including, without limitation: the origination, the existence, condition, ownership and servicing of any Liquidation Trust Asset; the existence and enforceability of any insurance thereon; the existence and contents of any Liquidation Trust Asset on any computer or other record thereof, the validity of the assignment of any Liquidation Trust Asset to the Liquidation Trust or of any intervening assignment; the completeness of any Liquidation Trust Asset; the performance or enforcement of any Liquidation Trust Asset; the compliance with any warranty or representation made under any document or the accuracy of any such warranty or representation.

(h)     The Delaware Trustee shall not be personally answerable or accountable hereunder under any circumstances, except to the Liquidation Trust Beneficiaries and the Liquidation Trust for its own willful misconduct or gross negligence in the performance of its express duties hereunder, The Delaware Trustee shall have no liability for the acts or omissions of any other Person.

(i)     The Delaware Trustee shall not be personally liable for any error of judgment made by the Delaware Trustee.

(j)     The Delaware Trustee shall not be personally liable with respect to any action taken or omitted to be taken by it in accordance with the instructions of the Liquidation Trustee.

(k)     No provision of this Agreement or any related document shall require the Delaware Trustee to expend or risk its own funds or otherwise incur any personal financial liability in the performance of any of its respective rights, duties, or powers hereunder.

(l)     Under no circumstances shall the Delaware Trustee be personally liable for any duties, obligations or indebtedness of the Liquidation Trust.

(m)     The Delaware Trustee shall not be personally liable for the default or misconduct of any other Person hereunder or other party to any document to which the Liquidation Trust is a party or signatory or otherwise and shall not be personally liable for monitoring the performance of such Persons.

(n)     The right of the Delaware Trustee to perform any discretionary act enumerated in this Agreement shall not be construed as a duty.

27

(o)      Notwithstanding any other provisions hereof to the contrary, the Delaware Trustee shall not be liable for any special, indirect, punitive or consequential loss or damage of any kind whatsoever (including but not limited to lost profits) even if the Delaware Trustee has been advised of the likelihood of such loss or damage, and regardless of the form of action.

(p)      The Delaware Trustee shall not be liable or responsible for delays or failures in the performance of their obligations hereunder arising out of or caused, directly or indirectly, by circumstances beyond their control (such acts include but are not limited to acts of God, strikes, lockouts, riots, acts of war, epidemics, pandemics, shelter in place or similar directive and interruptions, losses or malfunctions of utilities, computer (hardware or software) or communications services).

(q)      The Delaware Trustee shall not incur any personal liability to anyone in acting upon any signature, instrument, notice, resolution, request, consent, order, certificate, report, opinion, bond, or other document or paper believed by it to be genuine and believed by it to be signed by an appropriate Person, may accept a certified copy of a resolution of the board of directors or other governing body of any Person as conclusive evidence that such resolution has been duly adopted by such body and that the same is in full force and effect, and as to any fact or matter the method of the determination of which is not specifically prescribed herein, may for all purposes hereof rely on a certificate, signed by the Liquidation Trustee as to such fact or matter and such certificate shall constitute full protection to the Delaware Trustee for any action taken or omitted to be taken by it in good faith in reliance thereon.

(r)      In the performance of its duties and obligations under this Agreement, the Delaware Trustee at the expense of the Liquidation Trust (i) may act directly or through its agents or attorneys pursuant to agreements entered into with any of them, and the Delaware Trustee shall not be personally liable for the conduct or misconduct of such agents or attorneys if such agents or attorneys shall have been selected by the Delaware Trustee in good faith and (ii) may consult with counsel, accountants and other skilled persons, in each case, to be selected by the Delaware Trustee in good faith, and such advice shall be full and complete authorization and protection with respect to any action taken or omitted by it hereunder in good faith and in accordance with the advice or opinion of counsel, accountants or other such persons.

11.2      *Third Party Beneficiary*.  The Delaware Trustee shall be a third party beneficiary of this Agreement entitled to enforce this Agreement to the same extent as though a party hereto.

11.3      *Fees and Indemnity*.  The Delaware Trustee shall be entitled to receive from the Liquidation Trust as compensation for its services hereunder such fees as set forth in the fee letter with the Delaware Trustee, which compensation shall not be limited by any provision of law in regard to compensation of a trustee of an express trust.  The Liquidation Trust shall (i) reimburse the Delaware Trustee for all reasonable and documented expenses incurred by it in connection with the execution and performance of its rights and duties hereunder (including reasonable fees and expenses of counsel and other experts, including fees and expenses of counsel in the enforcement of this Agreement, including indemnification provisions); (ii) indemnify, defend and hold harmless the Delaware Trustee (in both its individual and trustee capacities) and the officers, directors, employees and agents of the Delaware Trustee

28

(collectively, including the Delaware Trustee in its individual capacity, the "Covered Persons") from and against any and all documented losses, damages, liabilities, claims, actions, suits, costs, expenses, disbursements (including the reasonable fees and expenses of counsel), taxes and penalties of any kind and nature whatsoever, to the extent that such expenses arise out of or are imposed upon or asserted at any time against one or more Covered Persons with respect to the performance of this Agreement, the creation, operation, administration or termination of the Trust, or the transactions contemplated hereby (all such expenses as provided in clauses (i) and (ii) are herein referred to collectively as "Expenses"), *provided*, *however*, that the Trust shall not be required to indemnify an Covered Person for Expenses to the extent such Expenses result from the willful misconduct or gross negligence of such Covered Person; and (iii) advance to each Covered Person Expenses (including reasonable legal fees) incurred by such Covered Person in defending any claim, demand, action, suit or proceeding, prior to the final disposition of such claim, demand, action, suit or proceeding.  With respect to reimbursement or indemnity provided hereunder, an Covered Person shall have a lien on the Liquidation Trust Assets prior to any rights in such property of the Liquidation Trust Beneficiaries.  The indemnities contained in this Section shall survive the removal, resignation or termination of the Delaware Trustee and the termination of the Liquidation Trust and this Agreement.

   11.4  *Resignation and Removal*.  The Delaware Trustee may resign and be discharged hereunder upon not less than 30 days' prior written notice to the Liquidation Trustee.  The Delaware Trustee also may be removed and discharged, with or without cause, upon the delivery by the Liquidation Trustee to the Delaware Trustee of a written notice of removal.  Upon receiving such a notice of resignation or removal, the Liquidation Trustee shall use its best efforts promptly to appoint a substitute or successor Delaware Trustee in the manner and meeting the qualifications hereinafter provided by written instrument or instruments delivered to such resigning Delaware Trustee and the substitute or successor Delaware Trustee.  Any resignation or removal of the Delaware Trustee and appointment of a substitute or successor Delaware Trustee shall become effective only upon acceptance of the appointment by the substitute or successor Delaware Trustee.  If no substitute or successor Delaware Trustee shall have been appointed within 30 days after notice of such resignation or removal has been delivered, at the expense of the Liquidation Trust the Delaware Trustee may apply to a court of competent jurisdiction for the appointment of a successor Delaware Trustee.  Such court may thereupon, after such notice, if any, as it may deem proper, prescribe and appoint a successor Delaware Trustee meeting the qualifications provided for herein.

   11.5  *Merger*.  Any Person into which the Delaware Trustee may be merged or with which it may be consolidated, or any Person resulting from any merger or consolidation to which the Delaware Trustee shall be a party, or any Person that succeeds to all or substantially all of the corporate trust business of the Delaware Trustee, shall be the successor Delaware Trustee under this Agreement without the execution, delivery or filing of any paper or instrument or further act to be done on the part of the parties hereto (except for the filing of an amendment to the Trust's certificate of trust if required by the Act), notwithstanding anything to the contrary herein; *provided*, *however*, that such successor Delaware Trustee shall have its principal place of business in the State of Delaware and otherwise meet the requirements of the Act and applicable law.

# SECTION 12.    MISCELLANEOUS

12.1    *Preservation of Privilege.*

In connection with the rights, claims, and causes of action that constitute Liquidation Trust Assets, any attorney-client privilege, work-product doctrine, or other privilege or immunity attaching to any documents or communications (whether written or oral) transferred to the Liquidation Trust pursuant to the terms of the Plan or otherwise shall vest in the Liquidation Trustee and his representatives, and the Liquidation Trustee is authorized to take all necessary actions to effectuate the transfer of such privileges, as necessary. The Liquidation Trustee's receipt of such privileges shall not operate as a waiver of any other privileges or immunities possessed by the Debtors.

12.2    *Notices.*

Unless otherwise expressly provided herein, all notices to be given to Liquidation Trust Beneficiaries may be given by ordinary mail, or may be delivered personally, to the holders at the addresses appearing on the books kept by the Liquidation Trustee. Any notice or other communication which may be or is required to be given, served, or sent to the Liquidation Trust shall be in writing and shall be sent by email and registered or certified United States mail, return receipt requested, postage prepaid, or transmitted by hand delivery (if receipt is confirmed) addressed as follows:

If to the Liquidation Trust or the Liquidation Trustee:

Ankura Consulting Group, LLC
485 Lexington Avenue 10th Floor
New York, NY 10017
Attn:   Adrian Frankum
Email: Adrian.Frankum@Ankura.com
Telephone: (646) 968-3655
Facsimile:  (212) 818-1551

With a copy to:

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Attn:   Garrett A. Fail
        David J. Cohen
Email: Garrett.Fail@weil.com
        DavidJ.Cohen@weil.com
Telephone: (212) 310-8000
Facsimile:  (212) 310-8007

30

If to the Delaware Trustee:

Delaware Trust Company
Attn: Corporate Trust Administration
251 Little Falls Drive
Wilmington, DE 19808
Email:  trust@delawaretrust.com

12.3    *No Bond / Insurance.*

Notwithstanding any state law to the contrary, the Liquidation Trustee (including any successor) shall be exempt from giving any bond or other security in any jurisdiction, unless the Liquidation Trustee decides in his reasonable judgment to obtain such bond or other security.  The Liquidation Trustee is hereby authorized, but not required to obtain all reasonable insurance coverage for itself, its agents, representatives, employees or independent contractors, including coverage with respect to the liabilities, duties and obligations of the Liquidation Trustee and its agents, representatives, employees or independent contractors under this Agreement and the Plan ("**Insurance Coverages**").  The cost of any such Insurance Coverage shall be an expense of the Liquidation Trust and paid out of the Liquidation Trust Assets.

12.4    *Governing Law.*

This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware (excluding conflict of laws rules), including all matters of validity, construction and administration; provided, however, that there shall not be applicable to the Liquidation Trust, the Liquidation Trustee or this Agreement, (a) the provisions of Section 3540 of Title 12 of the Delaware Code and (b) to the fullest extent permitted by applicable law any provisions of the laws (statutory or common) of the State of Delaware pertaining to trusts that relate to or regulate, in a manner inconsistent with the terms hereof, (i) the filing with any court or governmental body or agency of trustee accounts or schedule of trustee fees and charges, (ii) affirmative requirements to post bonds for trustees, officers, agents or employees of a trust, (iii) the necessity for obtaining court or other governmental approval concerning the acquisition, holding or disposition of real or personal property, (iv) fees or other sums payable to trustees, officers, agents or employees of a trust, (v) the allocation of receipts and expenditures to income and principal, or (vi) restrictions or limitations on the permissible nature, amount or concentration of trust investments or requirements relating to the titling, storage or other manner of holding or investing trust assets.

12.5    *Successors and Assigns.*

This Agreement shall inure to the benefit of and shall be binding upon the parties hereto and their respective successors and assigns.

12.6     *Headings.*

The various headings of this Agreement are inserted for convenience only and shall not affect the meaning or understanding of this Agreement or any provision hereof.

12.7     *Cumulative Rights and Remedies.*

The rights and remedies provided in this Agreement are cumulative and not exclusive of any rights and remedies under law or in equity.

12.8     *No Execution.*

All funds in the Liquidation Trust shall be deemed *in custodia legis* until such times as the funds have actually been paid to or for the benefit of a Liquidation Trust Beneficiary, and no Liquidation Trust Beneficiary or any other Person can execute upon, garnish or attach the Liquidation Trust Assets or the Liquidation Trust in any manner or compel payment from the Liquidation Trust except by Final Order of the Bankruptcy Court.  Payment will be solely governed by this Agreement and the Plan.

12.9     *Amendment.*

The Liquidation Trustee may, from time to time, modify, supplement, or amend this Agreement but only to clarify any ambiguity or inconsistency, or render the Agreement in compliance with its stated purposes, and only if such amendment does not materially and adversely affect the interests, rights, treatment, or Distributions of any Liquidation Trust Beneficiary or with respect to any Allowed Unsecured Claim.   The Liquidation Trustee, with the approval of the Bankruptcy Court, may, from time to time, modify, supplement, or amend this Agreement.  No amendment or waiver of any provision of this Agreement which adversely affects the Delaware Trustee shall be effective against it without its prior written consent.

12.10     *Waiver.*

No failure by the Liquidation Trustee to exercise or delay in exercising any right, power, or privilege hereunder shall operate as a waiver, nor shall any single or partial exercise of any right, power, or privilege hereunder preclude any further exercise thereof, or of any other right, power, or privilege.

12.11     *Severability.*

If any term, provision, covenant or restriction contained in this Agreement is held by a court of competent jurisdiction or other authority to be invalid, void, unenforceable or against its regulatory policy, the remainder of the terms, provisions, covenants and restrictions contained in this Agreement shall remain in full force and effect and shall in no way be affected, impaired or invalidated.

12.12    *Counterparts and Facsimile Signatures.*

This Agreement may be executed in counterparts and a facsimile or other electronic form of signature shall be of the same force and effect as an original.

12.13    *Jurisdiction.*

The Bankruptcy Court shall have jurisdiction regarding the Liquidation Trust, the Liquidation Trustee, and the Liquidation Trust Assets, including the determination of all disputes arising out of or related to administration of the Liquidation Trust. The Bankruptcy Court shall have continuing jurisdiction and venue to hear and finally determine all disputes and related matters arising out of or related to this Agreement or the administration of the Liquidation Trust. The parties expressly consent to the Bankruptcy Court hearing and exercising such judicial power as is necessary to finally determine all such disputes and matters. If the Bankruptcy Court abstains from exercising, or declines to exercise, jurisdiction or is otherwise without jurisdiction over any matter arising in, arising under, or related to the Chapter 11 Cases, including the matters set forth in this Agreement, then the provisions of this Agreement shall have no effect on and shall not control, limit or prohibit the exercise of jurisdiction by any other court having competent jurisdiction with respect to such matter, and all applicable references in this Agreement to an order or decision of the Bankruptcy Court shall instead mean an order or decision of such other court of competent jurisdiction. Notwithstanding anything herein to the contrary, to the extent required by the Act (i) the parties hereto and the Liquidation Trust Beneficiaries agree to the non-exclusive jurisdiction of the courts of the State of Delaware and (ii) the Court of Chancery of the State of Delaware shall have jurisdiction over the Liquidation Trust to the same extent as it has jurisdiction over common law trusts formed under the laws of the State of Delaware.

*[The remainder of this page is intentionally left blank.]*

33

IN WITNESS WHEREOF, the parties have executed this Agreement as of the day and year written above.

**DEBTORS**:

BBGI US, Inc.
Brooks Brothers Far East Limited
BBD Holding 1, LLC
BBD Holding 2, LLC; BBDI, LLC
BBGI International, LLC
BBGI Restaurant, LLC
Deconic Group LLC
Golden Fleece Manufacturing Group, LLC
RBA Wholesale, LLC
Retail Brand Alliance Gift Card Services, LLC;
Retail Brand Alliance of Puerto Rico, Inc.
696 White Plains Road, LLC
BBGI Canada Ltd.

By: _____
     Name: [•]

**LIQUIDATION TRUSTEE**:

By: _____
     Name: Adrian Frankum, solely in his capacity as a Senior
     Managing Director of Ankura Consulting Group, LLC and as
     Liquidation Trustee and not in any individual capacity

**DELAWARE TRUSTEE**

By: Delaware Trust Company, solely in its capacity as Delaware
     resident trustee and not in any other capacity
     By: _____
         Name: [•]
         Title: [•]

**<u>Exhibit B-1</u>**

**Redline of Liquidation Trust Agreement**

## LIQUIDATION TRUST AGREEMENT

This Liquidation Trust Agreement (as it may be amended, modified, supplemented or restated from time to time, this "**Agreement**") dated as of [•], 2021, is made and entered into by and among BBGI US, Inc. (f/k/a Brooks Brothers Group, Inc.); Brooks Brothers Far East Limited; BBD Holding 1, LLC; BBD Holding 2, LLC; BBDI, LLC; BBGI International, LLC (f/k/a Brooks Brothers International, LLC); BBGI Restaurant, LLC (f/k/a Brooks Brothers Restaurant, LLC); Deconic Group LLC; Golden Fleece Manufacturing Group, LLC; RBA Wholesale, LLC; Retail Brand Alliance Gift Card Services, LLC; Retail Brand Alliance of Puerto Rico, Inc.; 696 White Plains Road, LLC; and BBGI Canada Ltd. (f/k/a Brooks Brothers Canada Ltd.) ("**BB Canada**") (each a "**Debtor**" and collectively, the "**Debtors**"), [•]Delaware Trust Company, solely in [its] capacity as Delaware resident trustee pursuant to section 11 hereof, and the Liquidation Trustee (as defined below) for the purpose of forming a trust and is executed in connection with and pursuant to the terms of the *Amended Joint Plan of Liquidation for BBGI US, Inc. and its Affiliated Debtors* [Docket No. 918] (as it may be further amended, modified, supplemented or restated from time to time, the "**Plan**"), which Plan provides for, among other things, the establishment of the liquidation trust evidenced hereby (the "**Liquidation Trust**").[1]

### W I T N E S S E T H

WHEREAS, the Chapter 11 Cases were commenced by the Debtors filing voluntary chapter 11 petitions in the Bankruptcy Court on July 8, 2020 and September 10, 2020;

WHEREAS, the Bankruptcy Court confirmed the Plan by order dated [•], 2021;

WHEREAS, this Agreement is entered into to effectuate the establishment of the Liquidation Trust as provided in the Plan and the Confirmation Order;

WHEREAS, pursuant to the Plan, the Liquidation Trust is established for the benefit of the holders of Allowed Class 3 PBGC Claims and Allowed Class 4 General Unsecured Claims (each such holder a "**Liquidation Trust Beneficiary**" and together, the "**Liquidation Trust Beneficiaries**");

WHEREAS, the Liquidation Trust is established (i) for the purpose of collecting, administering, distributing and liquidating the Liquidation Trust Assets for the benefit of the Liquidation Trust Beneficiaries in accordance with the terms of this Agreement, the Plan, and the Confirmation Order, (ii) to pay certain Allowed Claims, and (iii) to make Distributions of the Liquidation Trust Assets to the Liquidation Trust Beneficiaries, in each case to the extent provided in the Plan;

WHEREAS, the Liquidation Trust shall have no objective or authority to continue or to engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the purpose of the Liquidation Trust as set forth in this Agreement and the Plan;

---

[1] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

WHEREAS, the Liquidation Trust Beneficiaries are entitled to their applicable Liquidation Trust Interests (defined below);

WHEREAS, the Liquidation Trust is intended to qualify as a "liquidating trust" within the meaning of United States Treasury Regulation (hereinafter "**Treasury Regulation**") Section 301.7701-4(d) and, as such, as a "grantor trust" for U.S. federal income tax purposes with the Liquidation Trust Beneficiaries treated as the grantors and owners of the Liquidation Trust (subject to the elective treatment of one or more Disputed Claims Reserves as "disputed ownership funds" described in Treasury Regulation Section 1.468B-9);

WHEREAS, the Liquidation Trust is intended to be exempt from the requirements of the Investment Company Act of 1940;

WHEREAS, in addition to jurisdiction as provided herein as required by the Act, the Bankruptcy Court shall have jurisdiction over the Liquidation Trust, the Liquidation Trustee, and the Liquidation Trust Assets as provided herein and in the Plan.

NOW, THEREFORE, in consideration of the promises and the mutual covenants contained herein and in the Plan, the Debtors and the Liquidation Trustee agree as follows:

## SECTION 1.    DEFINITIONS AND INTERPRETATION.

A.    **Definitions**.

All capitalized terms used in this Agreement not otherwise defined herein shall have the respective meanings ascribed to such terms in the Plan. The following capitalized terms have the meanings herein as described below:

1.1.    *Act* shall have the meaning set forth in Section 2.1(a) below

1.2.    *Agreement* shall have the meaning set forth in the introductory paragraph to this Agreement.

1.3.    *Debtor(s)* shall have the meaning set forth in the introductory paragraph to this Agreement.

1.4.    *Delaware Trustee* shall have the meaning set forth in Section 11.1(a) below.

1.5.    *Effectiveness* shall have the meaning set forth in Section 2.5 below.

1.6.    *Indemnified Party* shall the meaning set forth in Section 6.3 below.

1.7.    *Insurance Coverages* shall have the meaning set forth in Section 12.3 below.

1.8.    *Liquidation Trust* shall have the meaning set forth in the introductory paragraph to this Agreement.

1.9.    *Liquidation Trust Beneficiary* shall have the meaning set forth above herein.

2

1.10.    ***Liquidation Trust Interest*** shall mean the non-certificated beneficial interests in the Liquidation Trust, which shall be granted Pro Rata **t**o the holder of the Allowed PBGC Claims and the holders of Allowed General Unsecured Claims pursuant to the terms of the Plan, and which shall entitle each such holders to a share of each Distribution of the Liquidation Trust Assets, in accordance with, and all as more fully set forth in the Plan.

1.11.    ***Liquidation Trustee*** shall mean (i) initially, Adrian Frankum in his capacity as Senior Managing Director of Ankura Consulting Group, LLC who is to serve as trustee of this Liquidation Trust, and (ii) any successors or replacements duly appointed under the terms of this Agreement.

1.12.    ***Plan*** shall have the meaning set forth in the introductory paragraph to this Agreement.

1.13.    ***Specified Notice Parties*** shall have the meaning set forth in Section 7.4 below.

1.14.    ***Transfer*** shall mean, with respect to a Liquidation Trust Interest, any transfer, sale, pledge, assignment, conveyance, gift, bequest, inheritance, grant, distribution, hypothecation or other disposition of or creation or a security interest in such Liquidation Trust Interest, whether voluntarily or by operation of law.  "Transferor," "Transferee," and "Transferred" shall have correlative meanings.

B.    **Plan Terms Control**.

In the case of any inconsistency between the terms of this Agreement and the terms of the Plan or the Confirmation Order, such terms of the Plan or the Confirmation Order are incorporated herein by reference and shall govern and control.  This Agreement shall not be construed to impair or limit in any way the rights of any Person under the Plan or the Confirmation Order

C.    **Interpretation**.

In this Agreement, except to the extent the context otherwise requires, (i) reference to any Section, subsection, clause, Schedule, Exhibit, preamble or recital, is to that such Section, Article, subsection, clause, Schedule, Exhibit, preamble or recital under this Agreement, (ii) the words "hereof," "herein," and similar terms shall refer to this Agreement and not to any particular section or article of this Agreement, (iii) references to any document or agreement, including this Agreement, shall be deemed to include references to such document or agreement as amended, supplemented, replaced or restated from time to time in accordance with its terms and subject to compliance with any requirements set forth therein, (iv) references to any law, statute, rule, regulation or form (including in the definition thereof) shall be deemed to include references to such statute, rule, regulation or form as amended, modified, supplemented or replaced from time to time (and, in the case of any statute, include any rules and regulations promulgated under such statute), and all references to any section of any statute, rule, regulation or form include any successor to such section, (v) references to any party hereto shall include its successors and permitted assigns, (vi) wherever the word "include," "includes" or "including" is used herein, it shall be deemed to be followed by the words "without limitation," and any list of examples following such term shall in no way restrict or limit the generality of the word or provision with

3

respect to which such examples are provided, (vii) the words "shall" and "will" are used interchangeably throughout this Agreement, and the use of either connotes a mandatory requirement, (viii) the word "or" is not meant to be exclusive, and shall be interpreted as "and/or", (ix) references to "day" or "days" are references to calendar days, (x) the terms "Dollars" and "$" mean United States Dollars, (xi) whenever the context requires, terms shall include the plural as well as the singular number, the masculine gender shall include the feminine, and the feminine gender shall include the masculine and (xii) references to any time periods herein that are initiated by the receipt of a notice shall be deemed not to include the date such notice is received in the calculation of such time period.

## SECTION 2.    ESTABLISHMENT, PURPOSE AND FUNDING OF LIQUIDATION TRUST

2.1    *Creation and Name; Formation; Office.*

(a)    Upon the Effectiveness of this Agreement, the Liquidation Trust, which is referred to in the Plan (in Section 1 thereof in the definition of "Liquidation Trust" and in certain other sections thereof), is hereby created.  It is the intention of the parties hereto that the trust created hereby constitutes a statutory trust under Chapter 38 of Title 12 of the Delaware Code, 12 Del. C. § 3801 et seq. (the "**Act**") and that this Agreement constitutes the governing instrument of the Trust.  The trust created hereby shall be known as "BBGI Liquidation Trust" in which name the Liquidation Trustee may conduct the affairs of the Liquidation Trust, make and execute contracts, and sue and be sued. The Delaware Trustee and the Liquidation Trustee are hereby authorized and directed to execute and file a certificate of trust pursuant to the Act.

(b)    The principal office of the Liquidation Trust, and such additional offices as the Liquidation Trustee may determine to establish, shall be located at such place or places inside or outside the State of Delaware as the Liquidation Trustee may designate from time to time.

2.2    *Purpose of Liquidation Trust.*

The Debtors and the Liquidation Trustee, pursuant to the Plan and the Confirmation Order and in accordance with the Bankruptcy Code, hereby establish the Liquidation Trust for the purpose of collecting, administering, liquidating and distributing the assets transferred to it, in accordance with Treasury Regulation section 301.7701-4(d), with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Liquidation Trust.  Accordingly, the Liquidation Trustee shall, in an expeditious but orderly manner, liquidate and convert to Cash the Liquidation Trust Assets, make timely distributions to the Liquidation Trust Beneficiaries, and not unduly prolong its duration.  Except as otherwise provided in the Plan, the Debtors shall have no liability with respect to the distribution or payment of any proceeds of the Liquidation Trust Assets to any of the Liquidation Trust Beneficiaries or other holders of Allowed Claims.  The activities of the Liquidation Trust shall be limited to those activities set forth in this Agreement and as otherwise contemplated by the Plan.

4

2.3     *Transfer of Liquidation Trust Assets.*

(a)     On or prior to the date of Effectiveness, the Debtors shall have transferred the Liquidation Trust Assets to the Liquidation Trustee.  Each Debtor hereby grants, releases, assigns, conveys, transfers and delivers, on behalf of the Liquidation Trust Beneficiaries, all of the Liquidation Trust Assets owned, held, possessed or controlled by such Debtor to the Liquidation Trustee as of this Agreement's Effectiveness, in trust for the benefit of the Liquidation Trust Beneficiaries for the uses and purposes as specified in this Agreement and the Plan.  Except as otherwise provided in the Plan, none of the Debtors shall have any further obligations with respect to Allowed Claims or the distribution or payment of any proceeds of the Liquidation Trust Assets to any of the Liquidation Trust Beneficiaries upon the transfer of the Liquidation Trust Assets to the Liquidation Trustee in accordance with the Plan; *provided*, that the Debtors shall, from time to time until their dissolution pursuant to the terms of the Plan, execute and deliver or cause to be executed and delivered all such documents (in recordable form where necessary or appropriate) and the Debtors shall take or cause to be taken such further action, in each case as the Liquidation Trustee may reasonably deem necessary or appropriate, to vest or perfect in or confirm to the Liquidation Trustee title to and possession of the Liquidation Trust Assets.  None of the foregoing transfers to the Liquidation Trust or the Liquidation Trustee shall constitute a merger or consolidation of any of the Causes of Action that constitute Liquidation Trust Assets, each of which shall retain its separateness following the transfer for all purposes relevant to the prosecution thereof.

(b)     To the extent that any Liquidation Trust Assets cannot be transferred to the Liquidation Trust, including because of a restriction on transferability under applicable non-bankruptcy law that is not superseded or preempted by Section 1123 of the Bankruptcy Code or any other provision of the Bankruptcy Code, such Liquidation Trust Assets shall be deemed to have been retained by the Debtors or their successor and the Liquidation Trustee shall be deemed to have been designated as a representative of the Debtors or their successor pursuant to Section 1123(b)(3)(B) of the Bankruptcy Code to enforce and pursue such Liquidation Trust Assets on the behalf of the Debtors or their successor.  Notwithstanding the foregoing, all proceeds of such Liquidation Trust Assets (net of all reasonable and documented costs and expenses (including the reasonable and documented fees and expenses of professionals)), if received by the Debtors, shall be transferred to the Liquidation Trust or the Liquidation Trustee on behalf its behalf to be distributed in accordance with this Agreement and the terms of the Plan.

(c)     In no event shall any part of the Liquidation Trust Assets revert to or be distributed to any Debtor.

2.4     *Privileges.*

(a)     All attorney-client privileges, work product protections, joint client privilege, common interest or joint defense privilege or protection and all other privileges, immunities or protections from disclosure (the "Privileges") held by any of (1) any one or more of the Debtors or (2)  any pre-petition or post-petition committee or subcommittee of the board of directors or equivalent governing body of any of the Debtors and their predecessors (together the "Privilege Transfer Parties") related in any way to the Liquidation Trust Assets, the analysis or prosecution of any claims or the purpose of the Liquidation Trust (the "Transferred

5

Privileged Information") are hereby transferred and assigned to, and vested in, the Liquidation Trust and its authorized representatives. The Transferred Privileged Information shall include documents and information of all manner, whether oral, written or digital, and whether or not previously disclosed or discussed. For the avoidance of doubt, the Privileges shall include any right to preserve or enforce or waive a privilege that arises from any joint defense, common interest or similar agreement involving any of the Privilege Transfer Parties.

(b)     The foregoing transfer and assignment shall vest the Privileges concerning the Transferred Privileged Information exclusively in the Liquidation Trust, consistent with sections 1123(a)(5)(B) and 1123(b)(3)(B) of the Bankruptcy Code, for the sole benefit of the Liquidation Trust and the Liquidation Trust Beneficiaries; *provided, however*, that to the extent that any such Privileges or Transferred Privileged Information relates to both Liquidation Trust Assets and Litigation Trust Assets, such Privileges and Transferred Privileged Information shall vest jointly in the Liquidation Trust and the Litigation Trust. Except only as provided in the Litigation Trust Agreement as relates to any Privileges or Transferred Privileged Information held jointly with the Litigation Trust, the Liquidation Trust shall have the exclusive authority and sole discretion to maintain the Privileges and keep the Transferred Privileged Information confidential, or waive any Privileges and/or disclose and/or use in litigation or any proceeding any or all of the Transferred Privileged Information.

(c)     The Privilege Transfer Parties agree to take all necessary actions to effectuate the transfer of such Privileges, and to provide to the Liquidation Trust without the necessity of a subpoena all Transferred Privileged Information in their respective possession, custody or control. The Liquidation Trust is further expressly authorized to formally or informally request or subpoena documents, testimony or other information that would constitute Transferred Privileged Information from any persons, including former directors or officers of any of the Debtors, attorneys, professionals, consultants and experts, and no such person may object to the production to the Liquidation Trust of such Transferred Privileged Information on the basis of a Privilege. Until and unless the Liquidation Trust makes a determination to waive any Privilege, Transferred Privileged Information shall be produced solely to the Liquidation Trust. For the avoidance of doubt, this Subsection is subject in all respects to Section 2.4(a) of this Agreement.

(d)     Pursuant to, inter alia, Federal Rule of Evidence 502(d), no Privileges shall be waived by the transfer and assignment of the Privileges or the production of any Transferred Privileged Information to the Liquidation Trust or any of its respective employees, professionals or representatives, or by disclosure of such Transferred Privileged Information between the Privilege Transfer Parties, on the one hand, and the Liquidation Trust, on the other hand, or any of their respective employees, professionals or representatives.

(e)     If a Privilege Transfer Party, the Liquidation Trust, any of their respective employees, professionals or representatives or any other person inadvertently produces or discloses Transferred Privileged Information to any third party, such production shall not be deemed to destroy any of the Privileges, or be deemed a waiver of any confidentiality protections afforded to such Transferred Privileged Information. In such circumstances, the disclosing party shall promptly upon discovery of the production notify the Liquidation Trust of

RLF1 24874454v.2

the production and shall demand of all recipients of the inadvertently disclosed Transferred Privileged Information that they return or confirm the destruction of such materials.

2.5    *Nature of Liquidation Trust*.

The Liquidation Trust is irrevocable but this Agreement is subject to amendment and waiver as provided in this Agreement.  The Liquidation Trust is not intended to be, and shall not be deemed to be or treated as, a general partnership, limited partnership, limited liability partnership, joint venture, corporation, limited liability company, joint stock company or association, nor shall the Liquidation Trustee, or the Liquidation Trust Beneficiaries, or any of them, for any purpose be, or be deemed to be or treated in any way whatsoever to be, liable or responsible hereunder as partners or joint venturers.  The relationship of the Liquidation Trust Beneficiaries, on the one hand, to the Liquidation Trust and the Liquidation Trustee, on the other hand, shall not be deemed a principal or agency relationship, and their rights shall be limited to those conferred upon them by this Agreement, the Plan and the Confirmation Order.

2.6    *Effectiveness*.

The effectiveness of this Agreement ("**Effectiveness**") (and the establishment of the Liquidation Trust hereunder) shall occur on the Effective Date of the Plan.

## SECTION 3.    ADMINISTRATION OF THE LIQUIDATION TRUST

3.1    *Rights, Powers and Privileges*.

In connection with the administration of the Liquidation Trust, except as set forth in this Agreement and the Plan, the Liquidation Trustee is authorized to perform any and all acts necessary or desirable to accomplish the purposes of the Liquidation Trust (including, without limitation, all powers, rights, and duties under applicable law).  In connection therewith, and subject to the limitations herein, the Liquidation Trustee shall have absolute discretion to pursue or not to pursue any and all Causes of Action that constitute Liquidation Trust Assets as the Liquidation Trustee determines are in the best interests of the Liquidation Trust Beneficiaries and consistent with the purposes of the Liquidation Trust and the terms of the Plan, and shall have no liability for the outcomes of his decisions except as provided herein.  The Liquidation Trust and the Liquidation Trustee, as applicable, shall have all of the rights and powers granted to the "Liquidation Trustee" in the Plan as it pertains to Liquidation Trust Beneficiaries, including *inter alia*, without limitation, Section 4 and Section 5 of the Plan including, but not limited to, the power to (i) effect all actions and execute all agreements, instruments and other documents necessary to perform its duties under the Plan, (ii) establish, as necessary, disbursement accounts for the deposit and distribution of all amounts to be distributed under the Plan to holders of Allowed Claims, (iii) make Distributions in accordance with the Plan, (iv) object to Claims (as appropriate) that are not Claims of the DV Entities or of any of the Former D&Os or Shareholders, (v) employ and compensate professionals to represent the Liquidation Trustee with respect to the Liquidation Trustee's responsibilities, (vi) assert any of the Debtors' claims, Causes of Action, rights of setoff, or other legal or equitable defenses that (a) constitute Liquidation Trust Assets, (b) may be applicable in pursuing or facilitate pursuit of any Causes of Action that are Liquidation Trust Assets, or (c) are applicable to or facilitate disputing or object to Claims that are not Claims of the

7

DV Entities or of any of the Former D&Os or Shareholders, and (v) exercise such other powers as may be vested in the Liquidation Trustee by order of the Bankruptcy Court, pursuant to the Plan, or as deemed by the Liquidation Trustee to be necessary and proper to implement the provisions of the Plan.  The Liquidation Trustee may abandon any Liquidation Trust Assets (other than Cash and cash equivalents) that the Liquidation Trustee reasonably determines to be without material monetary value or burdensome to the Liquidation Trustee's administration of the Liquidation Trust, in each case after giving effect to the costs and expenses reasonably expected to liquidate such assets to Cash.  The Liquidation Trust and Liquidation Trustee also may incur such expenses in operating the Liquidation Trust and performing the Liquidation Trustee's duties as the Liquidation Trustee deems appropriate.  No implied duties or obligations shall be read into this Agreement, and to the extent that, at law or in equity, the Liquidation Trustee has duties and liabilities relating to the Liquidation Trust or the Liquidation Trust Beneficiary, it is hereby understood and agreed that such duties and liabilities are eliminated and replaced by the duties and liabilities of the Liquidation Trustee expressly set forth in this Agreement.

3.2    <em>Agents and Professionals.</em>

The Liquidation Trustee may, but shall not be required to, consult with, select, retain and compensate (all in the Liquidation Trustee's sole discretion) any professionals, including but not limited to attorneys, accountants, real estate brokers, appraisers, valuation counselors, transfer agents, financial advisors, claims agents, custodians, investment advisors, or other parties (collectively, the "**Trust Professionals**") deemed by the Liquidation Trustee in his sole discretion to have qualifications necessary to assist in the proper administration of the Liquidation Trust in order to assist the Liquidation Trustee in carrying out his duties hereunder.  Reasonable salaries, fees and expenses of such persons (including those of the Liquidation Trustee), including contingency fees, shall be paid out of the Liquidation Trust Assets. The Liquidation Trustee's retention of a professional retained by the Debtors or any other party in interest during the Chapter 11 Cases shall not be deemed a conflict of interest or, to the extent such conflict of interest exists, such conflict is hereby waived by the Debtors, the applicable party and the Liquidation Trust, as applicable.  Subject to the Plan and this Agreement, the Liquidation Trustee may pay the salaries, fees, and expenses of such persons or firms out of the Liquidation Trust Assets, without Bankruptcy Court approval.  The Liquidation Trustee shall not be liable for any loss to the Debtors, the Estates, or the Liquidation Trust or any person interested therein, including Beneficiaries, by reason of any mistake or default of any such agent or consultant or Trust Professional.

3.3    <em>Investment and Safekeeping of Liquidation Trust Assets.</em>

(a)    All monies and other Liquidation Trust Assets received by the Liquidation Trustee shall, until distributed or paid as provided in this Agreement or the Plan, be held in the Liquidation Trust for the benefit of the Liquidation Trust Beneficiaries.  The Liquidation Trustee shall be under no obligation to generate or produce, or have any liability for, interest or other income on any monies received by the Liquidation Trust and held for distribution or payment to the Liquidation Trust Beneficiaries, except as such interest or income shall be actually received by the Liquidation Trustee.

(b)    Investments of any Cash of the Liquidation Trust, including any earnings thereon or proceeds therefrom, any Cash realized from the liquidation of the Liquidation

8

Trust Assets, or any Cash that is remitted to the Liquidation Trust from any other Person, shall be administered in view of the manner in which individuals of ordinary prudence, discretion and judgment would act in the management of their own affairs; *provided, however*, that the right and power of the Liquidation Trustee to invest monies of the Liquidation Trust shall be limited to the right and power to invest such monies pending periodic Distributions in accordance with the terms hereof and the Plan; *provided further,* that the investment powers of the Liquidation Trustee in this Agreement, other than those reasonably necessary to maintain the value of the Liquidation Trust Assets and the liquidation purpose of the Liquidation Trust, are limited to powers to invest in demand and time deposits, such as short-term certificates of deposits, in banks or other savings institutions, or other temporary, liquid investments, such as treasury bills, but, for the avoidance of doubt, shall not be required to comply with Bankruptcy Code Section 345(b); *provided, further, however*, that such investments must be investments that are permitted to be made by a "liquidating trust" within the meaning of Treasury Regulation Section 301.7701-4(d), as reflected therein, or under applicable guidelines, rulings, or other controlling authorities.

3.4     *Limitations on and Rights of Liquidation Trustee.*

(a)     Other than as contemplated by the Plan or this Agreement, the Liquidation Trustee is not empowered to incur indebtedness.

(b)     The Liquidation Trustee shall have no liability in the event of the insolvency or failure of any institution in which he or she has invested any funds of the Liquidation Trust.

(c)     The Liquidation Trustee shall hold, collect, conserve, protect and administer the Liquidation Trust Assets in accordance with the provisions of this Agreement and the Plan, and pay and distribute amounts as set forth herein for the purposes set forth in this Agreement.  Any determination by the Liquidation Trustee as to what actions are in the best interests of the Liquidation Trust shall be determinative.

(d)     Notwithstanding anything herein to the contrary, the Liquidation Trustee shall not at any time: (i) enter into or engage in any trade or business that involves use of the Liquidation Trust Assets (other than the management and disposition of the Liquidation Trust Assets), and no part of the Liquidation Trust Assets or the proceeds, revenue or income therefrom shall be used or disposed of by the Liquidation Trust in furtherance of any trade or business, (ii) except as provided in Section 3.3 hereof and below, reinvest any Liquidation Trust Assets, or (iii) take any action that would jeopardize treatment of the Liquidation Trust as a "liquidating trust" for U.S. federal income tax purposes.

3.5     *Bankruptcy Court Approval of Liquidation Trustee Actions*.

Except as provided in the Plan or otherwise specified in this Agreement, the Liquidation Trustee need not obtain the order or approval of the Bankruptcy Court in the exercise of any power, rights, or discretion conferred hereunder, or account to the Bankruptcy Court.  Except as otherwise provided herein, the Liquidation Trustee shall exercise his business judgment for the benefit of the Liquidation Trust Beneficiaries in order to maximize the value of the Liquidation Trust Assets and Distributions, giving due regard to the cost, risk, and delay of any course of action.

9

Notwithstanding the foregoing, the Liquidation Trustee shall have the right to submit to the Bankruptcy Court any question or questions regarding which the Liquidation Trustee may desire to have explicit approval of the Bankruptcy Court for the taking of any specific action proposed to be taken by the Liquidation Trust with respect to any of the Liquidation Trust Assets, this Agreement, or the Plan, including the administration, distribution, or proposed sale of any of the Liquidation Trust Assets. The Bankruptcy Court shall retain jurisdiction and power for such purposes and shall approve or disapprove any such proposed action upon motion by the Liquidation Trust.

3.6     *Reliance by Liquidation Trustee.*

(a)     The Liquidation Trustee may rely, and shall be protected in acting upon, any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order, or other paper or document believed by them to be genuine and to have been signed or presented by the proper party or parties;

(b)     The Liquidation Trustee may consult with any and all of the Liquidation Trustee's professionals and the Liquidation Trustee shall not be liable for any action taken or omitted to be taken by the Liquidation Trustee in good faith in accordance with the advice of such professionals; and

(c)     Persons dealing with the Liquidation Trustee shall look only to the Liquidation Trust Assets to satisfy any liability incurred by the Liquidation Trustee to such Person in carrying out the terms of this Agreement, and the Liquidation Trustee shall not have any personal obligation to satisfy any such liability.

RLF1 24874454v.2

**SECTION 4.       DISTRIBUTIONS FROM THE LIQUIDATION TRUST**

      4.1      *Distributions*.

After the Effective Date, as and to the extent required by the Plan and this Agreement, the Liquidation Trustee shall make Distributions from the Liquidation Trust Assets in accordance with this Agreement to the Liquidation Trust Beneficiaries in respect of their Liquidation Trust Interests.

      4.2      *Timing of Distributions*

      (a)      The Liquidation Trustee shall make Distributions from the Liquidation Trust to the Liquidation Trust Beneficiaries at least annually all unrestricted Cash then on hand (including any Cash received from the Debtors on the Effective Date, and treating any permissible investment as Cash for purposes of this Section 4.3), except the Liquidation Trustee may retain such amounts (i) as are allocable to or retained on account of Disputed Claims in accordance with the Plan, (ii) as are reasonably necessary to meet contingent liabilities and to maintain the value of the Liquidation Trust Assets pending their liquidation during the term of the Liquidation Trust, (iii) as are necessary to pay reasonably incurred or anticipated expenses (including, but not limited to, any taxes imposed on or payable by the Debtors or the Liquidation Trust or in respect of the Liquidation Trust Assets, the compensation and the reimbursement of reasonable, actual and necessary costs, fees (including attorneys' fees) and expenses of the Liquidation Trustee in connection with the performance of the Liquidation Trustee's duties in connection with this Agreement), (iv) to fund the Wind-Down Reserve, and (v) to satisfy all other liabilities incurred or assumed by the Liquidation Trust (or to which the Liquidation Trust Assets are otherwise subject) in accordance with the Plan and this Agreement.

      (b)      Any payment or other distribution required to be made under the Plan on a day other than a Business Day shall be due on the next succeeding Business Day, but shall be deemed to have been made on the required date.  Any payment of Cash to be made pursuant to the Plan, subject to the terms hereof, shall be deemed made, if by electronic wire transfer, when the applicable electronic wire transfer is initiated by the sending bank or, if by check drawn on a domestic bank, when the earliest occurs of depositing in the mail for the entitled recipient, receipt by the entitled recipient, or delivery to a third party delivery service for delivery to the entitled recipient.

RLF1 24874454v.2

4.3     *Payments Limited to Liquidation Trust Assets.*

All payments to be made by the Liquidation Trustee to or for the benefit of any Liquidation Trust Beneficiary shall be made only to the extent that the Liquidation Trustee, in his capacity as such, has sufficient funds or reserves to make such payments in accordance with this Agreement and the Plan.  Each Liquidation Trust Beneficiary shall have recourse only to the Liquidation Trust Assets for distributions under this Agreement and the Plan.

4.4     *Fees and Expenses.*

(a)     Periodically and before approving Distributions to or for the benefit of the Liquidation Trust Beneficiaries, subject to the limitations set forth herein and in the Plan, the Liquidation Trustee shall pay, establish, supplement or reduce the Wind-Down Reserve, which shall be a reserve sufficient to fund the Liquidation Trust's activities, including operating and administrative expenses of the Liquidation Trust.

(b)     The Liquidation Trustee shall satisfy any fees and expenses of the Liquidation Trust with the Liquidation Trust Assets to the extent available.

(c)     The Liquidation Trust shall pay any and all fees that are required to be paid by the Liquidation Trust under the Plan.

4.5     *Priority of Distributions*.

Any recovery by the Liquidation Trust on account of the Liquidation Trust Assets, including any funds received by the Liquidation Trust from the Litigation Trust, shall be applied in accordance with the Plan.

4.6     *Right to Object to Claims.*

The Liquidation Trustee shall have the responsibility and authority for administering, disputing, compromising and settling or otherwise resolving and finalizing payments or other Distributions under the Plan with respect to Claims that are not Claims of the DV Entities or of any of the Former D&Os or Shareholders, in accordance with, and all as more fully set forth in the Plan, including Sections 5.4(a) and 7.6 thereof.

RLF1 24874454v.2

**SECTION 5.      LIQUIDATION TRUST BENEFICIARIES**

      5.1     *Identification and Addresses of Liquidation Trust Beneficiaries.*

The Liquidation Trustee may deliver a notice to the Liquidation Trust Beneficiaries, which may include a form for each Liquidation Trust Beneficiary to complete in order to be properly registered as a Liquidation Trust Beneficiary and be eligible for Distributions under the Liquidation Trust.  A Liquidation Trust Beneficiary may, after the Effective Date, select an alternative mailing address by notifying the Liquidation Trustee in writing of such alternative distribution address.  Absent receipt of such notice, the Liquidation Trustee shall not be obligated to recognize any such change of address.  Such notification shall be effective only upon receipt by the Liquidation Trustee.

      5.2     *Beneficial Interest Only.*

The ownership of a Liquidation Trust Interest shall not entitle any Liquidation Trust Beneficiary to any title in or to any of the Liquidation Trust Assets or to any right to call for a partition or division of such Liquidation Trust Assets or to require an accounting, except as specifically provided herein.  Except as expressly provided in this Agreement, a Liquidation Trust Beneficiary shall not have standing to direct or to seek to direct the Liquidation Trust or Liquidation Trustee to do or not to do any act or to institute any action or proceeding at law or in equity against any Person upon or with respect to the Liquidation Trust Assets.

      5.3     *Ownership of Beneficial Interests Hereunder.*

Each Liquidation Trust Beneficiary shall own a beneficial interest in the Liquidation Trust (as represented by the Liquidation Trust Interest(s) issued to such Liquidation Trust Beneficiary consistent with the Plan).  The record holders of the Liquidation Trust Interests shall be recorded and set forth in a registry maintained by, or at the direction of, the Liquidation Trustee expressly for such purpose.

      5.4     *Evidence of Beneficial Interest.*

Ownership of a Liquidation Trust Interest shall not be evidenced by any certificate, security, or receipt (unless otherwise determined by the Liquidation Trustee) or in any other form or manner whatsoever.  Ownership of the Liquidation Trust Interests shall be maintained on books and records of the Liquidation Trust maintained by the Liquidation Trustee, which may be the official claims register maintained in the Chapter 11 Cases.

      5.5     *No Right to Accounting.*

Except as set forth in Sections 7.4 and 7.9 of this Agreement, neither the Liquidation Trust Beneficiaries nor their successors, assigns, creditors, or any other Person shall have any right to an accounting by the Liquidation Trustee, and the Liquidation Trustee shall not be obligated to provide any accounting to any Person.  Nothing in this Agreement is intended to require the Liquidation Trustee at any time or for any purpose to file any accounting or seek approval of any court with respect to the administration of the Liquidation Trust or as a condition for making any advance, payment, or distribution out of proceeds of Liquidation Trust Assets.

13

5.6     *No Standing.*

Except as expressly provided in this Agreement, if at all, a Liquidation Trust Beneficiary shall not have standing to direct or to seek to direct the Liquidation Trust or Liquidation Trustee to do or not to do any act or to institute any action or proceeding at law or in equity against any Person upon or with respect to the Liquidation Trust Assets.

5.7     *Requirement of Undertaking.*

The Liquidation Trustee may request the Bankruptcy Court to require, in any suit for the enforcement of any right or remedy under this Agreement, or in any suit against the Liquidation Trustee for any action taken or omitted by it as Liquidation Trustee, the filing by any party litigant in such suit of an undertaking to pay the costs of such suit, including reasonable attorneys' fees, against any party litigant in such suit; provided, however, that the provisions of this Section 5.7 shall not apply to any suit by the Liquidation Trustee.

5.8     *Limitation on Transferability.*

It is understood and agreed that the Liquidation Trust Interests shall be non-transferable and non-assignable other than if transferred by will, intestate succession, or otherwise by operation of law. For purposes of Distributions hereunder, any such Transfer by operation of law shall not be effective until appropriate notification and proof thereof is submitted to the Liquidation Trustee, and the Liquidation Trustee may continue to cause the Liquidation Trust to pay all amounts to or for the benefit of the assigning Liquidation Trust Beneficiaries until receipt of proper notification and proof of such Transfer. For purposes of Distributions hereunder, the Liquidation Trustee may rely upon such proof without the requirement of any further investigation. Notwithstanding any other provision to the contrary, the Liquidation Trustee may disregard any purported Transfer of Claims by will, intestate succession or operation of law if sufficient necessary information (as reasonably determined by the Liquidation Trustee), including applicable tax-related information, is not provided by such purported transferee or assignee to the Liquidation Trustee.

5.9     *Limited Liability.*

No provision of this Agreement, the Plan or the Confirmation Order, and no mere enumeration herein of the rights or privileges of any Liquidation Trust Beneficiary, shall give rise to any liability of such Liquidation Trust Beneficiary solely in its capacity as such, whether such liability is asserted by any Debtor, by creditors, employees, or equity interest holders of any Debtor, or by any other Person. Liquidation Trust Beneficiaries are deemed to receive the Liquidation Trust Interests in accordance with the provisions of this Agreement, the Plan and the Confirmation Order in exchange for their Allowed Claims, without further obligation or liability of any kind, but subject to the provisions of this Agreement.

RLF1 24874454v.2

## SECTION 6.    THIRD PARTY RIGHTS AND LIMITATION OF LIABILITY

6.1    *Parties Dealing With the Liquidation Trustee.*

In the absence of actual knowledge to the contrary, any Person dealing with the Liquidation Trust or the Liquidation Trustee shall be entitled to rely on the authority of the Liquidation Trustee or any of the Liquidation Trustee's agents to act in connection with the Liquidation Trust Assets. No Person that may deal with the Liquidation Trustee shall have any obligation to inquire into the validity or expediency or propriety of any transaction by the Liquidation Trustee or any agent of the Liquidation Trustee.

6.2    *Limitation of Liquidation Trustee's Liability; Indemnification.*

(a)    The Liquidation Trustee and the Trust Professionals shall be entitled to the benefits of the limitation of liability and indemnification provisions as set forth in Sections 5.4(h) and 5.4(i) of the Plan, respectively.  The indemnification rights inuring to the benefit of the Liquidation Trustee pursuant to Sections 5.4(i) of the Plan and Section 6.2 herein shall apply *mutatis mutandis* to the Liquidation Trust Professionals.

(b)    The Liquidation Trustee shall not be liable except for the performance of such duties and obligations as are specifically set forth herein, in the Plan and Confirmation Order, and no other or further covenants or obligations shall be implied into this Agreement.  The Liquidation Trustee shall not be responsible in any manner whatsoever for the correctness of any recitals, statements, representations, or warranties herein or in any documents or instrument evidencing or otherwise constituting a part of the Liquidation Trust Assets.  The Liquidation Trustee makes no representations as to the value of the Liquidation Trust Assets or any part thereof, nor as to the validity, execution, enforceability, legality, or sufficiency of this Agreement; and the Liquidation Trustee shall incur no liability or responsibility with respect to any such matters.

(c)    The Liquidation Trustee, the Trust Professionals, and the Liquidation Trustee's agents and representatives shall not in any way be liable for any acts or omissions to act except by reason of their bad faith, gross negligence, willful misconduct, reckless disregard of duty, self-dealing, fraud, or a criminal act in the performance of their duties under the Plan, Confirmation Order, or this Agreement, in each case as determined by a final non-appealable court order from a court of competent jurisdiction.  The Liquidation Trust shall indemnify the Liquidation Trustee, the Trust Professionals, and the Liquidation Trustee's agents and representatives and hold them harmless from and against any and all liabilities, expenses, claims, damages and losses incurred by them as a result of actions taken or omissions to act by them in such capacity or otherwise related to this Agreement or the Liquidation Trust.  The Liquidation Trust shall indemnify and hold harmless any party who was, or is, a party, or is threatened to be made a party, to any pending or contemplated action, suit or proceeding, whether civil, criminal, administrative or investigative, by reason of the fact that such party is or was the Liquidation Trustee, a Trust Professional, and the Liquidation Trustee's agent or representative, against all costs, expenses, judgments, fines and amounts paid in settlement actually and reasonably incurred by such Entity in connection with such action, suit or proceeding, or the defense or settlement of any claim, issue or matter therein, to the fullest extent permitted by applicable law, except if such costs and expenses, judgments, fines or amounts paid in settlement are found in a final, non-

15

appealable judgment by a court of competent jurisdiction to have resulted from the Liquidation Trustee's bad faith, gross negligence, reckless disregard of duty, criminal acts, willful misconduct, self-dealing, or fraud. Costs or expenses incurred by any party entitled to the benefit of the provisions of this Section 6.2(c) in defending any such action, suit or proceeding may be paid by the Liquidation Trust incurred and advance of the institution or final disposition of such action, suit or proceeding, if authorized by the Liquidation Trustee, subject to providing an undertaking to repay all such advanced amounts if it is subsequently determined that such party is not entitled to indemnification under this Section 6.2(c). To the fullest extent permitted by the Act, any dispute regarding such indemnification of the Liquidation Trustee shall be resolved only by the Bankruptcy Court, which shall retain jurisdiction over matters relating to the indemnification provided under this Section 6.2(c). The Liquidation Trustee may in its discretion purchase and maintain insurance on behalf of any Entity who is or was a beneficiary of this provision. Promptly after receipt by an indemnified party or parties (the "**Indemnified Party**") of notice of any claim, or notice of commencement of any action, suit, or proceeding by an Entity other than the Liquidation Trustee, in respect of which the Indemnified Party may seek indemnification from the Liquidation Trust pursuant to this Section 6.2(c), the Indemnified Party, if not the Liquidation Trustee, shall notify the Liquidation Trustee of such claim, action, suit or proceeding and shall thereafter promptly convey all further communications and information in respect thereof to the Liquidation Trustee. If the Indemnified Party is the Liquidation Trustee, the Liquidation Trustee shall notify the Bankruptcy Court of such claim, action, suit, or proceeding and shall thereafter promptly convey all further communications and information in respect thereof to the Bankruptcy Court. The Liquidation Trustee shall, if it so elects, have sole control at the expense of the Liquidation Trust over the contest, settlement, adjustment, or compromise of any claim, action, suit, or proceeding in respect of which this Section 6.2(c) requires that the Liquidation Trust indemnify the Indemnified Party. If the Liquidation Trustee is the Indemnified Party, he shall obtain the written approval of Bankruptcy Court before settling, adjusting, or compromising any claim, action suit, or proceeding in respect of which this Section 6.2(c) requires that the Liquidation Trust indemnify the Indemnified Party. The Indemnified Party shall cooperate with the reasonable requests of the Liquidation Trustee in connection with such contest, settlement, adjustment, or compromises, *provided that* (i) the Indemnified Party (if not the Liquidation Trustee) may, if it so elects, employ counsel at its own expense to assist in (but not control) the handling of such claim, action, suit, or proceeding, (ii) the Liquidation Trustee shall obtain the prior written approval of the Indemnified Party before entering into any settlement, adjustment, or compromise of such claim, action, suit, or proceeding, or ceasing to defend against such claim, action, suit, or proceeding, if pursuant thereto, or as a result thereof, injunction or other relief would be imposed upon the Indemnified Party, and (iii) the Indemnified Party shall obtain the prior written approval of the Liquidation Trustee, or, if the Liquidation Trustee is the Indemnified Party, the prior written approval of the Bankruptcy Court, before entering into any settlement, adjustment or compromise of such claim, action, suit, or proceeding, or ceasing to defend against such claim, action, suit, or proceeding, and no such settlement, adjustment, or compromise shall be binding on the Liquidation Trust without such approval.

(d)     Upon the appointment and acceptance of a successor Liquidation Trustee in accordance with Section 7.5 and the delivery of the then remaining Liquidation Trust Assets to the successor Liquidation Trustee, the predecessor Liquidation Trustee and any of its respective accountants, agents, assigns, attorneys, bankers, consultants, directors,

16

employees, executors, financial advisors, investment bankers, real estate brokers, transfer agents, managers, members, officers, partners, predecessors, principals, professional persons, representatives, affiliate, employer, and successors shall have no further liability or responsibility with respect thereto (other than liabilities arising prior to the cessation of its role as Liquidation Trustee). A successor Liquidation Trustee shall have no duty to examine or inquire into the acts or omissions of its immediate or remote predecessor, and no successor Liquidation Trustee shall be in any way liable for the acts or omissions of any predecessor Liquidation Trustee, unless a successor Liquidation Trustee expressly assumes such responsibility. A predecessor Liquidation Trustee shall have no liability for the acts or omissions of any immediate or subsequent successor Liquidation Trustee for any events or occurrences subsequent to the cessation of its role as Liquidation Trustee.

(e)    Notwithstanding Section 1.B hereof, in the event of any inconsistencies between Section 6 of this Agreement and Sections 5.4(h) and 5.4(i) of the Plan, the terms of this Agreement shall control with respect to such provisions.

## SECTION 7.    SELECTION, REMOVAL AND COMPENSATION OF LIQUIDATION TRUSTEE

### 7.1    *Appointment.*

The Liquidation Trustee has been selected pursuant to the provisions of the Plan, and is a "United States person" within the meaning of section 7701(a)(30) of the Tax Code. To effectuate an orderly and efficient transition of the administration, in accordance herewith, of the Liquidation Trust Assets from the Debtors to the Liquidation Trustee, the Liquidation Trustee may perform certain services in connection with its duties and obligations under this Agreement prior to the Effective Date, and the authorization for such performance is ratified by the execution hereof to the extent not already authorized by the Plan or Confirmation Order. The reasonable fees actually incurred by the Liquidation Trustee (or any professional retained by the Liquidation Trustee) for such services shall be deemed Liquidation Trust Expenses and paid pursuant to the terms of the Plan.

### 7.2    *Term of Service.*

The Liquidation Trustee shall serve until the earlier to occur of (a) the termination of the Liquidation Trust in accordance with this Agreement and the Plan or (b) the Liquidation Trustee's death, dissolution, resignation or removal.

### 7.3    *Removal of a Liquidation Trustee.*

Any Person serving as Liquidation Trustee may be removed and replaced by an order of the Bankruptcy Court upon a showing of good cause. The removal shall be effective on the date specified in the order. Notwithstanding the removal of the Liquidation Trustee pursuant to this Section 7.3, the rights of the resigning Liquidation Trustee under this Agreement with respect to acts or omissions occurring prior to the effectiveness of such removal will continue for the benefit of such resigning Liquidation Trustee following the effectiveness of such resignation.

17

7.4      *Resignation of Liquidation Trustee.*

The Liquidation Trustee may resign at any time by giving prior written notice of his intention to do so to the Bankruptcy Court, which notice shall be at least thirty (30) days unless the resignation is due to a disability or other incapacity. Without limiting any other reporting or accounting obligations under the Plan or this Agreement, in the event of a resignation, the resigning Liquidation Trustee shall file with the Bankruptcy Court a full and complete written accounting of monies and Liquidation Trust Assets received, disbursed, and held during the term of office of that Liquidation Trustee. The resignation shall be effective on the later to occur of: (a) the date specified in the notice; or (b) the appointment of a successor by the resigning Liquidation Trustee, the acceptance by such successor of such appointment and the approval of the successor's appointment by the Bankruptcy Court; *provided*, that such resignation shall become effective on the date specified in the Liquidation Trustee's notice without the appointment of a successor Liquidation Trustee if (i) the Liquidation Trustee determines in its reasonable judgment that the Liquidation Trust lacks sufficient assets and financial resources for the Liquidation Trustee to complete the duties and powers assigned to the Liquidation Trustee under the Plan, the Confirmation Order, and/or this Agreement, or (ii) the Insurance Coverages (as defined below) terminate for any reason other than the Liquidation Trustee's unreasonable refusal to renew such Insurance Coverages, and provided further that if a successor Liquidation Trustee is not appointed or does not accept his appointment or if the appointment of a successor Liquidation Trustee has not been approved by the Bankruptcy Court within thirty (30) days following delivery of notice of resignation, the resigning Liquidation Trustee may petition the Bankruptcy Court for the appointment of a successor Liquidation Trustee. Notwithstanding the resignation of the Liquidation Trustee pursuant to this Section 7.4, the rights of the resigning Liquidation Trustee under this Agreement (including but not limited to indemnification and limitations on liability) with respect to acts or omissions occurring prior to the effectiveness of such resignation will continue for the benefit of such resigning Liquidation Trustee following the effectiveness of such resignation.

7.5      *Appointment of Successor Liquidation Trustee.*

The Liquidation Trustee may, at any time, select a successor Liquidation Trustee, subject to the approval of the Bankruptcy Court, to fill the vacancy created upon the resignation, death or dissolution of the Liquidation Trustee, *provided*, that, in the event the Liquidation Trustee is removed for cause pursuant to Section 7.3 hereof, or upon the unexpected death of the Liquidation Trustee at the time of which no successor trustee has been selected pursuant to this Section 7.5, any such successor Liquidation Trustee shall be approved by the Bankruptcy Court after motion filed by counsel to the Liquidation Trust and requisite notice provided to parties in interest in the Debtors' chapter 11 case. Any successor Liquidation Trustee shall be a "United States person" within the meaning of section 7701(a)(30) of the Tax Code. Any successor Liquidation Trustee so appointed shall consent to and accept in writing the terms of this Agreement and agrees that the provisions of this Agreement shall be binding upon and inure to the benefit of the successor Liquidation Trustee.

7.6     *Powers and Duties of Successor Liquidation Trustee.*

A successor Liquidation Trustee shall have all the rights, privileges, powers, and duties of his predecessor under this Agreement and the Plan.  Notwithstanding anything to the contrary herein, a removed or resigning Liquidation Trustee shall, when requested in writing by the successor Liquidation Trustee, execute and deliver an instrument or, instruments conveying and transferring to such successor Liquidation Trustee under the Liquidation Trust all the estates, properties, rights, powers, and trusts of such predecessor Liquidation Trustee.

7.7     *Liquidation Trust Continuance.*

The death, resignation, dissolution, incapacity or removal of the Liquidation Trustee shall not terminate the Liquidation Trust or revoke any then-existing agency created pursuant to this Agreement or invalidate any action theretofore taken by the Liquidation Trustee.

7.8     *Compensation and Costs of Administration.*

The Liquidation Trustee shall receive fair and reasonable compensation for his services on an hourly basis at the Liquidation Trustee's standard hourly billing rates plus all reasonable and documented costs and expenses, which shall be charged against and paid out of the Liquidation Trust Assets without further Bankruptcy Court approval or order (subject to the limitations set forth in this Agreement and the Plan).  All costs, expenses, and obligations, including filing fees, incurred by the Liquidation Trustee (or Trust Professionals who may be employed by the Liquidation Trustee in administering the Liquidation Trust, in carrying out their responsibilities under this Agreement, or in any manner connected, incidental, or related thereto) shall be paid from the applicable Liquidation Trust Assets prior to any distribution to the Liquidation Trust Beneficiaries without further Bankruptcy Court approval or order (subject to the limitations set forth in this Agreement and the Plan).  If the cash in the Liquidation Trust shall be insufficient to enable payment of any such amounts, then the Liquidation Trustee is hereby authorized to reduce to cash that portion of the Liquidation Trust Assets that are Causes of Action as necessary to effect such payment, subject to the terms of the Plan.

7.9     *Periodic Reporting.*

The Liquidation Trustee on behalf of the Liquidation Trust shall, as soon as practicable after the end of each calendar year and upon termination of the Liquidation Trust, provide or make available a written report and account to the holders of Liquidation Trust Interests, which report and account sets forth (i) the assets and liabilities of the Liquidation Trust at the end of each such calendar year and upon termination and the receipts and disbursements of the Liquidation Trust for such calendar year or period, and (ii) changes in the Liquidation Trust Assets and actions taken by the Liquidation Trustee in the performance of its duties under the Plan or the Agreement that the Liquidation Trustee determines in its discretion may be relevant to holders of Liquidation Trust Interests, such as material changes or actions that, in the opinion of the Liquidation Trustee, may have a material effect on the Liquidation Trust Assets that were not previously reported.  The Liquidation Trustee on behalf of the Liquidation Trust may provide or make available to holders of Liquidation Trust Interests similar reports for such interim periods during the calendar year as the Liquidation Trustee deems advisable.  Such reports may be provided or made available to the

19

holders of Liquidation Trust Interests, in the discretion of the Liquidation Trustee, by any reasonable means, including U.S. mail, electronic transmission, display on IntraLinks or a similar virtual data room to which holders shall have access, filing with the Bankruptcy Court, publication to a publicly-available website or by press release distributed via a generally recognized business news service.

7.10    *Confidentiality.*

Except as required in the performance of his duties, the Liquidation Trustee shall, while serving as Liquidation Trustee under this Agreement, hold strictly confidential and not use for personal gain any material, non-public information of or pertaining to any Person to which any of the Liquidation Trust Assets relate or of which he has become aware in his capacity as Liquidation Trustee. Notwithstanding the foregoing, the Liquidation Trustee may disclose information in connection with executing his duties hereunder to the Trust Professionals, employees, officers, directors and agents of Ankura Consulting Group, LLC and as required or requested pursuant to law, legal process or regulation.

**SECTION 8.    MAINTENANCE OF RECORDS**

During the term of the Liquidation Trust, the Liquidation Trustee may destroy business records in the Liquidation Trustee's possession as the Liquidation Trustee deems appropriate provided that, absent express Bankruptcy Court approval to do otherwise, the Liquidation Trustee shall maintain books and records containing a description of all property from time to time constituting the Liquidation Trust Assets and an accounting of all receipts and disbursements until at least six (6) years after the final report to the Bankruptcy Court has been rendered by the Liquidation Trustee. At the Liquidation Trustee's discretion, all of such records and documents may, but need not, be destroyed at any time after six (6) years from the completion and winding up of the affairs of the Liquidation Trust (except to the extent such records and documents are necessary to be held longer to fulfill the Liquidation Trustee's obligations pursuant to this Agreement). The Liquidation Trustee may estimate and include, as part of the Liquidation Trustee's compensation, a reasonable sum to be used for the purposes of maintaining, accessing and destroying records during the term of the Liquidation Trust and for three (6) or more years thereafter, as applicable, which costs shall be payable from the Liquidation Trust Assets.

Notwithstanding the foregoing, the Liquidation Trustee shall store and preserve the documents and records necessary for the administration of the Pension Plans to the degree required by and in accordance with Section 5.3(b) of the Plan.

20

**SECTION 9.        DURATION OF LIQUIDATION TRUST**

        9.1    *Duration.*

This Agreement and the establishment of the Liquidation Trust shall be effective on the date of Effectiveness. Thereupon, this Agreement shall remain and continue in full force and effect until the Liquidation Trust is terminated in accordance with the provisions of this Agreement.

        9.2    *Dissolution of the Liquidation Trust.*

The Liquidation Trust shall be dissolved at such time as:

        (a)    upon (i) the payment of all costs, expenses and obligations incurred in connection with administering the Liquidation Trust, (ii) the Distribution of all Liquidation Trust Assets, and (iii) the completion of all responsibilities of the Liquidation Trust (or the Liquidation Trustee on its behalf), each as set forth in, and in accordance with, the provisions of the Plan, the Confirmation Order and this Agreement;

        (b)    if the Liquidation Trust has not been previously terminated pursuant to this Agreement, (i) on the fifth anniversary of the Effective Date of the Plan (unless the Liquidation Trust term has been extended in accordance with this section), or (ii) in the event the Liquidation Trustee determines that the pursuit of additional actions on behalf of the Liquidation Trust is not likely to yield sufficient additional proceeds to justify further pursuit of such actions, the Liquidation Trustee shall, after payment of all costs, expenses and obligations incurred in connection with administering the Liquidation Trust, Distribute all of the Liquidation Trust Assets to the Liquidation Trust Beneficiaries in accordance with the Plan, and immediately thereafter the Liquidation Trust shall dissolve and terminate and the Liquidation Trustee shall have no further responsibility in connection therewith except to the limited extent set forth in this Agreement. In no event shall the Liquidation Trust be dissolved later than five years from the Effective Date of the Plan unless the Bankruptcy Court, upon motion made within the six month period before such fifth anniversary (and, in the event of further extension, by order of the Bankruptcy Court, upon motion made at least six months before the end of the preceding extension), determines that a fixed period extension (not to exceed three years, together with any prior extensions, without a favorable private letter ruling from the Internal Revenue Service or an opinion of counsel satisfactory to the Liquidation Trustee that any further extension would not adversely affect the status of the Liquidation Trust as a liquidating trust for U.S. federal income tax purposes) is necessary to facilitate or complete the recovery on, and liquidation of, the Liquidation Trust Assets, including all responsibilities of the Liquidation Trust (or the Liquidation Trustee on its behalf) as set forth in, and in accordance with, the provisions of the Plan, the Confirmation Order and this Agreement. If at any time the Liquidation Trustee determines, in reliance upon such Trust Professionals as the Liquidation Trustee may retain, that the expense of administering the Liquidation Trust so as to make a final distribution to the Liquidation Trust Beneficiaries is likely to exceed the value of the assets remaining in the Liquidation Trust, the Liquidation Trustee may apply to the Bankruptcy Court for authority to (i) reserve any amount necessary to dissolve the Liquidation Trust, (ii) donate any balance to a charitable organization (A) of the type described in section 501(c)(3) of the Tax Code, (B) exempt from U.S. federal income tax under section 501(a) of the Tax Code, (C) that is not a "private foundation", as defined

21

in section 509(a) of the Tax Code, and (D) that is unrelated to the Debtors, the Reorganized Debtors, the Liquidation Trust, and any insider of the Liquidation Trustee, and (iii) dissolve the Liquidation Trust.  Upon the dissolution of the Liquidation Trust and completion of the winding up of the Liquidation Trust's affairs, a Certificate of Cancellation canceling the Certificate of Trust of the Liquidation Trust shall be executed by the Liquidation Trustee and filed with the Delaware State Office.  The Liquidation Trustee shall provide written notice of such filing to the Delaware Trustee promptly following such filing.

### 9.3    *No Termination by Liquidation Trust Beneficiaries*.

The Liquidation Trust may not be terminated at any time by the Liquidation Trust Beneficiaries.

### 9.4    *Continuance of Liquidation Trust for Winding Up.*

After the dissolution of the Liquidation Trust and for the purpose of liquidation and winding up the affairs of the Liquidation Trust, the Liquidation Trustee shall continue to act as such until his duties have been fully performed, including such post-distribution tasks as necessary to wind up the affairs of the Liquidation Trust.  Subject to the provisions of Section 8 hereof, after the termination of the Liquidation Trust, the Liquidation Trustee, for a time, shall retain or cause to be retained certain books, records, Liquidation Trust Beneficiary lists, and certificates and other documents and files that shall have been delivered to or created by the Liquidation Trustee.  Except as otherwise specifically provided herein, upon the discharge of all liabilities of the Liquidation Trust, final Distribution of the Liquidation Trust and termination of the Liquidation Trust, the Liquidation Trustee shall have no further duties or obligations hereunder.

## SECTION 10.    TAX MATTERS

### 10.1    *Liquidation Trustee's Tax Power for Debtors.*

(a)    For all taxable periods ended on or before the dissolution of the Debtors, the Liquidation Trustee shall have full and exclusive authority and responsibility in respect of all taxes of the Debtors (including as the common parent or other agent of any consolidated, combined or unitary tax group of which the Debtors were the agent), to the same extent as if the Liquidation Trustee were the Debtors.  Without limiting the foregoing, each of the Debtors shall execute, on or prior to the Effective Date, a power of attorney authorizing the Liquidation Trustee to correspond with any tax authority on behalf of such Debtor and to sign, collect, negotiate, settle, and administer tax payments and tax returns.

(b)    In furtherance of the transfer of the Liquidation Trust Assets to the Liquidation Trust on the Effective Date, the Liquidation Trust shall be entitled to all tax refunds of the Debtors (and the Liquidation Trust shall bear responsibility for all tax liabilities of the Debtors for taxable periods ended on or before the dissolution of the Debtors, to the extent not discharged by the Plan or provided for payment or otherwise satisfied in the Plan).

(c)    Following the Effective Date, the Liquidation Trustee shall prepare and file (or cause to be prepared and filed), on behalf of the Debtors, all tax returns required

22

to be filed or that the Liquidation Trustee otherwise deems appropriate, including the filing of amended tax returns or requests for refunds for all taxable periods ended on or before the dissolution of the Debtors.

10.2    *Liquidating Trust Status; Ownership of Liquidation Trust Assets.*

(a)    For U.S. federal income tax purposes (and to the extent applicable, for state and local income tax purposes), the Liquidation Trust is intended to be treated as a "liquidating trust" under Treasury Regulations section 301.7701-4(d) and, thus, as a grantor trust pursuant to sections 671-677 of the Tax Code (subject to the elective treatment of one or more Disputed Claims Reserves as "disputed ownership funds" described in Treasury Regulation section 1.468B-9). The Liquidation Trust shall at all times be administered so as to constitute a domestic trust for U.S. federal income tax purposes.

(b)    For all U.S. federal income tax purposes, all parties (including the Debtors, the Liquidation Trustee, and the Liquidation Trust Beneficiaries) shall treat the transfer of the Liquidation Trust Assets to the Liquidation Trust as a deemed transfer of the Liquidation Trust Assets by the Debtors to the Liquidation Trust Beneficiaries on account of their Allowed Claims under the Plan (subject to any obligations relating to those assets), followed by a deemed transfer of the Liquidation Trust Assets by the Liquidation Trust Beneficiaries to the Liquidation Trust in exchange for the beneficial interests herein (subject to the elective treatment of one or more Disputed Claims Reserves as "disputed ownership funds" described in Treasury Regulation section 1.468B-9). Accordingly, the Liquidation Trust Beneficiaries shall be treated for U.S. federal income tax purposes as the grantors and owners of their respective share of such Liquidation Trust Assets. The foregoing treatment shall also apply, to the extent permitted by applicable law, for state and local income tax purposes.

10.3    *Tax Reporting; Valuation*

(a)    The Liquidation Trustee shall file tax returns for the Liquidation Trust treating the Liquidation Trust as a grantor trust pursuant to Treasury Regulation section 1.671-4(a) and in accordance with this Section 10. The Liquidation Trustee also will annually send to each holder of a Liquidation Trust Interest a separate statement regarding the receipts and expenditures of the Liquidation Trust as relevant for U.S. federal income tax purposes and will instruct all such holders to use such information in preparing their U.S. federal income tax returns or to forward the appropriate information to such holder's underlying beneficial holders with instructions to utilize such information in preparing their U.S. federal income tax returns. The Liquidation Trustee shall also file (or cause to be filed) any other statement, return or disclosure relating to the Liquidation Trust that is required by any governmental unit.

(b)    As soon as reasonably practicable after Liquidation Trust Assets are transferred to the Liquidation Trust, the Liquidation Trustee shall make a good faith valuation of Liquidation Trust Assets and the Liquidation Trustee shall apprise, in writing, the Liquidation Trust Beneficiaries of such valuation, as relevant, from time to time. In connection with the preparation of the valuation contemplated hereby and by the Plan, the Liquidation Trust shall be entitled to retain such professionals and advisors as the Liquidation Trust shall determine to be appropriate or necessary, and the Liquidation Trustee shall take such other actions in

23

connection therewith as it determines to be appropriate or necessary.  Such valuation shall be used consistently by such parties for all U.S. federal income tax purposes, including for determining tax basis and gain or loss.

(c)    Allocations of Liquidation Trust taxable income among the Liquidation Trust Beneficiaries (other than taxable income allocable to, or retained on account of, any Disputed Claims Reserve) shall be determined by reference to the manner in which an amount of Cash representing such taxable income would be distributed (were such cash permitted to be distributed at such time) if, immediately prior to such deemed Distribution, the Liquidation Trust had distributed all its assets (valued at their tax book value, and other than any Disputed Claims Reserve) to the holders of the Liquidation Trust Interests, adjusted for prior taxable income and loss and taking into account all prior and concurrent Distributions from the Liquidation Trust. Similarly, taxable loss of the Liquidation Trust will be allocated by reference to the manner in which an economic loss would be borne immediately after a hypothetical liquidating Distribution of the remaining Liquidation Trust Assets.  The tax book value of the Liquidation Trust Assets for purposes of this Section 10.4(c) shall equal their fair market value on the Effective Date, or, if later, the date such assets were acquired by the Liquidation Trust, adjusted in accordance with tax accounting principles prescribed by the Tax Code, the applicable Treasury Regulations, and other applicable administrative and judicial authorities and pronouncements.

10.4    *Tax Treatment of Disputed Claims Reserve.*

(a)    Subject to definitive guidance from the Internal Revenue Service or a court of competent jurisdiction to the contrary (including the receipt by the Liquidation Trustee of a private letter ruling if the Liquidation Trustee so requests one, or the receipt of an adverse determination by the Internal Revenue Service upon audit if not contested by the Liquidation Trustee), the Liquidation Trustee (i) may timely elect to treat any Disputed Claims Reserve as a "disputed ownership fund" governed by Treasury Regulation section 1.468B-9, and file such tax returns and pay such taxes as may be required consistent with such treatment, and (ii) to the extent permitted by applicable law, shall report consistently with the foregoing for state and local income tax purposes.  If a "disputed ownership fund" election is made, all parties (including the Liquidation Trustee and the Liquidation Trust Beneficiaries) shall report for U.S. federal, state and local income tax purposes consistently with the foregoing.

(b)    The Liquidation Trustee shall be responsible for payment, out of the Liquidation Trust Assets, of any taxes imposed on the Liquidation Trust or its assets, including any Disputed Claims Reserve.  More particularly, any taxes imposed on any Disputed Claims Reserve or its assets will be paid out of the assets of the Disputed Claims Reserve, and netted against any subsequent distributions in respect of the allowance or disallowance of such Claims.  In the event, and to the extent, any Cash in any Disputed Claims Reserve is insufficient to pay the portion of any taxes attributable to taxable income arising from assets of the Disputed Claims Reserve (including any income that may arise upon an actual or constructive distribution of the assets of the reserve in respect of the resolution of Disputed Claims), assets of the Disputed Claims Reserve (including those otherwise distributable) may be sold to pay such taxes.

10.5    *Prompt Determination of Taxes.*  The Liquidation Trustee may request an expedited determination of taxes of the Liquidation Trust (including any Disputed

24

Claims Reserve) or the Debtors under section 505(b) of the Bankruptcy Code for all tax returns filed for, or on behalf of, the Liquidation Trust or the Debtors for all taxable periods through the dissolution of the Liquidation Trust and for all applicable taxable periods of the Debtors.

10.6     *Tax Withholding by Liquidation Trustee.*

(a)     The Liquidation Trustee may withhold and pay to the appropriate tax authority all amounts required to be withheld pursuant to the Tax Code or any provision of any foreign, state or local tax law with respect to any payment or Distribution to the holders of Liquidation Trust Interests.  All such amounts withheld and paid to the appropriate tax authority (or placed in escrow pending resolution of the need to withhold) shall be treated as amounts distributed to such holders of Liquidation Trust Interests for all purposes of this Agreement.

(b)     The Liquidation Trustee shall be authorized to collect such tax information from the holders of Liquidation Trust Interests (including social security numbers or other tax identification numbers) as in its sole discretion the Liquidation Trustee deems necessary to effectuate the Plan, the Confirmation Order, and this Agreement.  In order to receive Distributions under the Plan, all holders of Liquidation Trust Interests shall be required to identify themselves to the Liquidation Trustee and provide tax information and the specifics of their holdings, to the extent the Liquidation Trustee deems appropriate in the manner and in accordance with the procedures from time to time established by the Liquidation Trustee for these purposes. This identification requirement generally applies to all holders, including those who hold their Claims in "street name."  The Liquidation Trustee may refuse to make a Distribution to any holder of a Liquidation Trust Interest that fails to furnish such information in a timely fashion, and until such information is delivered may treat such holder's Liquidation Trust Interests as disputed; *provided*, *however*, that, upon the delivery of such information by a holder of a Liquidation Trust Interest, the Liquidation Trustee shall make such Distributions to which the holder of the Liquidation Trust Interest is entitled, without additional interest occasioned by such holder's delay in providing tax information; *provided*, *further*, that, if such information is not furnished to the Liquidation Trustee within 150 days of the original request to furnish such information, the amount of such Distribution shall irrevocably revert to the Liquidation Trust, any Claim in respect of such Distribution shall be discharged and forever barred from assertion against any Debtor and its respective property, and no further Distributions shall be made to the holder of such Liquidation Trust Interest; *provided*, *further*, that, if the Liquidation Trustee fails to withhold in respect of amounts received or distributable with respect to any such holder and the Liquidation Trustee is later held liable for the amount of such withholding, such holder shall reimburse the Liquidation Trustee for such liability (to the extent such amounts were actually distributed to such holder).

**SECTION 11.     THE DELAWARE TRUSTEE**

11.1     *Delaware Trustee Protections*.     Notwithstanding any other provision hereof to the contrary, the parties hereto agree to the following:

(a)     [DELAWARE TRUSTEE] Delaware Trust Company (the "**Delaware Trustee**") is appointed to serve as the trustee of the Liquidation Trust for the sole purpose of satisfying the requirement of Section 3807(a) of the Act that a statutory trust have at least one

25

trustee with a principal place of business in the State of Delaware or is an individual who is a resident of the State of Delaware.

(b)     The duties of the Delaware Trustee shall be limited to (i) accepting legal process served on the Liquidation Trust in the State of Delaware and (ii) the execution of any certificates which the Delaware Trustee is required to execute under the Act.  To the extent that, at law or in equity, the Delaware Trustee has duties (including fiduciary duties) and liabilities relating thereto to the Liquidation Trust or the Liquidation Trust Beneficiary, it is hereby understood and agreed by the other parties hereto that such duties and liabilities are eliminated and replaced by the duties and liabilities of the Delaware Trustee expressly set forth in this Agreement.

(c)     Notwithstanding any provision herein, the Delaware Trustee shall not be required to take any action hereunder if it shall have reasonably determined, or shall have been advised by counsel, that such action is likely to result in personal liability or is contrary to the terms hereof or is otherwise contrary to law or a policy of any regulatory authority or governmental agency.

(d)     Whenever the Delaware Trustee is unable to decide between alternative courses of action permitted or required by the terms of this Agreement or is unsure as to the application of any provision of this Agreement or any such provision is ambiguous as to its application, or may be, in conflict with any other applicable provision, or in the event that this Agreement permits any determination by the Delaware Trustee or is silent or is incomplete as to the course of action that the Delaware Trustee is required or permitted to take with respect to a particular set of facts, the Delaware Trustee shall promptly give notice (in such form as shall be appropriate under the circumstances) to the Liquidation Trustee requesting instruction as to the course of action to be adopted, and to the extent that the Delaware Trustee acts or refrains from acting in good faith in accordance with any such written instruction, the Delaware Trustee shall not be personally liable on account of such action or inaction to any Person.  If the Delaware Trustee shall not have received appropriate instruction within ten (10) calendar days of receipt of such notice (or within such shorter period of time as reasonably may be specified in such notice or may be necessary under the circumstances) it may, but shall be under no duty to, take or refrain from taking such action, not inconsistent with this Agreement, as it shall deem to be in the best interests of the Liquidation Trust Beneficiaries, and shall have no personal liability to any Person for such action or inaction.

(e)     The Delaware Trustee shall  have no duty or obligation to manage, make any payment with respect to, register, record, sell, dispose of, or otherwise deal with the Liquidation Trust Assets, and no implied duties (including fiduciary duties) or obligations shall be read into this Agreement.  The Delaware Trustee shall have no responsibility for filing any financing or continuation statement in any public office at any time or to otherwise perfect or maintain the perfection of any security interest or lien granted to the Liquidation Trust or to prepare or file any filing for the Liquidation Trust (other than as required by the Act) or to record this Agreement or any other document.

(f)     The Delaware Trustee acts hereunder not in its individual capacity, and all Persons having any claim against the Delaware Trustee by reason of the transactions contemplated

26

by this Agreement shall look only to the Liquidation Trust Assets for payment or satisfaction thereof.

(g)    The Delaware Trustee makes no representations as to the validity or sufficiency of this Agreement or of any of the Liquidation Trust Assets or related documents. The Delaware Trustee shall have no personal responsibility or liability for or with respect to the legality, validity and enforceability of any Liquidation Trust Asset, or the perfection and priority of any security interest created by any Liquidation Trust Asset or the maintenance of any such perfection and priority, or for or with respect to the sufficiency of the Liquidation Trust Assets or its ability to generate the payments to be distributed to the related Liquidation Trust Beneficiaries under this Agreement, including, without limitation: the origination, the existence, condition, ownership and servicing of any Liquidation Trust Asset; the existence and enforceability of any insurance thereon; the existence and contents of any Liquidation Trust Asset on any computer or other record thereof, the validity of the assignment of any Liquidation Trust Asset to the Liquidation Trust or of any intervening assignment; the completeness of any Liquidation Trust Asset; the performance or enforcement of any Liquidation Trust Asset; the compliance with any warranty or representation made under any document or the accuracy of any such warranty or representation.

(h)    The Delaware Trustee shall not be personally answerable or accountable hereunder under any circumstances, except to the Liquidation Trust Beneficiaries and the Liquidation Trust for its own willful misconduct or gross negligence in the performance of its express duties hereunder, The Delaware Trustee shall have no liability for the acts or omissions of any other Person.

(i)    The Delaware Trustee shall not be personally liable for any error of judgment made by the Delaware Trustee.

(j)    The Delaware Trustee shall not be personally liable with respect to any action taken or omitted to be taken by it in accordance with the instructions of the Liquidation Trustee.

(k)    No provision of this Agreement or any related document shall require the Delaware Trustee to expend or risk its own funds or otherwise incur any personal financial liability in the performance of any of its respective rights, duties, or powers hereunder.

(l)    Under no circumstances shall the Delaware Trustee be personally liable for any duties, obligations or indebtedness of the Liquidation Trust.

(m)    The Delaware Trustee shall not be personally liable for the default or misconduct of any other Person hereunder or other party to any document to which the Liquidation Trust is a party or signatory or otherwise and shall not be personally liable for monitoring the performance of such Persons.

(n)    The right of the Delaware Trustee to perform any discretionary act enumerated in this Agreement shall not be construed as a duty.

RLF1 24874454v.2

(o)     Notwithstanding any other provisions hereof to the contrary, the Delaware Trustee shall not be liable for any special, indirect, punitive or consequential loss or damage of any kind whatsoever (including but not limited to lost profits) even if the Delaware Trustee has been advised of the likelihood of such loss or damage, and regardless of the form of action.

(p)     The Delaware Trustee shall not be liable or responsible for delays or failures in the performance of their obligations hereunder arising out of or caused, directly or indirectly, by circumstances beyond their control (such acts include but are not limited to acts of God, strikes, lockouts, riots, acts of war, epidemics, pandemics, shelter in place or similar directive and interruptions, losses or malfunctions of utilities, computer (hardware or software) or communications services).

(q)     The Delaware Trustee shall not incur any personal liability to anyone in acting upon any signature, instrument, notice, resolution, request, consent, order, certificate, report, opinion, bond, or other document or paper believed by it to be genuine and believed by it to be signed by an appropriate Person, may accept a certified copy of a resolution of the board of directors or other governing body of any Person as conclusive evidence that such resolution has been duly adopted by such body and that the same is in full force and effect, and as to any fact or matter the method of the determination of which is not specifically prescribed herein, may for all purposes hereof rely on a certificate, signed by the Liquidation Trustee as to such fact or matter and such certificate shall constitute full protection to the Delaware Trustee for any action taken or omitted to be taken by it in good faith in reliance thereon.

(r)     In the performance of its duties and obligations under this Agreement, the Delaware Trustee at the expense of the Liquidation Trust (i) may act directly or through its agents or attorneys pursuant to agreements entered into with any of them, and the Delaware Trustee shall not be personally liable for the conduct or misconduct of such agents or attorneys if such agents or attorneys shall have been selected by the Delaware Trustee in good faith and (ii) may consult with counsel, accountants and other skilled persons, in each case, to be selected by the Delaware Trustee in good faith, and such advice shall be full and complete authorization and protection with respect to any action taken or omitted by it hereunder in good faith and in accordance with the advice or opinion of counsel, accountants or other such persons.

11.2    *Third Party Beneficiary*.  The Delaware Trustee shall be a third party beneficiary of this Agreement entitled to enforce this Agreement to the same extent as though a party hereto.

11.3    *Fees and Indemnity*.  The Delaware Trustee shall be entitled to receive from the Liquidation Trust as compensation for its services hereunder such fees as set forth in the fee letter with the Delaware Trustee, which compensation shall not be limited by any provision of law in regard to compensation of a trustee of an express trust.  The Liquidation Trust shall (i) reimburse the Delaware Trustee for all reasonable and documented expenses incurred by it in connection with the execution and performance of its rights and duties hereunder (including reasonable fees and expenses of counsel and other experts, including fees and expenses of counsel in the enforcement of this Agreement, including indemnification provisions); (ii) indemnify, defend and hold harmless the Delaware Trustee (in both its individual and trustee capacities) and the officers, directors, employees and agents of the Delaware Trustee

28

(collectively, including the Delaware Trustee in its individual capacity, the "Covered Persons") from and against any and all documented losses, damages, liabilities, claims, actions, suits, costs, expenses, disbursements (including the reasonable fees and expenses of counsel), taxes and penalties of any kind and nature whatsoever, to the extent that such expenses arise out of or are imposed upon or asserted at any time against one or more Covered Persons with respect to the performance of this Agreement, the creation, operation, administration or termination of the Trust, or the transactions contemplated hereby (all such expenses as provided in clauses (i) and (ii) are herein referred to collectively as "Expenses"), *provided*, *however*, that the Trust shall not be required to indemnify an Covered Person for Expenses to the extent such Expenses result from the willful misconduct or gross negligence of such Covered Person; and (iii) advance to each Covered Person Expenses (including reasonable legal fees) incurred by such Covered Person in defending any claim, demand, action, suit or proceeding, prior to the final disposition of such claim, demand, action, suit or proceeding. With respect to reimbursement or indemnity provided hereunder, an Covered Person shall have a lien on the Liquidation Trust Assets prior to any rights in such property of the Liquidation Trust Beneficiaries. The indemnities contained in this Section shall survive the removal, resignation or termination of the Delaware Trustee and the termination of the Liquidation Trust and this Agreement.

11.4    *Resignation and Removal*. The Delaware Trustee may resign and be discharged hereunder upon not less than 30 days' prior written notice to the Liquidation Trustee. The Delaware Trustee also may be removed and discharged, with or without cause, upon the delivery by the Liquidation Trustee to the Delaware Trustee of a written notice of removal. Upon receiving such a notice of resignation or removal, the Liquidation Trustee shall use its best efforts promptly to appoint a substitute or successor Delaware Trustee in the manner and meeting the qualifications hereinafter provided by written instrument or instruments delivered to such resigning Delaware Trustee and the substitute or successor Delaware Trustee. Any resignation or removal of the Delaware Trustee and appointment of a substitute or successor Delaware Trustee shall become effective only upon acceptance of the appointment by the substitute or successor Delaware Trustee. If no substitute or successor Delaware Trustee shall have been appointed within 30 days after notice of such resignation or removal has been delivered, at the expense of the Liquidation Trust the Delaware Trustee may apply to a court of competent jurisdiction for the appointment of a successor Delaware Trustee. Such court may thereupon, after such notice, if any, as it may deem proper, prescribe and appoint a successor Delaware Trustee meeting the qualifications provided for herein.

11.5    *Merger*. Any Person into which the Delaware Trustee may be merged or with which it may be consolidated, or any Person resulting from any merger or consolidation to which the Delaware Trustee shall be a party, or any Person that succeeds to all or substantially all of the corporate trust business of the Delaware Trustee, shall be the successor Delaware Trustee under this Agreement without the execution, delivery or filing of any paper or instrument or further act to be done on the part of the parties hereto (except for the filing of an amendment to the Trust's certificate of trust if required by the Act), notwithstanding anything to the contrary herein; *provided*, *however*, that such successor Delaware Trustee shall have its principal place of business in the State of Delaware and otherwise meet the requirements of the Act and applicable law.

**SECTION 12.    MISCELLANEOUS**

      12.1    *Preservation of Privilege.*

      In connection with the rights, claims, and causes of action that constitute Liquidation Trust Assets, any attorney-client privilege, work-product doctrine, or other privilege or immunity attaching to any documents or communications (whether written or oral) transferred to the Liquidation Trust pursuant to the terms of the Plan or otherwise shall vest in the Liquidation Trustee and his representatives, and the Liquidation Trustee is authorized to take all necessary actions to effectuate the transfer of such privileges, as necessary. The Liquidation Trustee's receipt of such privileges shall not operate as a waiver of any other privileges or immunities possessed by the Debtors.

      12.2    *Notices.*

      Unless otherwise expressly provided herein, all notices to be given to Liquidation Trust Beneficiaries may be given by ordinary mail, or may be delivered personally, to the holders at the addresses appearing on the books kept by the Liquidation Trustee. Any notice or other communication which may be or is required to be given, served, or sent to the Liquidation Trust shall be in writing and shall be sent by email and registered or certified United States mail, return receipt requested, postage prepaid, or transmitted by hand delivery (if receipt is confirmed) addressed as follows:

      If to the Liquidation Trust or the Liquidation Trustee:

      Ankura Consulting Group, LLC
      485 Lexington Avenue 10th Floor
      New York, NY 10017
      Attn:   Adrian Frankum
      Email: Adrian.Frankum@Ankura.com
      Telephone: (646) 968-3655
      Facsimile:  (212) 818-1551

      With a copy to:

      Weil, Gotshal & Manges LLP
      767 Fifth Avenue
      New York, NY 10153
      Attn:   Garrett A. Fail
              David J. Cohen
      Email: Garrett.Fail@weil.com
              DavidJ.Cohen@weil.com
      Telephone: (212) 310-8000
      Facsimile:  (212) 310-8007

RLF1 24874454v.2

If to the Delaware Trustee:

Delaware Trust Company
Attn: Corporate Trust Administration
251 Little Falls Drive
Wilmington, DE 19808
Email:  trust@delawaretrust.com

12.3    *No Bond / Insurance.*

Notwithstanding any state law to the contrary, the Liquidation Trustee (including any successor) shall be exempt from giving any bond or other security in any jurisdiction, unless the Liquidation Trustee decides in his reasonable judgment to obtain such bond or other security.  The Liquidation Trustee is hereby authorized, but not required to obtain all reasonable insurance coverage for itself, its agents, representatives, employees or independent contractors, including coverage with respect to the liabilities, duties and obligations of the Liquidation Trustee and its agents, representatives, employees or independent contractors under this Agreement and the Plan ("**Insurance Coverages**").  The cost of any such Insurance Coverage shall be an expense of the Liquidation Trust and paid out of the Liquidation Trust Assets.

12.4    *Governing Law.*

This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware (excluding conflict of laws rules), including all matters of validity, construction and administration; provided, however, that there shall not be applicable to the Liquidation Trust, the Liquidation Trustee or this Agreement, (a) the provisions of Section 3540 of Title 12 of the Delaware Code and (b) to the fullest extent permitted by applicable law any provisions of the laws (statutory or common) of the State of Delaware pertaining to trusts that relate to or regulate, in a manner inconsistent with the terms hereof, (i) the filing with any court or governmental body or agency of trustee accounts or schedule of trustee fees and charges, (ii) affirmative requirements to post bonds for trustees, officers, agents or employees of a trust, (iii) the necessity for obtaining court or other governmental approval concerning the acquisition, holding or disposition of real or personal property, (iv) fees or other sums payable to trustees, officers, agents or employees of a trust, (v) the allocation of receipts and expenditures to income and principal, or (vi) restrictions or limitations on the permissible nature, amount or concentration of trust investments or requirements relating to the titling, storage or other manner of holding or investing trust assets.

12.5    *Successors and Assigns.*

This Agreement shall inure to the benefit of and shall be binding upon the parties hereto and their respective successors and assigns.

31

12.6    *Headings.*

The various headings of this Agreement are inserted for convenience only and shall not affect the meaning or understanding of this Agreement or any provision hereof.

12.7    *Cumulative Rights and Remedies.*

The rights and remedies provided in this Agreement are cumulative and not exclusive of any rights and remedies under law or in equity.

12.8    *No Execution.*

All funds in the Liquidation Trust shall be deemed *in custodia legis* until such times as the funds have actually been paid to or for the benefit of a Liquidation Trust Beneficiary, and no Liquidation Trust Beneficiary or any other Person can execute upon, garnish or attach the Liquidation Trust Assets or the Liquidation Trust in any manner or compel payment from the Liquidation Trust except by Final Order of the Bankruptcy Court. Payment will be solely governed by this Agreement and the Plan.

12.9    *Amendment.*

The Liquidation Trustee may, from time to time, modify, supplement, or amend this Agreement but only to clarify any ambiguity or inconsistency, or render the Agreement in compliance with its stated purposes, and only if such amendment does not materially and adversely affect the interests, rights, treatment, or Distributions of any Liquidation Trust Beneficiary or with respect to any Allowed Unsecured Claim. The Liquidation Trustee, with the approval of the Bankruptcy Court, may, from time to time, modify, supplement, or amend this Agreement. No amendment or waiver of any provision of this Agreement which adversely affects the Delaware Trustee shall be effective against it without its prior written consent.

12.10    *Waiver.*

No failure by the Liquidation Trustee to exercise or delay in exercising any right, power, or privilege hereunder shall operate as a waiver, nor shall any single or partial exercise of any right, power, or privilege hereunder preclude any further exercise thereof, or of any other right, power, or privilege.

12.11    *Severability.*

If any term, provision, covenant or restriction contained in this Agreement is held by a court of competent jurisdiction or other authority to be invalid, void, unenforceable or against its regulatory policy, the remainder of the terms, provisions, covenants and restrictions contained in this Agreement shall remain in full force and effect and shall in no way be affected, impaired or invalidated.

RLF1 24874454v.2

12.12    *Counterparts and Facsimile Signatures.*

This Agreement may be executed in counterparts and a facsimile or other electronic form of signature shall be of the same force and effect as an original.

12.13    *Jurisdiction.*

The Bankruptcy Court shall have jurisdiction regarding the Liquidation Trust, the Liquidation Trustee, and the Liquidation Trust Assets, including the determination of all disputes arising out of or related to administration of the Liquidation Trust.  The Bankruptcy Court shall have continuing jurisdiction and venue to hear and finally determine all disputes and related matters arising out of or related to this Agreement or the administration of the Liquidation Trust. The parties expressly consent to the Bankruptcy Court hearing and exercising such judicial power as is necessary to finally determine all such disputes and matters.  If the Bankruptcy Court abstains from exercising, or declines to exercise, jurisdiction or is otherwise without jurisdiction over any matter arising in, arising under, or related to the Chapter 11 Cases, including the matters set forth in this Agreement, then the provisions of this Agreement shall have no effect on and shall not control, limit or prohibit the exercise of jurisdiction by any other court having competent jurisdiction with respect to such matter, and all applicable references in this Agreement to an order or decision of the Bankruptcy Court shall instead mean an order or decision of such other court of competent jurisdiction.  Notwithstanding anything herein to the contrary, to the extent required by the Act (i) the parties hereto and the Liquidation Trust Beneficiaries agree to the non-exclusive jurisdiction of the courts of the State of Delaware and (ii) the Court of Chancery of the State of Delaware shall have jurisdiction over the Liquidation Trust to the same extent as it has jurisdiction over common law trusts formed under the laws of the State of Delaware.

[*The remainder of this page is intentionally left blank.*]

33

IN WITNESS WHEREOF, the parties have executed this Agreement as of the day and year written above.

**DEBTORS**:
BBGI US, Inc.
Brooks Brothers Far East Limited
BBD Holding 1, LLC
BBD Holding 2, LLC; BBDI, LLC
BBGI International, LLC
BBGI Restaurant, LLC
Deconic Group LLC
Golden Fleece Manufacturing Group, LLC
RBA Wholesale, LLC
Retail Brand Alliance Gift Card Services, LLC;
Retail Brand Alliance of Puerto Rico, Inc.
696 White Plains Road, LLC
BBGI Canada Ltd.

By: _____
    Name: [•]

**LIQUIDATION TRUSTEE**:

By: _____
    Name: Adrian Frankum, solely in his capacity as a Senior
    Managing Director of Ankura Consulting Group, LLC and as
    Liquidation Trustee and not in any individual capacity

~~Accepted and agreed:[~~
**DELAWARE TRUSTEE**~~]~~

By: Delaware Trust Company, solely in its capacity as Delaware
    resident trustee and not in any other capacity
    By: _____
    -Name: [•]
    ——Title: [•]