**Exhibit C**

**Litigation Trust Agreement**

## LITIGATION TRUST AGREEMENT

This LITIGATION TRUST AGREEMENT is made this [•] day of [•], 2021 (this "Agreement"), by and among BBGI US, Inc. (f/k/a Brooks Brothers Group, Inc.); Brooks Brothers Far East Limited; BBD Holding 1, LLC; BBD Holding 2, LLC; BBDI, LLC; BBGI International, LLC (f/k/a Brooks Brothers International, LLC); BBGI Restaurant, LLC (f/k/a Brooks Brothers Restaurant, LLC); Deconic Group LLC; Golden Fleece Manufacturing Group, LLC; RBA Wholesale, LLC; Retail Brand Alliance Gift Card Services, LLC; Retail Brand Alliance of Puerto Rico, Inc.; 696 White Plains Road, LLC; and BBGI Canada Ltd. (f/k/a Brooks Brothers Canada Ltd.), as debtors and debtors-in-possession (collectively, the "Debtors"), and William T. Reid, IV PLLC, as trustee of the Litigation Trust referred to herein (in such capacity, the "Litigation Trustee"). This Agreement creates and establishes the Litigation Trust (the "Litigation Trust") referenced herein in order to facilitate the implementation of the *Amended Joint Chapter 11 Plan of Liquidation for BBGI US, Inc. and its Affiliated Debtors*, dated [January 27, 2021] (as may be amended, supplemented, or otherwise modified from time to time in accordance with the terms and provisions thereof, the "Plan"). Each Debtor and the Litigation Trustee are sometimes referred to herein individually as a "Party" and, collectively, as the "Parties."

## RECITALS

WHEREAS, each of the Debtors filed a voluntary petition for relief (collectively, the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on July 8, 2020 (the "Petition Date") in the District of Delaware (the "Bankruptcy Court");

WHEREAS, on July 21, 2020, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors (as may be reconstituted from time to time, the "Creditors' Committee") in the Chapter 11 Cases;

WHEREAS, on December 24, 2020, the Debtors filed the Plan (Docket No. 844) and the disclosure statement relating to the Plan (Docket No. 845) with the Bankruptcy Court;

WHEREAS, on January 22, 2021, the Debtors filed an amended version of the Plan (Docket No. 918) and the disclosure statement relating to the Plan (Docket No. 919) with the Bankruptcy Court;

WHEREAS, on January 27, 2021, the Debtors filed a further amended version of the Plan (Docket No. 957);

WHEREAS, on [•], 2021, the Bankruptcy Court entered its order confirming the Plan (Docket No. [•]) (the "Confirmation Order");

WHEREAS, the Plan provides, among other things, as of the effective date of the Plan (the "Effective Date"), for the establishment of the Litigation Trust to liquidate the Litigation Trust Assets,[1] including by, among other things, prosecuting, settling, compromising, abandoning, or

---

[1] For all purposes of this Agreement, capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

1

otherwise assessing and, if possible, realizing the value of the DV Claims, Former D&O and Shareholder Causes of Action, and any other Causes of Action assigned to the Litigation Trust pursuant to the Plan, from time to time in accordance with the terms of the Plan for the benefit of the Litigation Trust Beneficiaries;

WHEREAS, the Litigation Trust's primary purpose is liquidating the Litigation Trust Assets, with no objective to continue or engage in the conduct of a trade or business except to the extent reasonably necessary to, and consistent with, the Litigation Trust's liquidating purpose and reasonably necessary to conserve and protect the Litigation Trust Assets and provide for the orderly liquidation thereof;

WHEREAS, consistent with the terms of the Plan, the Litigation Trust is intended to be treated for U.S. federal income tax purposes as a liquidating trust described in Treasury Regulation section 301.7701-4(d) and generally in compliance with Revenue Procedure 94-45, 1994-2 C.B. 684; accordingly, for U.S. federal income tax purposes, the Litigation Trust is intended to qualify as a "grantor trust" within the meaning of sections 671 through 679 of the Internal Revenue Code of 1986, as amended (the "Tax Code") with the Litigation Trust Beneficiaries treated as grantors and owners of the Litigation Trust (other than with respect to any assets allocable to, or retained on account of, disputed claims as a "disputed ownership fund", within the meaning of Treasury Regulation section 1.468B-9);

WHEREAS, for U.S. federal income tax purposes, the transfer of assets by the Debtors to the Litigation Trust is intended to be treated as the transfer of assets by the Debtors to the holders of Allowed Claims entitled to distributions from the Litigation Trust Assets, subject to any liability of the Debtors or the Litigation Trust payable from the proceeds of such assets, followed by the transfer of such assets (subject to such liabilities) by such holders to the Litigation Trust in exchange for the beneficial interests in the Litigation Trust; and thus, the Litigation Trust Beneficiaries are intended to be treated as the grantors and owners of a grantor trust for U.S. federal income tax purposes;

WHEREAS, the Litigation Trust shall not be deemed a successor-in-interest of the Debtors for any purpose other than as specifically set forth in this Agreement or the Plan; and

WHEREAS, the Litigation Trustee shall have all powers necessary to implement the provisions of this Agreement and administer the Litigation Trust as provided herein.

NOW, THEREFORE, pursuant to the Plan and the Confirmation Order, in consideration of the promises, the mutual agreements of the Parties contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and affirmed, the Parties hereby agree as follows:

## ARTICLE I
## ESTABLISHMENT OF THE LITIGATION TRUST

1.1    Establishment of the Litigation Trust and Appointment of the Litigation Trustee and the Litigation Trust Oversight Board.

(a)    The Debtors and the Litigation Trustee, pursuant to the Plan and the Confirmation Order and in accordance with the applicable provisions of the Bankruptcy Code, hereby establish a trust on behalf of the Litigation Trust Beneficiaries, which shall be known as the "Brooks Brothers Litigation Trust," on the terms set forth herein.  In connection with the exercise of the Litigation Trustee's powers hereunder, the Litigation Trustee may use this name or such variation thereof as the Litigation Trustee sees fit or as may otherwise be authorized by the Litigation Trust Oversight Board.

(b)    The Litigation Trustee is hereby appointed as trustee of the Litigation Trust effective as of the Effective Date.

(c)    In accordance with Section 5.1 of this Agreement, the initial members of the Litigation Trust Oversight Board (each such Person and any other Person appointed to be a member of the Litigation Trust Oversight Board pursuant to this Agreement, a "Member") shall consist of all the members of the Creditors' Committee or a representative thereof.  A majority of the Litigation Trust Oversight Board shall be "United States persons" within the meaning of section 7701(a)(30) of the Tax Code, and only United States persons shall have the ability to control substantial decisions of the Litigation Trust, whether made by the Litigation Trustee, the Litigation Trust Oversight Board, or any other person with authority to make a substantial decision of the Litigation Trust.  For this purpose, the terms "control" and "substantial decisions" shall be applied as set forth in Treasury Regulations section 301.7701-7(d)(1).  Any substantial decision of the Litigation Trust Oversight Board shall require the approval of both a majority of the Members of the Litigation Trust Oversight Board and a majority of the Members who are "United States person", provided that in the event of a tie vote of all the Members, the vote of a majority of the "United States persons" shall be deemed to constitute a majority vote of the Litigation Trust Oversight Board.  A supermajority shall not be required for any action other than removal of the Litigation Trustee.  Notwithstanding the foregoing, (i) any action taken by non-United States persons – acting individually or collectively, or (ii) any provision of this Agreement that would cause the Litigation Trust to be a "foreign trust", within the meaning of Section 7701(a)(31) of the Tax Code, shall be void ab initio.  No United States person appointed to the Trust Oversight Board shall act at the direction of or under the control of any non-United States person.

(d)    The Litigation Trustee agrees to accept and hold the Litigation Trust Assets in trust for the Litigation Trust Beneficiaries, subject to the provisions of the Plan, the Confirmation Order and this Agreement, and shall serve at the direction of the Litigation Trust Oversight Board in accordance with the terms of this Agreement, including Section 5.2 hereof.

(e)    The Litigation Trustee and each successor trustee serving from time to time hereunder shall have all the rights, powers, and duties as set forth herein.

(f)    The Litigation Trustee is, and any successor trustee serving from time to time hereunder shall be, a "United States person" as such term is defined in Section 7701(a)(30) of the Tax Code.

(g)    Subject to the terms of this Agreement, any action by the Litigation Trustee and/or the Litigation Trust Oversight Board that affects the interests of more than one Litigation

3

Trust Beneficiary shall be binding and conclusive on all Litigation Trust Beneficiaries even if such Litigation Trust Beneficiaries have different or conflicting interests.

(h)     For the avoidance of doubt, (x) none of the Litigation Trustee or any Member is or shall be deemed an officer, director, or fiduciary of any of the Debtors or their respective subsidiaries and (y) none of the Debtors is or shall be deemed a fiduciary or agent of the Litigation Trust, and such parties owe no duties or obligations to the Litigation Trust except as are expressly set forth in the Plan, the Confirmation Order, this Agreement or other future written agreement between such Persons and the Litigation Trust.

1.2    <u>Transfer of Assets Into the Litigation Trust</u>.  Pursuant to the Plan, upon the Effective Date:  (i) the DV Claims, Former D&O and Shareholder Causes of Action, and all rights to object to Claims of the DV Entities or any Former D&Os or Shareholders; and (ii) the Litigation Trust Minimum Funding, shall vest in and be transferred to the Litigation Trust.  The act of transferring the Litigation Trust Assets, as authorized by the Plan, shall not be construed to destroy or limit any such assets or rights or be construed as a waiver of any right, and such rights may be asserted by the Litigation Trust as if the asset or right was still held by the applicable Debtor.

1.3    <u>Litigation Trust Funding</u>.  The Litigation Trust shall be funded with the Litigation Trust Minimum Funding on the Effective Date of the Plan and as a condition to the Effective Date of the Plan (subject to waiver in accordance with Section 9.2 of the Plan).  The Litigation Fees Amount will be funded after the Debtors or the Liquidation Trustee, as applicable, have paid or reserved for any amounts necessary to fund the Wind-Down Reserve and to pay all Administrative Expense Claims, Fee Claims, Secured Claims, Priority Tax Claims and Other Priority Claims after consulting with the Litigation Trustee as to any amounts to be reserved.  The total amount of the Litigation Trust Funding shall be subject to the adjustments set forth in Section 5.5(c) of the Plan, but in any event shall not be less than the Litigation Trust Minimum Funding (subject to waiver in accordance with Section 9.2 of the Plan). To the extent the Debtors or the Liquidation Trustee, as applicable, determine in a good faith exercise of their business judgment consistent with their fiduciary duties that not funding all or a portion of the Litigation Fees Amount is necessary to allow the Debtors to fund or administer their chapter 11 cases (including to fund the Wind-Down Reserve and satisfy Administrative Expense Claims (including Fee Claims), Secured Claims, Priority Tax Claims and Other Priority Claims), the Debtors or the Liquidation Trustee, as applicable, are authorized to make such adjustment after consultation with the Litigation Trustee; provided that  (i) in no event shall the Debtors or the Liquidation Trustee fund the Litigation Trust with an amount less than the Litigation Trust Minimum Funding, and (ii)(A) to the extent that the Debtors or the Liquidation Trustee, as applicable, make any such adjustment to the amount of the Litigation Fees Amount, and (B) the Debtors or the Liquidation Trustee, as applicable, is satisfied at a later date that the Debtors, or the Liquidation Trust, as applicable, have sufficient funds to satisfy all Allowed Administrative Expense Claims (including Fee Claims), Secured Claims, and Priority Tax Claims and Other Priority Claims, and be able to transfer some or all of such withheld amounts to the Litigation Trust, the Debtors or the Liquidation Trustee, as applicable, shall do so in accordance with the terms of the Plan.

1.4    <u>Title to the Litigation Trust Assets</u>.  The transfer of the Litigation Trust Assets to the Litigation Trust pursuant to Section 1.2 hereof is being made for the sole benefit, and on behalf,

4

of the Litigation Trust Beneficiaries. Upon the transfer of the Litigation Trust Assets to the Litigation Trust, the Litigation Trust shall succeed to all of the Brooks Brothers Parties' and the Litigation Trust Beneficiaries' rights, title and interest in the Litigation Trust Assets and no other Person shall have any interest, legal, beneficial or otherwise, in the Litigation Trust or the Litigation Trust Assets upon the assignment and transfer of such assets to the Litigation Trust (other than as provided in the Plan, the Confirmation Order or this Agreement).

1.5    <u>Nature and Purpose of the Litigation Trust</u>.

(a)    <u>Purpose</u>.    The Litigation Trust's primary purpose is liquidating the Litigation Trust Assets, with no objective to continue or engage in the conduct of a trade or business except to the extent reasonably necessary to, and consistent with, the Litigation Trust's liquidating purpose and reasonably necessary to conserve and protect the Litigation Trust Assets and provide for the orderly liquidation thereof. The Litigation Trust shall be established on the Effective Date, in accordance with the terms of the Plan and the Litigation Trust Agreement and shall be governed by the terms of this Agreement and shall liquidate the Litigation Trust Assets, including by, among other things, prosecuting, settling, compromising, abandoning, or otherwise assessing and, if possible, realizing the value of the DV Claims, Former D&O and Shareholder Causes of Action, and any other Causes of Action that may be assigned to the Litigation Trust in accordance with the terms of the Plan, from time to time in accordance with the terms of the Plan for the benefit of the Litigation Trust Beneficiaries. At such time as the Litigation Trustee determines the Litigation Trust has, pursuant to Section 5.5 of the Plan and this Agreement,  (i) resolved, settled, compromised, or otherwise liquidated the DV Claims, Former D&O and Shareholder Causes of Action, and all other Causes of Action assigned to the Litigation Trust from time to time in accordance with the terms of the Plan and this Agreement, and (ii) paid all Litigation Trust Expenses, the Litigation Trustee shall transfer any and all remaining Litigation Trust Assets to the Liquidation Trust for Distribution to the Litigation Trust Beneficiaries in accordance with the terms of the Plan; provided that, if the Liquidation Trust has been dissolved pursuant to the terms of the Plan and this Agreement before such time as the Litigation Trustee has acted in accordance with the foregoing clauses (i) and (ii), the Litigation Trustee shall make a Distribution of the remaining Litigation Trust Assets to the Litigation Trust Beneficiaries in accordance with the terms of the Plan. From time to time, and after paying or appropriately reserving for Litigation Trust Expenses, the Litigation Trust may (and shall at least annually) distribute proceeds of the Litigation Trust Assets (including any proceeds thereafter invested) to the Liquidation Trust for Distribution to Litigation Trust Beneficiaries in accordance with the terms of the Plan.

(b)    <u>Relationship</u>.    This Agreement is intended to create a trust and a trust relationship and to be governed and construed in all respects as a trust. The Litigation Trust is not intended to be, and shall not be deemed to be, or be treated as, a general partnership, limited partnership, joint venture, corporation, joint stock company or association, nor shall the Litigation Trustee, the Litigation Trust Oversight Board (or any Member thereof) or the Litigation Trust Beneficiaries for any purpose be, or be deemed to be or treated in any way whatsoever to be, liable or responsible hereunder as partners or joint venturers. The relationship of the Litigation Trust Beneficiaries, on the one hand, to the Litigation Trustee and the Litigation Trust Oversight Board, on the other hand, shall be solely that of a beneficiary of a trust and shall not be deemed a principal

5

and agency relationship, and their rights shall be limited to those conferred upon them by the Plan, the Confirmation Order and this Agreement.

(c)    <u>Relationship to and Incorporation of the Plan</u>.  The principal purpose of this Agreement is to aid in the implementation of the Plan and the Confirmation Order, and therefore this Agreement incorporates the provisions thereof by reference.  To that end and subject to the provisions of the Plan, the Litigation Trustee shall have full power and authority to take any action consistent with the provisions of the Plan and the Confirmation Order, to seek any orders from the Bankruptcy Court in furtherance of implementation of the Plan that directly affect the interests of the Litigation Trust, and to seek any orders from the Bankruptcy Court solely in furtherance of this Agreement.  As among the Litigation Trust, the Litigation Trustee, the Litigation Trust Oversight Board, the Litigation Trust Beneficiaries, and the Debtors, if any provisions of this Agreement are found to be inconsistent with the provisions of the Plan or the Confirmation Order, each such document shall have controlling effect in the following rank order: the Confirmation Order, the Plan, and this Agreement.

1.6    <u>Appointment as Representative</u>.  Upon the Effective Date, the Litigation Trustee is appointed as the duly appointed representative of the Debtors and their estates with respect to the Litigation Trust Assets, and, as such, upon such appointment, the Litigation Trustee succeeds to all of the rights and powers of a trustee in bankruptcy with respect to prosecution of the Litigation Trust Assets for the benefit of the Litigation Trust Beneficiaries.

1.7    <u>Preservation of Rights of Action</u>.  On and after the Effective Date, the Litigation Trustee, subject to the Litigation Trustee Discretion, and under the supervision of the Litigation Trust Oversight Board, shall have sole and exclusive discretion to pursue and dispose of the DV Claims, Former D&O and Shareholder Causes of Action, and any other Causes of Action that are or become Litigation Trust Assets.  The Litigation Trustee must receive the approval of the Litigation Trust Oversight Board by a majority of Members, as well as a majority of the "United States persons" that are Members, to settle any of the DV Claims, Former D&O and Shareholder Causes of Action, and any other Causes of Action that are or become Litigation Trust Assets valued at above $500,000.  If the Litigation Trust Oversight Board does not approve a settlement by the Litigation Trustee, then the Litigation Trustee may either (i) seek approval by the Bankruptcy Court, upon notice and a hearing at which the Litigation Trust Oversight Board may be heard, or (ii) resign from the engagement.   All Causes of Action that are or become Litigation Trust Assets shall vest in the Litigation Trust as provided for herein and the Litigation Trustee may pursue or dispose of any Causes of Action that are or become Litigation Trust Assets in its sole discretion in the name of either the Litigation Trustee or the Litigation Trust, *provided, however*, that as set forth above, the Litigation Trustee must receive the approval of the Litigation Trust Oversight Board by a majority of Members, as well as a majority of the "United States persons" that are Members.  On and after the Effective Date, the Litigation Trustee under the supervision of the Litigation Trust Oversight Board, including the consent and approval rights set forth herein, shall retain and shall have, including through its authorized agents or representatives, the exclusive right, authority, and discretion to determine and to initiate, file, prosecute, enforce, abandon, settle, compromise, release, withdraw, or litigate to judgment any such Causes of Action, or to decline to do any of the foregoing, without the consent or approval of any third party or further notice to or action, order, or approval of the Bankruptcy Court or the Litigation Trust Beneficiaries.

6

1.8    <u>Privileges</u>.

(a)    All attorney-client privileges, work product protections, joint client privilege, common interest or joint defense privilege or protection and all other privileges, immunities or protections from disclosure (the "<u>Privileges</u>") held by any of (1) any one or more of the Debtors or (2)  any pre-petition or post-petition committee or subcommittee of the board of directors or equivalent governing body of any of the Debtors and their predecessors (together the "<u>Privilege Transfer Parties</u>") related in any way to the Litigation Trust Assets, the analysis or prosecution of any claims or the purpose of the Litigation Trust (the "<u>Transferred Privileged Information</u>") are hereby transferred and assigned to, and vested in, the Litigation Trust and its authorized representatives.  The Transferred Privileged Information shall include documents and information of all manner, whether oral, written or digital, and whether or not previously disclosed or discussed.  For the avoidance of doubt, the Privileges shall include any right to preserve or enforce or waive a privilege that arises from any joint defense, common interest or similar agreement involving any of the Privilege Transfer Parties.

(b)    The foregoing transfer and assignment shall vest the Privileges concerning the Transferred Privileged Information exclusively in the Litigation Trust,  consistent with sections 1123(a)(5)(B) and 1123(b)(3)(B) of the Bankruptcy Code, for the sole benefit of the Litigation Trust and the Litigation Trust Beneficiaries; *provided*, *however*, that to the extent that any such Privileges or Transferred Privileged Information relates to both Liquidation Trust Assets and Litigation Trust Assets, such Privileges and Transferred Privileged Information shall vest jointly in the Liquidation Trust and the Litigation Trust.  Except only as provided in the Liquidation Trust Agreement as relates to any Privileges or Transferred Privileged Information held jointly with the Liquidation Trust, the Litigation Trust shall have the exclusive authority and sole discretion to maintain the Privileges and keep the Transferred Privileged Information confidential, or waive any Privileges and/or disclose and/or use in litigation or any proceeding any or all of the Transferred Privileged Information.

(c)    The Privilege Transfer Parties agree to take all necessary actions to effectuate the transfer of such Privileges, and to provide to the Litigation Trust without the necessity of a subpoena all Transferred Privileged Information in their respective possession, custody or control.  The Litigation Trust is further expressly authorized to formally or informally request or subpoena documents, testimony or other information that would constitute Transferred Privileged Information from any persons, including former directors or officers of any of the Debtors, attorneys, professionals, consultants and experts, and no such person may object to the production to the Litigation Trust of such Transferred Privileged Information on the basis of a Privilege.  Until and unless the Litigation Trust makes a determination to waive any Privilege, Transferred Privileged Information shall be produced solely to the Litigation Trust.  For the avoidance of doubt, this Subsection is subject in all respects to 1.8(a) of this Agreement.

(d)    Pursuant to, inter alia, Federal Rule of Evidence 502(d), no Privileges shall be waived by the transfer and assignment of the Privileges or the production of any Transferred Privileged Information to the Litigation Trust or any of its respective employees, professionals or representatives, or by disclosure of such Transferred Privileged Information between the Privilege Transfer Parties, on the one hand, and the Litigation Trust, on the other hand, or any of their

respective employees, professionals or representatives.    Moreover, the non-voting observer Members participation in the Litigation Trust Oversight Board shall not waive any Privileges held by the Litigation Trust, the Litigation Trustee, or the Litigation Trust Oversight Board.

(e)    If a Privilege Transfer Party, the Litigation Trust, any of their respective employees, professionals or representatives or any other person inadvertently produces or discloses Transferred Privileged Information to any third party, such production shall not be deemed to destroy any of the Privileges, or be deemed a waiver of any confidentiality protections afforded to such Transferred Privileged Information.    In such circumstances, the disclosing party shall promptly upon discovery of the production notify the Litigation Trust of the production and shall demand of all recipients of the inadvertently disclosed Transferred Privileged Information that they return or confirm the destruction of such materials.

## ARTICLE II
## LITIGATION TRUST INTERESTS

2.1    <u>Litigation Trust Beneficial Interests</u>.    On the date hereof, the Litigation Trust shall issue the Litigation Trust Interests to the Litigation Trust Beneficiaries in accordance with the terms of the Plan, the Confirmation Order, and this Agreement.    The Litigation Trust Beneficiaries shall be entitled to distributions from the Litigation Trust Proceeds in accordance with the terms of the Plan, the Confirmation Order, and this Agreement.    The beneficial interests in the Litigation Trust will be represented by book entries on the books and records of the Litigation Trust.    The Litigation Trust will not issue any certificate or certificates to evidence any beneficial interests in the Litigation Trust.

2.2    <u>Interests Beneficial Only</u>.    The ownership of the beneficial interests in the Litigation Trust shall not entitle the Litigation Trust Beneficiaries to any title in or to the Litigation Trust Assets as such (which title shall be vested in the Litigation Trust) or to any right to call for a partition or division of the Litigation Trust Assets or to require an accounting.

2.3    <u>Non-Transferability of Litigation Trust Interests</u>.    The Litigation Trust Beneficial Interests shall be non-transferable other than if transferred by will, intestate succession or otherwise by operation of law.

2.4    <u>Exemption from Registration</u>.    The Parties hereto intend that the rights of the Litigation Trust Beneficiaries arising under this Litigation Trust shall not be "securities" under applicable laws, but none of the Parties represent or warrant that such rights shall not be securities or shall be entitled to exemption from registration under applicable securities laws.    If such rights constitute securities, the Parties hereto intend for the exemption from registration provided by section 1145 of the Bankruptcy Code and under applicable securities laws to apply to the issuance of the Litigation Trust Interests to the Litigation Trust Beneficiaries under the Plan.

2.5    <u>Effect of Death, Incapacity or Bankruptcy</u>.    The death, incapacity or bankruptcy of any Litigation Trust Beneficiary during the term of the Litigation Trust shall not  (i) operate to terminate the Litigation Trust, (ii) entitle the representatives or creditors of the deceased, incapacitated or bankrupt party to an accounting, (iii) entitle the representatives or creditors of the

deceased, incapacitated or bankrupt party to take any action in the Bankruptcy Court or elsewhere for the distribution of the Litigation Trust Assets or for a partition thereof, or (iv) otherwise affect the rights and obligations of any of the Litigation Trust Beneficiaries under this Agreement.

2.6     <u>Delivery of Distribution</u>.  In the event that any Distribution to any holder is returned as undeliverable, no Distribution to such holder shall be made unless and until the Debtors or the Liquidation Trustee, as applicable, has determined the then current address of such holder, at which time such Distribution shall be made to such holder without interest; *provided, however*, such Distributions shall be deemed unclaimed property under section 347(b) of the Bankruptcy Code at the expiration of six months from the date such Distribution was made.  After such date, all unclaimed property or interests in property shall revert (notwithstanding any applicable federal or state escheat, abandoned, or unclaimed property laws to the contrary) to the Liquidation Trust automatically and without need for a further order by the Bankruptcy Court for Distribution in accordance with the Plan and the Claim of any such holder to such property or interest in property shall be released, settled, compromised, and forever barred.

## ARTICLE III
## <u>RIGHTS, POWERS AND DUTIES OF LITIGATION TRUSTEE</u>

3.1     <u>Role of the Litigation Trustee</u>.  In furtherance of and consistent with the purpose of the Litigation Trust and the Plan, subject to the terms and conditions contained in the Plan, the Confirmation Order and this Agreement, the Litigation Trustee shall, subject to the supervision of the Litigation Trust Oversight Board as provided in this Agreement, (i) receive, manage, supervise and protect the Litigation Trust Assets upon its receipt of same on behalf of and for the benefit of the Litigation Trust Beneficiaries; (ii) investigate, analyze, prosecute and, if necessary and appropriate, settle and compromise the Litigation Trust Assets; (iii) prepare and file all required tax returns and pay from the Litigation Trust Assets all taxes and all other obligations of the Litigation Trust; (iv) liquidate and convert the Litigation Trust Assets to Cash in accordance with this Agreement and the other Litigation Trust Documents and timely transfer such Cash to the Liquidation Trust for Distribution to the Litigation Trust Beneficiaries in accordance with the terms of the Plan and as set forth in Section 3.5 herein; and (v) have all such other responsibilities as may be vested in the Litigation Trustee pursuant to the Plan, the Confirmation Order, this Agreement, and all other applicable orders of the Bankruptcy Court, *provided however*, that the Litigation Trustee shall not be required to take any action described in (i) through (v) above that he deems not to be in good faith or that is contrary to any action or inaction recommended to the Litigation Trustee by his counsel (the "<u>Litigation Trustee Discretion</u>").  If there is a dispute as a course of action to be taken for the Litigation Trust between the Litigation Trustee and the Litigation Trust Oversight Board, the parties shall seek to have such a dispute resolved before the Bankruptcy Court.  The Litigation Trustee in consultation with, and subject to the supervision of, the Litigation Trust Oversight Board as provided in this Agreement, shall be responsible for all decisions and duties with respect to the Litigation Trust and the Litigation Trust Assets, and such decisions and duties shall be carried out in accordance with the Plan, the Confirmation Order, this Agreement, and all other applicable orders of the Bankruptcy Court.  In all circumstances, the Litigation Trustee shall act in the best interests of the Litigation Trust Beneficiaries and in furtherance of the purpose of the Litigation Trust, and shall use commercially reasonable efforts to prosecute, settle or otherwise resolve the Causes of Action constituting the Litigation Trust

9

Assets, and to otherwise monetize the Litigation Trust Assets and not unreasonably prolong the duration of the Litigation Trust.

      3.2    <u>Fiduciary Duties</u>.  The Litigation Trustee shall have fiduciary duties to the Litigation Trust Beneficiaries consistent with the fiduciary duties that a member of an official committee appointed pursuant to section 1102 of the Bankruptcy Code has to the creditor constituents represented by such committee and shall exercise his, her or its responsibilities accordingly; *provided*, *however*, such fiduciary duties include maximizing the value of the Litigation Trust Assets, including the DV Claims, Former D&O and Shareholder Causes of Action, and any other Causes of Action assigned to the Litigation Trust for the benefit of the Litigation Trust Beneficiaries.

      3.3    <u>Authority to Prosecute and Settle Litigation Claims</u>.

      (a)    Subject to the provisions of this Agreement, the Plan, the Confirmation Order, supervision and/or approval by the Litigation Trust Oversight Board, and subject to the Litigation Trustee Discretion, the Litigation Trustee shall prosecute, pursue, compromise, settle, or abandon any and all DV Claims, Former D&O and Shareholder Causes of Action, and all other Causes of Action assigned to the Litigation Trust, that have not already been resolved as of the Effective Date.  The Litigation Trustee, upon supervision and/or approval by the Litigation Trust Oversight Board, and subject to the Litigation Trustee Discretion, shall have the absolute right to pursue, not pursue, release, abandon, and/or settle any and all DV Claims, Former D&O and Shareholder Causes of Action, and all other Causes of Action assigned to the Litigation Trust (including any counterclaims asserted against the Litigation Trust) as it determines in the best interests of the Litigation Trust Beneficiaries, and consistent with the purposes of the Litigation Trust, and shall have no liability for the outcome of its decision except for any damages caused by fraud, willful misconduct or gross negligence.

      (b)    Subject to the provisions of this Agreement, the Plan and the Confirmation Order, the Litigation Trustee shall have sole authority to reconcile, prosecute objections, compromise, abandon or settle, as applicable, any and all Claims of any of the DV Entities or any of the Former D&Os or Shareholders, DV Claims, Former D&O and Shareholder Causes of Action, and any other Causes of Action that may be assigned to the Litigation Trust from time to time that have not already been resolved as of the Effective Date; *provided*, that for the avoidance of doubt, settlement of any of the Claims of any of the DV Entities or any of the Former D&Os or Shareholders, the DV Claims, the Former D&O and Shareholder Causes of Action, or any other Causes of Action assigned to the Litigation Trust will not require Bankruptcy Court approval.  The Litigation Trustee, upon supervision of the Litigation Trust Oversight Board, and subject to the Litigation Trustee Discretion, shall have the absolute right to pursue, not pursue, release, abandon, and/or settle any and all Claims of any of the DV Entities or any of the Former D&Os or Shareholders, DV Claims, Former D&O and Shareholder Causes of Action, and all other Causes of Action assigned to the Litigation Trust (including any counterclaims asserted against the Litigation Trust) as it determines in the best interests of the Litigation Trust Beneficiaries, and consistent with the purposes of the Litigation Trust, and shall have no liability for the outcome of its decision except for any damages caused by fraud, willful misconduct or gross negligence. Pursuant to Section 1.7 above, the Litigation Trustee must receive the approval of the Litigation

WEIL:\97837731\7\30950.0071

Trust Oversight Board by a majority of Members, as well as a majority of the "United States persons" that are Members, to settle any of the DV Claims, Former D&O and Shareholder Causes of Action, and any other Causes of Action that are or become Litigation Trust Assets valued at above $500,000. If the Litigation Trust Oversight Board does not approve a settlement by the Litigation Trustee, then the Litigation Trustee may either (i) seek approval by the Bankruptcy Court, upon notice and a hearing at which the Litigation Trust Oversight Board may be heard, or (ii) resign from the engagement.

(c)     To the extent that any action has been taken to prosecute, adjudicate or otherwise resolve any of the DV Claims, Former D&O and Shareholder Causes of Action, and any other Causes of Action assigned to the Litigation Trust prior to the Effective Date by the Debtors, the Litigation Trustee or Litigation Trust shall be substituted for the Debtors in connection therewith in accordance with Rule 25 of the Federal Rules of Civil Procedure, made applicable to the litigation by Bankruptcy Rule 7025, and the caption with respect to such pending litigation shall be changed to the following, at the option of the Litigation Trust: "[Name of Trustee], as Trustee for the BB Litigation Trust v. [Defendant]" or "BB Litigation Trust v. [Defendant]." Without limiting the foregoing, the Litigation Trustee, in the name of either the Litigation Trustee or Litigation Trust, shall take any and all actions necessary or prudent to intervene as plaintiff, movant or additional party, as appropriate, with respect to any applicable DV Claim, Former D&O and Shareholder Causes of Action, or other Causes of Action assigned to the Litigation Trust. For purposes of exercising its powers, the Litigation Trustee shall be deemed to be a representative of the Estates pursuant to section 1123(b)(3)(B) of the Bankruptcy Code.

(d)     Any determinations by the Litigation Trustee, under the supervision of the Litigation Trust Oversight Board, and subject to the Litigation Trustee Discretion, with regard to the amount or timing of settlement or other disposition of any Claims of any of the DV Entities or any of the Former D&Os or Shareholders, DV Claim, Former D&O and Shareholder Cause of Action, or other Cause of Action assigned to the Litigation Trust settled in accordance with the terms of this Agreement shall be conclusive and binding on the Litigation Trust Beneficiaries and all other parties in interest upon the entry of an order of a court of competent jurisdiction (including a Final Order issued by the Bankruptcy Court) approving such settlement or other disposition, to the extent any such order is required to be obtained to enforce any such determinations.

3.4     <u>Liquidation of Litigation Trust Assets</u>. The Litigation Trustee, upon direction by the Litigation Trust Oversight Board, subject to the Litigation Trustee Discretion, and in the exercise of their collective reasonable business judgment, shall, in an expeditious but orderly manner and subject to the other provisions of the Plan, the Confirmation Order, and this Agreement, liquidate and convert to Cash the Litigation Trust Assets, and timely transfer such Cash to the Liquidation Trust for Distribution to the Litigation Trust Beneficiaries in accordance with the terms of the Plan, the Confirmation Order, and this Agreement, and not unduly prolong the existence of the Litigation Trust. The Litigation Trustee shall exercise reasonable business judgment and liquidate the Litigation Trust Assets to optimize net recoveries to the Litigation Trust Beneficiaries, *provided*, *however*, that in addition to the Litigation Trustee Discretion, the Litigation Trustee shall be entitled to take into consideration the risks, timing, anticipated duration, and costs of potential actions in making determinations as to the methodologies to be employed to optimize such recoveries. Such liquidations may be accomplished through the prosecution,

11

compromise and settlement, abandonment or dismissal of any or all of the DV Claims, Former D&O and Shareholder Causes of Action, or other Causes of Action assigned to the Litigation Trust or otherwise or through the sale or other disposition of the Litigation Trust Assets (in whole or in combination). Pursuant to an agreed-upon budget, the Litigation Trustee may incur any reasonable and necessary expenses in connection with the liquidation of the Litigation Trust Assets and Distributions.

3.5     Distributions.  At such time as the Litigation Trustee determines the Litigation Trust has, pursuant to Section 5.5 of the Plan and this Agreement,  (i) resolved, settled, compromised, or otherwise liquidated the DV Claims, Former D&O and Shareholder Causes of Action, and all other Causes of Action assigned to the Litigation Trust from time to time in accordance with the terms of the Plan and the Litigation Trust Agreement, and (ii) paid all Litigation Trust Expenses, the Litigation Trustee shall transfer any and all remaining Litigation Trust Assets to the Liquidation Trust for Distribution to the Litigation Trust Beneficiaries in accordance with the terms of the Plan; provided that, if the Liquidation Trust has been dissolved pursuant to the terms of the Plan and the Liquidation Trust Agreement before such time as the Litigation Trustee has acted in accordance with the foregoing clauses (i) and (ii), the Litigation Trustee shall make a Distribution of the remaining Litigation Trust Assets to the Litigation Trust Beneficiaries in accordance with the terms of the Plan.  From time to time, and after paying or appropriately reserving for Litigation Trust Expenses, the Litigation Trust may (and shall at least annually) distribute proceeds of the Litigation Trust Assets (including any proceeds thereafter invested) to the Liquidation Trust for Distribution to Litigation Trust Beneficiaries in accordance with the terms of the Plan.

3.6     Retention of Counsel and Other Professionals. The Litigation Trustee, on behalf of the Litigation Trust, may employ and pay in the ordinary course of business, any professional for services rendered or expenses incurred on and after the Effective Date, in accordance with the terms of any agreement entered into between the Litigation Trust and such professional in the discretion of the Litigation Trustee and with the approval of the Litigation Trust Oversight Board, that are necessary or appropriate to assist the Litigation Trustee in the performance of the Litigation Trustee's duties under the Plan and the Litigation Trust Agreement.   With approval of the Litigation Trust Oversight Board, the Litigation Trust may select any professionals in its sole discretion, and such professionals' affiliation with the Litigation Trustee shall not preclude the Litigation Trust's retention of such professionals.

3.7     Fees and Expenses of the Litigation Trust.  From and after the Effective Date, Litigation Trust Expenses shall be paid from the Litigation Trust Assets in the ordinary course of business, in accordance with the Plan and the Litigation Trust Agreement.  Without any further notice to any party or action, order or approval of the Bankruptcy Court, the Litigation Trustee, on behalf of the Litigation Trust, may employ and pay in the ordinary course of business, any professional for services rendered or expenses incurred on and after the Effective Date, in accordance with the terms of any agreement entered into between the Litigation Trust and such professional, in the discretion of the Litigation Trustee and with the approval of the Litigation Trust Oversight Board for any expense over $2,000, that are necessary or appropriate to assist the Litigation Trustee in the performance of the Litigation Trustee's duties under the Plan and the Litigation Trust Agreement.

3.8     Agreements.  Pursuant to the Plan, the Confirmation Order and the other provisions of this Agreement, the Litigation Trustee may enter into any agreement or execute any document required by or consistent with the Plan, the Confirmation Order or this Agreement and perform all of the Litigation Trust's obligations thereunder.

3.9     Powers of the Litigation Trustee.  In furtherance of and consistent with the purpose of the Litigation Trust and the Plan, subject to and to the extent set forth in the Plan, the Confirmation Order, the Liquidation Trust Agreement or any other order of the Bankruptcy Court entered in connection therewith, the Litigation Trust and the Litigation Trustee shall be empowered to:

(a)     conduct investigations of the DV Claims, the Former D&O and Shareholder Causes of Action and other Causes of Action that are Litigation Trust Assets pursuant to Bankruptcy Rule 2004;

(b)     perform all actions and execute all agreements, instruments and other documents necessary to effectuate the purpose of the Litigation Trust;

(c)     establish, maintain and administer trust accounts, which shall be segregated to the extent appropriate in accordance with the Plan and this Agreement;

(d)     manage, liquidate, supervise, prosecute, and protect, as applicable, the Litigation Trust Assets;

(e)     settle Claims that are Litigation Trust Assets, including the DV Claims, the Former D&O and Shareholder Causes of Action, and Claims of the Former D&Os and Shareholders,  pursuant to the procedures set forth in Section 1.7 above;

(f)     control and effectuate the Claims reconciliation process for Claims of any of the DV Entities or any of the Former D&Os or Shareholders, including to object to, seek to subordinate, recharacterize, compromise or settle any and all such Claims, pursuant to the procedures prescribed in the Plan and this Agreement;

(g)     pursue, prosecute, abandon or otherwise resolve the DV Claims, the Former D&O and Shareholder Causes of Action, and other Causes of Action that are Litigation Trust Assets;

(h)     retain, compensate and employ professionals to represent the Litigation Trust;

(i)     receive, manage, invest, supervise, protect, and liquidate the Litigation Trust Assets, withdraw and make distributions from and pay taxes and other obligations owed by the Litigation Trust from funds held by the Litigation Trustee and/or the Litigation Trust in the Litigation Trust Account as long as such actions are consistent with the Litigation Trust's status as a liquidating trust within the meaning of Treasury Regulation section 301.7701-4(d) and are merely incidental to its liquidation and dissolution;

13

(j)      prepare, or have prepared, and file, if necessary, with the appropriate governmental entity any and all tax returns, information returns, and other required documents with respect to the Litigation Trust (including, without limitation, U.S. federal, state, local or foreign tax or information returns required to be filed by the Litigation Trust) and pay taxes properly payable by the Litigation Trust, if any, and cause all taxes payable by the Litigation Trust, if any, to be paid exclusively out of the Litigation Trust Assets;

(k)      request any appropriate tax determination with respect to the Litigation Trust, including, without limitation, a determination pursuant to section 505 of the Bankruptcy Code;

(l)      make tax elections by and on behalf of the Litigation Trust, which are deemed by the Litigation Trustee, either independently or with the advice of Litigation Trust Professionals, to be in the best interest of maximizing the liquidation value of the Litigation Trust Assets;

(m)      exercise such other powers as may be vested in the Litigation Trust under this Agreement and the Plan, or as are deemed by the Litigation Trustee to be necessary and proper to implement the provisions of this Agreement and effectuate the purpose of the Litigation Trust; and

(n)      dissolve the Litigation Trust in accordance with the terms of this Agreement.

3.10      <u>Functions of the Litigation Trustee</u>. On and after the Effective Date, the Litigation Trustee and/or the Litigation Trust, as applicable, shall carry out the functions set forth in this Section and may take such actions without supervision or approval by the Bankruptcy Court or the Canadian Court and free of any restrictions of the Bankruptcy Code, the Bankruptcy Rules, CCAA or BIA, other than any restrictions expressly imposed by the Plan, the Confirmation Order or this Agreement. Such functions shall include any and all powers and authority to:

(a)      take any actions necessary to resolve all matters related to the Litigation Trust Assets;

(b)      retain, compensate and employ professionals to represent the Litigation Trust or the Litigation Trustee, as applicable;

(c)      transfer all Cash proceeds of the DV Claims, the Former D&O and Shareholder Causes of Action, and of other Causes of Action assigned to the Litigation Trust, after payment of the Litigation Trust Expenses to the Liquidation Trust, unless the Liquidation Trust has been dissolved;

(d)      consult with the Information Officer in respect of any matters set forth in Section 5.5 of the Plan or this Agreement as such matters also relate to Canada; and

14

(e)    take any other actions not inconsistent with the provisions hereof that the Litigation Trustee deems reasonably necessary or desirable in connection with the foregoing functions.

3.11    <u>Management of Litigation Trust Assets</u>.

(a)    Except as otherwise provided in the Plan, the Confirmation Order or this Agreement, and subject to Treasury Regulations governing liquidating trusts and the retained jurisdiction of the Bankruptcy Court as provided for in the Plan, but without prior or further authorization, the Litigation Trustee may, subject to supervision of the Litigation Trust Oversight Board, control and exercise authority over the Litigation Trust Assets, over the management and disposition thereof, and over the management and conduct of the Litigation Trust, in each case, as necessary or advisable to enable the Litigation Trustee to fulfill the intents and purposes of this Agreement.  No Person dealing with the Litigation Trust will be obligated to inquire into the authority of the Litigation Trustee in connection with the acquisition, management or disposition of the Litigation Trust Assets.

(b)    In connection with the management and use of the Litigation Trust Assets and except as otherwise expressly limited in the Plan, the Confirmation Order or this Agreement, the Litigation Trust will have, in addition to any powers conferred upon the Litigation Trust by any other provision of this Agreement, the power to take any and all actions as, in the Litigation Trustee's reasonable discretion, are necessary or advisable to effectuate the primary purposes of the Litigation Trust, subject to (i) the Litigation Trustee Discretion, and (ii) any supervision of the Litigation Trust Oversight Board as set forth herein, including, without limitation, the power and authority to (a) pay taxes and other obligations owed by the Litigation Trust or incurred by the Litigation Trustee; (b) commence and/or pursue any and all actions involving the Causes of Action constituting Litigation Trust Assets that could arise or be asserted at any time, unless otherwise limited, waived, released, compromised, settled, or relinquished in the Plan, the Confirmation Order, or this Agreement; and (c) act and implement the Plan, this Agreement, and applicable orders of the Bankruptcy Court (including, as applicable, the Confirmation Order).

3.12    <u>Limitations on Power and Authority of the Litigation Trustee</u>.  Notwithstanding anything in this Agreement to the contrary, the Litigation Trustee will not have the authority to do any of the following on behalf of the Litigation Trust:

(a)    take any action in contravention of the Plan, the Confirmation Order, or this Agreement;

(b)    take any action that would make it impossible to carry on the activities of the Litigation Trust;

(c)    possess property of the Litigation Trust or assign the Litigation Trust's rights in specific property for any purpose other than as provided herein;

(d)    cause or permit the Litigation Trust to engage in any trade or business;

15

(e)      receive transfers of any listed stocks or securities or any readily marketable assets or any operating assets of a going business; *provided, however*, that in no event shall the Litigation Trustee receive any such investment that would jeopardize treatment of the Litigation Trust as a "liquidating trust" for federal income tax purposes under Treasury Regulation section 301.7701-4(d), or any successor provision thereof;

(f)      receive or retain any operating assets of an operating business, a partnership interest in a partnership that holds operating assets or 50% or more of the stock of a corporation with operating assets; *provided, however*, that in no event shall the Litigation Trustee receive or retain any such asset or interest that would jeopardize treatment of the Litigation Trust as a "liquidating trust" for federal income tax purposes under Treasury Regulation section 301.7701-4(d) or any successor provision thereof; or

(g)      take any other action or engage in any investments or activities that would jeopardize treatment of the Litigation Trust as a liquidating trust for federal income tax purposes under Treasury Regulation section 301.7701-4(d), or any successor provision thereof.

3.13    <u>Books and Records</u>.

The Litigation Trustee shall maintain books and records relating to and income realized from the Litigation Trust Assets and the payment of, costs and expenses of, and liabilities of claims against or assumed by, the Litigation Trust in such detail and for such period of time as may be necessary to enable him/her/it to make full and proper accounting in respect thereof and in accordance with applicable law.  Such books and records shall be maintained as reasonably necessary to facilitate compliance with the tax reporting requirements of the Litigation Trust.  Nothing in this Agreement requires the Litigation Trustee to file any accounting or seek approval of any court with respect to the administration of the Litigation Trust or as a condition for managing any payment or distribution out of the Litigation Trust Assets, except as may otherwise be set forth in the Plan or the Confirmation Order.

3.14    <u>Documents and Data</u>. The Litigation Trustee shall be provided with originals or copies of or access to all documents and business records accessible to or retained by the Debtors or the Liquidation Trustee necessary for the disposition and liquidation of Litigation Trust Assets; *provided* that the Litigation Trustee or the Litigation Trust shall reimburse the Liquidation Trust and/or the Liquidation Trustee, as applicable, for any reasonable out-of-pocket fees or expenses incurred in assisting the Litigation Trustee in the procurement of records that were not retained by the Debtors after the Sale Transaction.  The Liquidation Trustee shall reasonably cooperate with the Litigation Trustee in the administration of the Litigation Trust, including but not limited to providing books and records relating to the DV Claims and Former D&O and Shareholder Causes of Action.

3.15    <u>Reports</u>.

(a)      <u>Financial and Status Reports</u>.  The fiscal year of the Litigation Trust shall be the calendar year.  Within 90 days after the end of each calendar year during the term of the

16

Litigation Trust, and within 45 days after the end of each calendar quarter during the term of the Litigation Trust (other than the fourth quarter) and as soon as practicable upon termination of the Litigation Trust, the Litigation Trustee shall make available, upon request, to the Litigation Trust Beneficiaries appearing in the Trust Registry as of the end of such period or such date of termination, a written report including: (i) financial statements of the Litigation Trust for such period, and, if the end of a calendar year, an unaudited report (which may be prepared by an independent certified public accountant employed by the Litigation Trustee) reflecting the result of such agreed-upon procedures relating to the financial accounting administration of the Litigation Trust as proposed by the Litigation Trustee; (ii) a summary description of any action taken by the Litigation Trust which, in the judgment of the Litigation Trustee, materially affects the Litigation Trust and of which notice has not previously been given to the Litigation Trust Beneficiaries; (iii) a description of the progress of liquidating the Litigation Trust Assets and making distributions to the Litigation Trust Beneficiaries, which description shall include a written report detailing, among other things, the litigation status of the Litigation Claims transferred to the Litigation Trust, any settlements entered into by the Litigation Trust with respect to the Litigation Claims; and the Litigation Trust Proceeds recovered to date (in each instance to the extent not confidential and to the extent that the Litigation Trustee determines that public disclosure will not adversely affect the liquidation of any remaining Litigation Trust Assets), and the distributions made by the Litigation Trust to date; and (iv) any other material information relating to the Litigation Trust Assets and the administration of the Litigation Trust deemed appropriate to be disclosed by the Litigation Trustee or required to be included in the written report by the Litigation Trust Oversight Board.  In addition, the Litigation Trust shall make unaudited financial statements available to each Litigation Trust Beneficiary on a quarterly basis (which may be quarterly operating reports filed with the Bankruptcy Court).  The first report shall be due the first quarter after confirmation.  The Litigation Trustee may post any such report on a website maintained by the Litigation Trustee or electronically file it with the Bankruptcy Court in lieu of actual notice to each Litigation Trust Beneficiary (unless otherwise required by law).

(b)    If instructed by the Litigation Trust Oversight Board, the Litigation Trustee shall prepare and submit to the Litigation Trust Oversight Board for approval an annual plan and budget in such detail as is reasonably requested.

(c)    For so long as the Claims reconciliation and investigation and/or prosecution of the DV Claims, Former D&O and Shareholder Causes of Action, and any other Causes of Action that or become Litigation Trust Assets shall continue, the Litigation Trustee shall make periodic reports to the Litigation Trust Oversight Board with such and in such detail frequency as the Litigation Trust Oversight Board may reasonably request.

## ARTICLE IV
## THE LITIGATION TRUSTEE GENERALLY

4.1    <u>Independent Litigation Trustee</u>.  The Litigation Trustee, shall be a professional natural person or financial institution with experience administering other litigation trusts and may not be a Member of the Litigation Trust Oversight Board.  As of the date of this Agreement, the Litigation Trustee shall be William T. Reid, IV PLLC.

17

4.2    <u>Litigation Trustee's Compensation and Reimbursement</u>.

(a)    <u>Compensation</u>.  The Litigation Trustee shall receive compensation from the Litigation Trust pursuant to agreement between the Litigation Trustee and the Litigation Trust Oversight Board. The compensation of the Litigation Trustee may be modified from time to time by the Litigation Trust Oversight Board.

(b)    <u>Expenses</u>.  The Litigation Trust will reimburse the Litigation Trustee for all actual, reasonable and documented out-of-pocket expenses incurred by the Litigation Trustee in connection with the performance of the duties of the Litigation Trustee hereunder or under the Confirmation Order or the Plan, including but not limited to, actual, reasonable and documented fees and disbursements of the Litigation Trustee's legal counsel incurred in connection with the review, execution, and delivery of this Agreement and related documents (collectively, the "<u>Litigation Trustee Expenses</u>" and, together with the Litigation Trustee Compensation, the "<u>Litigation Trustee Fees</u>").

(c)    <u>Payment</u>.  The Litigation Trustee Fees shall be paid to the Litigation Trustee upon approval of such fees and expenses by the Litigation Trust Oversight Board without necessity for review or approval by the Bankruptcy Court or any other Person.  Payment of the Litigation Trustee Fees shall be initially payable out of the Litigation Trust Assets.  The Bankruptcy Court shall retain jurisdiction to adjudicate any dispute between the Litigation Trustee and the Litigation Trust Oversight Board regarding the Litigation Trustee Fees.

4.3    <u>Resignation</u>.  The Litigation Trustee (or any successor Litigation Trustee) may resign by giving not less than 90 days' prior written notice thereof to the Litigation Trust Oversight Board.  Such resignation shall become effective on the later to occur of: (a) the day specified in such notice, and (b) the appointment of a successor satisfying the requirements set out in Section 4.1 by a majority of the Members and the acceptance by such successor of such appointment.  If a successor Litigation Trustee is not appointed or does not accept its appointment within 90 days following delivery of notice of resignation by the then current Litigation Trustee, such Litigation Trustee may file a motion with the Bankruptcy Court, upon notice and a hearing, for the appointment of a successor Litigation Trustee satisfying the requirements set out in Section 4.1 hereof, during which time the then-serving Litigation Trustee shall be entitled to receive the Litigation Trustee Compensation provided for in Section 4.2(a) hereof, *provided*, however, that the right of the Litigation Trustee to file a motion for appointment of a successor Litigation Trustee shall not impose upon the Litigation Trustee an obligation to find a successor Litigation Trustee prior to his resignation.  Notwithstanding the foregoing, (a) upon the resignation of the Litigation Trustee and expiration of the 90 days' notice of resignation, the obligation to find a successor Litigation Trustee shall be the obligation of the Litigation Trust Oversight Board; and (b) upon the Dissolution of the Litigation Trust (as set forth in Section 8.1 below), the Litigation Trustee shall be deemed to have resigned.

4.4    <u>Removal</u>.

(a)    The Litigation Trustee (or any successor Litigation Trustee) may be removed by a vote of at least five of the Members of the Litigation Trust Oversight Board, as well

18

as a majority of the "United States persons" who are Members, for Cause (as defined in Section 5.8 herein), immediately upon notice thereof, or without Cause, upon not less than 90 days' prior written notice.

(b)     The Bankruptcy Court, on its own initiative or on motion of any Member, may  (i) for Cause, and after notice and a hearing, remove the Litigation Trustee or (ii) issue an order requiring interested parties to show cause why the Litigation Trustee should not be removed.

(c)     To the extent there is any dispute regarding the removal of a Litigation Trustee (including any dispute relating to any portion of the Litigation Trustee Fees), the Bankruptcy Court shall retain jurisdiction to consider and adjudicate any such dispute. Notwithstanding the foregoing, the Litigation Trustee will continue to serve as the Litigation Trustee after his removal until the earlier of  (i) the time when appointment of a successor Litigation Trustee will become effective in accordance with Section 4.5 of this Agreement or (ii) such date as the Bankruptcy Court otherwise orders.

4.5    Appointment of Successor Litigation Trustee.

(a)     In the event of the death or Disability (as defined in Section 5.8 herein) (in the case of a Litigation Trustee that is a natural person), dissolution (in the case of a Litigation Trustee that is not a natural person), resignation, incompetency or removal of the Litigation Trustee, the Litigation Trust Oversight Board shall designate a successor Litigation Trustee satisfying the requirements set forth in Section 4.1 hereof by majority vote, which majority shall consist of a majority of the Members of the Litigation Trust Oversight Board, as well as a majority of the "United States persons" who are Members.  If the Members of the Litigation Trust Oversight Board are unable to secure a majority vote, including a majority of the "United States persons" the Bankruptcy Court will determine the successor Litigation Trustee satisfying the requirements set forth in Section 4.1 hereof on motion of the Members.  Such appointment shall specify the date on which such appointment shall be effective.  Every successor Litigation Trustee appointed hereunder shall execute, acknowledge and deliver to the Litigation Trust Oversight Board an instrument accepting the appointment under this Agreement and agreeing to be bound as Litigation Trustee hereto, and thereupon the successor Litigation Trustee, without any further act, deed or conveyance, shall become vested with all rights, powers, trusts and duties of the predecessor Litigation Trustee and the successor Litigation Trustee shall not be personally liable for any act or omission of the predecessor Litigation Trustee; *provided, however*, that a predecessor Litigation Trustee shall, nevertheless, when reasonably requested in writing by the successor Litigation Trustee, execute and deliver an instrument or instruments conveying and transferring to such successor Litigation Trustee under the Litigation Trust all the estates, properties, rights, powers and trusts of such predecessor Litigation Trustee and otherwise assist and cooperate, without cost or expense to the predecessor Litigation Trustee, in effectuating the assumption by the successor Litigation Trustee of his/her/its obligations and functions hereunder.

(b)     During any period in which there is a vacancy in the position of Litigation Trustee, the Litigation Trust Oversight Board shall appoint one of its Members to serve as interim Litigation Trustee (the "Interim Trustee").  The Interim Trustee shall be subject to all the terms and conditions applicable to a Litigation Trustee hereunder; *provided, however*, any such Interim

19

Trustee shall not be entitled to receive the Litigation Trustee Compensation unless approved by the Litigation Trust Oversight Board, but shall be entitled to receive payment for the Litigation Trustee Expenses. Such Interim Trustee shall not be limited in any manner from exercising any rights or powers as a Member of the Litigation Trust Oversight Board merely by such Person's appointment as Interim Trustee, but shall be limited in the exercise of such rights or powers as a Litigation Trustee to the extent a majority of the Litigation Trust Oversight Board, as well as a majority of the "United States persons" serving as Members shall, to the extent applicable in this Agreement, fail to approve any such action or undertaking by the Interim Trustee.

4.6     Effect of Resignation or Removal. The death, Disability, dissolution, bankruptcy, resignation, incompetency, incapacity or removal of the Litigation Trustee, as applicable, shall not operate to terminate the Litigation Trust created by this Agreement or to revoke any existing agency created pursuant to the terms of this Agreement or invalidate any action theretofore taken by the Litigation Trustee or any prior Litigation Trustee. In the event of the resignation or removal of the Litigation Trustee, such Litigation Trustee will promptly (a) execute and deliver such documents, instruments and other writings as may be ordered by the Bankruptcy Court or reasonably requested by Litigation Trust Oversight Board or the successor Litigation Trustee to effect the termination of such Litigation Trustee's capacity under this Agreement, (b) deliver to the Bankruptcy Court (if required), the Litigation Trust Oversight Board and/or the successor Litigation Trustee all documents, instruments, records and other writings related to the Litigation Trust as may be in the possession of such Litigation Trustee, but may retain a copy at his election, and (c) otherwise assist and cooperate in effecting the assumption of its obligations and functions by such successor Litigation Trustee.

4.7     Confidentiality. The Litigation Trustee shall, during the period that the Litigation Trustee serves as Litigation Trustee under this Agreement and for a period of two (2) years following the later of the termination of this Agreement or such Litigation Trustee's removal or resignation hereunder, hold strictly confidential and not use for personal gain or for the gain of any Entity or Person for whom such Litigation Trustee may be employed any non-public information of or pertaining to any Person to which any of the Litigation Trust Assets relates or of which the Litigation Trustee has become aware in the Litigation Trustee's capacity as Litigation Trustee (including information contained or reflected in the Litigation Trust Materials), until (a) such information is made public other than by disclosure by the Litigation Trust, the Litigation Trustee, or any Litigation Trust Professionals in violation of this Agreement; (b) the Litigation Trust is required by law to disclose such information (in which case the Litigation Trust shall provide the relevant Person reasonable advance notice and an opportunity to protect his, her, or its rights); or (c) the Litigation Trust obtains a waiver of confidentiality from the applicable Person. However, nothing in this paragraph shall limit the Litigation Trustee's ability to exercise the authority and perform the obligations provided herein, including, but not limited to, the prosecution, pursuit, compromise, or settlement of any and all DV Claims, Former D&O and Shareholder Causes of Action, and all other Causes of Action assigned to the Litigation Trust.

## ARTICLE V
## LITIGATION TRUST OVERSIGHT BOARD

5.1    <u>Litigation Trust Oversight Board</u>.    On the Effective Date, the Litigation Trust Oversight Board shall be established. The initial Litigation Trust Oversight Board members shall consist of all the members of the Creditors' Committee or designated representatives thereof, as identified on <u>Exhibit A</u> hereto.

5.2    <u>Authority and Responsibilities</u>.

(a)    Upon its formation, the duties of the Litigation Trust Oversight Board shall include: (i) overseeing the Litigation Trustees' performance of the Claims reconciliation and settlement process related to the Claims of the DV Entities, Former D&Os, and Shareholders conducted by or on behalf of the Litigation Trustee; (ii) overseeing the Litigation Trustee's investigation into, and, if applicable, prosecution of, the DV Claims and Former D&O and Shareholder Causes of Action; (iii) formulating with the Litigation Trustee appropriate procedures for the settlement of DV Claims, Former D&O and Shareholder Causes of Action, and Claims of the DV Entities; (iv) overseeing the distributions to the Litigation Trust Beneficiaries as provided for under the Plan; and (v) appearing before and being heard by the Bankruptcy Court and other courts of competent jurisdiction in connection with the above limited duties.

(b)    The Litigation Trust Oversight Board shall, as and when requested by the Litigation Trustee, or when the Members otherwise deem it to be appropriate or as is otherwise required under the Plan, the Confirmation Order, or this Agreement, consult with and advise the Litigation Trustee as to the administration and management of the Litigation Trust in accordance with the Plan, the Confirmation Order, and this Agreement and shall have the other responsibilities and powers as set forth herein.  The Litigation Trust Oversight Board shall have the authority and responsibility to oversee, review, govern, and, as specifically set forth herein, to direct the activities of the Litigation Trust and supervise the performance of the Litigation Trustee and shall have the authority to remove the Litigation Trustee in accordance with Section 4.4 hereof; <u>*provided,*</u> <u>*however,*</u> that the Litigation Trust Oversight Board may not direct the Litigation Trustee to nor shall the Members act in a manner inconsistent with their respective duties and obligations under the Plan, the Confirmation Order, or this Agreement.

(c)    The Litigation Trust Oversight Board shall also (a) monitor and oversee the administration of the Litigation Trust and the Litigation Trustee's performance of his/her/its responsibilities under the Plan, the Confirmation Order, and this Agreement and (b) perform such other tasks as are set forth in the Plan, the Confirmation Order, and this Agreement.

(d)    The Litigation Trustee shall consult with and provide information to the Litigation Trust Oversight Board in accordance with and pursuant to the terms of the Plan, the Confirmation Order, and this Agreement sufficient in scope and detail to enable the Litigation Trust Oversight Board to meet its obligations hereunder.

(e)    Notwithstanding any provision of this Agreement to the contrary, the Litigation Trustee shall not be required to obtain the approval or follow the directions of the Litigation Trust Oversight Board to the extent that: (i) the Litigation Trust Oversight Board has not authorized the Litigation Trustee to take any action that the Litigation Trustee, in good faith, reasonably determines, based on the advice of legal counsel, is required to be taken by applicable

21

law; or (ii) the Litigation Trust Oversight Board directs the Litigation Trustee to take action that the Litigation Trustee, in good faith, reasonably determines, based on the advice of legal counsel, is prohibited by applicable law.

5.3    <u>Fiduciary Duties</u>.

(a)    The Litigation Trust Oversight Board and its Members shall have fiduciary duties to the Litigation Trust Beneficiaries consistent with the fiduciary duties that the members of an official committee of creditors appointed pursuant to section 1102 of the Bankruptcy Code have to the creditor constituents represented by such committee and shall exercise its responsibilities accordingly; *provided*, *however*, that the Litigation Trust Oversight Board shall not owe fiduciary obligations to any defendants of the DV Claims, Former D&O and Shareholder Causes of Action, or other Causes of Action assigned to the Litigation Trust in their capacities as such, it being the intent of such fiduciary duties to ensure that the Litigation Trust Oversight Board's obligations are to optimize the value of the Litigation Trust Assets. In all circumstances, the Litigation Trust Oversight Board shall act in the best interests of the Litigation Trust Beneficiaries and in furtherance of the purpose of the Litigation Trust.

(b)    While each Member acknowledges that such Member is acting as fiduciary in its capacity as a Member, nothing contained in this Agreement shall, subject to all of such Member's obligations hereunder including fiduciary and confidentiality obligations, prevent any such Member from exercising (or omitting to exercise) or seeking (or omitting to seek) to enforce or protect any of its rights, duties and powers in its capacity as an individual creditor or party-in-interest as it may deem appropriate.

5.4    <u>Meetings of the Litigation Trust Oversight Board</u>. Meetings of the Litigation Trust Oversight Board are to be held not less often than quarterly. Special meetings of the Litigation Trust Oversight Board may be held whenever and wherever called for by the Litigation Trustee or any Member; *provided*, *however*, that notice of any such meeting shall be duly given in writing no less than 48 hours prior to such meeting (such notice being subject to waiver by the Members). Any action required or permitted to be taken by the Litigation Trust Oversight Board at a meeting may be taken without a meeting if the action is taken by unanimous written consent of the Litigation Trust Oversight Board as evidenced by one or more written consents describing the action taken, signed by all Members and recorded in the minutes, if any, or other transcript, if any, of proceedings of the Litigation Trust Oversight Board. Unless the Litigation Trust Oversight Board decides otherwise (which decision shall rest in the reasonable discretion of the Litigation Trust Oversight Board), the Litigation Trustee and the Litigation Trustee's designated Litigation Trust Professional(s) may, but are not required to, attend meetings of the Litigation Trust Oversight Board.

5.5    <u>Manner of Acting</u>.

(a)    A quorum for the transaction of business at any meeting of the Litigation Trust Oversight Board shall consist of a majority of the Members. Except as set forth in Sections 5.5(c) and 5.9(a) herein, the majority vote of the Members, as well as a majority of the "United States persons" who are Members, present at a duly called meeting at which a quorum is present

22

throughout shall be the act of the Litigation Trust Oversight Board except as otherwise required by law or as provided for in this Agreement.  For the avoidance of doubt, in the event of any tie vote, the tiebreaker shall be determined by majority of the "United States persons" who are Members of the Litigation Trust Oversight Board.  Any or all of the Members may participate in a regular or special meeting by, or conduct the meeting through the use of, conference telephone, video conference or similar communications equipment by means of which all Persons participating in the meeting may hear each other, in which case any required notice of such meeting may generally describe the arrangements (rather than or in addition to the place) for the holding thereof.  Any Member participating in a meeting by this means is deemed to be present in person at the meeting. Voting (including on negative notice) maybe conducted by electronic mail or individual communications by the Litigation Trustee and each Member.

(b)    Any Member who is present and entitled to vote at a meeting of the Litigation Trust Oversight Board (including any meeting of the Litigation Trustee and the Litigation Trust Oversight Board) when action is taken is deemed to have assented to the action taken, subject to the requisite vote of the Litigation Trust Oversight Board, unless: (i) such Member of the Litigation Trust Oversight Board objects at the beginning of the meeting (or promptly upon his/her arrival) to holding or transacting business at the meeting; (ii) his/her dissent or abstention from the action taken is entered in the minutes of the meeting; or (iii) he/she delivers written notice (including by electronic or facsimile transmission) of his/her dissent or abstention to the Litigation Trust Oversight Board before its adjournment. The right of dissent or abstention is not available to any Member of the Litigation Trust Oversight Board who votes in favor of the action taken.

(c)    Prior to the taking of a vote on any matter or issue or the taking of any action with respect to any matter or issue, each Member of the Litigation Trust Oversight Board shall report to the Litigation Trust Oversight Board any conflict of interest such Member has or may have with respect to the matter or issue at hand and fully disclose the nature of such conflict or potential conflict (including, without limitation, disclosing any and all financial or other pecuniary interests that such Member may have with respect to or in connection with such matter or issue, other than solely as a holder of Litigation Trust Interests). A Member who, with respect to a matter or issue, has or who may have a conflict of interest whereby such Member's interests are adverse to the interests of the Litigation Trust  (i) shall be deemed to be a "<u>Conflicted Member</u>" who shall not be entitled to vote or take part in any action with respect to such matter or issue, (ii) the vote or action with respect to such matter or issue shall be undertaken only by Members of the Litigation Trust Oversight Board who are not Conflicted Members and (iii) notwithstanding anything contained herein to the contrary, the affirmative vote of only a majority of the Members of the Litigation Trust Oversight Board who are not Conflicted Members, including a majority of the "United States persons" who are Members of the Litigation Trust Oversight Board and are not Conflicted Members shall be required to approve of such matter or issue and the same shall be the act of the Litigation Trust Oversight Board; *provided*, *however*, that a Member shall not be deemed to be a Conflicted Member with respect to a particular matter or issue if such Member merely has an economic interest in the outcome of such matter or issue solely as a holder of Litigation Trust Interests.

5.6    <u>Tenure of the Members of the Litigation Trust Oversight Board</u>.  The authority of the Members will be effective as of the Effective Date and will remain and continue in full force

23

and effect until the Litigation Trust is dissolved in accordance with Section 8.1 hereof.  The Members will serve until such Member's successor is duly appointed or until such Member's earlier death or resignation pursuant to Section 5.7 below, or removal pursuant to Section 5.8 below.

5.7     Resignation.  A Member may resign by giving not less than 90 days' prior written notice thereof to the Litigation Trustee and the other Members.  Such resignation shall become effective on the later to occur of: (i) the day specified in such notice and (ii) the appointment of a successor in accordance with Section 5.9 below.

5.8     Removal.

(a)     A majority of the Litigation Trust Oversight Board, which shall include a majority of the "United States persons" who are Members, may remove any Member for Cause or Disability.  Notwithstanding the foregoing, upon the occurrence of the Dissolution of the Litigation Trust (as set forth in in Section 8.1 below), any or all of the Members shall be deemed to have resigned.

(b)     For purposes of Section 4.4 hereof and this Section 5.8:

(i)     "Cause" shall mean  (i) a Person's willful failure to perform his/her/its material duties hereunder (including, without limitation, with respect to a Member or, to the extent applicable, the Litigation Trustee, regular attendance at meetings of the Litigation Trust Oversight Board), which is not remedied within 30 days of notice; (ii) a Person's commission of an act of fraud, theft or embezzlement during the performance of his/her/its duties hereunder; (iii) a Person's conviction of a felony with all appeals having been exhausted or appeal periods lapsed; or (iv) a Person's gross negligence, bad faith, willful misconduct, or knowing violation of law in the performance of his/her/its duties hereunder;

(ii)     "Disability" of the Litigation Trustee or a Member who is a natural person shall have occurred if, as a result of such Person's incapacity due to physical or mental illness as determined by a physician selected by the Litigation Trustee or the Member, as applicable, and reasonably acceptable to the Litigation Trust Oversight Board, the Litigation Trustee or the Member shall have been substantially unable to perform his or her duties hereunder for three (3) consecutive months or for an aggregate of 180 days during any period of twelve (12) consecutive months; and

(c)     the Bankruptcy Court shall retain jurisdiction to adjudicate any dispute regarding the removal or attempted removal of any Member, including, without limitation, any issue regarding Cause or Disability.

5.9     Appointment of a Successor Member.

(a)     In the event of a vacancy on the Litigation Trust Oversight Board (whether by removal, death or resignation), a new Member may be appointed to fill such position by a

24

majority of the remaining Members, including a majority of the "United States persons" who are Members.  The appointment of a successor Member will be further evidenced by the Litigation Trustee's filing with the Bankruptcy Court and posting on the Litigation Trustee's website of a notice of appointment, at the direction of the Litigation Trust Oversight Board, which notice will include the name, address, and telephone number of the successor Member.

(b)    Immediately upon the appointment of any successor Member, all rights, powers, duties, authority and privileges of the predecessor Member hereunder will be vested in and undertaken by the successor Member without any further act, and such successor Member will not be liable personally for any act or omission of the predecessor Member.

(c)    Every successor Member appointed hereunder shall execute, acknowledge and deliver to the Litigation Trustee and other Members an instrument accepting the appointment under this Agreement and agreeing to be bound hereto, and thereupon the successor Member without any further act, deed or conveyance, shall become vested with all rights, powers, trusts and duties of the retiring Member.

5.10    Compensation and Reimbursement of Expenses.    Unless determined by the Litigation Trust Oversight Board, no Member shall be entitled to compensation in connection with his or her service to the Litigation Trust Oversight Board and no Member shall receive attorneys' fees.    However, the Litigation Trust will reimburse the Members for all reasonable and documented out-of-pocket expenses incurred by the Members in connection with the performance of each of their duties hereunder.

5.11    Confidentiality.  Each Member, shall, during the period that such Member serves as a Member under this Agreement and following the termination of this Agreement or following such Member's removal or resignation, hold strictly confidential and not use for any purpose, non-public information of which such Member has become aware in the Member's capacity as a Member, except as otherwise required by law.  Notwithstanding anything to the contrary, Member Pension Benefit Guaranty Corporation ("PBGC"), as a governmental agency, may disclose confidential information (i) to the Executive Branch of the United States, the PBGC Board of Directors, officials, advisors, consultants, and representatives who have a need to know the information as part of their job responsibilities; (ii) as required by law; (iii) as may be necessary in connection with any court or administrative proceedings; (iv) upon request of Congress or any committee, joint committee or subcommittee thereof, including the Comptroller General and the Congressional Budget Office.

## ARTICLE VI
## LIABILITY AND INDEMNIFICATION

6.1    Indemnification of the Litigation Trustee[2]

(a)    The Litigation Trust shall indemnify the Litigation Trustee for, and shall hold them harmless against, any loss, liability, damage, judgment, fine, penalty, claim, demand,

---

[2] Including members of the Litigation Trust Oversight Board in their capacities as such.

25

settlement, cost or expense (including the reasonable fees and expenses of their respective professionals) incurred without fraud, gross negligence or willful misconduct on the part of the Litigation Trustee in its capacity as such (which fraud, gross negligence or willful misconduct, if any, must be determined by a Final Order of a court of competent jurisdiction) for any action taken, suffered or omitted to be taken by the Litigation Trustee in connection with the acceptance, administration, exercise and performance of its duties under the Plan or this Agreement, as applicable. An act or omission taken with the approval of the Bankruptcy Court or the Canadian Court, and not inconsistent therewith, will be conclusively deemed not to constitute fraud, gross negligence or willful misconduct. In addition, the Litigation Trust shall, to the fullest extent permitted by law, indemnify and hold harmless the Litigation Trustee, in its capacity as such, from and against any and all liabilities, losses, damages, claims, costs and expenses, including attorneys' fees arising out of or due to its actions or omissions, or consequences of such actions or omissions, with respect to the Litigation Trust or the implementation or administration of the Plan if the Litigation Trustee acted in good faith and in a manner reasonably believed to be in, or not opposed to, the best interest of the Litigation Trust. To the extent the Litigation Trust indemnifies and holds the Litigation Trustee harmless as provided above, the reasonable legal fees and related costs incurred by counsel to the Litigation Trustee in monitoring or participating in the defense of such claims giving rise to the right of indemnification shall be paid as Litigation Trust Expenses. The costs and expenses incurred in enforcing the right of indemnification in this Section 6.1(a) shall be paid by the Litigation Trust. This provision shall survive the termination of this Agreement and the death, dissolution, liquidation, resignation, replacement or removal of the Litigation Trustee.

(b)     The Litigation Trustee shall be authorized, but not required, to obtain any reasonably necessary insurance coverage, at the Litigation Trust's sole expense, for the Litigation Trust Oversight Board, the Litigation Trust, and the Litigation Trustee and their respective agents, including coverage with respect to the liabilities, duties and obligations of the Litigation Trustee, which insurance coverage may, at the sole option of the Litigation Trustee, be extended for a reasonable period after the termination of the Litigation Trust Agreement.

6.2     <u>Limitation of Liability</u>.    The Litigation Trustee, including any agents or professionals of the Litigation Trustee, and the members of the Litigation Trustee Oversight Board will not be liable for punitive, exemplary, consequential, special or other damages for a breach of this Agreement under any circumstances in connection with the Litigation Trust Agreement, whether such claims are brought in contract or tort, except for damages arising from specific actions or omissions resulting from willful misconduct, gross negligence, malpractice, or intentional fraud.  The Litigation Trustee shall enjoy all of the rights, powers, immunities and privileges applicable to a chapter 7 trustee or any other analogous trustee with respect to the DV Claims, Claims of the DV Entities, any of the Former D&Os or Shareholders, the Former D&O and Shareholder Causes of Action, and other Causes of Action that are Litigation Trust Assets. The Litigation Trustee may, in connection with the performance of his, her or its functions, in the Litigation Trustee's sole and absolute discretion, consult with his, her or its attorneys, accountants, advisors and agents, and shall not be liable for any act taken, or omitted to be taken, or suggested to be done in accordance with advice or opinions rendered by such persons, regardless of whether such advice or opinions are in writing. Notwithstanding such authority, the Litigation Trustee shall be under no obligation to consult with any such attorneys, accountants, advisors or agents, and any

26

determination not to do so shall not result in the imposition of liability on the Litigation Trustee or its members unless such determination is based on willful misconduct, gross negligence or fraud. Persons dealing with the Litigation Trustee shall look only to the Litigation Trust Assets to satisfy any liability incurred by the Litigation Trustee to such person in carrying out the terms of the Litigation Trust Agreement, and the Litigation Trustee shall have no personal obligation to satisfy such liability.

## ARTICLE VII
## TAX MATTERS

7.1     <u>Tax Treatment; No Successor in Interest</u>. The Litigation Trust is intended to be treated for U.S. federal income tax purposes as a liquidating trust described in Treasury Regulation section 301.7701-4(d).   For U.S. federal income tax purposes, the transfer of assets by the Debtors to the Litigation Trust will be treated as the transfer of assets by the Debtors to the holders of Allowed Claims entitled to distributions from the Litigation Trust Assets, as applicable, subject to any liabilities of the Debtors or the Litigation Trust payable from the proceeds of such assets, followed by the transfer of such assets (subject to such liabilities) by such holders to the Litigation Trust in exchange for the beneficial interests in the Litigation Trusts. For all U.S. federal income tax purposes, all parties (including the Debtors, the Litigation Trustee and the Litigation Trust Beneficiaries) shall treat the transfer of the Litigation Trust Assets by the Debtors to the Litigation Trust in the manner set forth above as a transfer of such assets by the Debtors to the holders of Allowed Claims entitled to distributions from the Litigation Trust Assets, followed by a transfer by such holders to the Litigation Trust.

7.2     <u>Liquidation Purpose of the Litigation Trust.</u> The Litigation Trust shall be established for the primary purpose of liquidating and distributing the assets transferred to it, in accordance with Treasury Regulation section 301.7701-4(d), with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Litigation Trust. Accordingly, the Litigation Trustee shall, in an expeditious but orderly manner and in conformity with the Plan, liquidate and convert to Cash the Litigation Trust Assets, make timely distributions to the Litigation Trust Beneficiaries and not unduly prolong their duration. The Litigation Trust shall not be deemed a successor-in-interest of the Debtors for any purpose other than as specifically set forth in this Plan or this Agreement. The record holders of beneficial interests shall be recorded and set forth in a register maintained by the Litigation Trustee expressly for such purpose.  The Liquidation Trust will keep a record of Litigation Trust Beneficiaries for the Litigation Trust.

7.3     <u>Cash Investments.</u> The right and power of the Litigation Trustee to invest the Litigation Trust Assets, the proceeds thereof or any income earned by the Litigation Trust, shall be limited to the right and power that a liquidating trust, within the meaning of section 301.7701-4(d) of the Treasury Regulations, is permitted to hold, pursuant to the Treasury Regulations, or any modification in the IRS guidelines, including Revenue Procedure 94-45, whether set forth in IRS rulings or other IRS pronouncements, and to the investment guidelines of section 345 of the Bankruptcy Code.  The Litigation Trustee may retain any Litigation Trust Assets received that are not Cash only for so long as may be required for the prompt and orderly liquidation of such assets, and the Litigation Trustee may expend the Litigation Trust Assets;  (i) as reasonably necessary to

27

meet contingent liabilities and realize or maintain the value of the Litigation Trust Assets during liquidation; (ii) to pay reasonable and documented administrative expenses (including, but not limited to, any taxes imposed on the Litigation Trust or reasonable fees and expenses in connection with liquidating the Litigation Trust Assets); and (iii) to satisfy other liabilities incurred or assumed by the Litigation Trust (or to which the Litigation Trust Assets are otherwise subject) in accordance with the Plan or this Agreement.

7.4    <u>Litigation Trust as Grantor Trust</u>. The Litigation Trust is intended to qualify as a "grantor trust" for U.S. federal income tax purposes with the Litigation Trust Beneficiaries treated as grantors and owners of the Litigation Trust. For all U.S. federal income tax purposes, all parties (including the Debtors, the Litigation Trustee and the Litigation Trust Beneficiaries) shall treat the transfer of the Litigation Trust Assets by the Debtors to the Litigation Trust, as set forth in the Litigation Trust Agreement, as a transfer of such assets by the Debtors to the holders of Allowed Claims entitled to distributions from the Litigation Trust Assets, followed by a transfer by such holders to the Litigation Trust. Thus, the Litigation Trust Beneficiaries shall be treated as the grantors and owners of a grantor trust for U.S. federal income tax purposes.

7.5    <u>Tax Reporting and Tax Payments</u>.

(a)    The Litigation Trustee shall file tax returns for the Litigation Trusts treating the Litigation Trust as a grantor trust pursuant to Treasury Regulation section 1.671-4(a). The Litigation Trustee also shall annually send or otherwise provide to each holder of a Litigation Trust Beneficial Interest a separate statement regarding the receipts and expenditures of the Litigation Trust as relevant for U.S. federal income tax purposes and will instruct all such holders to use such information in preparing their U.S. federal income tax returns or to forward the appropriate information to such holders' underlying beneficial holders with instructions to utilize such information in preparing their U.S. federal income tax returns.

(b)    As soon as practicable after the Effective Date, the Litigation Trustee shall make a good faith determination of the fair market value of the Litigation Trust Assets as of the Effective Date. This valuation shall be made available to the parties from time to time as relevant and shall be used consistently by all parties for all U.S. federal income tax purposes. The Bankruptcy Court shall resolve any dispute regarding the valuation of the assets of the Litigation Trust.

(c)    The Litigation Trust shall be responsible for payment, out of the Litigation Trust Assets, of any taxes imposed on the Litigation Trust or the Litigation Trust Assets.

(d)    The Litigation Trustee may request an expedited determination of taxes of the Litigation Trust, under section 505(b) of the Bankruptcy Code for all tax returns filed for, or on behalf of, such Litigation Trust for all taxable periods through the dissolution of the Litigation Trust.

7.6    <u>Withholding of Taxes</u>.

(a)    The Litigation Trustee shall deduct and withhold and pay to the appropriate Governmental Unit all amounts required to be deducted or withheld pursuant to the Tax Code or

28

any provision of any state, local or non-U.S. tax law with respect to any payment or distribution by the Litigation Trust to the Litigation Trust Beneficiaries. Notwithstanding the above, each holder of an Allowed Claim that is to receive a distribution under the Plan shall have the sole and exclusive responsibility for the satisfaction and payment of any taxes imposed on such holder by any governmental authority, including income, withholding and other tax obligations, on account of such distribution. All such amounts withheld and paid to the appropriate Governmental Unit shall be treated as amounts distributed to the applicable Litigation Trust Beneficiary for all purposes of this Agreement.

(b)      The Litigation Trustee shall be authorized to collect such tax information from the Litigation Trust Beneficiaries (including, without limitation, social security numbers or other tax identification numbers) as it, in its sole discretion, deems necessary to effectuate the Plan, the Confirmation Order and this Agreement. As a condition to receive distributions under the Plan, all Litigation Trust Beneficiaries may be required to identify themselves to the Litigation Trustee and provide tax information and the specifics of their holdings, to the extent the Litigation Trustee deems appropriate, including an IRS Form W-9 or, in the case of Litigation Trust Beneficiaries that are not United States persons for federal income tax purposes, certification of foreign status on an applicable IRS Form W-8 unless such Person is exempt under the Tax Code and provides the Litigation Trustee with the appropriate documentation, satisfactory to the Litigation Trustee, establishing such exemption. The Litigation Trustee may refuse to make a distribution to any Litigation Trust Beneficiary that fails to furnish such information in a timely fashion, until such information is delivered; *provided*, *however*, that, upon the delivery of such information by a Litigation Trust Beneficiary within 150 days of the initial request by the Litigation Trustee, the Litigation Trustee shall make such distribution to which the Litigation Trust Beneficiary is entitled, without interest; If such request is made by the Liquidation Trustee, the Litigation Trustee or such other Person designated by the applicable Trustee and the holder fails to comply before the date that is 150 days after the request is made, the amount of such distribution shall irrevocably revert to the Liquidation Trust or Litigation Trust, as applicable, and any Claim in respect of such Distribution shall be discharged and forever barred from assertion against any Debtor and its respective property. If the Litigation Trustee fails to withhold in respect of amounts received or distributable with respect to any such holder and the Litigation Trustee is later held liable for the amount of such withholding, such holder shall reimburse the Litigation Trustee for such liability.

(c)      The identification requirements in this Section 7.6 may, in certain cases, extend to holders who hold their securities in street name.

7.7      <u>Tax Returns and Books and Records upon Dissolution</u>. Upon the dissolution of the Litigation Trust, the Litigation Trustee shall transfer all tax returns and filings and other books and records of the Litigation Trust related to taxes to the Liquidation Trust if the Liquidation Trust has not been previously dissolved.

7.8      <u>Exemption from Certain Transfer Taxes</u>. To the maximum extent provided by section 1146(a) of the Bankruptcy Code, any post Confirmation sale by any Debtor, or any transfer from any Entity pursuant to, in contemplation of, or in connection with the Plan or pursuant to: (i) the issuance, distribution, transfer, or exchange of any debt, equity security, or other interest in the

29

Debtors; or (ii) the making, delivery, or recording of any deed or other instrument of transfer under, in furtherance of, or in connection with, the Plan, including any deeds, bills of sale, assignments, or other instruments of transfer executed in connection with any transaction arising out of, contemplated by, or in any way related to the Plan, shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, real estate transfer tax, mortgage recording tax, Uniform Commercial Code or similar filing or recording fee, or other similar tax or governmental assessment, in each case to the extent permitted by applicable bankruptcy law, and the appropriate federal, state, provincial or local government officials or agents shall forego collection of any such tax or governmental assessment and accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.

## ARTICLE VIII
## DISSOLUTION OF LITIGATION TRUST

8.1    <u>Dissolution of the Litigation Trust</u>.  In no event shall the Litigation Trust be dissolved later than five (5) years from the Effective Date unless the Bankruptcy Court, upon motion made within the six month period before such fifth anniversary (and, in the event of further extension, by order of the Bankruptcy Court, upon motion made within  six months before the end of the extended term), determines that a fixed period extension (not to exceed three years, together with any prior extensions, without a favorable private letter ruling from the IRS or an opinion of counsel satisfactory to the Litigation Trustee that any further extension would not adversely affect the status of the trust as a liquidating trust for U.S. federal income tax purposes) is necessary to facilitate or complete the recovery on, and liquidation of, the Litigation Trust Assets. Upon the dissolution of the Litigation Trust, the Litigation Trustee shall transfer any remaining Litigation Trust Assets to the Liquidation Trust for Distribution to the Litigation Trust Beneficiaries in accordance with the terms of the Plan; provided that if the Liquidation Trust is dissolved before the dissolution of the Litigation Trust, the Litigation Trustee shall distribute the Litigation Trust Assets directly to Litigation Trust Beneficiaries in accordance with the terms of the Plan.

## ARTICLE IX
## AMENDMENT AND WAIVER

9.1    Subject to Sections 9.2 and 9.3 of this Agreement, the Litigation Trustee, with the prior approval of the Litigation Trust Oversight Board, upon notice to the Liquidation Trustee with the opportunity to object, may seek Bankruptcy Court approval of any amendment, supplement or waiver with respect to any provision of this Agreement.  Technical amendments to this Agreement may be made, as necessary to clarify this Agreement or enable the Litigation Trustee to effectuate the terms or purposes of this Agreement, by the Litigation Trustee with approval by a majority of the Litigation Trust Oversight Board, as well as a majority of the "United States persons" who are Members, and upon five (5) prior business days' notice to the Liquidation Trustee.

9.2    Notwithstanding Section 9.1 of this Agreement, no amendment, supplement or waiver of or to this Agreement shall (a) adversely affect the payments and/or distributions to be made under the Plan, the Confirmation Order or this Agreement, (b) adversely affect the U.S. federal income tax status of the Litigation Trust as a "liquidating trust" or (c) be inconsistent with

WEIL:\97837731\7\30950.0071

the purpose and intention of the Litigation Trust to liquidate in an expeditious but orderly manner the Litigation Trust Assets in accordance with Treasury Regulation section 301.7701-4(d).

9.3     No failure by the Litigation Trust, the Litigation Trustee, or the Litigation Trust Oversight Board to exercise or delay in exercising any right, power, or privilege hereunder shall operate as a waiver, nor shall any single or partial exercise of any right, power, or privilege hereunder preclude any further exercise thereof, or of any other right, power, or privilege.

# ARTICLE X
## MISCELLANEOUS PROVISIONS

10.1     Governing Law.  This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware (without reference to principles of conflicts of law that would require or permit application of the law of another jurisdiction).

10.2     Jurisdiction.  Subject to the proviso below, the Parties agree that the Bankruptcy Court shall have  jurisdiction over the Litigation Trust and the Litigation Trustee, including, without limitation, the administration and activities of the Litigation Trust and the Litigation Trustee to the fullest extent permitted by law; *provided*, *however*, that notwithstanding the foregoing, the Litigation Trustee shall have power and authority to bring any action in any court of competent jurisdiction to prosecute any of Causes of Action constituting Litigation Trust Assets and pursue any recoveries in respect of any such Causes of Action.  Each Party to this Agreement hereby irrevocably consents to the jurisdiction of the Bankruptcy Court in any action to enforce, interpret or construe any provision of this Agreement or of any other agreement or document delivered in connection with this Agreement, and also hereby irrevocably waives any defense of improper venue, *forum non conveniens*, or lack of personal jurisdiction to any such action brought in the Bankruptcy Court.  Until the closing or dismissal of the Chapter 11 Cases, any action to enforce, interpret, or construe any provision of this Agreement will be brought only in the Bankruptcy Court; *provided*, *however*, that in the event that the Bankruptcy Court does not have jurisdiction pursuant to the foregoing provision, including after the closing or dismissal of the Chapter 11 Cases, any action to enforce, interpret, or construe any provision of this Agreement will be brought in either a state or federal court of competent jurisdiction in the state of Delaware (without prejudice to the right of any Party to seek to reopen the Chapter 11 Cases to hear matters with respect to this Agreement).  Each Party hereby irrevocably consents to the service by certified or registered mail, return receipt requested, of any process in any action to enforce, interpret, or construe any provision of this Agreement.

10.3     Severability.  In the event any provision of this Agreement or the application thereof to any person or circumstances shall be determined by Final Order to be invalid or unenforceable to any extent, the remainder of this Agreement or the application of such provision to persons or circumstances or in jurisdictions other than those as to or in which it is held invalid or unenforceable, shall not be affected thereby, and each provision of this Agreement shall be valid and enforceable to the fullest extent permitted by law.

10.4     Notices.  Any notice or other communication required or permitted to be made under this Agreement shall be in writing and shall be deemed to have been sufficiently given, for

WEIL:\97837731\7\30950.0071

all purposes, if delivered personally or by facsimile or electronic communication, sent by nationally recognized overnight delivery service or mailed by first-class mail. The date of receipt of such notice shall be the earliest of (a) the date of actual receipt by the receiving party, (b) the date of personal delivery (or refusal upon presentation for delivery), (c) the date of the transmission confirmation or (d) three Business Days after service by first-class mail, to the receiving party's below address(es):

      (i)     if to the Litigation Trustee, to:

> William T. Reid, IV PLLC
> Reid Collins & Tsai LLP
> 330 West 58th Street
> Suite 403
> New York, NY 10019
> wreid@rctlegal.com

      (ii)    if to any Litigation Trust Beneficiary, to the last known address of such Litigation Trust Beneficiary according to the Litigation Trustee's records;

      (iii)   if to the Debtors, to:

> Weil, Gotshal & Manges LLP
> 767 Fifth Avenue
> New York, NY 10153
> Attn: Garrett A. Fail
>      David J. Cohen
> Email: garrett.fail@weil.com
>       davidj.cohen@weil.com

      (iv)   if to a Member of the Litigation Trust Oversight Board, to the applicable address(es) set forth on Exhibit A.

10.5    Headings. The headings contained in this Agreement are solely for convenience of reference and shall not affect the meaning or interpretation of this Agreement or of any term or provision hereof.

10.6    Plan and Confirmation Order. The principal purpose of this Agreement is to aid in the implementation of the Plan and, therefore, this Agreement incorporates and, is subject to the provisions of the Plan and the Confirmation Order. In the event of any direct conflict or inconsistency between any provision of this Agreement, on the one hand, and the provisions of the Plan, on the other hand, the provisions of the Plan shall govern and control. In the event of any direct conflict or inconsistency between any provision in the Plan, on the one hand, and the provisions of the Confirmation Order, on the other hand, the provisions of the Confirmation Order shall govern and control.

10.7    Entire Agreement.  This Agreement and the exhibits attached hereto, together with the Plan and the Confirmation Order, contain the entire agreement between the parties and supersede all prior and contemporaneous agreements or understandings between the parties with respect to the subject matter hereof.

10.8    Cumulative Rights and Remedies.  The rights and remedies provided in this Agreement are cumulative and are not exclusive of any rights under law or in equity, subject to any limitations provided under the Plan and the Confirmation Order.

10.9    Meanings of Other Terms.  Except where the context otherwise requires, words importing the masculine gender include the feminine and the neuter, if appropriate, words importing the singular number shall include the plural number and vice versa and words importing persons shall include firms, associations, corporations and other entities.  All references herein to Articles, Sections and other subdivisions, unless referring specifically to the Plan or provisions of the Bankruptcy Code, the Bankruptcy Rules or other law, statute or regulation, refer to the corresponding Articles, Sections and other subdivisions of this Agreement and the words "herein," "hereof" or "herewith" and words of similar import refer to this Agreement as a whole and not to any particular Article, Section or subdivision of this Agreement.  The term "including" shall mean "including, without limitation."

10.10    Successors in Interest.  This Agreement shall be binding upon and inure to the benefit of any successor in interest to any one or more of the Brooks Brothers Parties, including, but not limited to, the Debtors (as limited by the Plan and the Confirmation Order), that shall, upon becoming any such successor be subject to and obligated to comply with the terms and conditions hereof.  The obligations of the Litigation Trust and Litigation Trustee to any one or more of the Brooks Brothers Parties pursuant to this Agreement shall also be obligations of the Litigation Trust and Litigation Trustee to any such successor in interest, including, but not limited to, the Reorganized Debtors. For the avoidance of doubt, in the event that any Person (including, as applicable, the Reorganized Debtors) becomes a successor in interest to a Brooks Brothers Party, the claims, privileges, books and records and directors, officers, employees, agents and professionals of such Person, to the extent not otherwise subject to the provisions and requirements of this Agreement prior to such Person becoming a successor in interest to the applicable Brooks Brothers Party, shall not become subject to the provisions and requirements of this Agreement solely because such Person becomes a successor in interest to the applicable Brooks Brothers Party.

10.11    Limitations.  Except as otherwise specifically provided in this Agreement, the Plan or the Confirmation Order, nothing herein is intended or shall be construed to confer upon or to give any person other than the parties hereto and the Litigation Trust Beneficiaries any rights or remedies under or by reason of this Agreement and notwithstanding anything in this Agreement, the Parties hereby acknowledge and agree that nothing herein is intended to, does, or shall be construed to prejudice or harm in any way the rights, remedies or treatment (including any releases, exculpation, indemnification, or otherwise) of any Released Party or Exculpated Party, solely in their capacity as a Released Party or Exculpated Party, under the Plan.

10.12    Further Assurances.  From and after the Effective Date, the parties hereto covenant and agree to execute and deliver all such documents and notices and to take all such further actions as may reasonably be required from time to time to carry out the intent and purposes of this Agreement, and to consummate the transactions contemplated hereby.

10.13    Counterparts.  This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but such counterparts shall together constitute but one and the same instrument.  A facsimile or electronic mail signature of any party shall be considered to have the same binding legal effect as an original signature.

10.14    Authority.  Each Party hereby represents and warrants to the other Parties that: (i) such Party has full corporate power and authority to enter into this Agreement, to carry out its obligations hereunder and to consummate the transactions contemplated hereby; (ii) the execution and delivery by such Party of this Agreement, the performance by such Party of its obligations hereunder, and the consummation by Seller of the transactions contemplated hereby and thereby have been duly authorized by all requisite corporate action on the part of such Party; (iii) this Agreement has been duly executed and delivered by such Party, and (assuming due authorization, execution and delivery by the other Parties hereto) this Agreement constitutes a legal, valid and binding obligation of such Party enforceable against such Party in accordance with its terms.

34

**IN WITNESS WHEREOF**, the Parties hereto have executed this Agreement or caused this Agreement to be duly executed by their respective officers, representatives or agents, effective as of the date first above written.

WILLIAM T. REID, IV PLLC, AS TRUSTEE OF THE BROOKS BROTHERS LITIGATION TRUST

By: _____
Name:
Title:


BBGI US, INC., ON BEHALF OF THE DEBTORS

By: _____
Name:
Title:

Signature Page to Brooks Brothers Litigation Trust Agreement]

## <u>EXHIBIT A</u>

**Initial Members of the Litigation Trust Oversight Board**

[To Come]

# **Exhibit C-1**

**Redline of Litigation Trust Agreement**

## LITIGATION TRUST AGREEMENT

This LITIGATION TRUST AGREEMENT is made this [•] day of [•], 2021 (this "Agreement"), by and among BBGI US, Inc. (f/k/a Brooks Brothers Group, Inc.); Brooks Brothers Far East Limited; BBD Holding 1, LLC; BBD Holding 2, LLC; BBDI, LLC; BBGI International, LLC (f/k/a Brooks Brothers International, LLC); BBGI Restaurant, LLC (f/k/a Brooks Brothers Restaurant, LLC); Deconic Group LLC; Golden Fleece Manufacturing Group, LLC; RBA Wholesale, LLC; Retail Brand Alliance Gift Card Services, LLC; Retail Brand Alliance of Puerto Rico, Inc.; 696 White Plains Road, LLC; and BBGI Canada Ltd. (f/k/a Brooks Brothers Canada Ltd.), as debtors and debtors-in-possession (collectively, the "Debtors"), and William T. Reid, IV PLLC, as trustee of the Litigation Trust referred to herein (in such capacity, the "Litigation Trustee"). This Agreement creates and establishes the Litigation Trust (the "Litigation Trust") referenced herein in order to facilitate the implementation of the *Amended Joint Chapter 11 Plan of Liquidation for BBGI US, Inc. and its Affiliated Debtors*, dated [January 27, 2021] (as may be amended, supplemented, or otherwise modified from time to time in accordance with the terms and provisions thereof, the "Plan"). Each Debtor and the Litigation Trustee are sometimes referred to herein individually as a "Party" and, collectively, as the "Parties."

## RECITALS

WHEREAS, each of the Debtors filed a voluntary petition for relief (collectively, the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on July 8, 2020 (the "Petition Date") in the District of Delaware (the "Bankruptcy Court");

WHEREAS, on July 21, 2020, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors (as may be reconstituted from time to time, the "Creditors' Committee") in the Chapter 11 Cases;

WHEREAS, on December 24, 2020, the Debtors filed the Plan (Docket No. 844) and the disclosure statement relating to the Plan (Docket No. 845) with the Bankruptcy Court;

WHEREAS, on January 22, 2021, the Debtors filed an amended version of the Plan (Docket No. 918) and the disclosure statement relating to the Plan (Docket No. 919) with the Bankruptcy Court;

WHEREAS, on January 27, 2021, the Debtors filed a further amended version of the Plan (Docket No. 957);

WHEREAS, on [•], 2021, the Bankruptcy Court entered its order confirming the Plan (Docket No. [•]) (the "Confirmation Order");

WHEREAS, the Plan provides, among other things, as of the effective date of the Plan (the "Effective Date"), for the establishment of the Litigation Trust to liquidate the Litigation Trust Assets,[1] including by, among other things, prosecuting, settling, compromising, abandoning, or

---

[1] For all purposes of this Agreement, capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

otherwise assessing and, if possible, realizing the value of the DV Claims, Former D&O and Shareholder Causes of Action, and any other Causes of Action assigned to the Litigation Trust pursuant to the Plan, from time to time in accordance with the terms of the Plan for the benefit of the Litigation Trust Beneficiaries;

WHEREAS, the Litigation Trust's primary purpose is liquidating the Litigation Trust Assets, with no objective to continue or engage in the conduct of a trade or business except to the extent reasonably necessary to, and consistent with, the Litigation Trust's liquidating purpose and reasonably necessary to conserve and protect the Litigation Trust Assets and provide for the orderly liquidation thereof;

WHEREAS, consistent with the terms of the Plan, the Litigation Trust is intended to be treated for U.S. federal income tax purposes as a liquidating trust described in Treasury Regulation section 301.7701-4(d) and generally in compliance with Revenue Procedure 94-45, 1994-2 C.B. 684; accordingly, for U.S. federal income tax purposes, the Litigation Trust is intended to qualify as a "grantor trust" within the meaning of sections 671 through 679 of the Internal Revenue Code of 1986, as amended (the "Tax Code") with the Litigation Trust Beneficiaries treated as grantors and owners of the Litigation Trust (other than with respect to any assets allocable to, or retained on account of, disputed claims as a "disputed ownership fund", within the meaning of Treasury Regulation section 1.468B-9);

WHEREAS, for U.S. federal income tax purposes, the transfer of assets by the Debtors to the Litigation Trust is intended to be treated as the transfer of assets by the Debtors to the holders of Allowed Claims entitled to distributions from the Litigation Trust Assets, subject to any liability of the Debtors or the Litigation Trust payable from the proceeds of such assets, followed by the transfer of such assets (subject to such liabilities) by such holders to the Litigation Trust in exchange for the beneficial interests in the Litigation Trust; and thus, the Litigation Trust Beneficiaries are intended to be treated as the grantors and owners of a grantor trust for U.S. federal income tax purposes;

WHEREAS, the Litigation Trust shall not be deemed a successor-in-interest of the Debtors for any purpose other than as specifically set forth in this Agreement or the Plan; and

WHEREAS, the Litigation Trustee shall have all powers necessary to implement the provisions of this Agreement and administer the Litigation Trust as provided herein.

NOW, THEREFORE, pursuant to the Plan and the Confirmation Order, in consideration of the promises, the mutual agreements of the Parties contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and affirmed, the Parties hereby agree as follows:

## ARTICLE I
## ESTABLISHMENT OF THE LITIGATION TRUST

1.1     Establishment of the Litigation Trust and Appointment of the Litigation Trustee and the Litigation Trust Oversight Board.

2

(a)    The Debtors and the Litigation Trustee, pursuant to the Plan and the Confirmation Order and in accordance with the applicable provisions of the Bankruptcy Code, hereby establish a trust on behalf of the Litigation Trust Beneficiaries, which shall be known as the "Brooks Brothers Litigation Trust," on the terms set forth herein.  In connection with the exercise of the Litigation Trustee's powers hereunder, the Litigation Trustee may use this name or such variation thereof as the Litigation Trustee sees fit or as may otherwise be authorized by the Litigation Trust Oversight Board.

(b)    The Litigation Trustee is hereby appointed as trustee of the Litigation Trust effective as of the Effective Date.

(c)    In accordance with Section 5.1 of this Agreement, the initial members of the Litigation Trust Oversight Board (each such Person and any other Person appointed to be a member of the Litigation Trust Oversight Board pursuant to this Agreement, a "Member") shall consist of all the members of the Creditors' Committee or a representative thereof.  ~~[At all times all Members~~ A majority of the Litigation Trust Oversight Board shall be "United States persons" ~~as such term is defined in Section~~ within the meaning of section 7701(a)(30) of the Tax Code~~.  Each Member of the Litigation Trust Oversight Board shall be required to submit a quarterly statement attesting that they are "United States persons" as such term is defined in Section 7701(a)(30) of the Tax Code. Any non-~~, and only United States persons shall ~~serve as observers and will be consulted on any decision by the Litigation Trust Oversight Board.]~~have the ability to control substantial decisions of the Litigation Trust, whether made by the Litigation Trustee, the Litigation Trust Oversight Board, or any other person with authority to make a substantial decision of the Litigation Trust.  For this purpose, the terms "control" and "substantial decisions" shall be applied as set forth in Treasury Regulations section 301.7701-7(d)(1).  Any substantial decision of the Litigation Trust Oversight Board shall require the approval of both a majority of the Members of the Litigation Trust Oversight Board and a majority of the Members who are "United States person", provided that in the event of a tie vote of all the Members, the vote of a majority of the "United States persons" shall be deemed to constitute a majority vote of the Litigation Trust Oversight Board.  A supermajority shall not be required for any action other than removal of the Litigation Trustee.  Notwithstanding the foregoing, (i) any action taken by non-United States persons – acting individually or collectively, or (ii) any provision of this Agreement that would cause the Litigation Trust to be a "foreign trust", within the meaning of Section 7701(a)(31) of the Tax Code, shall be void ab initio.  No United States person appointed to the Trust Oversight Board shall act at the direction of or under the control of any non-United States person.

(d)    The Litigation Trustee agrees to accept and hold the Litigation Trust Assets in trust for the Litigation Trust Beneficiaries, subject to the provisions of the Plan, the Confirmation Order and this Agreement, and shall serve at the direction of the Litigation Trust Oversight Board in accordance with the terms of this Agreement, including Section 5.2 hereof.

(e)    The Litigation Trustee and each successor trustee serving from time to time hereunder shall have all the rights, powers, and duties as set forth herein.

3

(f)     The Litigation Trustee is, and any successor trustee serving from time to time hereunder shall be, a "United States person" as such term is defined in Section 7701(a)(30) of the Tax Code.

(g)     Subject to the terms of this Agreement, any action by the Litigation Trustee and/or the Litigation Trust Oversight Board that affects the interests of more than one Litigation Trust Beneficiary shall be binding and conclusive on all Litigation Trust Beneficiaries even if such Litigation Trust Beneficiaries have different or conflicting interests.

(h)     For the avoidance of doubt, (x) none of the Litigation Trustee or any Member is or shall be deemed an officer, director, or fiduciary of any of the Debtors or their respective subsidiaries and (y) none of the Debtors is or shall be deemed a fiduciary or agent of the Litigation Trust, and such parties owe no duties or obligations to the Litigation Trust except as are expressly set forth in the Plan, the Confirmation Order, this Agreement or other future written agreement between such Persons and the Litigation Trust.

1.2     <u>Transfer of Assets Into the Litigation Trust</u>.  Pursuant to the Plan, upon the Effective Date:  (i) the DV Claims, Former D&O and Shareholder Causes of Action, and all rights to object to Claims of the DV Entities or any Former D&Os or Shareholders; and (ii) the Litigation Trust Minimum Funding, shall vest in and be transferred to the Litigation Trust.  The act of transferring the Litigation Trust Assets, as authorized by the Plan, shall not be construed to destroy or limit any such assets or rights or be construed as a waiver of any right, and such rights may be asserted by the Litigation Trust as if the asset or right was still held by the applicable Debtor.

1.3     <u>Litigation Trust Funding</u>.  The Litigation Trust shall be funded with the Litigation Trust Minimum Funding on the Effective Date of the Plan and as a condition to the Effective Date of the Plan (subject to waiver in accordance with Section 9.2 of the Plan).  The Litigation Fees Amount will be funded after the Debtors or the Liquidation Trustee, as applicable, have paid or reserved for any amounts necessary to fund the Wind-Down Reserve and to pay all Administrative Expense Claims, Fee Claims, Secured Claims, Priority Tax Claims and Other Priority Claims after consulting with the Litigation Trustee as to any amounts to be reserved.  The total amount of the Litigation Trust Funding shall be subject to the adjustments set forth in Section 5.5(c) of the Plan, but in any event shall not be less than the Litigation Trust Minimum Funding (subject to waiver in accordance with Section 9.2 of the Plan). To the extent the Debtors or the Liquidation Trustee, as applicable, determine in a good faith exercise of their business judgment consistent with their fiduciary duties that not funding all or a portion of the Litigation Fees Amount is necessary to allow the Debtors to fund or administer their chapter 11 cases (including to fund the Wind-Down Reserve and satisfy Administrative Expense Claims (including Fee Claims), Secured Claims, Priority Tax Claims and Other Priority Claims), the Debtors or the Liquidation Trustee, as applicable, are authorized to make such adjustment after consultation with the Litigation Trustee; provided that  (i) in no event shall the Debtors or the Liquidation Trustee fund the Litigation Trust with an amount less than the Litigation Trust Minimum Funding, and (ii)(A) to the extent that the Debtors or the Liquidation Trustee, as applicable, make any such adjustment to the amount of the Litigation Fees Amount, and (B) the Debtors or the Liquidation Trustee, as applicable, is satisfied at a later date that the Debtors, or the Liquidation Trust, as applicable, have sufficient funds to satisfy all Allowed Administrative Expense Claims (including Fee Claims), Secured Claims, and

4

Priority Tax Claims and Other Priority Claims, and be able to transfer some or all of such withheld amounts to the Litigation Trust, the Debtors or the Liquidation Trustee, as applicable, shall do so in accordance with the terms of the Plan.

       1.4     Title to the Litigation Trust Assets.  The transfer of the Litigation Trust Assets to the Litigation Trust pursuant to Section 1.2 hereof is being made for the sole benefit, and on behalf, of the Litigation Trust Beneficiaries.  Upon the transfer of the Litigation Trust Assets to the Litigation Trust, the Litigation Trust shall succeed to all of the Brooks Brothers Parties' and the Litigation Trust Beneficiaries' rights, title and interest in the Litigation Trust Assets and no other Person shall have any interest, legal, beneficial or otherwise, in the Litigation Trust or the Litigation Trust Assets upon the assignment and transfer of such assets to the Litigation Trust (other than as provided in the Plan, the Confirmation Order or this Agreement).

       1.5     Nature and Purpose of the Litigation Trust.

       (a)     Purpose.  The Litigation Trust's primary purpose is liquidating the Litigation Trust Assets, with no objective to continue or engage in the conduct of a trade or business except to the extent reasonably necessary to, and consistent with, the Litigation Trust's liquidating purpose and reasonably necessary to conserve and protect the Litigation Trust Assets and provide for the orderly liquidation thereof. The Litigation Trust shall be established on the Effective Date, in accordance with the terms of the Plan and the Litigation Trust Agreement and shall be governed by the terms of this Agreement and shall liquidate the Litigation Trust Assets, including by, among other things, prosecuting, settling, compromising, abandoning, or otherwise assessing and, if possible, realizing the value of the DV Claims, Former D&O and Shareholder Causes of Action, and any other Causes of Action that may be assigned to the Litigation Trust in accordance with the terms of the Plan, from time to time in accordance with the terms of the Plan for the benefit of the Litigation Trust Beneficiaries. At such time as the Litigation Trustee determines the Litigation Trust has, pursuant to Section 5.5 of the Plan and this Agreement,  (i) resolved, settled, compromised, or otherwise liquidated the DV Claims, Former D&O and Shareholder Causes of Action, and all other Causes of Action assigned to the Litigation Trust from time to time in accordance with the terms of the Plan and this Agreement, and (ii) paid all Litigation Trust Expenses, the Litigation Trustee shall transfer any and all remaining Litigation Trust Assets to the Liquidation Trust for Distribution to the Litigation Trust Beneficiaries in accordance with the terms of the Plan; provided that, if the Liquidation Trust has been dissolved pursuant to the terms of the Plan and this Agreement before such time as the Litigation Trustee has acted in accordance with the foregoing clauses (i) and (ii), the Litigation Trustee shall make a Distribution of the remaining Litigation Trust Assets to the Litigation Trust Beneficiaries in accordance with the terms of the Plan. From time to time, and after paying or appropriately reserving for Litigation Trust Expenses, the Litigation Trust may (and shall at least annually) distribute proceeds of the Litigation Trust Assets (including any proceeds thereafter invested) to the Liquidation Trust for Distribution to Litigation Trust Beneficiaries in accordance with the terms of the Plan.

       (b)     Relationship.  This Agreement is intended to create a trust and a trust relationship and to be governed and construed in all respects as a trust.  The Litigation Trust is not intended to be, and shall not be deemed to be, or be treated as, a general partnership, limited partnership, joint venture, corporation, joint stock company or association, nor shall the Litigation

WEIL:\97837731\7\30950.0071

Trustee, the Litigation Trust Oversight Board (or any Member thereof) or the Litigation Trust Beneficiaries for any purpose be, or be deemed to be or treated in any way whatsoever to be, liable or responsible hereunder as partners or joint venturers. The relationship of the Litigation Trust Beneficiaries, on the one hand, to the Litigation Trustee and the Litigation Trust Oversight Board, on the other hand, shall be solely that of a beneficiary of a trust and shall not be deemed a principal and agency relationship, and their rights shall be limited to those conferred upon them by the Plan, the Confirmation Order and this Agreement.

(c)    Relationship to and Incorporation of the Plan. The principal purpose of this Agreement is to aid in the implementation of the Plan and the Confirmation Order, and therefore this Agreement incorporates the provisions thereof by reference. To that end and subject to the provisions of the Plan, the Litigation Trustee shall have full power and authority to take any action consistent with the provisions of the Plan and the Confirmation Order, to seek any orders from the Bankruptcy Court in furtherance of implementation of the Plan that directly affect the interests of the Litigation Trust, and to seek any orders from the Bankruptcy Court solely in furtherance of this Agreement. As among the Litigation Trust, the Litigation Trustee, the Litigation Trust Oversight Board, the Litigation Trust Beneficiaries, and the Debtors, if any provisions of this Agreement are found to be inconsistent with the provisions of the Plan or the Confirmation Order, each such document shall have controlling effect in the following rank order: the Confirmation Order, the Plan, and this Agreement.

1.6    Appointment as Representative. Upon the Effective Date, the Litigation Trustee is appointed as the duly appointed representative of the Debtors and their estates with respect to the Litigation Trust Assets, and, as such, upon such appointment, the Litigation Trustee succeeds to all of the rights and powers of a trustee in bankruptcy with respect to prosecution of the Litigation Trust Assets for the benefit of the Litigation Trust Beneficiaries.

1.7    Preservation of Rights of Action. On and after the Effective Date, the Litigation Trustee, subject to the Litigation Trustee Discretion, and under the supervision of the Litigation Trust Oversight Board, shall have sole and exclusive discretion to pursue and dispose of the DV Claims, Former D&O and Shareholder Causes of Action, and any other Causes of Action that are or become Litigation Trust Assets. The Litigation Trustee must receive the approval of the Litigation Trust Oversight Board by a majority of Members, as well as a majority of the "United States persons" that are Members, to settle any of the DV Claims, Former D&O and Shareholder Causes of Action, and any other Causes of Action that are or become Litigation Trust Assets valued at above $500,000. If the Litigation Trust Oversight Board does not approve a settlement by the Litigation Trustee, then the Litigation Trustee may either (i) seek approval by the Bankruptcy Court, upon notice and a hearing at which the Litigation Trust Oversight Board may be heard, or (ii) resign from the engagement. All Causes of Action that are or become Litigation Trust Assets shall vest in the Litigation Trust as provided for herein and the Litigation Trustee may pursue or dispose of any Causes of Action that are or become Litigation Trust Assets in its sole discretion in the name of either the Litigation Trustee or the Litigation Trust, *provided, however,* that as set forth above, the Litigation Trustee must receive the approval of the Litigation Trust Oversight Board by a majority of Members, as well as a majority of the "United States persons" that are Members. On and after the Effective Date, the Litigation Trustee under the supervision of the Litigation Trust Oversight Board, including the consent and approval rights set forth herein, shall

6

retain and shall have, including through its authorized agents or representatives, the exclusive right, authority, and discretion to determine and to initiate, file, prosecute, enforce, abandon, settle, compromise, release, withdraw, or litigate to judgment any such Causes of Action, or to decline to do any of the foregoing, without the consent or approval of any third party or further notice to or action, order, or approval of the Bankruptcy Court or the Litigation Trust Beneficiaries.

  1.8 <u>Privileges</u>.

    (a) All attorney-client privileges, work product protections, joint client privilege, common interest or joint defense privilege or protection and all other privileges, immunities or protections from disclosure (the "<u>Privileges</u>") held by any of (1) any one or more of the Debtors or (2) any pre-petition or post-petition committee or subcommittee of the board of directors or equivalent governing body of any of the Debtors and their predecessors (together the "<u>Privilege Transfer Parties</u>") related in any way to the Litigation Trust Assets, the analysis or prosecution of any claims or the purpose of the Litigation Trust (the "<u>Transferred Privileged Information</u>") are hereby transferred and assigned to, and vested in, the Litigation Trust and its authorized representatives. The Transferred Privileged Information shall include documents and information of all manner, whether oral, written or digital, and whether or not previously disclosed or discussed. For the avoidance of doubt, the Privileges shall include any right to preserve or enforce or waive a privilege that arises from any joint defense, common interest or similar agreement involving any of the Privilege Transfer Parties.

    (b) The foregoing transfer and assignment shall vest the Privileges concerning the Transferred Privileged Information exclusively in the Litigation Trust, consistent with sections 1123(a)(5)(B) and 1123(b)(3)(B) of the Bankruptcy Code, for the sole benefit of the Litigation Trust and the Litigation Trust Beneficiaries; *provided*, *however*, that to the extent that any such Privileges or Transferred Privileged Information relates to both Liquidation Trust Assets and Litigation Trust Assets, such Privileges and Transferred Privileged Information shall vest jointly in the Liquidation Trust and the Litigation Trust. Except only as provided in the Liquidation Trust Agreement as relates to any Privileges or Transferred Privileged Information held jointly with the Liquidation Trust, the Litigation Trust shall have the exclusive authority and sole discretion to maintain the Privileges and keep the Transferred Privileged Information confidential, or waive any Privileges and/or disclose and/or use in litigation or any proceeding any or all of the Transferred Privileged Information.

    (c) The Privilege Transfer Parties agree to take all necessary actions to effectuate the transfer of such Privileges, and to provide to the Litigation Trust without the necessity of a subpoena all Transferred Privileged Information in their respective possession, custody or control. The Litigation Trust is further expressly authorized to formally or informally request or subpoena documents, testimony or other information that would constitute Transferred Privileged Information from any persons, including former directors or officers of any of the Debtors, attorneys, professionals, consultants and experts, and no such person may object to the production to the Litigation Trust of such Transferred Privileged Information on the basis of a Privilege. Until and unless the Litigation Trust makes a determination to waive any Privilege, Transferred Privileged Information shall be produced solely to the Litigation Trust. For the avoidance of doubt, this Subsection is subject in all respects to 1.8(a) of this Agreement.

WEIL:\97837731\7\30950.0071

(d)     Pursuant to, inter alia, Federal Rule of Evidence 502(d), no Privileges shall be waived by the transfer and assignment of the Privileges or the production of any Transferred Privileged Information to the Litigation Trust or any of its respective employees, professionals or representatives, or by disclosure of such Transferred Privileged Information between the Privilege Transfer Parties, on the one hand, and the Litigation Trust, on the other hand, or any of their respective employees, professionals or representatives.  Moreover, the non-voting observer Members participation in the Litigation Trust Oversight Board shall not waive any Privileges held by the Litigation Trust, the Litigation Trustee, or the Litigation Trust Oversight Board.

(e)     If a Privilege Transfer Party, the Litigation Trust, any of their respective employees, professionals or representatives or any other person inadvertently produces or discloses Transferred Privileged Information to any third party, such production shall not be deemed to destroy any of the Privileges, or be deemed a waiver of any confidentiality protections afforded to such Transferred Privileged Information.  In such circumstances, the disclosing party shall promptly upon discovery of the production notify the Litigation Trust of the production and shall demand of all recipients of the inadvertently disclosed Transferred Privileged Information that they return or confirm the destruction of such materials.

## ARTICLE II
## LITIGATION TRUST INTERESTS

2.1     <u>Litigation Trust Beneficial Interests</u>.  On the date hereof, the Litigation Trust shall issue the Litigation Trust Interests to the Litigation Trust Beneficiaries in accordance with the terms of the Plan, the Confirmation Order, and this Agreement.  The Litigation Trust Beneficiaries shall be entitled to distributions from the Litigation Trust Proceeds in accordance with the terms of the Plan, the Confirmation Order, and this Agreement.  The beneficial interests in the Litigation Trust will be represented by book entries on the books and records of the Litigation Trust.  The Litigation Trust will not issue any certificate or certificates to evidence any beneficial interests in the Litigation Trust.

2.2     <u>Interests Beneficial Only</u>.  The ownership of the beneficial interests in the Litigation Trust shall not entitle the Litigation Trust Beneficiaries to any title in or to the Litigation Trust Assets as such (which title shall be vested in the Litigation Trust) or to any right to call for a partition or division of the Litigation Trust Assets or to require an accounting.

2.3     <u>Non-Transferability of Litigation Trust Interests</u>.  The Litigation Trust Beneficial Interests shall be non-transferable other than if transferred by will, intestate succession or otherwise by operation of law.

2.4     <u>Exemption from Registration</u>.  The Parties hereto intend that the rights of the Litigation Trust Beneficiaries arising under this Litigation Trust shall not be "securities" under applicable laws, but none of the Parties represent or warrant that such rights shall not be securities or shall be entitled to exemption from registration under applicable securities laws.  If such rights constitute securities, the Parties hereto intend for the exemption from registration provided by section 1145 of the Bankruptcy Code and under applicable securities laws to apply to the issuance of the Litigation Trust Interests to the Litigation Trust Beneficiaries under the Plan.

8

2.5     Effect of Death, Incapacity or Bankruptcy.  The death, incapacity or bankruptcy of any Litigation Trust Beneficiary during the term of the Litigation Trust shall not  (i) operate to terminate the Litigation Trust, (ii) entitle the representatives or creditors of the deceased, incapacitated or bankrupt party to an accounting, (iii) entitle the representatives or creditors of the deceased, incapacitated or bankrupt party to take any action in the Bankruptcy Court or elsewhere for the distribution of the Litigation Trust Assets or for a partition thereof, or (iv) otherwise affect the rights and obligations of any of the Litigation Trust Beneficiaries under this Agreement.

2.6     Delivery of Distribution.  In the event that any Distribution to any holder is returned as undeliverable, no Distribution to such holder shall be made unless and until the Debtors or the Liquidation Trustee, as applicable, has determined the then current address of such holder, at which time such Distribution shall be made to such holder without interest; _provided, however_, such Distributions shall be deemed unclaimed property under section 347(b) of the Bankruptcy Code at the expiration of six months from the date such Distribution was made.  After such date, all unclaimed property or interests in property shall revert (notwithstanding any applicable federal or state escheat, abandoned, or unclaimed property laws to the contrary) to the Liquidation Trust automatically and without need for a further order by the Bankruptcy Court for Distribution in accordance with the Plan and the Claim of any such holder to such property or interest in property shall be released, settled, compromised, and forever barred.

## ARTICLE III
## RIGHTS, POWERS AND DUTIES OF LITIGATION TRUSTEE

3.1     Role of the Litigation Trustee.  In furtherance of and consistent with the purpose of the Litigation Trust and the Plan, subject to the terms and conditions contained in the Plan, the Confirmation Order and this Agreement, the Litigation Trustee shall, subject to the supervision of the Litigation Trust Oversight Board as provided in this Agreement,  (i) receive, manage, supervise and protect the Litigation Trust Assets upon its receipt of same on behalf of and for the benefit of the Litigation Trust Beneficiaries; (ii) investigate, analyze, prosecute and, if necessary and appropriate, settle and compromise the Litigation Trust Assets; (iii) prepare and file all required tax returns and pay from the Litigation Trust Assets all taxes and all other obligations of the Litigation Trust; (iv) liquidate and convert the Litigation Trust Assets to Cash in accordance with this Agreement and the other Litigation Trust Documents and timely transfer such Cash to the Liquidation Trust for Distribution to the Litigation Trust Beneficiaries in accordance with the terms of the Plan and as set forth in Section 3.5 herein; and (v) have all such other responsibilities as may be vested in the Litigation Trustee pursuant to the Plan, the Confirmation Order, this Agreement, and all other applicable orders of the Bankruptcy Court, _provided however_, that the Litigation Trustee shall not be required to take any action described in (i) through (v) above that he deems not to be in good faith or that is contrary to any action or inaction recommended to the Litigation Trustee by his counsel (the "Litigation Trustee Discretion").  If there is a dispute as a course of action to be taken for the Litigation Trust between the Litigation Trustee and the Litigation Trust Oversight Board, the parties shall seek to have such a dispute resolved before the Bankruptcy Court.  The Litigation Trustee in consultation with, and subject to the supervision of, the Litigation Trust Oversight Board as provided in this Agreement, shall be responsible for all decisions and duties with respect to the Litigation Trust and the Litigation Trust Assets, and such decisions and duties shall be carried out in accordance with the Plan, the Confirmation Order, this

9

Agreement, and all other applicable orders of the Bankruptcy Court. In all circumstances, the Litigation Trustee shall act in the best interests of the Litigation Trust Beneficiaries and in furtherance of the purpose of the Litigation Trust, and shall use commercially reasonable efforts to prosecute, settle or otherwise resolve the Causes of Action constituting the Litigation Trust Assets, and to otherwise monetize the Litigation Trust Assets and not unreasonably prolong the duration of the Litigation Trust.

3.2     Fiduciary Duties.   The Litigation Trustee shall have fiduciary duties to the Litigation Trust Beneficiaries consistent with the fiduciary duties that a member of an official committee appointed pursuant to section 1102 of the Bankruptcy Code has to the creditor constituents represented by such committee and shall exercise his, her or its responsibilities accordingly; *provided*, *however*, such fiduciary duties include maximizing the value of the Litigation Trust Assets, including the DV Claims, Former D&O and Shareholder Causes of Action, and any other Causes of Action assigned to the Litigation Trust for the benefit of the Litigation Trust Beneficiaries.

3.3     Authority to Prosecute and Settle Litigation Claims.

(a)     Subject to the provisions of this Agreement, the Plan, the Confirmation Order, supervision and/or approval by the Litigation Trust Oversight Board, and subject to the Litigation Trustee Discretion, the Litigation Trustee shall prosecute, pursue, compromise, settle, or abandon any and all DV Claims, Former D&O and Shareholder Causes of Action, and all other Causes of Action assigned to the Litigation Trust, that have not already been resolved as of the Effective Date. The Litigation Trustee, upon supervision and/or approval by the Litigation Trust Oversight Board, and subject to the Litigation Trustee Discretion, shall have the absolute right to pursue, not pursue, release, abandon, and/or settle any and all DV Claims, Former D&O and Shareholder Causes of Action, and all other Causes of Action assigned to the Litigation Trust (including any counterclaims asserted against the Litigation Trust) as it determines in the best interests of the Litigation Trust Beneficiaries, and consistent with the purposes of the Litigation Trust, and shall have no liability for the outcome of its decision except for any damages caused by fraud, willful misconduct or gross negligence.

(b)     Subject to the provisions of this Agreement, the Plan and the Confirmation Order, the Litigation Trustee shall have sole authority to reconcile, prosecute objections, compromise, abandon or settle, as applicable, any and all Claims of any of the DV Entities or any of the Former D&Os or Shareholders, DV Claims, Former D&O and Shareholder Causes of Action, and any other Causes of Action that may be assigned to the Litigation Trust from time to time that have not already been resolved as of the Effective Date; *provided*, that for the avoidance of doubt, settlement of any of the Claims of any of the DV Entities or any of the Former D&Os or Shareholders, the DV Claims, the Former D&O and Shareholder Causes of Action, or any other Causes of Action assigned to the Litigation Trust will not require Bankruptcy Court approval. The Litigation Trustee, upon supervision of the Litigation Trust Oversight Board, and subject to the Litigation Trustee Discretion, shall have the absolute right to pursue, not pursue, release, abandon, and/or settle any and all Claims of any of the DV Entities or any of the Former D&Os or Shareholders, DV Claims, Former D&O and Shareholder Causes of Action, and all other Causes of Action assigned to the Litigation Trust (including any counterclaims asserted against the

10

Litigation Trust) as it determines in the best interests of the Litigation Trust Beneficiaries, and consistent with the purposes of the Litigation Trust, and shall have no liability for the outcome of its decision except for any damages caused by fraud, willful misconduct or gross negligence. Pursuant to Section 1.7 above, the Litigation Trustee must receive the approval of the Litigation Trust Oversight Board by a majority of Members, as well as a majority of the "United States persons" that are Members, to settle any of the DV Claims, Former D&O and Shareholder Causes of Action, and any other Causes of Action that are or become Litigation Trust Assets valued at above $500,000.  If the Litigation Trust Oversight Board does not approve a settlement by the Litigation Trustee, then the Litigation Trustee may either (i) seek approval by the Bankruptcy Court, upon notice and a hearing at which the Litigation Trust Oversight Board may be heard, or (ii) resign from the engagement.

(c)    To the extent that any action has been taken to prosecute, adjudicate or otherwise resolve any of the DV Claims, Former D&O and Shareholder Causes of Action, and any other Causes of Action assigned to the Litigation Trust prior to the Effective Date by the Debtors, the Litigation Trustee or Litigation Trust shall be substituted for the Debtors in connection therewith in accordance with Rule 25 of the Federal Rules of Civil Procedure, made applicable to the litigation by Bankruptcy Rule 7025, and the caption with respect to such pending litigation shall be changed to the following, at the option of the Litigation Trust: "[Name of Trustee], as Trustee for the BB Litigation Trust v. [Defendant]" or "BB Litigation Trust v. [Defendant]." Without limiting the foregoing, the Litigation Trustee, in the name of either the Litigation Trustee or Litigation Trust, shall take any and all actions necessary or prudent to intervene as plaintiff, movant or additional party, as appropriate, with respect to any applicable DV Claim, Former D&O and Shareholder Causes of Action, or other Causes of Action assigned to the Litigation Trust.  For purposes of exercising its powers, the Litigation Trustee shall be deemed to be a representative of the Estates pursuant to section 1123(b)(3)(B) of the Bankruptcy Code.

(d)    Any determinations by the Litigation Trustee, under the supervision of the Litigation Trust Oversight Board, and subject to the Litigation Trustee Discretion, with regard to the amount or timing of settlement or other disposition of any Claims of any of the DV Entities or any of the Former D&Os or Shareholders, DV Claim, Former D&O and Shareholder Cause of Action, or other Cause of Action assigned to the Litigation Trust settled in accordance with the terms of this Agreement shall be conclusive and binding on the Litigation Trust Beneficiaries and all other parties in interest upon the entry of an order of a court of competent jurisdiction (including a Final Order issued by the Bankruptcy Court) approving such settlement or other disposition, to the extent any such order is required to be obtained to enforce any such determinations.

3.4    Liquidation of Litigation Trust Assets.  The Litigation Trustee, upon direction by the Litigation Trust Oversight Board, subject to the Litigation Trustee Discretion, and in the exercise of their collective reasonable business judgment, shall, in an expeditious but orderly manner and subject to the other provisions of the Plan, the Confirmation Order, and this Agreement, liquidate and convert to Cash the Litigation Trust Assets, and timely transfer such Cash to the Liquidation Trust for Distribution to the Litigation Trust Beneficiaries in accordance with the terms of the Plan, the Confirmation Order, and this Agreement, and not unduly prolong the existence of the Litigation Trust.  The Litigation Trustee shall exercise reasonable business judgment and liquidate the Litigation Trust Assets to optimize net recoveries to the Litigation Trust

11

Beneficiaries, *provided*, *however*, that in addition to the Litigation Trustee Discretion, the Litigation Trustee shall be entitled to take into consideration the risks, timing, anticipated duration, and costs of potential actions in making determinations as to the methodologies to be employed to optimize such recoveries. Such liquidations may be accomplished through the prosecution, compromise and settlement, abandonment or dismissal of any or all of the DV Claims, Former D&O and Shareholder Causes of Action, or other Causes of Action assigned to the Litigation Trust or otherwise or through the sale or other disposition of the Litigation Trust Assets (in whole or in combination). Pursuant to an agreed-upon budget, the Litigation Trustee may incur any reasonable and necessary expenses in connection with the liquidation of the Litigation Trust Assets and Distributions.

3.5    <u>Distributions</u>. At such time as the Litigation Trustee determines the Litigation Trust has, pursuant to Section 5.5 of the Plan and this Agreement, (i) resolved, settled, compromised, or otherwise liquidated the DV Claims, Former D&O and Shareholder Causes of Action, and all other Causes of Action assigned to the Litigation Trust from time to time in accordance with the terms of the Plan and the Litigation Trust Agreement, and (ii) paid all Litigation Trust Expenses, the Litigation Trustee shall transfer any and all remaining Litigation Trust Assets to the Liquidation Trust for Distribution to the Litigation Trust Beneficiaries in accordance with the terms of the Plan; provided that, if the Liquidation Trust has been dissolved pursuant to the terms of the Plan and the Liquidation Trust Agreement before such time as the Litigation Trustee has acted in accordance with the foregoing clauses (i) and (ii), the Litigation Trustee shall make a Distribution of the remaining Litigation Trust Assets to the Litigation Trust Beneficiaries in accordance with the terms of the Plan. From time to time, and after paying or appropriately reserving for Litigation Trust Expenses, the Litigation Trust may (and shall at least annually) distribute proceeds of the Litigation Trust Assets (including any proceeds thereafter invested) to the Liquidation Trust for Distribution to Litigation Trust Beneficiaries in accordance with the terms of the Plan.

3.6    <u>Retention of Counsel and Other Professionals</u>. The Litigation Trustee, on behalf of the Litigation Trust, may employ and pay in the ordinary course of business, any professional for services rendered or expenses incurred on and after the Effective Date, in accordance with the terms of any agreement entered into between the Litigation Trust and such professional in the discretion of the Litigation Trustee and with the approval of the Litigation Trust Oversight Board, that are necessary or appropriate to assist the Litigation Trustee in the performance of the Litigation Trustee's duties under the Plan and the Litigation Trust Agreement. With approval of the Litigation Trust Oversight Board, the Litigation Trust may select any professionals in its sole discretion, and such professionals' affiliation with the Litigation Trustee shall not preclude the Litigation Trust's retention of such professionals.

3.7    <u>Fees and Expenses of the Litigation Trust</u>. From and after the Effective Date, Litigation Trust Expenses shall be paid from the Litigation Trust Assets in the ordinary course of business, in accordance with the Plan and the Litigation Trust Agreement. Without any further notice to any party or action, order or approval of the Bankruptcy Court, the Litigation Trustee, on behalf of the Litigation Trust, may employ and pay in the ordinary course of business, any professional for services rendered or expenses incurred on and after the Effective Date, in accordance with the terms of any agreement entered into between the Litigation Trust and such

12

professional, in the discretion of the Litigation Trustee and with the approval of the Litigation Trust Oversight Board for any expense over $2,000, that are necessary or appropriate to assist the Litigation Trustee in the performance of the Litigation Trustee's duties under the Plan and the Litigation Trust Agreement.

3.8    Agreements.  Pursuant to the Plan, the Confirmation Order and the other provisions of this Agreement, the Litigation Trustee may enter into any agreement or execute any document required by or consistent with the Plan, the Confirmation Order or this Agreement and perform all of the Litigation Trust's obligations thereunder.

3.9    Powers of the Litigation Trustee.  In furtherance of and consistent with the purpose of the Litigation Trust and the Plan, subject to and to the extent set forth in the Plan, the Confirmation Order, the Liquidation Trust Agreement or any other order of the Bankruptcy Court entered in connection therewith, the Litigation Trust and the Litigation Trustee shall be empowered to:

(a)    conduct investigations of the DV Claims, the Former D&O and Shareholder Causes of Action and other Causes of Action that are Litigation Trust Assets pursuant to Bankruptcy Rule 2004;

(b)    perform all actions and execute all agreements, instruments and other documents necessary to effectuate the purpose of the Litigation Trust;

(c)    establish, maintain and administer trust accounts, which shall be segregated to the extent appropriate in accordance with the Plan and this Agreement;

(d)    manage, liquidate, supervise, prosecute, and protect, as applicable, the Litigation Trust Assets;

(e)    settle Claims that are Litigation Trust Assets, including the DV Claims, the Former D&O and Shareholder Causes of Action, and Claims of the Former D&Os and Shareholders, ~~without further order of the Bankruptcy Court~~pursuant to the procedures set forth in Section 1.7 above;

(f)    control and effectuate the Claims reconciliation process for Claims of any of the DV Entities or any of the Former D&Os or Shareholders, including to object to, seek to subordinate, recharacterize, compromise or settle any and all such Claims, pursuant to the procedures prescribed in the Plan and this Agreement;

(g)    pursue, prosecute, abandon or otherwise resolve the DV Claims, the Former D&O and Shareholder Causes of Action, and other Causes of Action that are Litigation Trust Assets;

(h)    retain, compensate and employ professionals to represent the Litigation Trust;

13

(i)       receive, manage, invest, supervise, protect, and liquidate the Litigation Trust Assets, withdraw and make distributions from and pay taxes and other obligations owed by the Litigation Trust from funds held by the Litigation Trustee and/or the Litigation Trust in the Litigation Trust Account as long as such actions are consistent with the Litigation Trust's status as a liquidating trust within the meaning of Treasury Regulation section 301.7701-4(d) and are merely incidental to its liquidation and dissolution;

(j)       prepare, or have prepared, and file, if necessary, with the appropriate governmental entity any and all tax returns, information returns, and other required documents with respect to the Litigation Trust (including, without limitation, U.S. federal, state, local or foreign tax or information returns required to be filed by the Litigation Trust) and pay taxes properly payable by the Litigation Trust, if any, and cause all taxes payable by the Litigation Trust, if any, to be paid exclusively out of the Litigation Trust Assets;

(k)       request any appropriate tax determination with respect to the Litigation Trust, including, without limitation, a determination pursuant to section 505 of the Bankruptcy Code;

(l)       make tax elections by and on behalf of the Litigation Trust, which are deemed by the Litigation Trustee, either independently or with the advice of Litigation Trust Professionals, to be in the best interest of maximizing the liquidation value of the Litigation Trust Assets;

(m)      exercise such other powers as may be vested in the Litigation Trust under this Agreement and the Plan, or as are deemed by the Litigation Trustee to be necessary and proper to implement the provisions of this Agreement and effectuate the purpose of the Litigation Trust; and

(n)       dissolve the Litigation Trust in accordance with the terms of this Agreement.

3.10    _Functions of the Litigation Trustee_. On and after the Effective Date, the Litigation Trustee and/or the Litigation Trust, as applicable, shall carry out the functions set forth in this Section and may take such actions without supervision or approval by the Bankruptcy Court or the Canadian Court and free of any restrictions of the Bankruptcy Code, the Bankruptcy Rules, CCAA or BIA, other than any restrictions expressly imposed by the Plan, the Confirmation Order or this Agreement. Such functions shall include any and all powers and authority to:

(a)       take any actions necessary to resolve all matters related to the Litigation Trust Assets;

(b)       retain, compensate and employ professionals to represent the Litigation Trust or the Litigation Trustee, as applicable;

(c)       transfer all Cash proceeds of the DV Claims, the Former D&O and Shareholder Causes of Action, and of other Causes of Action assigned to the Litigation Trust, after

14

payment of the Litigation Trust Expenses to the Liquidation Trust, unless the Liquidation Trust has been dissolved;

(d)     consult with the Information Officer in respect of any matters set forth in Section 5.5 of the Plan or this Agreement as such matters also relate to Canada; and

(e)     take any other actions not inconsistent with the provisions hereof that the Litigation Trustee deems reasonably necessary or desirable in connection with the foregoing functions.

3.11     Management of Litigation Trust Assets.

(a)     Except as otherwise provided in the Plan, the Confirmation Order or this Agreement, and subject to Treasury Regulations governing liquidating trusts and the retained jurisdiction of the Bankruptcy Court as provided for in the Plan, but without prior or further authorization, the Litigation Trustee may, subject to supervision of the Litigation Trust Oversight Board, control and exercise authority over the Litigation Trust Assets, over the management and disposition thereof, and over the management and conduct of the Litigation Trust, in each case, as necessary or advisable to enable the Litigation Trustee to fulfill the intents and purposes of this Agreement.  No Person dealing with the Litigation Trust will be obligated to inquire into the authority of the Litigation Trustee in connection with the acquisition, management or disposition of the Litigation Trust Assets.

(b)     In connection with the management and use of the Litigation Trust Assets and except as otherwise expressly limited in the Plan, the Confirmation Order or this Agreement, the Litigation Trust will have, in addition to any powers conferred upon the Litigation Trust by any other provision of this Agreement, the power to take any and all actions as, in the Litigation Trustee's reasonable discretion, are necessary or advisable to effectuate the primary purposes of the Litigation Trust, subject to (i) the Litigation Trustee Discretion, and (ii) any supervision of the Litigation Trust Oversight Board as set forth herein, including, without limitation, the power and authority to (a) pay taxes and other obligations owed by the Litigation Trust or incurred by the Litigation Trustee; (b) commence and/or pursue any and all actions involving the Causes of Action constituting Litigation Trust Assets that could arise or be asserted at any time, unless otherwise limited, waived, released, compromised, settled, or relinquished in the Plan, the Confirmation Order, or this Agreement; and (c) act and implement the Plan, this Agreement, and applicable orders of the Bankruptcy Court (including, as applicable, the Confirmation Order).

3.12     Limitations on Power and Authority of the Litigation Trustee.  Notwithstanding anything in this Agreement to the contrary, the Litigation Trustee will not have the authority to do any of the following on behalf of the Litigation Trust:

(a)     take any action in contravention of the Plan, the Confirmation Order, or this Agreement;

(b)     take any action that would make it impossible to carry on the activities of the Litigation Trust;

15

(c)    possess property of the Litigation Trust or assign the Litigation Trust's rights in specific property for any purpose other than as provided herein;

(d)    cause or permit the Litigation Trust to engage in any trade or business;

(e)    receive transfers of any listed stocks or securities or any readily marketable assets or any operating assets of a going business; *provided, however*, that in no event shall the Litigation Trustee receive any such investment that would jeopardize treatment of the Litigation Trust as a "liquidating trust" for federal income tax purposes under Treasury Regulation section 301.7701-4(d), or any successor provision thereof;

(f)    receive or retain any operating assets of an operating business, a partnership interest in a partnership that holds operating assets or 50% or more of the stock of a corporation with operating assets; *provided, however*, that in no event shall the Litigation Trustee receive or retain any such asset or interest that would jeopardize treatment of the Litigation Trust as a "liquidating trust" for federal income tax purposes under Treasury Regulation section 301.7701-4(d) or any successor provision thereof; or

(g)    take any other action or engage in any investments or activities that would jeopardize treatment of the Litigation Trust as a liquidating trust for federal income tax purposes under Treasury Regulation section 301.7701-4(d), or any successor provision thereof.

3.13    Books and Records.

The Litigation Trustee shall maintain books and records relating to and income realized from the Litigation Trust Assets and the payment of, costs and expenses of, and liabilities of claims against or assumed by, the Litigation Trust in such detail and for such period of time as may be necessary to enable him/her/it to make full and proper accounting in respect thereof and in accordance with applicable law. Such books and records shall be maintained as reasonably necessary to facilitate compliance with the tax reporting requirements of the Litigation Trust. Nothing in this Agreement requires the Litigation Trustee to file any accounting or seek approval of any court with respect to the administration of the Litigation Trust or as a condition for managing any payment or distribution out of the Litigation Trust Assets, except as may otherwise be set forth in the Plan or the Confirmation Order.

3.14    Documents and Data. The Litigation Trustee shall be provided with originals or copies of or access to all documents and business records accessible to or retained by the Debtors or the Liquidation Trustee necessary for the disposition and liquidation of Litigation Trust Assets; *provided* that the Litigation Trustee or the Litigation Trust shall reimburse the Liquidation Trust and/or the Liquidation Trustee, as applicable, for any reasonable out-of-pocket fees or expenses incurred in assisting the Litigation Trustee in the procurement of records that were not retained by the Debtors after the Sale Transaction. The Liquidation Trustee shall reasonably cooperate with the Litigation Trustee in the administration of the Litigation Trust, including but not limited to providing books and records relating to the DV Claims and Former D&O and Shareholder Causes of Action.

16

3.15    <u>Reports</u>.

(a)    <u>Financial and Status Reports</u>.  The fiscal year of the Litigation Trust shall be the calendar year.  Within 90 days after the end of each calendar year during the term of the Litigation Trust, and within 45 days after the end of each calendar quarter during the term of the Litigation Trust (other than the fourth quarter) and as soon as practicable upon termination of the Litigation Trust, the Litigation Trustee shall make available, upon request, to the Litigation Trust Beneficiaries appearing in the Trust Registry as of the end of such period or such date of termination, a written report including: (i) financial statements of the Litigation Trust for such period, and, if the end of a calendar year, an unaudited report (which may be prepared by an independent certified public accountant employed by the Litigation Trustee) reflecting the result of such agreed-upon procedures relating to the financial accounting administration of the Litigation Trust as proposed by the Litigation Trustee; (ii) a summary description of any action taken by the Litigation Trust which, in the judgment of the Litigation Trustee, materially affects the Litigation Trust and of which notice has not previously been given to the Litigation Trust Beneficiaries; (iii) a description of the progress of liquidating the Litigation Trust Assets and making distributions to the Litigation Trust Beneficiaries, which description shall include a written report detailing, among other things, the litigation status of the Litigation Claims transferred to the Litigation Trust, any settlements entered into by the Litigation Trust with respect to the Litigation Claims; and the Litigation Trust Proceeds recovered to date (in each instance to the extent not confidential and to the extent that the Litigation Trustee determines that public disclosure will not adversely affect the liquidation of any remaining Litigation Trust Assets), and the distributions made by the Litigation Trust to date; and (iv) any other material information relating to the Litigation Trust Assets and the administration of the Litigation Trust deemed appropriate to be disclosed by the Litigation Trustee or required to be included in the written report by the Litigation Trust Oversight Board.  In addition, the Litigation Trust shall make unaudited financial statements available to each Litigation Trust Beneficiary on a quarterly basis (which may be quarterly operating reports filed with the Bankruptcy Court).  The first report shall be due the first quarter after confirmation.  The Litigation Trustee may post any such report on a website maintained by the Litigation Trustee or electronically file it with the Bankruptcy Court in lieu of actual notice to each Litigation Trust Beneficiary (unless otherwise required by law).

(b)    If instructed by the Litigation Trust Oversight Board, the Litigation Trustee shall prepare and submit to the Litigation Trust Oversight Board for approval an annual plan and budget in such detail as is reasonably requested.

(c)    For so long as the Claims reconciliation and investigation and/or prosecution of the DV Claims, Former D&O and Shareholder Causes of Action, and any other Causes of Action that or become Litigation Trust Assets shall continue, the Litigation Trustee shall make periodic reports to the Litigation Trust Oversight Board with such and in such detail frequency as the Litigation Trust Oversight Board may reasonably request.

## ARTICLE IV
## <u>THE LITIGATION TRUSTEE GENERALLY</u>

17

4.1    <u>Independent Litigation Trustee</u>.  The Litigation Trustee, shall be a professional natural person or financial institution with experience administering other litigation trusts and may not be a Member of the Litigation Trust Oversight Board.  As of the date of this Agreement, the Litigation Trustee shall be William T. Reid, IV PLLC.

4.2    <u>Litigation Trustee's Compensation and Reimbursement</u>.

(a)    <u>Compensation</u>.  The Litigation Trustee shall receive compensation from the Litigation Trust pursuant to agreement between the Litigation Trustee and the Litigation Trust Oversight Board. The compensation of the Litigation Trustee may be modified from time to time by the Litigation Trust Oversight Board.

(b)    <u>Expenses</u>.  The Litigation Trust will reimburse the Litigation Trustee for all actual, reasonable and documented out-of-pocket expenses incurred by the Litigation Trustee in connection with the performance of the duties of the Litigation Trustee hereunder or under the Confirmation Order or the Plan, including but not limited to, actual, reasonable and documented fees and disbursements of the Litigation Trustee's legal counsel incurred in connection with the review, execution, and delivery of this Agreement and related documents (collectively, the "<u>Litigation Trustee Expenses</u>" and, together with the Litigation Trustee Compensation, the "<u>Litigation Trustee Fees</u>").

(c)    <u>Payment</u>.  The Litigation Trustee Fees shall be paid to the Litigation Trustee upon approval of such fees and expenses by the Litigation Trust Oversight Board without necessity for review or approval by the Bankruptcy Court or any other Person.  Payment of the Litigation Trustee Fees shall be initially payable out of the Litigation Trust Assets.  The Bankruptcy Court shall retain jurisdiction to adjudicate any dispute between the Litigation Trustee and the Litigation Trust Oversight Board regarding the Litigation Trustee Fees.

4.3    <u>Resignation</u>.  The Litigation Trustee (or any successor Litigation Trustee) may resign by giving not less than 90 days' prior written notice thereof to the Litigation Trust Oversight Board.  Such resignation shall become effective on the later to occur of: (a) the day specified in such notice, and (b) the appointment of a successor satisfying the requirements set out in Section 4.1 by a majority of the Members and the acceptance by such successor of such appointment.  If a successor Litigation Trustee is not appointed or does not accept its appointment within 90 days following delivery of notice of resignation by the then current Litigation Trustee, such Litigation Trustee may file a motion with the Bankruptcy Court, upon notice and a hearing, for the appointment of a successor Litigation Trustee satisfying the requirements set out in Section 4.1 hereof, during which time the then-serving Litigation Trustee shall be entitled to receive the Litigation Trustee Compensation provided for in Section 4.2(a) hereof, *provided*, however, that the right of the Litigation Trustee to file a motion for appointment of a successor Litigation Trustee shall not impose upon the Litigation Trustee an obligation to find a successor Litigation Trustee prior to his resignation.  Notwithstanding the foregoing, (a) upon the resignation of the Litigation Trustee and expiration of the 90 days' notice of resignation, the obligation to find a successor Litigation Trustee shall be the obligation of the Litigation Trust Oversight Board; and (b) upon the Dissolution of the Litigation Trust (as set forth in Section 8.1 below), the Litigation Trustee shall be deemed to have resigned.

18

    4.4   <u>Removal</u>.

      (a)    The Litigation Trustee (or any successor Litigation Trustee) may be removed by ~~[a majority]~~ a vote of at least five of the Members of the Litigation Trust Oversight Board, as well as a majority of the "United States persons" who are Members, for Cause (as defined in Section 5.8 herein), immediately upon notice thereof, or without Cause, upon not less than 90 days' prior written notice.

      (b)    The Bankruptcy Court, on its own initiative or on motion of any Member, may  (i) for Cause, and after notice and a hearing, remove the Litigation Trustee or (ii) issue an order requiring interested parties to show cause why the Litigation Trustee should not be removed.

      (c)    To the extent there is any dispute regarding the removal of a Litigation Trustee (including any dispute relating to any portion of the Litigation Trustee Fees), the Bankruptcy Court shall retain jurisdiction to consider and adjudicate any such dispute. Notwithstanding the foregoing, the Litigation Trustee will continue to serve as the Litigation Trustee after his removal until the earlier of  (i) the time when appointment of a successor Litigation Trustee will become effective in accordance with Section 4.5 of this Agreement or (ii) such date as the Bankruptcy Court otherwise orders.

    4.5   <u>Appointment of Successor Litigation Trustee</u>.

      (a)    In the event of the death or Disability (as defined in Section 5.8 herein) (in the case of a Litigation Trustee that is a natural person), dissolution (in the case of a Litigation Trustee that is not a natural person), resignation, incompetency or removal of the Litigation Trustee, the Litigation Trust Oversight Board shall designate a successor Litigation Trustee satisfying the requirements set forth in Section 4.1 hereof by majority vote, which majority shall consist of a majority of the Members of the Litigation Trust Oversight Board, as well as a majority of the "United States persons" who are Members.  If the Members of the Litigation Trust Oversight Board are unable to secure a majority vote, including a majority of the "United States persons" the Bankruptcy Court will determine the successor Litigation Trustee satisfying the requirements set forth in Section 4.1 hereof on motion of the Members.  Such appointment shall specify the date on which such appointment shall be effective.  Every successor Litigation Trustee appointed hereunder shall execute, acknowledge and deliver to the Litigation Trust Oversight Board an instrument accepting the appointment under this Agreement and agreeing to be bound as Litigation Trustee hereto, and thereupon the successor Litigation Trustee, without any further act, deed or conveyance, shall become vested with all rights, powers, trusts and duties of the predecessor Litigation Trustee and the successor Litigation Trustee shall not be personally liable for any act or omission of the predecessor Litigation Trustee; *provided*, *however*, that a predecessor Litigation Trustee shall, nevertheless, when reasonably requested in writing by the successor Litigation Trustee, execute and deliver an instrument or instruments conveying and transferring to such successor Litigation Trustee under the Litigation Trust all the estates, properties, rights, powers and trusts of such predecessor Litigation Trustee and otherwise assist and cooperate, without cost or expense to the predecessor Litigation Trustee, in effectuating the assumption by the successor Litigation Trustee of his/her/its obligations and functions hereunder.

19

(b)      During any period in which there is a vacancy in the position of Litigation Trustee, the Litigation Trust Oversight Board shall appoint one of its Members to serve as interim Litigation Trustee (the "Interim Trustee").  The Interim Trustee shall be subject to all the terms and conditions applicable to a Litigation Trustee hereunder; *provided*, *however*, any such Interim Trustee shall not be entitled to receive the Litigation Trustee Compensation unless approved by the Litigation Trust Oversight Board, but shall be entitled to receive payment for the Litigation Trustee Expenses.  Such Interim Trustee shall not be limited in any manner from exercising any rights or powers as a Member of the Litigation Trust Oversight Board merely by such Person's appointment as Interim Trustee, but shall be limited in the exercise of such rights or powers as a Litigation Trustee to the extent a majority of the Litigation Trust Oversight Board, as well as a majority of the "United States persons" serving as Members shall, to the extent applicable in this Agreement, fail to approve any such action or undertaking by the Interim Trustee.

4.6      Effect of Resignation or Removal.  The death, Disability, dissolution, bankruptcy, resignation, incompetency, incapacity or removal of the Litigation Trustee, as applicable, shall not operate to terminate the Litigation Trust created by this Agreement or to revoke any existing agency created pursuant to the terms of this Agreement or invalidate any action theretofore taken by the Litigation Trustee or any prior Litigation Trustee. In the event of the resignation or removal of the Litigation Trustee, such Litigation Trustee will promptly (a) execute and deliver such documents, instruments and other writings as may be ordered by the Bankruptcy Court or reasonably requested by Litigation Trust Oversight Board or the successor Litigation Trustee to effect the termination of such Litigation Trustee's capacity under this Agreement, (b) deliver to the Bankruptcy Court (if required), the Litigation Trust Oversight Board and/or the successor Litigation Trustee all documents, instruments, records and other writings related to the Litigation Trust as may be in the possession of such Litigation Trustee, but may retain a copy at his election, and (c) otherwise assist and cooperate in effecting the assumption of its obligations and functions by such successor Litigation Trustee.

4.7      Confidentiality.  The Litigation Trustee shall, during the period that the Litigation Trustee serves as Litigation Trustee under this Agreement and for a period of two (2) years following the later of the termination of this Agreement or such Litigation Trustee's removal or resignation hereunder, hold strictly confidential and not use for personal gain or for the gain of any Entity or Person for whom such Litigation Trustee may be employed any non-public information of or pertaining to any Person to which any of the Litigation Trust Assets relates or of which the Litigation Trustee has become aware in the Litigation Trustee's capacity as Litigation Trustee (including information contained or reflected in the Litigation Trust Materials), until (a) such information is made public other than by disclosure by the Litigation Trust, the Litigation Trustee, or any Litigation Trust Professionals in violation of this Agreement; (b) the Litigation Trust is required by law to disclose such information (in which case the Litigation Trust shall provide the relevant Person reasonable advance notice and an opportunity to protect his, her, or its rights); or (c) the Litigation Trust obtains a waiver of confidentiality from the applicable Person. However, nothing in this paragraph shall limit the Litigation Trustee's ability to exercise the authority and perform the obligations provided herein, including, but not limited to, the prosecution, pursuit, compromise, or settlement of any and all DV Claims, Former D&O and Shareholder Causes of Action, and all other Causes of Action assigned to the Litigation Trust.

20

## ARTICLE V
## LITIGATION TRUST OVERSIGHT BOARD

5.1     <u>Litigation Trust Oversight Board</u>.  On the Effective Date, the Litigation Trust Oversight Board shall be established. The initial Litigation Trust Oversight Board members shall consist of all the members of the Creditors' Committee or designated representatives thereof, as identified on <u>Exhibit 1 A</u> hereto.

5.2     <u>Authority and Responsibilities</u>.

(a)     Upon its formation, the duties of the Litigation Trust Oversight Board shall include: (i) overseeing the Litigation Trustees' performance of the Claims reconciliation and settlement process related to the Claims of the DV Entities, Former D&Os, and Shareholders conducted by or on behalf of the Litigation Trustee; (ii) overseeing the Litigation Trustee's investigation into, and, if applicable, prosecution of, the DV Claims and Former D&O and Shareholder Causes of Action; (iii) formulating with the Litigation Trustee appropriate procedures for the settlement of DV Claims, Former D&O and Shareholder Causes of Action, and Claims of the DV Entities; (iv) overseeing the distributions to the Litigation Trust Beneficiaries as provided for under the Plan; and (v) appearing before and being heard by the Bankruptcy Court and other courts of competent jurisdiction in connection with the above limited duties.

(b)     The Litigation Trust Oversight Board shall, as and when requested by the Litigation Trustee, or when the Members otherwise deem it to be appropriate or as is otherwise required under the Plan, the Confirmation Order, or this Agreement, consult with and advise the Litigation Trustee as to the administration and management of the Litigation Trust in accordance with the Plan, the Confirmation Order, and this Agreement and shall have the other responsibilities and powers as set forth herein.  The Litigation Trust Oversight Board shall have the authority and responsibility to oversee, review, govern, and, as specifically set forth herein, to direct the activities of the Litigation Trust and supervise the performance of the Litigation Trustee and shall have the authority to remove the Litigation Trustee in accordance with Section 4.4 hereof; <u>*provided, however,*</u> that the Litigation Trust Oversight Board may not direct the Litigation Trustee to nor shall the Members act in a manner inconsistent with their respective duties and obligations under the Plan, the Confirmation Order, or this Agreement.

(c)     The Litigation Trust Oversight Board shall also (a) monitor and oversee the administration of the Litigation Trust and the Litigation Trustee's performance of his/her/its responsibilities under the Plan, the Confirmation Order, and this Agreement and (b) perform such other tasks as are set forth in the Plan, the Confirmation Order, and this Agreement.

(d)     The Litigation Trustee shall consult with and provide information to the Litigation Trust Oversight Board in accordance with and pursuant to the terms of the Plan, the Confirmation Order, and this Agreement sufficient in scope and detail to enable the Litigation Trust Oversight Board to meet its obligations hereunder.

(e)     Notwithstanding any provision of this Agreement to the contrary, the Litigation Trustee shall not be required to obtain the approval or follow the directions of the

21

Litigation Trust Oversight Board to the extent that: (i) the Litigation Trust Oversight Board has not authorized the Litigation Trustee to take any action that the Litigation Trustee, in good faith, reasonably determines, based on the advice of legal counsel, is required to be taken by applicable law; or (ii) the Litigation Trust Oversight Board directs the Litigation Trustee to take action that the Litigation Trustee, in good faith, reasonably determines, based on the advice of legal counsel, is prohibited by applicable law.

5.3    Fiduciary Duties.

(a)    The Litigation Trust Oversight Board and its Members shall have fiduciary duties to the Litigation Trust Beneficiaries consistent with the fiduciary duties that the members of an official committee of creditors appointed pursuant to section 1102 of the Bankruptcy Code have to the creditor constituents represented by such committee and shall exercise its responsibilities accordingly; *provided*, *however*, that the Litigation Trust Oversight Board shall not owe fiduciary obligations to any defendants of the DV Claims, Former D&O and Shareholder Causes of Action, or other Causes of Action assigned to the Litigation Trust in their capacities as such, it being the intent of such fiduciary duties to ensure that the Litigation Trust Oversight Board's obligations are to optimize the value of the Litigation Trust Assets. In all circumstances, the Litigation Trust Oversight Board shall act in the best interests of the Litigation Trust Beneficiaries and in furtherance of the purpose of the Litigation Trust.

(b)    While each Member acknowledges that such Member is acting as fiduciary in its capacity as a Member, nothing contained in this Agreement shall, subject to all of such Member's obligations hereunder including fiduciary and confidentiality obligations, prevent any such Member from exercising (or omitting to exercise) or seeking (or omitting to seek) to enforce or protect any of its rights, duties and powers in its capacity as an individual creditor or party-in-interest as it may deem appropriate.

5.4    Meetings of the Litigation Trust Oversight Board. Meetings of the Litigation Trust Oversight Board are to be held not less often than quarterly. Special meetings of the Litigation Trust Oversight Board may be held whenever and wherever called for by the Litigation Trustee or any Member; *provided*, *however*, that notice of any such meeting shall be duly given in writing no less than 48 hours prior to such meeting (such notice being subject to waiver by the Members). Any action required or permitted to be taken by the Litigation Trust Oversight Board at a meeting may be taken without a meeting if the action is taken by unanimous written consent of the Litigation Trust Oversight Board as evidenced by one or more written consents describing the action taken, signed by all Members and recorded in the minutes, if any, or other transcript, if any, of proceedings of the Litigation Trust Oversight Board. Unless the Litigation Trust Oversight Board decides otherwise (which decision shall rest in the reasonable discretion of the Litigation Trust Oversight Board), the Litigation Trustee and the Litigation Trustee's designated Litigation Trust Professional(s) may, but are not required to, attend meetings of the Litigation Trust Oversight Board.

WEIL:\97837731\7\30950.0071

5.5     Manner of Acting.

(a)     A quorum for the transaction of business at any meeting of the Litigation Trust Oversight Board shall consist of[ a majority] of the Members.  Except as set forth in Sections 5.5(c) and 5.9(a) herein, the majority vote of the Members, as well as a majority of the "United States persons" who are Members, present at a duly called meeting at which a quorum is present throughout shall be the act of the Litigation Trust Oversight Board except as otherwise required by law or as provided for in this Agreement.  For the avoidance of doubt, in the event of any tie vote, the tiebreaker shall be determined by majority of the "United States persons" who are Members of the Litigation Trust Oversight Board.  Any or all of the Members may participate in a regular or special meeting by, or conduct the meeting through the use of, conference telephone, video conference or similar communications equipment by means of which all Persons participating in the meeting may hear each other, in which case any required notice of such meeting may generally describe the arrangements (rather than or in addition to the place) for the holding thereof.  Any Member participating in a meeting by this means is deemed to be present in person at the meeting. Voting (including on negative notice) maybe conducted by electronic mail or individual communications by the Litigation Trustee and each Member.

(b)     Any Member who is present and entitled to vote at a meeting of the Litigation Trust Oversight Board (including any meeting of the Litigation Trustee and the Litigation Trust Oversight Board) when action is taken is deemed to have assented to the action taken, subject to the requisite vote of the Litigation Trust Oversight Board, unless: (i) such Member of the Litigation Trust Oversight Board objects at the beginning of the meeting (or promptly upon his/her arrival) to holding or transacting business at the meeting; (ii) his/her dissent or abstention from the action taken is entered in the minutes of the meeting; or (iii) he/she delivers written notice (including by electronic or facsimile transmission) of his/her dissent or abstention to the Litigation Trust Oversight Board before its adjournment. The right of dissent or abstention is not available to any Member of the Litigation Trust Oversight Board who votes in favor of the action taken.

(c)     Prior to the taking of a vote on any matter or issue or the taking of any action with respect to any matter or issue, each Member of the Litigation Trust Oversight Board shall report to the Litigation Trust Oversight Board any conflict of interest such Member has or may have with respect to the matter or issue at hand and fully disclose the nature of such conflict or potential conflict (including, without limitation, disclosing any and all financial or other pecuniary interests that such Member may have with respect to or in connection with such matter or issue, other than solely as a holder of Litigation Trust Interests). A Member who, with respect to a matter or issue, has or who may have a conflict of interest whereby such Member's interests are adverse to the interests of the Litigation Trust  (i) shall be deemed to be a "Conflicted Member" who shall not be entitled to vote or take part in any action with respect to such matter or issue, (ii) the vote or action with respect to such matter or issue shall be undertaken only by Members of the Litigation Trust Oversight Board who are not Conflicted Members and (iii) notwithstanding anything contained herein to the contrary, the affirmative vote of only a majority of the Members of the Litigation Trust Oversight Board who are not Conflicted Members, including a majority of the "United States persons" who are Members of the Litigation Trust Oversight Board and are not Conflicted Members shall be required to approve of such matter or issue and the same shall be the act of the Litigation Trust Oversight Board; *provided*, *however*, that a Member shall not be deemed

23

to be a Conflicted Member with respect to a particular matter or issue if such Member merely has an economic interest in the outcome of such matter or issue solely as a holder of Litigation Trust Interests.

5.6    <u>Tenure of the Members of the Litigation Trust Oversight Board</u>.  The authority of the Members will be effective as of the Effective Date and will remain and continue in full force and effect until the Litigation Trust is dissolved in accordance with Section 8.1 hereof.  The Members will serve until such Member's successor is duly appointed or until such Member's earlier death or resignation pursuant to Section 5.7 below, or removal pursuant to Section 5.8 below.

5.7    <u>Resignation</u>.  A Member may resign by giving not less than 90 days' prior written notice thereof to the Litigation Trustee and the other Members.  Such resignation shall become effective on the later to occur of: (i) the day specified in such notice and (ii) the appointment of a successor in accordance with Section 5.9 below.

5.8    <u>Removal</u>.

(a)    A majority of the Litigation Trust Oversight Board , which shall include a majority of the "United States persons" who are Members, may remove any Member for Cause or Disability.  Notwithstanding the foregoing, upon the occurrence of the Dissolution of the Litigation Trust (as set forth in Section 8.1 below), any or all of the Members shall be deemed to have resigned.

(b)    For purposes of Section 4.4 hereof and this Section 5.8:

(i)    "<u>Cause</u>" shall mean  (i) a Person's willful failure to perform his/her/its material duties hereunder (including, without limitation, with respect to a Member or, to the extent applicable, the Litigation Trustee, regular attendance at meetings of the Litigation Trust Oversight Board), which is not remedied within 30 days of notice; (ii) a Person's commission of an act of fraud, theft or embezzlement during the performance of his/her/its duties hereunder; (iii) a Person's conviction of a felony with all appeals having been exhausted or appeal periods lapsed; or (iv) a Person's gross negligence, bad faith, willful misconduct, or knowing violation of law in the performance of his/her/its duties hereunder;

(ii)    "<u>Disability</u>" of the Litigation Trustee or a Member who is a natural person shall have occurred if, as a result of such Person's incapacity due to physical or mental illness as determined by a physician selected by the Litigation Trustee or the Member, as applicable, and reasonably acceptable to the Litigation Trust Oversight Board, the Litigation Trustee or the Member shall have been substantially unable to perform his or her duties hereunder for three (3) consecutive months or for an aggregate of 180 days during any period of twelve (12) consecutive months; and

24

(c)    the Bankruptcy Court shall retain jurisdiction to adjudicate any dispute regarding the removal or attempted removal of any Member, including, without limitation, any issue regarding Cause or Disability.

5.9    <u>Appointment of a Successor Member</u>.

(a)    In the event of a vacancy on the Litigation Trust Oversight Board (whether by removal, death or resignation), a new Member may be appointed to fill such position by [a majority of] the remaining <u>Members, including a majority of the "United States persons" who are</u> Members.  The appointment of a successor Member will be further evidenced by the Litigation Trustee's filing with the Bankruptcy Court and posting on the Litigation Trustee's website of a notice of appointment, at the direction of the Litigation Trust Oversight Board, which notice will include the name, address, and telephone number of the successor Member.

(b)    Immediately upon the appointment of any successor Member, all rights, powers, duties, authority and privileges of the predecessor Member hereunder will be vested in and undertaken by the successor Member without any further act, and such successor Member will not be liable personally for any act or omission of the predecessor Member.

(c)    Every successor Member appointed hereunder shall execute, acknowledge and deliver to the Litigation Trustee and other Members an instrument accepting the appointment under this Agreement and agreeing to be bound hereto, and thereupon the successor Member without any further act, deed or conveyance, shall become vested with all rights, powers, trusts and duties of the retiring Member.

5.10    <u>Compensation and Reimbursement of Expenses</u>.    Unless determined by the Litigation Trust Oversight Board, no Member shall be entitled to compensation in connection with his or her service to the Litigation Trust Oversight Board and no Member shall receive attorneys' fees.    However, the Litigation Trust will reimburse the Members for all reasonable and documented out-of-pocket expenses incurred by the Members in connection with the performance of each of their duties hereunder.

5.11    <u>Confidentiality</u>.    Each ~~Member, including a non-voting observer~~ Member, shall, during the period that such Member serves as a Member under this Agreement and following the termination of this Agreement or following such Member's removal or resignation, hold strictly confidential and not use for any purpose, non-public information of which such Member has become aware in the Member's capacity as a Member, except as otherwise required by law. Notwithstanding anything to the contrary, Member Pension Benefit Guaranty Corporation ("<u>PBGC</u>"), as a governmental agency, may disclose confidential information (i) to the Executive Branch of the United States, the PBGC Board of Directors, officials, advisors, consultants, and representatives who have a need to know the information as part of their job responsibilities; (ii) as required by law; (iii) as may be necessary in connection with any court or administrative proceedings; (iv) upon request of Congress or any committee, joint committee or subcommittee thereof, including the Comptroller General and the Congressional Budget Office.

25

# ARTICLE VI
# LIABILITY AND INDEMNIFICATION

6.1     Indemnification of the Litigation Trustee[2]

(a)     The Litigation Trust shall indemnify the Litigation Trustee for, and shall hold them harmless against, any loss, liability, damage, judgment, fine, penalty, claim, demand, settlement, cost or expense (including the reasonable fees and expenses of their respective professionals) incurred without fraud, gross negligence or willful misconduct on the part of the Litigation Trustee in its capacity as such (which fraud, gross negligence or willful misconduct, if any, must be determined by a Final Order of a court of competent jurisdiction) for any action taken, suffered or omitted to be taken by the Litigation Trustee in connection with the acceptance, administration, exercise and performance of its duties under the Plan or this Agreement, as applicable. An act or omission taken with the approval of the Bankruptcy Court or the Canadian Court, and not inconsistent therewith, will be conclusively deemed not to constitute fraud, gross negligence or willful misconduct. In addition, the Litigation Trust shall, to the fullest extent permitted by law, indemnify and hold harmless the Litigation Trustee, in its capacity as such, from and against any and all liabilities, losses, damages, claims, costs and expenses, including attorneys' fees arising out of or due to its actions or omissions, or consequences of such actions or omissions, with respect to the Litigation Trust or the implementation or administration of the Plan if the Litigation Trustee acted in good faith and in a manner reasonably believed to be in, or not opposed to, the best interest of the Litigation Trust. To the extent the Litigation Trust indemnifies and holds the Litigation Trustee harmless as provided above, the reasonable legal fees and related costs incurred by counsel to the Litigation Trustee in monitoring or participating in the defense of such claims giving rise to the right of indemnification shall be paid as Litigation Trust Expenses. The costs and expenses incurred in enforcing the right of indemnification in this Section 6.1(a) shall be paid by the Litigation Trust. This provision shall survive the termination of this Agreement and the death, dissolution, liquidation, resignation, replacement or removal of the Litigation Trustee.

(b)     The Litigation Trustee shall be authorized, but not required, to obtain any reasonably necessary insurance coverage, at the Litigation Trust's sole expense, for the Litigation Trust Oversight Board, the Litigation Trust, and the Litigation Trustee and their respective agents, including coverage with respect to the liabilities, duties and obligations of the Litigation Trustee, which insurance coverage may, at the sole option of the Litigation Trustee, be extended for a reasonable period after the termination of the Litigation Trust Agreement.

6.2     Limitation of Liability.     The Litigation Trustee, including any agents or professionals of the Litigation Trustee, and the members of the Litigation Trustee Oversight Board will not be liable for punitive, exemplary, consequential, special or other damages for a breach of this Agreement under any circumstances in connection with the Litigation Trust Agreement, whether such claims are brought in contract or tort, except for damages arising from specific actions or omissions resulting from willful misconduct, gross negligence, malpractice, or intentional fraud.  The Litigation Trustee shall enjoy all of the rights, powers, immunities and

---

[2] Including members of the Litigation Trust Oversight Board in their capacities as such.

26

privileges applicable to a chapter 7 trustee or any other analogous trustee with respect to the DV Claims, Claims of the DV Entities, any of the Former D&Os or Shareholders, the Former D&O and Shareholder Causes of Action, and other Causes of Action that are Litigation Trust Assets. The Litigation Trustee may, in connection with the performance of his, her or its functions, in the Litigation Trustee's sole and absolute discretion, consult with his, her or its attorneys, accountants, advisors and agents, and shall not be liable for any act taken, or omitted to be taken, or suggested to be done in accordance with advice or opinions rendered by such persons, regardless of whether such advice or opinions are in writing. Notwithstanding such authority, the Litigation Trustee shall be under no obligation to consult with any such attorneys, accountants, advisors or agents, and any determination not to do so shall not result in the imposition of liability on the Litigation Trustee or its members unless such determination is based on willful misconduct, gross negligence or fraud. Persons dealing with the Litigation Trustee shall look only to the Litigation Trust Assets to satisfy any liability incurred by the Litigation Trustee to such person in carrying out the terms of the Litigation Trust Agreement, and the Litigation Trustee shall have no personal obligation to satisfy such liability.

## ARTICLE VII
## TAX MATTERS

7.1     <u>Tax Treatment; No Successor in Interest</u>. The Litigation Trust is intended to be treated for U.S. federal income tax purposes as a liquidating trust described in Treasury Regulation section 301.7701-4(d).   For U.S. federal income tax purposes, the transfer of assets by the Debtors to the Litigation Trust will be treated as the transfer of assets by the Debtors to the holders of Allowed Claims entitled to distributions from the Litigation Trust Assets, as applicable, subject to any liabilities of the Debtors or the Litigation Trust payable from the proceeds of such assets, followed by the transfer of such assets (subject to such liabilities) by such holders to the Litigation Trust in exchange for the beneficial interests in the Litigation Trusts. For all U.S. federal income tax purposes, all parties (including the Debtors, the Litigation Trustee and the Litigation Trust Beneficiaries) shall treat the transfer of the Litigation Trust Assets by the Debtors to the Litigation Trust in the manner set forth above as a transfer of such assets by the Debtors to the holders of Allowed Claims entitled to distributions from the Litigation Trust Assets, followed by a transfer by such holders to the Litigation Trust.

7.2     <u>Liquidation Purpose of the Litigation Trust.</u> The Litigation Trust shall be established for the primary purpose of liquidating and distributing the assets transferred to it, in accordance with Treasury Regulation section 301.7701-4(d), with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Litigation Trust. Accordingly, the Litigation Trustee shall, in an expeditious but orderly manner and in conformity with the Plan, liquidate and convert to Cash the Litigation Trust Assets, make timely distributions to the Litigation Trust Beneficiaries and not unduly prolong their duration. The Litigation Trust shall not be deemed a successor-in-interest of the Debtors for any purpose other than as specifically set forth in this Plan or this Agreement. The record holders of beneficial interests shall be recorded and set forth in a register maintained by the Litigation Trustee expressly for such purpose.  The Liquidation Trust will keep a record of Litigation Trust Beneficiaries for the Litigation Trust.

27

7.3     <u>Cash Investments.</u> The right and power of the Litigation Trustee to invest the Litigation Trust Assets, the proceeds thereof or any income earned by the Litigation Trust, shall be limited to the right and power that a liquidating trust, within the meaning of section 301.7701-4(d) of the Treasury Regulations, is permitted to hold, pursuant to the Treasury Regulations, or any modification in the IRS guidelines, including Revenue Procedure 94-45, whether set forth in IRS rulings or other IRS pronouncements, and to the investment guidelines of section 345 of the Bankruptcy Code.  The Litigation Trustee may retain any Litigation Trust Assets received that are not Cash only for so long as may be required for the prompt and orderly liquidation of such assets, and the Litigation Trustee may expend the Litigation Trust Assets;  (i) as reasonably necessary to meet contingent liabilities and realize or maintain the value of the Litigation Trust Assets during liquidation; (ii) to pay reasonable and documented administrative expenses (including, but not limited to, any taxes imposed on the Litigation Trust or reasonable fees and expenses in connection with liquidating the Litigation Trust Assets); and (iii) to satisfy other liabilities incurred or assumed by the Litigation Trust (or to which the Litigation Trust Assets are otherwise subject) in accordance with the Plan or this Agreement.

7.4     <u>Litigation Trust as Grantor Trust</u>. The Litigation Trust is intended to qualify as a "grantor trust" for U.S. federal income tax purposes with the Litigation Trust Beneficiaries treated as grantors and owners of the Litigation Trust.  For all U.S. federal income tax purposes, all parties (including the Debtors, the Litigation Trustee and the Litigation Trust Beneficiaries) shall treat the transfer of the Litigation Trust Assets by the Debtors to the Litigation Trust, as set forth in the Litigation Trust Agreement, as a transfer of such assets by the Debtors to the holders of Allowed Claims entitled to distributions from the Litigation Trust Assets, followed by a transfer by such holders to the Litigation Trust. Thus, the Litigation Trust Beneficiaries shall be treated as the grantors and owners of a grantor trust for U.S. federal income tax purposes.

7.5     <u>Tax Reporting and Tax Payments.</u>

(a)     The Litigation Trustee shall file tax returns for the Litigation Trusts treating the Litigation Trust as a grantor trust pursuant to Treasury Regulation section 1.671-4(a). The Litigation Trustee also shall annually send or otherwise provide to each holder of a Litigation Trust Beneficial Interest a separate statement regarding the receipts and expenditures of the Litigation Trust as relevant for U.S. federal income tax purposes and will instruct all such holders to use such information in preparing their U.S. federal income tax returns or to forward the appropriate information to such holders' underlying beneficial holders with instructions to utilize such information in preparing their U.S. federal income tax returns.

(b)     As soon as practicable after the Effective Date, the Litigation Trustee shall make a good faith determination of the fair market value of the Litigation Trust Assets as of the Effective Date.  This valuation shall be made available to the parties from time to time as relevant and shall be used consistently by all parties for all U.S. federal income tax purposes. The Bankruptcy Court shall resolve any dispute regarding the valuation of the assets of the Litigation Trust.

(c)     The Litigation Trust shall be responsible for payment, out of the Litigation Trust Assets, of any taxes imposed on the Litigation Trust or the Litigation Trust Assets.

(d)    The Litigation Trustee may request an expedited determination of taxes of the Litigation Trust, under section 505(b) of the Bankruptcy Code for all tax returns filed for, or on behalf of, such Litigation Trust for all taxable periods through the dissolution of the Litigation Trust.

7.6    <u>Withholding of Taxes</u>.

(a)    The Litigation Trustee shall deduct and withhold and pay to the appropriate Governmental Unit all amounts required to be deducted or withheld pursuant to the Tax Code or any provision of any state, local or non-U.S. tax law with respect to any payment or distribution by the Litigation Trust to the Litigation Trust Beneficiaries.  Notwithstanding the above, each holder of an Allowed Claim that is to receive a distribution under the Plan shall have the sole and exclusive responsibility for the satisfaction and payment of any taxes imposed on such holder by any governmental authority, including income, withholding and other tax obligations, on account of such distribution.  All such amounts withheld and paid to the appropriate Governmental Unit shall be treated as amounts distributed to the applicable Litigation Trust Beneficiary for all purposes of this Agreement.

(b)    The Litigation Trustee shall be authorized to collect such tax information from the Litigation Trust Beneficiaries (including, without limitation, social security numbers or other tax identification numbers) as it, in its sole discretion, deems necessary to effectuate the Plan, the Confirmation Order and this Agreement.  As a condition to receive distributions under the Plan, all Litigation Trust Beneficiaries may be required to identify themselves to the Litigation Trustee and provide tax information and the specifics of their holdings, to the extent the Litigation Trustee deems appropriate, including an IRS Form W-9 or, in the case of Litigation Trust Beneficiaries that are not United States persons for federal income tax purposes, certification of foreign status on an applicable IRS Form W-8 unless such Person is exempt under the Tax Code and provides the Litigation Trustee with the appropriate documentation, satisfactory to the Litigation Trustee, establishing such exemption.  The Litigation Trustee may refuse to make a distribution to any Litigation Trust Beneficiary that fails to furnish such information in a timely fashion, until such information is delivered; *provided*, *however*, that, upon the delivery of such information by a Litigation Trust Beneficiary within 150 days of the initial request by the Litigation Trustee, the Litigation Trustee shall make such distribution to which the Litigation Trust Beneficiary is entitled, without interest;  If such request is made by the Liquidation Trustee, the Litigation Trustee or such other Person designated by the applicable Trustee and the holder fails to comply before the date that is 150 days after the request is made, the amount of such distribution shall irrevocably revert to the Liquidation Trust or Litigation Trust, as applicable, and any Claim in respect of such Distribution shall be discharged and forever barred from assertion against any Debtor and its respective property. If the Litigation Trustee fails to withhold in respect of amounts received or distributable with respect to any such holder and the Litigation Trustee is later held liable for the amount of such withholding, such holder shall reimburse the Litigation Trustee for such liability.

(c)    The identification requirements in this Section 7.6 may, in certain cases, extend to holders who hold their securities in street name.

29

7.7     <u>Tax Returns and Books and Records upon Dissolution</u>.  Upon the dissolution of the Litigation Trust, the Litigation Trustee shall transfer all tax returns and filings and other books and records of the Litigation Trust related to taxes to the Liquidation Trust if the Liquidation Trust has not been previously dissolved.

7.8     <u>Exemption from Certain Transfer Taxes</u>. To the maximum extent provided by section 1146(a) of the Bankruptcy Code, any post Confirmation sale by any Debtor, or any transfer from any Entity pursuant to, in contemplation of, or in connection with the Plan or pursuant to:  (i) the issuance, distribution, transfer, or exchange of any debt, equity security, or other interest in the Debtors; or (ii) the making, delivery, or recording of any deed or other instrument of transfer under, in furtherance of, or in connection with, the Plan, including any deeds, bills of sale, assignments, or other instruments of transfer executed in connection with any transaction arising out of, contemplated by, or in any way related to the Plan, shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, real estate transfer tax, mortgage recording tax, Uniform Commercial Code or similar filing or recording fee, or other similar tax or governmental assessment, in each case to the extent permitted by applicable bankruptcy law, and the appropriate federal, state, provincial or local government officials or agents shall forego collection of any such tax or governmental assessment and accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.

## ARTICLE VIII
## DISSOLUTION OF LITIGATION TRUST

8.1     <u>Dissolution of the Litigation Trust</u>.  In no event shall the Litigation Trust be dissolved later than five (5) years from the Effective Date unless the Bankruptcy Court, upon motion made within the six month period before such fifth anniversary (and, in the event of further extension, by order of the Bankruptcy Court, upon motion made within  six months before the end of the extended term), determines that a fixed period extension (not to exceed three years, together with any prior extensions, without a favorable private letter ruling from the IRS or an opinion of counsel satisfactory to the Litigation Trustee that any further extension would not adversely affect the status of the trust as a liquidating trust for U.S. federal income tax purposes) is necessary to facilitate or complete the recovery on, and liquidation of, the Litigation Trust Assets. Upon the dissolution of the Litigation Trust, the Litigation Trustee shall transfer any remaining Litigation Trust Assets to the Liquidation Trust for Distribution to the Litigation Trust Beneficiaries in accordance with the terms of the Plan; provided that if the Liquidation Trust is dissolved before the dissolution of the Litigation Trust, the Litigation Trustee shall distribute the Litigation Trust Assets directly to Litigation Trust Beneficiaries in accordance with the terms of the Plan.

## ARTICLE IX
## AMENDMENT AND WAIVER

9.1     Subject to Sections 9.2 and 9.3 of this Agreement, the Litigation Trustee, with the prior approval of the Litigation Trust Oversight Board, upon notice to the Liquidation Trustee with the opportunity to object, may seek Bankruptcy Court approval of any amendment, supplement or waiver with respect to any provision of this Agreement.  Technical amendments to this Agreement

30

may be made, as necessary to clarify this Agreement or enable the Litigation Trustee to effectuate the terms or purposes of this Agreement, by the Litigation Trustee with approval by a majority of the Litigation Trust Oversight Board, as well as a majority of the "United States persons" who are Members, and upon five (5) prior business days' notice to the Liquidation Trustee.

9.2    Notwithstanding Section 9.1 of this Agreement, no amendment, supplement or waiver of or to this Agreement shall (a) adversely affect the payments and/or distributions to be made under the Plan, the Confirmation Order or this Agreement, (b) adversely affect the U.S. federal income tax status of the Litigation Trust as a "liquidating trust" or (c) be inconsistent with the purpose and intention of the Litigation Trust to liquidate in an expeditious but orderly manner the Litigation Trust Assets in accordance with Treasury Regulation section 301.7701-4(d).

9.3    No failure by the Litigation Trust, the Litigation Trustee, or the Litigation Trust Oversight Board to exercise or delay in exercising any right, power, or privilege hereunder shall operate as a waiver, nor shall any single or partial exercise of any right, power, or privilege hereunder preclude any further exercise thereof, or of any other right, power, or privilege.

## ARTICLE X
## MISCELLANEOUS PROVISIONS

10.1    <u>Governing Law</u>.  This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware (without reference to principles of conflicts of law that would require or permit application of the law of another jurisdiction).

10.2    <u>Jurisdiction</u>.  Subject to the proviso below, the Parties agree that the Bankruptcy Court shall have   jurisdiction over the Litigation Trust and the Litigation Trustee, including, without limitation, the administration and activities of the Litigation Trust and the Litigation Trustee to the fullest extent permitted by law; *provided*, *however*, that notwithstanding the foregoing, the Litigation Trustee shall have power and authority to bring any action in any court of competent jurisdiction to prosecute any of Causes of Action constituting Litigation Trust Assets and pursue any recoveries in respect of any such Causes of Action.  Each Party to this Agreement hereby irrevocably consents to the jurisdiction of the Bankruptcy Court in any action to enforce, interpret or construe any provision of this Agreement or of any other agreement or document delivered in connection with this Agreement, and also hereby irrevocably waives any defense of improper venue, *forum non conveniens*, or lack of personal jurisdiction to any such action brought in the Bankruptcy Court.  Until the closing or dismissal of the Chapter 11 Cases, any action to enforce, interpret, or construe any provision of this Agreement will be brought only in the Bankruptcy Court; *provided*, *however*, that in the event that the Bankruptcy Court does not have jurisdiction pursuant to the foregoing provision, including after the closing or dismissal of the Chapter 11 Cases, any action to enforce, interpret, or construe any provision of this Agreement will be brought in either a state or federal court of competent jurisdiction in the state of Delaware (without prejudice to the right of any Party to seek to reopen the Chapter 11 Cases to hear matters with respect to this Agreement).  Each Party hereby irrevocably consents to the service by certified or registered mail, return receipt requested, of any process in any action to enforce, interpret, or construe any provision of this Agreement.

WEIL:\97837731\7\30950.0071

10.3    <u>Severability</u>.  In the event any provision of this Agreement or the application thereof to any person or circumstances shall be determined by Final Order to be invalid or unenforceable to any extent, the remainder of this Agreement or the application of such provision to persons or circumstances or in jurisdictions other than those as to or in which it is held invalid or unenforceable, shall not be affected thereby, and each provision of this Agreement shall be valid and enforceable to the fullest extent permitted by law.

10.4    <u>Notices</u>.  Any notice or other communication required or permitted to be made under this Agreement shall be in writing and shall be deemed to have been sufficiently given, for all purposes, if delivered personally or by facsimile or electronic communication, sent by nationally recognized overnight delivery service or mailed by first-class mail.  The date of receipt of such notice shall be the earliest of (a) the date of actual receipt by the receiving party, (b) the date of personal delivery (or refusal upon presentation for delivery), (c) the date of the transmission confirmation or (d) three Business Days after service by first-class mail, to the receiving party's below address(es):

> (i)    if to the Litigation Trustee, to:
>
> William T. Reid, IV PLLC
> Reid Collins & Tsai LLP
> 330 West 58th Street
> Suite 403
> New York, NY 10019
> wreid@rctlegal.com
>
> (ii)    if to any Litigation Trust Beneficiary, to the last known address of such Litigation Trust Beneficiary according to the Litigation Trustee's records;
>
> (iii)    if to the Debtors, to:
>
> Weil, Gotshal & Manges LLP
> 767 Fifth Avenue
> New York, NY 10153
> Attn: Garrett A. Fail
>       David J. Cohen
> Email: garrett.fail@weil.com
>          davidj.cohen@weil.com
>
> (iv)    if to a Member of the Litigation Trust Oversight Board, to the applicable address(es) set forth on <u>Exhibit 1A</u>.

10.5    <u>Headings</u>.  The headings contained in this Agreement are solely for convenience of reference and shall not affect the meaning or interpretation of this Agreement or of any term or provision hereof.

WEIL:\97837731\7\30950.0071

10.6     <u>Plan and Confirmation Order</u>.  The principal purpose of this Agreement is to aid in the implementation of the Plan and, therefore, this Agreement incorporates and, is subject to the provisions of the Plan and the Confirmation Order.   In the event of any direct conflict or inconsistency between any provision of this Agreement, on the one hand, and the provisions of the Plan, on the other hand, the provisions of the Plan shall govern and control.   In the event of any direct conflict or inconsistency between any provision in the Plan, on the one hand, and the provisions of the Confirmation Order, on the other hand, the provisions of the Confirmation Order shall govern and control.

10.7     <u>Entire Agreement</u>.  This Agreement and the exhibits attached hereto, together with the Plan and the Confirmation Order, contain the entire agreement between the parties and supersede all prior and contemporaneous agreements or understandings between the parties with respect to the subject matter hereof.

10.8     <u>Cumulative Rights and Remedies</u>.   The rights and remedies provided in this Agreement are cumulative and are not exclusive of any rights under law or in equity, subject to any limitations provided under the Plan and the Confirmation Order.

10.9     <u>Meanings of Other Terms</u>.  Except where the context otherwise requires, words importing the masculine gender include the feminine and the neuter, if appropriate, words importing the singular number shall include the plural number and vice versa and words importing persons shall include firms, associations, corporations and other entities.  All references herein to Articles, Sections and other subdivisions, unless referring specifically to the Plan or provisions of the Bankruptcy Code, the Bankruptcy Rules or other law, statute or regulation, refer to the corresponding Articles, Sections and other subdivisions of this Agreement and the words "herein," "hereof" or "herewith" and words of similar import refer to this Agreement as a whole and not to any particular Article, Section or subdivision of this Agreement.  The term "including" shall mean "including, without limitation."

10.10    <u>Successors in Interest</u>.  This Agreement shall be binding upon and inure to the benefit of any successor in interest to any one or more of the Brooks Brothers Parties, including, but not limited to, the Debtors (as limited by the Plan and the Confirmation Order), that shall, upon becoming any such successor be subject to and obligated to comply with the terms and conditions hereof.  The obligations of the Litigation Trust and Litigation Trustee to any one or more of the Brooks Brothers Parties pursuant to this Agreement shall also be obligations of the Litigation Trust and Litigation Trustee to any such successor in interest, including, but not limited to, the Reorganized Debtors. For the avoidance of doubt, in the event that any Person (including, as applicable, the Reorganized Debtors) becomes a successor in interest to a Brooks Brothers Party, the claims, privileges, books and records and directors, officers, employees, agents and professionals of such Person, to the extent not otherwise subject to the provisions and requirements of this Agreement prior to such Person becoming a successor in interest to the applicable Brooks Brothers Party, shall not become subject to the provisions and requirements of this Agreement solely because such Person becomes a successor in interest to the applicable Brooks Brothers Party.

10.11 <u>Limitations</u>.  Except as otherwise specifically provided in this Agreement, the Plan or the Confirmation Order, nothing herein is intended or shall be construed to confer upon or to give any person other than the parties hereto and the Litigation Trust Beneficiaries any rights or remedies under or by reason of this Agreement and notwithstanding anything in this Agreement, the Parties hereby acknowledge and agree that nothing herein is intended to, does, or shall be construed to prejudice or harm in any way the rights, remedies or treatment (including any releases, exculpation, indemnification, or otherwise) of any Released Party or Exculpated Party, solely in their capacity as a Released Party or Exculpated Party, under the Plan.

10.12 <u>Further Assurances</u>.  From and after the Effective Date, the parties hereto covenant and agree to execute and deliver all such documents and notices and to take all such further actions as may reasonably be required from time to time to carry out the intent and purposes of this Agreement, and to consummate the transactions contemplated hereby.

10.13 <u>Counterparts</u>.  This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but such counterparts shall together constitute but one and the same instrument.  A facsimile or electronic mail signature of any party shall be considered to have the same binding legal effect as an original signature.

10.14 <u>Authority</u>.  Each Party hereby represents and warrants to the other Parties that: (i) such Party has full corporate power and authority to enter into this Agreement, to carry out its obligations hereunder and to consummate the transactions contemplated hereby; (ii) the execution and delivery by such Party of this Agreement, the performance by such Party of its obligations hereunder, and the consummation by Seller of the transactions contemplated hereby and thereby have been duly authorized by all requisite corporate action on the part of such Party; (iii) this Agreement has been duly executed and delivered by such Party, and (assuming due authorization, execution and delivery by the other Parties hereto) this Agreement constitutes a legal, valid and binding obligation of such Party enforceable against such Party in accordance with its terms.

**IN WITNESS WHEREOF**, the Parties hereto have executed this Agreement or caused this Agreement to be duly executed by their respective officers, representatives or agents, effective as of the date first above written.

WILLIAM T. REID, IV PLLC, AS TRUSTEE OF THE BROOKS BROTHERS LITIGATION TRUST

By: _____
Name:
Title:

BBGI US, INC., ON BEHALF OF THE DEBTORS

By: _____
Name:
Title:

[Signature Page to Brooks Brothers Litigation Trust Agreement]

# EXHIBIT ~~1~~A

**Initial Members of the Litigation Trust Oversight Board**

[To Come]