# **EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ------------------------------------------------------------ x | : | **Chapter 11** |
| **In re:** | : | |
| | : | **Case No. 20-11785 (CSS)** |
| **BBGI US, INC.,** *et al.*, | : | |
| | : | **(Jointly Administered)** |
| Debtors. | : | |
| | : | **Re: D.I. __** |
| ------------------------------------------------------------ x | | |

**ORDER APPROVING STIPULATION REGARDING**
**CLAIMS OF TAL GLOBAL ALLIANCES**

Upon consideration of the *Stipulation Regarding Claims of TAL Global Alliances* (the "**Stipulation**"), a copy of which is attached hereto as **Exhibit 1**; and the Court having jurisdiction to consider the Stipulation pursuant to 28 U.S.C. § 1334; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Stipulation is hereby approved.

2. This Court retains jurisdiction over all matters arising from or related to the implementation or interpretation of this Order.

# Exhibit 1

**Stipulation**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

------------------------------------------------------------- x
::
**In re:**                                                    :    **Chapter 11**
::
:    **Case No. 20-11785 (CSS)**
**BBGI US, INC.,** *et al.*,                                  :
:    **(Jointly Administered)**
Debtors.[1]                                                   :
::
------------------------------------------------------------- x

## STIPULATION REGARDING CLAIMS OF TAL GLOBAL ALLIANCES

BBGI US, Inc. (f/k/a Brooks Brothers Group, Inc.) and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") and TAL Global Alliances Limited ("**Claimant**," and together with the Debtors, the "**Parties**") hereby stipulate and agree (the "**Stipulation**") as follows:

**WHEREAS**, on July 8, 2020 (the "**Petition Date**"), each of the Debtors (with the exception of BB Canada)[2] commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court of the District of Delaware (the "**Court**");

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are BBGI US, Inc. (f/k/a Brooks Brothers Group, Inc.) (8883); Brooks Brothers Far East Limited (N/A); BBD Holding 1, LLC (N/A); BBD Holding 2, LLC (N/A); BBDI, LLC (N/A); BBGI International, LLC (f/k/a Brooks Brothers International, LLC) (N/A); BBGI Restaurant, LLC (f/k/a Brooks Brothers Restaurant, LLC) (3846); Deconic Group LLC (0969); Golden Fleece Manufacturing Group, LLC (5649); RBA Wholesale, LLC (0986); Retail Brand Alliance Gift Card Services, LLC (1916); Retail Brand Alliance of Puerto Rico, Inc. (2147); 696 White Plains Road, LLC (7265); and BBGI Canada Ltd. (f/k/a Brooks Brothers Canada Ltd.) (4709). The Debtors' corporate headquarters and service address is 100 Phoenix Ave., Enfield, CT 06082.

[2] BBGI Canada Ltd. (f/k/a Brooks Brothers Canada Ltd.) commenced its voluntary chapter 11 case on September 10, 2020.

RLF1 25130433v.1

**WHEREAS,** on September 25, 2020, Claimant filed proofs of claim numbers 1087, 1092, 933, 1090, 1089, 1048, 1083, 1043, 1082, 921, 1064, 1091, 1005, and 1009 each asserting a duplicative claim for $44,980,393.50 against various Debtors (the "**Proofs of Claim**");

**WHEREAS**, the Proofs of Claim assert claims arising under section 503(b)(9) of the Bankruptcy Code in the amount of $3,133,356.16 and general unsecured prepetition claims in the amount of $41,847,037.34;

**WHEREAS**, on January 27, 2021, the Debtors filed the *Amended Joint Chapter 11 Plan of Liquidation for BBGI US, Inc. and Its Affiliated Debtors* (D.I. 957) (the "**Plan**");

**WHEREAS**, on March 5, 2021, the Plan was confirmed by order of the Court (D.I. 1104);

**WHEREAS**, the Parties have engaged in discussions and negotiations to avoid the expense and uncertainty regarding litigation;

**NOW, THEREFORE**, in consideration of the foregoing, plus other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby stipulate and agree as follows:

1. This Stipulation shall be binding and effective upon approval of the Stipulation by the Court (the "**Stipulation Effective Date**").

2. On the Stipulation Effective Date, the Proofs of Claim shall be merged into a single proof of claim and assigned a single claim number to avoid duplication and simplify administration (the "**Combined Claim**"). The Combined Claim shall be (i) classified and Allowed, in part, as a single Administrative Expense Claim (as defined the Plan) in the amount of $120,785.00 (the "**Allowed 503(b)(9) Claim**"); and (ii) classified, in part, as a General Unsecured Claim (as defined in the Plan) in the amount of $44,859,608.50 (the "**Remaining Claim**").

3. The Remaining Claim shall neither be Allowed nor Disallowed by this Stipulation. The Debtors and Claimant agree to continue to engage in good faith discussions and negotiations to expeditiously resolve the Remaining Claim and to avoid the need for litigation.

4. On the Stipulation Effective Date, Claimant shall conclusively, absolutely, unconditionally, irrevocably, and forever release the Debtors from any and all Administrative Expense Claims and Other Priority Claims (as defined in the Plan) other than the Allowed 503(b)(9) Claim. For the avoidance of doubt, nothing in this Stipulation shall be construed as a waiver or release by the Claimant of the Remaining Claim.

5. On the Stipulation Effective Date, the Debtors may adjust the claims register to reflect this Stipulation.

6. Nothing contained in this Stipulation is intended to be or shall be construed as (i) a waiver by the Debtors of any claims or causes of action or (ii) an approval, assumption, or rejection of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code. Nothing contained in this Stipulation shall be construed, applied, or interpreted to change the terms of the Plan in any respect.

7. This Stipulation constitutes the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

8. Each party acknowledges that it has had the opportunity to consult with legal counsel of its choosing prior to entering into this Stipulation and that it enters this Stipulation knowingly and voluntarily.

9. By executing this Stipulation, each Party represents to the other that (a) the person executing this Stipulation on its behalf is duly authorized and empowered to execute and

RLF1 25130433v.1

deliver this Stipulation; and (b) this Stipulation constitutes the legal, valid and binding obligation of such Party, enforceable against it in accordance with the Stipulation's terms.

10. This Stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

11. The laws of the State of Delaware shall govern the interpretation and enforcement of this Stipulation, without regard to principles of conflicts of law.

12. This Stipulation shall not be modified, altered, amended, or vacated without the written consent of both Parties hereto or by order of the Court. No waiver of this Stipulation or of any of the promises, obligations, terms, or conditions hereof shall be valid unless it is written and signed by the Party against whom the waiver is to be enforced.

13. The Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation.

IN WITNESS WHEREOF, this Stipulation has been executed and delivered as of the day and year first below written.

Dated: April 19, 2021
Wilmington, Delaware

/s/ Laura Davis Jones
Laura Davis Jones (No. 2436)
James E. O'Neill (No. 4042)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Email: ljones@pszjlaw.com
joneill@pszjlaw.com

- and –

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Christopher J. Marcus, P.C.
Joseph M. Graham
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Email: christopher.marcus@kirkland.com
joe.graham@kirkland.com

*Counsel for Claimant*

/s/ Zachary I. Shapiro
**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Zachary I. Shapiro (No. 5103)
Christopher M. De Lillo (No. 6355)
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
E-mail: collins@rlf.com
shapiro@rlf.com
delillo@rlf.com

- and -

**WEIL, GOTSHAL & MANGES LLP**
Garrett A. Fail (admitted *pro hac vice*)
David J. Cohen (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
E-mail: garrett.fail@weil.com
davidj.cohen@weil.com

*Attorneys for Debtors
and Debtors in Possession*