UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

------------------------------------------------------------ x
                                                        :

In re:                                         :       Chapter 11
                                                       :
BBGI US, INC.,                       :       Case No. 20–11785 (CSS)
                                                       :
                 Post-Effective Date Debtor.[1]    :       Re: D.I. 1291
                                                       :
------------------------------------------------------------ x

**ORDER AUTHORIZING LIQUIDATION TRUST TO FILE UNDER SEAL CERTAIN PERSONAL IDENTIFICATION INFORMATION CONTAINED IN EXHIBITS 1 AND 2 TO THE STIPULATION AND AGREEMENT BETWEEN THE LIQUIDATION TRUST AND THE AUTHORIZED REPRESENTATIVES OF RETIREES AUTHORIZING THE LIQUIDATION TRUST TO TERMINATE RETIREE BENEFITS**

Upon the motion (the "**Motion**")[2] of the Liquidation Trust, as the representative of the estates of the Debtors, for entry of an order under sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rules 9018 and 9037, and Local Rule 9018-1, for an order authorizing the Liquidation Trust to (i) file under seal the names of the Retirees (the "**Personal Identification Information**") included on Exhibits 1 and 2 (the "**Exhibits**") to the *Stipulation and Agreement Between the Liquidation Trust and the Authorized Representatives of Retirees Authorizing the Liquidation Trust to Terminate Retiree Benefits* (the "**Stipulation**") between the Parties, as filed with the Stipulation Motion, (ii) file a redacted version of the Stipulation on the docket in this

---

[1] The Post-Effective Date Debtor in this chapter 11 case, along with the last four digits of the Post-Effective Date Debtor's federal tax identification number, is BBGI US, Inc. (f/k/a Brooks Brothers Group, Inc.) (8883) ("**BBGI**"). On June 17, 2021, the Court entered an order closing the chapter 11 cases of BBGI's debtor affiliates, all of which were direct or indirect subsidiaries of BBGI (collectively, the "**Subsidiary Debtors**"). A complete list of the Subsidiary Debtors, along with the last four digits of their federal tax identification numbers (if any), can be found at the following web address: https://cases.primeclerk.com/brooksbrothers/. The Post-Effective Date Debtor's service address is Ankura Consulting Group, LLC, Attn: Adrian Frankum, 485 Lexington Avenue, 10th Floor, New York, NY 10017.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

chapter 11 case and, along with the Post-Effective Date Debtor's claims and noticing agent, redact the Personal Identification Information and the addresses of the Retirees in any other documents filed with the Court in this chapter 11 case, and (iii) provide an unredacted version of the Stipulation to the Court, the Authorized Representatives, the Office of the U.S. Trustee (the "**U.S. Trustee**"), the Post-Effective Date Debtor's claims and noticing agent (if and as the Liquidation Trust deems necessary), and any other parties in interest as the Court may order; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having held a hearing, if necessary, to consider the relief requested in the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Retirees, the Liquidation Trust, the Debtors' estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted to the extent set forth herein.

2. The Liquidation Trust is authorized to file under seal the Personal Identification Information in the Stipulation filed with the Court in this chapter 11 case, and to file a redacted version of the Stipulation on the docket in this chapter 11 case. The Liquidation Trust and the Post-Effective Date Debtor's claims and noticing agent are authorized to redact the

Personal Identification Information, and the Retirees' addresses, in any other documents filed with the Court in this chapter 11 case.

3. The Personal Identification Information shall remain under seal, and shall not be made available to anyone, except that the Liquidation Trust shall provide an unredacted version of the Stipulation (the "**Unredacted Stipulation**") to the Court and on a confidential basis to: (i) the Authorized Representatives; (ii) the U.S. Trustee; and, if and as the Liquidation Trust may deem necessary, (iii) the Post-Effective Date Debtor's claims and noticing agent.

4. Any party authorized, pursuant to this Order, to receive a copy of the Unredacted Stipulation, other than the Court, the Authorized Representatives, or the U.S. Trustee, shall confirm to the Liquidation Trust (which confirmation may be made via electronic email), before receiving copies of the Unredacted Stipulation, that such party is bound by the terms of this Order and shall at all times keep the Unredacted Stipulation and Personal Identification Information therein strictly confidential and shall not disclose the Unredacted Stipulation and the Personal Identification Information or the contents thereof to any party whatsoever.

5. When serving any notice in these cases on any individual whose Personal Identification Information is redacted pursuant to this Order, the Post-Effective Date Debtor's claims and noticing agent, and, where applicable, the Clerk of the Court, shall use such individual's name.

6. Nothing in this Order shall waive or otherwise limit the service of any document upon or the provision of any notice to any individual whose Personal Identification Information is redacted pursuant to this Order. Service of all documents and notices upon individuals whose Personal Identification Information is redacted pursuant to this Order shall be confirmed, in redacted form, in the corresponding certificate of service. The Liquidation Trust

shall provide the Personal Identification Information to any party in interest that files a motion that indicates such information is needed and that, after notice and a hearing, is granted by the Court.

7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. The Parties are authorized and empowered to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: August 4th, 2021
Wilmington, Delaware

**CHRISTOPHER S. SONTCHI**
**UNITED STATES BANKRUPTCY JUDGE**