# EXHIBIT 1

(Confidentiality Stipulation)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BBGI, Inc., *et al*., | Case No. 20-11785 (CSS) |
| Debtors.[1] | Jointly Administered |

## CONFIDENTIALITY STIPULATION

This Confidentiality Stipulation (the "**Confidentiality Stipulation**") is entered into

by and among (a) William T. Reid, IV PLLC, in its capacity as trustee (the "**Trustee**") of the Brook

Brothers Litigation Trust (the "**Trust**") and (b) Claudio Del Vecchio; Matteo Del Vecchio; the

CDV Trust; the CDV 2010 Annuity Trust; the Del Vecchio Family Trust; Delfin S.A R.L.; DV

Family LLC; the CDV 2015 Annuity Trust; the CDV 2015 Annuity Trust U/A/D 9-16-2015; the

CDV 2015 Annuity Trust U/A/D 2-9-2006; 346 Madison Avenue LLC; 11 East 44th Street, LLC;

CDV Holdings LLC; 2015 Omega Trust U/A/D 9-16-2015; and DV Family, LLC (collectively,

the "**DV Parties**").  Together, the Trustee and the DV Parties are the "**Parties**," and individually,

each a "**Party**."  This Confidentiality Stipulation is entered into in connection with the appointment

of the Trustee pursuant to the *Amended Joint Chapter 11 Plan of Liquidation for BBGI US, Inc.*

*and Its Affiliated Debtors* [D.I. 957] (as amended or modified in accordance with its terms, the

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are BBGI US, Inc. (f/k/a Brooks Brothers Group, Inc.) (8883); Brooks Brothers Far East Limited (N/A); BBD Holding 1, LLC (N/A); BBD Holding 2, LLC (N/A); BBDI, LLC (N/A); BBGI International, LLC (f/k/a Brooks Brothers International, LLC) (N/A); BBGI Restaurant, LLC (f/k/a Brooks Brothers Restaurant, LLC) (3846); Deconic Group LLC (0969); Golden Fleece Manufacturing Group, LLC (5649); RBA Wholesale, LLC (0986); Retail Brand Alliance Gift Card Services, LLC (1916); Retail Brand Alliance of Puerto Rico, Inc. (2147); 696 White Plains Road, LLC (7265); and BBGI Canada Ltd. (f/k/a Brooks Brothers Canada Ltd.) (4709).  The Debtors' corporate headquarters and service address is 100 Phoenix Ave., Enfield, CT 06082.

"**Plan**") and the Trustee's investigation, examination, and discovery relating to, and prosecution of, potential claims and causes of action assigned to the Trust pursuant to the Plan that are Litigation Trust Assets as defined in the Plan (the "**Trust Subject Matters**").

IT IS HEREBY STIPULATED AND AGREED that the following provisions of this Confidentiality Stipulation shall govern and control the production, disclosure, dissemination, handling, and use of all documents, data, testimony, discovery responses and other materials, oral or written, including all copies and excerpts thereof, produced, exchanged, given, or disclosed in connection with any discovery or otherwise, arising from or relating to the Trust Subject Matters:

1.      Subject to, and upon, the entry of the Protective Order approving this Confidentiality Stipulation by the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), this Confidentiality Stipulation will govern and control the production, disclosure, dissemination, handling, and use of all documents, data, testimony, discovery responses and other materials, oral or written, including all copies and excerpts thereof, produced, exchanged, given, or disclosed in connection with any discovery or otherwise, arising from or relating to the Trust Subject Matters (collectively, the "**Discovery Materials**").

2.      "**Producing Party**" shall mean a Party, or any member or advisor thereof, that produces Discovery Materials.

3.      "**Receiving Party**" shall mean a Party that receives Discovery Materials.

4.      "**Designating Party**" shall mean a Producing Party that designates Discovery Materials that it produces as "Confidential" or "Highly Confidential" in accordance with the provisions set forth herein.

5.      "**Privileged Materials**" are materials protected from disclosure under the attorney-client privilege, work product doctrine, or any other privilege, immunity, or protection afforded,

2

recognized, or made applicable under governing rules or law including but not limited to Rule 26 of the Federal Rules of Civil Procedure, Rules 501 and 1101 of the Federal Rules of Evidence, Rules 7026 and 9017 of the Federal Rules of Bankruptcy Procedure, or Rules 7026-3, 9018-1 and 9019-5 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), including any such privilege or protection under applicable U.S. or foreign law, regulation or statute.

6.      All deadlines stated herein shall be computed pursuant to Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

7.      Unless otherwise agreed by the Producing Party or ordered by the Bankruptcy Court, all Discovery Materials, whether or not designated as "Confidential" or "Highly Confidential" in accordance with provisions set forth herein, shall be used by the Receiving Parties solely for purposes of proceedings relating directly to the Trust Subject Matters, and not for any other purpose including with respect to the investigation, examination, or prosecution of any actual or potential claim, cause of action, or interest not assigned to the Trust pursuant to the Plan.

8.      Nothing contained herein shall be deemed a waiver of any objection concerning the confidentiality of any documents, information, or data requested by a Party.

9.      "**Confidential**" Discovery Materials are materials that contain (a) trade secret or other confidential research, development, or commercial information, or any other information protected by Rule 9018 of the Bankruptcy Rules; (b) information subject by law or by contract to a legally protected right of privacy; (c) information that the Producing Party is legally obligated by law or contract to keep confidential; or (d) information that the Producing Party would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence. Notwithstanding anything to the contrary contained herein, Confidential Discovery

3

Materials do not include information that (1) is or becomes available to the public other than as a result of disclosure by a Party, person, or entity in breach of this Confidentiality Stipulation; or (2) was in the possession of a Receiving Party other than as a result of receiving Discovery Materials (except documents or information received pursuant to a protective order or confidentiality agreement applicable to other litigation); or (3) becomes available to a Receiving Party on a non-confidential basis from a source other than the other Parties hereto, provided that such source is not bound by a confidentiality agreement with or other contractual, legal, or fiduciary obligation of confidentiality to any other Party hereto with respect to such information.

10.    "**Highly Confidential**" Discovery Materials are materials that are Confidential, as defined herein, and that also include sensitive personal information or competitively sensitive Confidential Discovery Materials of the Designating Party, the disclosure of which would result in competitive harm, which may include, without limitation, (i) documents or information relating to or reflective of market strategies or investment strategies, including business planning, contract negotiations and terms, and research and development activities; (ii) documents or information relating to or reflective of pricing, including underlying cost data, budgets, and price-related terms of a party; and (iii) documents or information relating to or reflective of customer information. Notwithstanding anything to the contrary contained herein, Highly Confidential Discovery Materials do not include information that (1) is or becomes available to the public other than as a result of disclosure by a Party, person, or entity in breach of this Confidentiality Stipulation; or (2) was in the possession of a Receiving Party other than as a result of receiving Discovery Materials (except documents or information received pursuant to a protective order or confidentiality agreement applicable to other litigation); or (3) becomes available to a Receiving Party on a non-confidential basis from a source other than the other Parties hereto, provided that such source is

not bound by a confidentiality agreement with or other contractual, legal, or fiduciary obligation of confidentiality to any other Party hereto with respect to such information.

11.    A Producing Party who reasonably and in good faith believes that Discovery Materials are Confidential, as defined in paragraph 9, or Highly Confidential, as defined in paragraph 10, may so designate the Discovery Materials as follows:

a.    By imprinting the term "Confidential" or "Highly Confidential," as appropriate, on each page of any document produced that is so designated or, in the case of a document or information produced in native format, on an accompanying production page, in the file name of the native document, in metadata, or in any other reasonable fashion;

b.    By imprinting the term "Confidential" or "Highly Confidential," as appropriate, next to or above any response to a written discovery request such as an interrogatory;

c.    With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions (and exhibits thereto) as "Confidential" or "Highly Confidential," as appropriate, no later than 10 calendar days after receipt of the final transcript of a deposition, or by orally designating such testimony as "Confidential" or "Highly Confidential," as appropriate, on the record at the deposition or other proceeding at which it is given. Until the 10 calendar day period expires, all deposition transcripts shall be treated as Highly Confidential. The Designating Party shall be responsible for ensuring that those portions of the deposition transcript designated as "Confidential" or "Highly Confidential" are appropriately marked and sealed by the reporter;

d.    For Discovery Materials produced in non-paper media (e.g., thumb drive, hard drive, videotape, audiotape, and computer disk), by affixing in a prominent place on the

5

exterior of the media or container or containers in which the media containing Discovery Materials are stored the legend "Confidential" or "Highly Confidential," as appropriate; and

e.    In the event any Confidential or Highly Confidential Discovery Materials are transmitted by the Designating Party by email, the applicable legend shall be included in any email transmitting such materials.

12.    Discovery Materials previously designated Confidential or Highly Confidential that are marked as exhibits during a deposition shall be treated accordingly by the Parties. The marking of Discovery Materials previously designated as Confidential or Highly Confidential as exhibits shall not in any way affect any Party's right to object or otherwise oppose such designation in accordance with this Confidentiality Stipulation.

13.    If a Designating Party believes that a deposition question calls for Highly Confidential Discovery Materials of the Designating Party, counsel for that Party may, before the witness answers, so state, and any persons who are in attendance who are not authorized under this Confidentiality Stipulation to have access to such Highly Confidential Discovery Materials must then remove themselves for the duration of the testimony containing Highly Confidential Discovery Materials. A Party's failure to so advance designate at a deposition shall not constitute a waiver of that Party's right to later designate such testimony as Confidential or Highly Confidential pursuant to this Confidentiality Stipulation.

14.    Other than in the case of those Discovery Materials described in paragraph 11(c) above, a Party's inadvertent failure to designate any Discovery Materials as Confidential or Highly Confidential shall not be deemed a waiver of that Party's later claim that such Discovery Materials are Confidential or Highly Confidential. Such Party may designate such Discovery Materials as Confidential or Highly Confidential pursuant to this Confidentiality Stipulation at any time

thereafter. At such time, arrangement will be made for the substitution, where appropriate, of properly labeled copies of such Discovery Materials. All previously produced copies of such Discovery Materials that were mis-designated shall be destroyed by the Receiving Party or Parties upon receipt of replacement copies of such Discovery Materials with the proper designation. The Receiving Party shall verify in writing that it has destroyed said mis-designated Discovery Materials. A Party's inadvertent failure to designate any Discovery Materials as Confidential or Highly Confidential shall not be cause to adjourn any deposition or other proceeding, unless by agreement of the Parties.

15.     Discovery Materials designated as Confidential, and any and all information contained within or derived from those Discovery Materials, may be disclosed only to the following persons:

a.     Outside counsel of record and other professional advisors for the Parties, and employees of such attorneys, advisors or their firms involved in the Trust Subject Matters, including service providers, such as electronic discovery vendors, graphic services, printing and document duplicating or management services, provided that professional advisors for the Parties are given a copy of this Confidentiality Stipulation and agree to be subject to and bound by the terms thereof in an affidavit in the form of Exhibit A hereto;

b.     The Parties and their paralegals, investigative, technical, and clerical personnel assisting them;

c.     To the extent disclosure is not authorized under another subparagraph, witnesses and potential witnesses who have been noticed or subpoenaed for testimony (including deposition testimony) in connection with the Trust Subject Matters, other than experts, provided there is a reasonable basis to believe that the witnesses or potential witnesses may give relevant

testimony regarding the Confidential Discovery Materials and provided that such persons are given a copy of this Confidentiality Stipulation and agree to be subject to and bound by the terms thereof in an affidavit in the form of <u>Exhibit A</u> hereto. No individual who is shown Discovery Materials designated as Confidential pursuant to this subsection shall be permitted to retain or keep copies of such Discovery Materials or to view them outside the presence of counsel, unless permitted by some other provision of this Confidentiality Stipulation to do so;

        d.      With respect to particular documents or data designated as Confidential, any individual indicated on the face of the document such as its author, addressee, or other recipient, or any other sender/transmitter or recipients of the document or data;

        e.      Independent experts or consultants retained by a Party in connection with the Trust Subject Matters, and the employees of such experts or consultants (or the employees or members of any firm through which the expert or consultant is performing work for purposes of the Trust Subject Matters), provided that such experts or consultants are not employed by a competitor or business counterparty of the Producing Party at the time of disclosure. "Independent" for purposes of this subparagraph refers to a person who is not otherwise employed by, is not an officer or director of, and does not have an ownership interest in the Party by which he or she is retained in connection with the Trust Subject Matters. A person is "employed by" a Party if that person is on the regular payroll of the Party or an affiliate of the Party. For the avoidance of doubt, Discovery Materials obtained by an independent expert or consultant pursuant to this Confidentiality Stipulation cannot be used by such expert or consultant on separate matters adverse to the interests of the Producing Party and shall only be used by such expert or consultant in accordance with paragraph 7. Before Discovery Materials designated as Confidential are

disclosed to any individual under this subparagraph, the individual must sign an affidavit in the form of Exhibit A hereto;

       f.      Court and court personnel working on the Trust Subject Matters;

       g.      Court reporters, videographers, and their clerical personnel in connection with work on the Trust Subject Matters; and

       h.      Such other persons as the Parties may agree upon in writing or as ordered by the Bankruptcy Court.

16.      Unless otherwise agreed by the Producing Party or ordered by the Bankruptcy Court, Discovery Materials designated as Highly Confidential, and any and all information contained within those Discovery Materials, may be disclosed only to the following persons:

       a.      The following outside counsel of record for the Parties, and employees of such attorneys, provided that outside counsel for the Parties are given a copy of this Confidentiality Stipulation and agree to be subject to and bound by the terms thereof in an affidavit in the form of Exhibit A hereto:

       (i)      The law firm of Skadden, Arps, Slate, Meagher & Flom, LLP, as outside counsel for the DV parties.

       (ii)      The law firm of Reid Collins & Tsai LLP, as outside counsel for the Trustee.

       b.      Professional advisors for the Parties, and employees of such advisors involved in the Trust Subject Matters, including service providers, such as electronic discovery vendors, graphic services, printing and document duplicating or management services, provided that professional advisors for the Parties are given a copy of this Confidentiality Stipulation and agree to be subject to and bound by the terms thereof in an affidavit in the form of Exhibit A hereto;

c.      With respect to particular documents or data designated as Highly Confidential, any individual indicated on the face of the document such as its author, addressee, or other recipient, or any other sender/transmitter or recipients of the document or data;

d.      Independent experts or consultants retained by a Party in connection with the Trust Subject Matters, and the employees of such experts or consultants (or the employees or members of any firm through which the expert or consultant is performing work for purposes of the Trust Subject Matters), provided that such experts or consultants are not employed by a competitor or business counterparty of the Producing Party at the time of disclosure. "Independent" for purposes of this subparagraph refers to a person who is not otherwise employed by, is not an officer or director of, and does not have an ownership interest in the Party by which he or she is retained in connection with the Trust Subject Matters. A person is "employed by" a Party if that person is on the regular payroll of the Party or an affiliate of the Party. For the avoidance of doubt, Discovery Materials obtained by an independent expert or consultant pursuant to this Confidentiality Stipulation cannot be used by such expert or consultant on separate matters adverse to the interests of the Producing Party and shall only be used by such expert or consultant in accordance with paragraph 7.  Before Discovery Materials designated as Highly Confidential are disclosed to any individual under this subparagraph, the individual must sign an affidavit in the form of Exhibit A hereto;

e.      Court and court personnel working on the Trust Subject Matters;

f.      Court reporters, videographers, and their clerical personnel in connection with work on the Trust Subject Matters; and

g.      Such other persons as the Parties may agree upon in writing or as ordered by the Bankruptcy Court.

17.     All individuals authorized to review Confidential or Highly Confidential Discovery Materials pursuant to this Confidentiality Stipulation shall hold said Discovery Materials in confidence, shall take precautions to protect their security when storing and transmitting the documents, and shall not divulge them or their contents, either verbally or in writing, to any other person, entity, or government agency, except to the extent permitted by paragraphs 15 and 16, unless authorized to do so by court order or, subject to paragraph 28, as required by subpoena, and shall not directly or indirectly consult, review, consider or make any use whatsoever of such Discovery Materials for any purpose other than in compliance with paragraph 7 above.

18.     All Parties shall, and shall cause their agents, employees, controlling persons, consultants, advisors, accountants, and legal counsel (other than independent experts or consultants retained by a Party in connection with the Trust Subject Matters, as set forth in paragraph 15(e)) (collectively, the "**Representatives**"), to use the Discovery Materials solely in a manner consistent with this Confidentiality Stipulation and make all reasonably necessary efforts to safeguard Discovery Materials designated as Confidential or Highly Confidential from disclosure to anyone other than as permitted hereby. The Parties agree that Representatives who are given access to Confidential or Highly Confidential Discovery Materials will be instructed that such persons and the Parties are bound by the terms of this Confidentiality Stipulation.

19.     If a Party objects to the designation of certain Discovery Materials as Confidential or Highly Confidential, the Party shall so inform the Producing Party in writing, stating the grounds for the objection. The Party designating the Discovery Materials as Confidential or Highly Confidential shall confer in good faith to resolve the disputed designation within five (5) business days from the date of receipt of the objection. If after such good faith attempt the dispute remains unresolved, the Party opposing the designation may move for an order requiring de-designation or

re-designation of the Confidential or Highly Confidential information. All information shall continue to have its designated status as Confidential or Highly Confidential, as the case may be, and any use of such information in any pleadings, depositions, hearings, or written discovery shall remain subject to the restrictions and requirements set forth in this Confidentiality Stipulation, from the time it is produced until entry of an order by the Bankruptcy Court requiring de-designation or re-designation of the Confidential or Highly Confidential information, or unless otherwise agreed by the Producing Party.

20.    Any document containing Confidential or Highly Confidential Discovery Materials that is submitted to or filed with the Bankruptcy Court shall be filed under seal in accordance with Rule 9018-1 of the Local Rules, or in accordance with any other relevant sealing rules of the court in which such materials are being filed.  Prior to submission or filing the Receiving Party who seeks to use the Confidential or Highly Confidential Discovery Materials may confer with the Producing Party to see if agreement can be reached that the Confidential or Highly Confidential Discovery Materials can be filed without sealing; if no such agreement is reached, the Discovery Materials shall be filed under seal. If a Party determines that it is necessary to disclose or to make reference to Confidential Discovery Materials through oral or other disclosure in any court proceeding, the Receiving Party shall provide the Producing Party at least three (3) business days' notice so that the Producing Party may seek appropriate relief with the relevant court. If such relief is not obtained, the Receiving Party may use or disclose the Confidential Discovery Materials in open court. If a Party determines that it is necessary to disclose or to make reference to Highly Confidential Discovery Materials through oral or other disclosure in any court proceeding, the Receiving Party shall provide the Producing Party at least three (3) business days' notice so that the Producing Party may seek appropriate relief with the relevant

court. If the Producing Party takes steps to obtain relief to protect Highly Confidential Discovery Materials, regardless of whether the relevant court has acted on such request at the time of the court proceeding, the Receiving Party may not use or disclose the Highly Confidential Discovery Materials in open court unless and until the relevant court rules on the request and permits such use (providing such use is consistent with any court-ordered protections or restrictions).

21.     Any Party or its counsel serving a subpoena upon a non-Party, which subpoena requires the production of documents in this action, must serve a copy of this Confidentiality Stipulation along with such subpoena and instruct the non-Party recipient of such subpoena that he, she, or it may designate documents produced pursuant to such subpoena as Confidential or Highly Confidential pursuant to this Confidentiality Stipulation as may be appropriate.

22.     Inadvertent disclosure of Privileged Materials shall not waive any privilege, protection, or immunity otherwise applicable to the Privileged Materials under state or federal law. A Party may obtain the return of any Privileged Materials by notifying the recipient(s) in writing and requesting their return, sequestration, or destruction. Except as provided in this paragraph, within three (3) business days, the recipient(s) shall gather and return all copies of the Privileged Materials to the Producing Party, or alternatively, destroy the Privileged Materials and certify as such to the Producing Party. After Privileged Materials are returned, sequestered, or destroyed pursuant to this paragraph, a Party may move the Bankruptcy Court for an order compelling production of the Privileged Materials, but such party may not assert as a ground for entering such an order the fact of inadvertent production. Nor may a party challenging the privilege assertion assert the diligence or lack thereof of counsel in producing the document, nor the scope of such inadvertent production as a ground for waiver of the privilege. If a Party requests the return, pursuant to this paragraph, of Privileged Materials then in the custody of one or more other Parties,

the possessing Parties shall not make further use of the Privileged Materials until such time as the Bankruptcy Court has ruled on a motion respecting the privilege objections.

23.    In the event of a disclosure by a Receiving Party of Confidential or Highly Confidential Discovery Materials to persons or entities not authorized by this Confidentiality Stipulation to receive such Discovery Materials, the Receiving Party making the disclosure shall, upon learning of the disclosure: (i) immediately notify the entity or individual to whom the disclosure was made that the disclosure contains Confidential or Highly Confidential Discovery Materials subject to this Confidentiality Stipulation; (ii) immediately make reasonable efforts to recover the disclosed Discovery Materials as well as preclude further dissemination or use by the entity or individual to whom the disclosure was made; and (iii) immediately notify the Producing Party of the identity of the entity or individual to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Discovery Materials and ensure against further dissemination or use thereof. Disclosure of Confidential or Highly Confidential Discovery Materials other than in accordance with the terms of this Confidentiality Stipulation will subject the disclosing person to such sanctions and remedies as the Bankruptcy Court may deem appropriate, including any equitable relief or money damages. Nothing in this Confidentiality Stipulation shall affect the rights of any Party, during discovery proceedings, trial, or any other proceedings before a court, to object to the production or admission as evidence of any Confidential or Highly Confidential Discovery Materials. This Paragraph 23 shall not apply where disclosure by a Receiving Party of Confidential or Highly Confidential Discovery Materials is made pursuant to subpoena, demand, or other legal process.

24.    The termination or conversion of the chapter 11 bankruptcy cases of *In re BBGI US, Inc. (f/k/a Brooks Brothers Group, Inc.)*, Case No. 20-11785 (CSS) or its affiliated debtors

shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential or Highly Confidential Discovery Materials pursuant to this Confidentiality Stipulation, and the Bankruptcy Court shall retain continuing jurisdiction to enforce the terms of this Confidentiality Stipulation.

25.     Upon termination of the proceedings relating to the Trust Subject Matters including any appeals, each Party's counsel shall within sixty (60) days return to the Producing Party all Confidential or Highly Confidential Discovery Materials provided subject to this Confidentiality Stipulation, and all extracts, abstracts, charts, summaries, notes, or copies made therefrom, or shall, at such Party's option, destroy all such Discovery Materials, and all extracts, abstracts, charts, summaries, notes, and copies made therefrom, and shall certify in writing to the Producing Party that such destruction has been accomplished. However, the Party's outside litigation counsel shall be allowed to keep a complete set of all pleadings, court filings, discovery responses, transcripts, exhibits used in depositions or court, correspondence, and the attorney's work product, even if those documents include reference to or inclusion of Confidential or Highly Confidential Discovery Materials ("**Attorney's File**"), unless a Party objects within thirty (30) days of the termination of proceedings relating to the Trust Subject Matters to the outside litigation counsel's retention of any portion of the Attorney's File. The Parties agree to confer regarding any such objection and, in the event that it is not resolved by consent, shall bring it to the attention of the Bankruptcy Court for resolution. In any event, such Attorney's File shall continue to be subject to the restrictions of this Confidentiality Stipulation.

26.     The requirement to return or destroy Confidential or Highly Confidential Discovery Materials outlined in paragraph 25 above shall not require a Receiving Party to search through emails and email attachments, or any archives or backups of electronic material that are not readily

retrievable in the ordinary course of business, to identify such Discovery Materials or any extracts, abstracts, charts, summaries, notes, or copies made therefrom. With respect to other electronic material, the Parties agree that deleting Confidential or Highly Confidential Discovery Materials by using the "delete" function shall be sufficient for purposes of complying with the destruction requirement of paragraph 25. Notwithstanding the foregoing, the Receiving Party reserves the right to return or destroy any Confidential or Highly Confidential Discovery Materials at any time. The obligations not to use and not to disclose Confidential or Highly Confidential information contained therein (including in emails, email attachments, archives or backups, for example) shall continue in force, and the Receiving Parties will continue to be subject to the restrictions of this Confidentiality Stipulation with respect to any residual electronic materials.

27.    Except as set forth in paragraph 32, nothing in this Confidentiality Stipulation shall (a) be deemed to limit or restrict in any manner a Party's right to use, or to authorize or consent to the use of, its own Confidential or Highly Confidential Discovery Materials; (b) be deemed to limit or restrict in any manner a Party's rights, if any, to use any documents, materials, or information obtained independent of discovery relating to the Trust Subject Matters, whether or not such documents, materials, or information are also obtained through discovery relating to the Trust Subject Matters, provided that such Party did not receive such materials in violation of this Confidentiality Stipulation; (c) preclude the Parties to this Confidentiality Stipulation from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Confidential or Highly Confidential Discovery Materials; (d) preclude any Party from filing a motion seeking greater, more limited, or different protection from the Bankruptcy Court under applicable procedural rules; or (e) preclude any Party from filing a motion with respect to

the manner in which Confidential or Highly Confidential Information shall be treated at any trial, hearing, or other proceeding.

28.     Should a Party to this Confidentiality Stipulation receive a subpoena or other process to disclose Confidential or Highly Confidential Discovery Materials, that Party shall provide notice at least five (5) business days prior to production of any such Discovery Materials, in writing, and a copy of such subpoena or other process, to the Producing Party. To the extent it is impossible to provide notice to the Producing Party at least five (5) business days in advance of production, the Party shall provide notice as far in advance as practicable prior to production. The Party receiving the subpoena or other process shall defer compliance with the subpoena or other process if the Producing Party has timely moved to quash or modify the subpoena or other process, until such time as there is a final order, or it is otherwise required by law or court order. The Party receiving such subpoena or other process shall also advise the person or entity who has served the subpoena or other process of this Confidentiality Stipulation. If disclosure is legally required, the Party shall use commercially reasonable efforts to cooperate with the Producing Party in any attempt they make to obtain a protective order or other appropriate remedy and/or waive compliance, in whole or in part, with the terms of this Confidentiality Stipulation. Nothing herein shall be construed as requiring the Party from whom Confidential or Highly Confidential Discovery Materials is being sought or anyone else subject to this Confidentiality Stipulation to challenge or appeal any order requiring production of the Confidential or Highly Confidential Discovery Materials protected by this Confidentiality Stipulation, or to violate any law, rule or order or subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

29.     All notices given by counsel for one Party to counsel for another Party under this Confidentiality Stipulation shall be delivered by electronic mail.

30.     If any Party discloses Discovery Material designated as Confidential or Highly Confidential to a recipient such that said recipient would be required, per the terms set forth herein, to execute an affidavit in the form of Exhibit A hereto, counsel for the Disclosing Party shall retain an executed copy of such affidavit but need not file it with the Bankruptcy Court.

31.     The failure to designate Discovery Materials as Confidential or Highly Confidential shall not constitute a waiver of any claim that such Discovery Materials contain trade secrets or proprietary business information, or are otherwise confidential.

32.     In the case of any Discovery Materials produced with a Confidential or Highly Confidential designation that were produced in other litigation with a different confidentiality designation, the designation of the Discovery Materials produced in connection with the Trust Subject Matters shall be controlling. To the extent a Party is provided documentation, or provided access to such documentation, previously produced by another Party in other litigation or proceedings, the use of such documentation by the Party in connection with the Trust Subject Matters for the purposes set forth in paragraph 7 hereof will be governed by this Confidentiality Stipulation, without limitation to any other rights or obligations that may exist in connection with any other confidentiality agreement and/or protective order applicable to the treatment and use of such documentation in other litigation or proceedings.

33.     Nothing in this Confidentiality Stipulation is intended to grant any Receiving Party any rights under any patent, copyright, trade secret or other intellectual property right, nor shall this Confidentiality Stipulation grant to any Receiving Party any rights in or to the Confidential Discovery Materials or Highly Confidential Discovery Materials, except the limited right to review

18

the Confidential Discovery Materials and Highly Confidential Discovery Materials provided by a Producing Party solely for the purpose and in the manner set forth in this Confidentiality Stipulation.

34.     If a professional resigns or is removed as advisor to any Party hereto, the Party shall promptly notify all other Parties of that decision. In such an event, the resigning professional shall promptly return to the Producing Party or destroy, if so requested by the Producing Party, all Confidential Discovery Material and Highly Confidential Discovery Material in its possession. Notwithstanding the resignation or removal of a professional who is an advisor to any Party hereto, such resigning professional will continue to be bound by its obligations of confidentiality and other obligations under this Confidentiality Stipulation.

35.     Nothing in this Confidentiality Stipulation shall relieve a party of its obligations under the Federal Rules of Civil Procedure, the Bankruptcy Rules, the Local Rules, or under any future stipulations and orders, regarding the production of documents or the making of timely responses to discovery requests.

36.     Nothing in this Confidentiality Stipulation shall be deemed to waive any other right a Party would otherwise have to object to disclosing or producing any information or item on any ground not addressed in this Confidentiality Stipulation. Similarly, no Party waives any right to object on any ground to the admission or use as evidence any of the material covered by this Confidentiality Stipulation.

37.     Nothing in this Confidentiality Stipulation shall prevent or otherwise restrict counsel or professional advisors and employees of such attorneys, advisors or their firms from rendering advice to their clients in connection with the Trust Subject Matters and, in the course thereof, relying on examination of Confidential or Highly Confidential Information; provided,

however, that in rendering such advice and otherwise communicating with such client, such counsel or professional advisors shall not make specific disclosure of any information in any manner that is inconsistent with the restrictions or procedures set forth herein.

38.    This Confidentiality Stipulation may be executed and delivered in any number of counterparts, each of which, when executed and delivered, including execution and delivery electronically or by telecopier or facsimile, shall be deemed an original, and all of which together shall constitute the same Confidentiality Stipulation.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

  */s/ Jeremy H. Wells*_____
Keith Y. Cohan
Craig B. Boneau
Jeremy H. Wells
**REID, COLLINS & TSAI LLP**
1301 S Capital of Texas Hwy
Building C, Suite 300
Austin, Texas 78746
Tel: (512)  647-6100
Fax: (512) 647-6129

*Counsel for William T. Reid, IV PLLC, in its
capacity as Trustee of the Brooks Brothers
Litigation Trust*

[*Signature Page to Confidentiality Stipulation*]

*/s/ Jason M. Liberi*
Paul J. Lockwood (I.D. No. 3369)
Jason M. Liberi (I.D. No. 4425)
Andrew D. Kinsey (I.D. No. 6490)
**SKADDEN, ARPS, SLATE,**
**MEAGHER & FLOM LLP**
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
Telephone: (302) 651-3000
Fax: (302) 651-3001

– and –

Mark A. McDermott, Esq.
Edward P. Mahaney-Walter, Esq.
**SKADDEN, ARPS, SLATE,**
**MEAGHER & FLOM LLP**
One Manhattan West
New York, New York 10001-8602
Telephone: (212) 735-3000
Fax: (212) 735-2000/1

*Counsel for Claudio Del Vecchio; Matteo Del Vecchio; the CDV Trust; the CDV 2010 Annuity Trust; the Del Vecchio Family Trust; Delfin S.A R.L.; DV Family LLC; the CDV 2015 Annuity Trust; the CDV 2015 Annuity Trust U/A/D 9-16-2015; the CDV 2015 Annuity Trust U/A/D 2-9-2006; 346 Madison Avenue LLC; 11 East 44th Street, LLC; CDV Holdings LLC; 2015 Omega Trust U/A/D 9-16-2015; and DV Family, LLC*

*[Signature Page to Confidentiality Stipulation]*

**Exhibit A**

**ACKNOWLEDGEMENT AND AGREEMENT
TO BE BOUND BY CONFIDENTIALITY STIPULATION**

I, _____, state:

39.    I reside at _____

40.    My present employer is

       _____

41.    My present occupation or job description is

       _____

42.    I have been informed of and/or read the Protective Order and the Confidentiality

       Stipulation executed by the parties in connection with (i) the chapter 11

       bankruptcy cases of *In re BBGI US, Inc. (f/k/a Brooks Brothers Group, Inc.)*, Case

       No. 20-11785 (CSS) (Bankr. D. Del.) and its affiliated debtors and (ii) the Trust

       Subject Matters as defined in the Confidentiality Stipulation.  I understand and

       will abide by the contents and confidentiality requirements of the Confidentiality

       Stipulation. I will not divulge any Confidential or Highly Confidential Discovery

       Materials, as defined in the Confidentiality Stipulation, to persons other than

       those specifically authorized by the Confidentiality Stipulation. I will not use any

       Discovery Materials in any manner not expressly allowed by the Confidentiality

       Stipulation.

43.    I agree to keep confidential all information and material provided to me pursuant

       to the Confidentiality Stipulation, and to be subject to the authority of the United

States Courts for the District of Delaware in the event of any violation of this

agreement or dispute related to this agreement.

44.     By my execution of this acknowledgment, I affirm that the employees and

members of my employer through which I am performing work in connection

with the Trust Subject Matters (whether employed on a permanent or temporary

basis) have been made aware of the terms and conditions set forth in the

Confidentiality Stipulation and I hereby sign this Acknowledgment on behalf of

them as well.

45.     I understand that violation of the Confidentiality Stipulation is punishable by

contempt of court and such other sanctions and remedies as a court may deem

appropriate, including any equitable relief or money damages.

46.     I state under penalty of perjury that the foregoing is true and correct.


By: _____

Dated: _____